1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  EMILY L. BRINKMAN, State Bar No. 219400
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5742
    Fax: (415) 703-5843
8   Email: Emily.Brinkman@doj.ca.gov
   Attorneys for U. J. Cooper and Robert A. Horel

9

10                IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  **ERNEST S. HARRIS,** | C 06-7761 MJJ (PR) |
| 15                                    Plaintiff, | **DECLARATION OF WILLIAM BARLOW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| 16      **v.** | |
| 17  **ROBERT A. HOREL, et al.,** | |
| 18                                    Defendants. | |

19

20  I, William Barlow, declare as follows:

21      1.    I am employed by the California Department of Corrections and Rehabilitation

22  (CDCR). I have been employed by CDCR for twenty years. Currently, I serve as the litigation

23  coordinator at Pelican Bay State Prison (Pelican Bay). I have served in this capacity since

24  approximately April 2006. For six years, prior to my assignment as the Litigation Coordinator, I

25  was a Correctional Counselor I in the Secured Housing Unit at Pelican Bay.

26      2.    I have personal knowledge of the facts set forth below, and, if called upon as a witness,

27  could and would so testify. I submit this declaration in Support of Defendant's Motion to

28  Dismiss.

Decl. Barlow Supp. Mot. to Dismiss                                    *Harris v. Horel, et al.*
                                                                      C 06-7761 MJJ (PR)

1

1     3.    As Litigation Coordinator I am a duly authorized custodian of records maintained on

2 inmates in the custody of the CDCR and housed at Pelican Bay. I routinely access inmates'

3 Central Files and duplicate or supervise duplication of various documents from these files. The

4 documents mentioned in this declaration are prepared at or near the time of events describes in

5 them by persons with knowledge of the events.

6     4.    The documents attached as Exhibit A are true and correct copies of inmate rule

7 violation report, log number C99-05-0007 photocopied from Plaintiff's central file.

8     5.    The documents attached as Exhibit B are true and correct copies of inmate rule

9 violation report, log number C99-12-0013 photocopied from Plaintiff's central file.

10     6.    The documents attached as Exhibit C are true and correct copies of inmate rule

11 violation report, log number C01-02-0020 photocopied from Plaintiff's central file.

12     7.    The documents attached as Exhibit D are true and correct copies of inmate rule

13 violation report, log number C03-08-0006 photocopied from Plaintiff's central file.

14     8.    The documents attached as Exhibit E are true and correct copies of inmate rule

15 violation report, log number C03-10-0026 photocopied from Plaintiff's central file.

16     9.    The documents attached as Exhibit F are true and correct copies of inmate rule

17 violation report, log number C-03-10-0027 photocopies from Plaintiff's central file.

18     10.   The documents attached as Exhibit G are true and correct copies of inmate rule

19 violation report, log number C04-04-0002 photocopied from Plaintiff's central file.

20     11.   The documents attached as Exhibit H are true and correct copies of inmate rule

21 violation report, log number C04-06-0006 photocopied from Plaintiff's central file.

22     12.   The documents attached as Exhibit I are true and correct copies of inmate rule

23 violation report, log number C04-08-0007 photocopied from Plaintiff's central file.

24     13.   The documents attached as Exhibit J are true and correct copies of inmate rule

25 violation reports, log number C05-02-0021 photocopied from Plaintiff's central file.

26     14.   The documents attached as Exhibit K are true and correct copies of inmate rule

27 violation report, log number C05-04-0024 photocopied from Plaintiff's central file.

28     15.   The documents attached as Exhibit L are true and correct copies of inmate rule

Decl. Barlow Supp. Mot. to Dismiss

*Harris v. Horel, et al.*
C 06-7761 MJJ (PR)

2

1  violation report, log number C06-01-0005 photocopied from Plaintiff's central file.

2      16.  The documents attached as Exhibit M are true and correct copies of inmate rule

3  violation report, log number C06-02-0011 photocopied from Plaintiff's central file.

4      17.  Defendant Horel has been the Warden of Pelican Bay since April 2006.  Defendant

5  Cooper is a Correctional Officer and was assigned as Relief Watch in Facilities C and D during

6  all times relevant to this litigation.  Relief Watch covers the shifts of correctional officers

7  assigned to their regular days off.

8      18.  Plaintiff Ernest S. Harris, inmate number H-63617, has been housed in the Security

9  Housing Unit (SHU), C Facility since August 1995.

10      19.  Facilities C and D at Pelican Bay contain the SHU and house inmates serving a SHU

11  term or SHU indeterminate placement.  The inmates housed in the SHU are the highest level

12  security and risk.  Inmates who have a history of violence and are validated gang members

13  comprise the majority of inmates in the SHU.

14      20.  The documents attached as Exhibit N are true and correct copies of informational

15  chronos, also known as 128B's, on the security precautions imposed upon Plaintiff.  These

16  documents have been photocopied from Plaintiff's central file.

17      I declare under penalty of perjury that the foregoing is true and correct to the best of my

18  knowledge.

19      Executed this _22_th day of October 2007, at Crescent City, California.

20

21

22  William Barlow
    Litigation Coordinator

23

24

25

26

27

28

Decl. Barlow Supp. Mot. to Dismiss                              *Harris v. Horel, et al.*
                                                                C 06-7761 MJJ (PR)

# EXHIBIT A

STATE OF CALIFORNIA

804 TO RECORDS ON:   5-09-99

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

CO-108

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | | 07-24-2009 | PBSP/SHU | C09-224 | C99-05-0007 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3007 | | INDECENT EXPOSURE | C9 | 05-07-99 | 2100 HOURS |

CIRCUMSTANCES

On 5-7-99, at approximately 2100 hours, while I was assigned as C9 Floor Officer, I was conducting the 2100 Institutional Count. I approached cell 224 occupied by inmate HARRIS, H-63617, and inmate HARRISON, H-54077. As I neared the door, I observed inmate HARRIS standing in front of his door masturbating. I counseled inmate HARRIS, reminding him of my previous counseling, and advised him that he would be written a 115 for his behavior.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ K. NORTHRUP, CORRECTIONAL OFFICER | *K. Northrup* | 5-16-99 | C9 FLOOR OFFICER | 3/W  T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING N/A | |
|---|---|---|---|---|
| ▶ *Sgt R Boyce* Sgt. R. Boyce | | 5-17-99 | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | D | 5-19-99 | ▶ *M. Norgaard* CCII  M. Norgaard CCII | ☐ HO  ☑ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ *S. Wood* | 52399 | 1205 | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| K. TAKAHASHI, LIEUTENANT, SHO | *K. Takahashi Lt* | 6-11-99 | 0825 |
| REVIEWED BY: (SIGNATURE) ▶ D.A. SMITH, CAPTAIN | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ T. SCHWARTZ, AW, CDO | DATE 6-16-99 | |
| | DATE 6-16-99 | | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ *A. Hanover* | DATE 62099 | TIME 1500 |

CDC 115 (7/88)

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

## RULES VIOLATION REPORT - PART C

PAGE __1__ OF __1__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C99-05-0007 | PBSP | 5-27-99 |

☐ SUPPLEMENTAL    ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☑ IE REPORT    ☐ OTHER

This investigation was initially assigned to Correctional Officer, B. Floyd, on 5-26-99.

As the initial investigator, I advised inmate HARRIS, H-63617, that he would have an opportunity to present his case before a Senior Hearing Officer, and that the role of the Investigative Employee was to gather facts and clarify issues of the alleged violation for the Senior Hearing Officer. HARRIS, H-63617, was further advised that pursuant to CCR 3315 (d) (1); he had the right to object to the assignment of the initial Investigative Employee.

Inmate HARRIS, H-63617, stated that he did not have an objection.

On 5-27-99, I questioned HARRIS, H-63617, regarding the circumstances surrounding the alleged violation, and he stated that he did not want to have an Investigative Employee done by anyone."

Correctional Officer K. Northrup is on vacation.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| B. FLOYD, CORRECTIONAL OFFICER | 6-1-99 |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| ☑ COPY OF CDC-115-C GIVEN TO INMATE    R. Aron C/O | 6-3-99 | 1130 |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
                                                       PAGE   1   OF   1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| H-63617 | HARRIS | C99-05-0007 | PBSP | 6/15/99 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

On 06-11-99 at approximately 0845 hours, HARRIS was given the opportunity to attend this disciplinary hearing. HARRIS declined. HARRIS signed a CDC 128-B confirming that he had refused to attend. Forcing involuntary attendance at his disciplinary hearing might result in injury to either HARRIS or staff. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O E. FORD and LT K. TAKAHASHI) to his refusal was completed.

**DISTRICT ATTORNEY:** This has not been referred for criminal prosecution.

**DUE PROCESS:** The inmate was not served with his copy of the disciplinary report within 15 days of discovery. Per CCR 3320 (f)(1), time constraints have been exceeded and a credit forfeiture cannot be assessed.

**STAFF ASSISTANT:** There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**INVESTIGATIVE EMPLOYEE:** Investigative employee was assigned. A copy of the IE report was issued to HARRIS more than 24 hours in advance of the hearing.

**WITNESSES:** No witnesses were called to this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 05-07-99 as well as the I.E. report.

**FINDING:** Guilty of the Div. D(5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of both himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:
A. The testimony of Officer Noerthrup in the disciplinary report of 05-07-99 wherein Officer Northrup testifies that while Officer Northrup was assigned as C9 Floor Officer, she was conducting the 2100 hours Institutional Count. Officer Northrup approached cell 224 occupied by inmate HARRIS, H-63617, and inmate Harrison, H-54077. As she neared the door, she observed inmate HARRIS standing in front of his cell door masturbating. Officer Northrup counseled inmate HARRIS regarding his behavior.
B. Based on the Rule Violation Report, it is reasonable to assume that HARRIS is GUILTY as charged.

**DISPOSITION:** The inmate was not served with his copy of the disciplinary report within 15 days of discovery. Per CCR 3320 (f)(1), time constraints have been exceeded and a credit forfeiture cannot be assessed.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| K. TAKAHASHI | LIEUTENANT | 6/15/99 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
|  |  | 6-20-99 | 1500 |

# SERIOUS RULES VIOLATION

PELICAN BAY SECURITY HOUS] .IT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | CCR# 3007 | 05-07-99 | PBSP | C99-05-0007 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| N/A | N/A | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ N/A | N/A |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED ☒ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ X *Earnest Harris* | DATE 5.23.99 |
|---|---|---|

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|
| ☒ NOT ASSIGNED | REASON *DNMC Per CCR 3315 (d) (2)* | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☒ REQUESTED ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ X *Earnest Harris* | DATE 5.23.99 |
|---|---|---|

| ☒ ASSIGNED | DATE 05-26-99 | NAME OF STAFF B. FLYOD | |
|---|---|---|---|
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| I/m HARRISON H-54077 | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

(SEE ATTACHED 115-C FOR INVESTIGATIVE EMPLOYEE REPORT)

COPY ISSUED TO I/M ON 6-3-99 ,
AT 1138 HOURS, BY *R. Aton*
C/O _____ .

| INVESTIGATOR'S SIGNATURE ▶ B. FLOYD C/O | DATE 6-1-99 |
|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1205 | DATE 5-23-99 |
|---|---|---|---|

# EXHIBIT  B

STATE OF CALIFORNIA *A 9F01835 (6)*                    804 TO RECORDS ON:  12-27-        DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT**                    ENTERED INTO OBIS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | | 11-17-2008EPRD | PBSP/SHU | C10-123L | C99-12-001 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C10 | 12-27-99 | 0706 HOURS |

CIRCUMSTANCES

On December 27, 1999, at approximately 0706 hours, while I was assigned as C Clinic Medical Technical Assistant (MTA), I was delivering regularly scheduled medications to inmates at their cell fronts. Inmate HARRIS, H-63617, was vigorously and purposely masturbating a fully erect penis in cell number 123, directly next to the cell I was delivering medication to. Inmate HARRIS, clothed only in a shirt, was lying on his back in a well-lighted cell with his head top at the cell front. His ankles were crossed. His legs were lying extended on the floor. As I approached and left cell number 124, HARRIS' disrespectful exhibition continued while he watched me blatantly. "You are awful and disgusting", I stated. And then in a loud voice, I reported to Correctional Officer M. Brown, "Inmate number 123 is masturbating and I don't like it. I'm going to write him up and I hope it costs him 150 days", I stated. I exited Pod. Officer Brown then counseled with me and said he'd write it in his log book. Sergeant Cooke was then informed, who assisted my reporting.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ C. BROCE, MEDICAL TECHNICAL ASSISTANT | | 12-28-99 | C CLINIC | 2/W  T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ Sgt. G. Rodman | 12-28-99 | N/A | |
| | | DATE _____ | LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | D | 12/28/99 | ▶ M. Norgaard  CCII | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ C. Wood | 12-28-99 | 1500 | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| Lieutenant J. B. Williams, SHO | ▶ J. B. Williams  LT. | 1/8/00 | 8:39 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ Captain B. W. Smith | 1/6/00 | ▶ T. Schwartz, AW | 1-13-00 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ H. Hanover | DATE | TIME |
|---|---|---|---|
| | | 1-31-00 | 1500 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C                       PAGE __1__ OF __1__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| H-63617    | HARRIS        | C-99-12-0013 | PBSP      | 1/8/00       |

☐SUPPLEMENTAL   ☒CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☒HEARING   ☐I.E .REPORT   ☐OTHER

On 1/8/2000 at approximately 8:39 HOURS HARRIS was given the opportunity to attend this disciplinary hearing. HARRIS declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, HARRIS signed the CDC-128-B. Forcing involuntary attendance at his disciplinary hearing might result in injury to either HARRIS or staff. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O B.DUFF and C/O G.LUKS) to his refusal was completed.

DISTRICT ATTORNEY: This has not been referred for criminal prosecution.

DUE PROCESS: The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days. There are no due process issues.

STAFF ASSISTANT: There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

INVESTIGATIVE EMPLOYEE: HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

WITNESSES: No witnesses were called to this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 12/27/99.

FINDING: Guilty of the Div. D(5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of both himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of Medical Technical Assistant C.Broce in the disciplinary report of 12/27/99 wherein (M.T.A.) C.Broce testifies that While assigned as C Clinic M.T.A. She was delivering regularly scheduled medications to inmates at their cell fronts.
B. Inmate HARRIS, H-63617, C-10-123L was vigorously and purposely masturbating a fully erect penis in cell number 123, directly next to the cell she was delivering medication to.

DISPOSITION: Assessed a 90 day credit forfeiture for this Div. D offense. HARRIS will be informed when he receive his final copy that his credit restoration period began 12/29/99 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.

With this notice, is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| J.B. WILLIAMS | Lt. | Correctional Lieutenant | 1/8/00 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| X | Hanover | 1-31-00 | 1500 |

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | CCR# 3007 | 12-27-99 | PBSP | C99-12-0013 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ N/A | DATE N/A |
|---|---|---|
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ N/A | DATE N/A |

| DATE NOTICE OF OUTCOME RECEIVED N/A | DISPOSITION N/A |
|---|---|

| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ N/A | DATE N/A |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED   ☒ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ X Earnest Harris | DATE 12.29.99 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF N/A | |
| ☒ NOT ASSIGNED | REASON DNMC PER 3315(d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED   ☒ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ X Earnest Harris | DATE 12.29.99 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF N/A | |
| ☒ NOT ASSIGNED | REASON DNMC PER 3315(d)(1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE: N/A

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C. Wood | TIME 1500 | DATE 12-29-99 |
|---|---|---|---|

CDC 115-A (7/88)　　　　*— If additional space is required use supplemental pages —*　　　　88 86095

# EXHIBIT  C

STATE OF CALIFORNIA                    804 SENT TO RECORDS ON 02-23-01                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 11-17-2008EPRD | PBSP | C08-205L | C01-02-0020 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) | BATTERY ON A PEACE OFFICER WITH DEADLY WEAPON | C 8 | 02-22-01 | 1700 HRS |

CIRCUMSTANCES

On February 22, 2001, at approximately 1700 hours, Correctional Officer E. Ford and I were serving food trays on the upper tier in B Pod in Unit C8. I was unlocking the locks on the food ports while Officer Ford was placing the food trays in the food ports. I stopped in front of cell 205, solely occupied by inmate HARRIS, H-63617, and as I was unlocking the lock, I felt something strike the left side of my face around the area of my eye. I was unable to see what struck my face because I was looking down at the lock. The force of the impact caused me to step back. I looked at cell 205 and observed approximately three to four inches of a rolled up magazine, in spear form, protruding from the perforation in front of the cell door. I immediately tried to grab the spear, but inmate HARRIS pulled it back into his cell and I was unable to retrieve it. I then stepped back away from the cell front toward the upper tier shower and yelled out, "He speared me." At that moment, I observed blood running down the left side of my nose. Officer Ford and I quickly exited B Pod. (Con't on Part-C)
THIS INMATE IS / IS NOT A MENTAL HEALTH PARTICIPANT

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| McMANUS  CORRECTIONAL OFFICER | 2-28-01 | C8 FLOOR OFFICER | 3/W  F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| Vanhocker | 3-4-01 | DATE  N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | A 1 | 3-5-01 | G. M. A.    G. | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | C. Wood | 3-7-01 | 1435 | 837A, C's, (2) 7219's, (1) 128-B  RESTRICTION CHRONO |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| C08-01-02-014 | C. Wood | 3-7-01 | 1435 | C. Wood | 3-7-01 | 1435 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| LIEUTENANT D. James, SHO | | 3/18/01 | 1030 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| Captain D. R. Smith | 3-20-01 | T. Schwartz, AW  T. Schwartz | 3-21-01 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | C. Wood | 4-9-01 | 1500 |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE_____ OF_____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C01-02-0020 | PBSP | 02-28-01 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☒ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☐ OTHER_____

As responding staff arrived to Unit C8, I was sitting down at the Officer's station when MTA (Medical Technical Assistant) C. Broce arrived. MTA Broce examined the wounds on my nose and directed me to go to the C Facility Clinic. I exited Unit C8 with Officer C. Coulter and went to the C Facility Clinic where my wounds were further examined by MTA Broce and MTA V. Weaver. Lieutenant T. Saunders, Sergeant S. Reppond, Sergeant A. Navarro and Sergeant J. Barneburg were also in the C Facility Clinic. Sergeant Barneburg took a polaroid picture of the wounds on my nose. Officer N. Leary arrived at the clinic and drove me to the SHU (Security Housing Unit) entrance building. Officer Coulter and I then proceeded from the SHU entrance to Sutter Coast Hospital.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| I. MCMANUS, CORRECTIONAL OFFICER | | 2-28-01 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | 3-7-01 | 1435 |

CDC 115-C (5/95)

95 30415

STATE OF CALIFORNIA                              DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                  PAGE ___1___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C01-02-0020 | PBSP | 3/18/01 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |

On March 18, 2001, at approximately 1030 hours, HARRIS was given the opportunity to attend this disciplinary hearing on the charge of BATTERY WITH A DEADLY WEAPON OR CAUSTIC SUBSTANCE. HARRIS declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, HARRIS refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O K. Ehrhardt and C/O J. McAlexander) to his refusal was completed.

DISTRICT ATTORNEY: This has been referred for criminal prosecution. Per the CDC 115-A, HARRIS was advised of possible criminal prosecution as well as the option of requesting postponement pending resolution. HARRIS did not request postponement. In any case, as HARRIS has refused to appear at this hearing, self incrimination is not an issue.

DUE PROCESS: The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days. There are no due process issues.

STAFF ASSISTANT: There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

INVESTIGATIVE EMPLOYEE: HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

WITNESSES: Medical Technical Assistant (MTA) C. Broce was called by the SHO. No other witnesses were called to this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence, the CDC 115 of 02/22/01 as well as the Incident report and the verbal testimony of MTA Broce:

FINDING: Guilty of the Div. A-1 (4) offense BATTERY WITH A DEADLY WEAPON. Battery means the deliberate use of force or violence on the person of another. In this case, the charge requires a preponderance of evidence that a deadly weapon was used to commit the battery. In the case of a deadly weapon, contact is not required to prove battery. Brandishing or threatening someone with a deadly weapon is considered battery. Deadly weapon means any object or substance reasonably capable of causing serious or lethal injury. This finding is based upon the following preponderance of evidence:

A.  The testimony of Correctional Officer I. McManus in the disciplinary report of 02/22/01, wherein Officer McManus testifies that while serving the evening meal on the upper tier of C8, B Pod, she stopped in front of cell 205, a cell solely occupied by inmate HARRIS, H-63617. As she unlocked the food port, she was struck in the left side of her face, near the left eye with a spear or spears, one of which she now observed protruding from the perforations of the cell door. At that time, Officer McManus noted bleeding from the wounds to her face and nose and withdrew from the pod.

B.  The testimony of Correctional Officer T. Puget, Security Squad Officer in the CDC-837C, dated 02/22/01, wherein Officer Puget testifies that on responding to Cell C8-205, he took photographs and collected and placed into evidence, three (3) spear shafts made of what appeared to be rolled up magazine pages. These spear shafts were located on the cell floor, near the toilet. Though no spear tips were located, Officer Puget notes his belief that these spear shafts were used in the assault on Officer McManus.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| D. JAMES | | Correctional lieutenant | 3/18/01 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| X | C. Wood | 4-9-01 | 1500 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C01-02-0020 | PBSP | 3/18/01 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |

C. The testimony of MTA Broce in the CDC 7219, wherein the injuries to Officer McManus were documented as three (3) lacerations, two (2) to the left side of the nose and one (1) to the left cheek.

D. Verbal testimony by MTA Broce was provided at the request of the SHO and was given by telephone at the time of this hearing. To the question: Considering the damage done to Officer McManus' nose and cheek, do you feel that the weapon used in the assault was reasonably capable of causing serious or lethal injury? MTA Broce replied; "The wounds were in very close proximity to the left eye. Had the weapon hit the eye, I am sure that Officer McManus would have lost sight in that eye. The answer to your question is yes!"

Based on the above testimony, this SHO is convinced that even though no spear tips were found, it is reasonable to believe that the weapon or weapons used to inflict the wounds on Officer McManus was or were capable of causing serious or lethal injury.

DISPOSITION: Assessed a 360 day credit forfeiture for this Div. A1 (4) offense. Refer to Committee for appropriate SHU term.

Contraband is being retained pending DA determination for prosecution. With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures. Per CCR 3327 (a) (1), credit restoration is not available for this offense.

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| D. JAMES | | Correctional lieutenant | | 3/18/01 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | | TIME SIGNED: |
| X | C. Wood | | 4-9-01 | | 1500 |

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

**SERIOUS RULES VIOLATION REPORT**          PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3006(c) | 02-22-01 | PBSP | C01-02-0020 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ Ernest Harris | 3·7·01 |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ X | 3-7-01 |
| ☐ ASSIGNED | DATE          NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON  DNMC PER 3315(d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ | 3-7-01 |
| ☐ ASSIGNED | DATE          NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON  DNMC PER 3315(d)(1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE)  ▶ S. Wood | TIME  1435 | DATE  3-7-01 |
|---|---|---|---|

CDC 115-A (7/88)          *— If additional space is required use supplemental pages —*          OSP 98 8819

CRIME / INCIDENT REPORT
PART A: COVER SHEET
CDC 837-A (11/91)

AMENDED

**SHO**

PAGE 1 OF 5

| INCIDENT LOG NUMBER |
|---|
| PBP-C08-01-02-0141 |

| INSTITUTION / FACILITY | INCIDENT SITE / LOCATION | DATE INCIDENT | TIME INCIDENT |
|---|---|---|---|
| PELICAN BAY STATE PRISON FAC-C | UNIT C8 CELL 205 SECURITY HOUSING UNIT LEV IV | 02-22-01 | 1700 Hours |

| SPECIFIC CRIME / INCIDENT | D.A. REFERRAL | SECTION / CODE / RULE |
|---|---|---|
| BATTERY ON A PEACE OFFICER W/ DEADLY WEAPON | ☒ YES ☐ NO | CCR #3005 (c) |

| [N] SERT ACTIVATED ? | [N] NEGOTIATION TEAM ACTIVATED ? | [N] MUTUAL AID REQUESTED ? | [N] MEDIA NOTIFIED ? |
|---|---|---|---|

RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATHS | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ STAFF | ☐ HOMICIDE | ☒ ON STAFF | ☐ BEATING | ☐ STRANGLING |
| ☐ VISITOR | ☐ SUICIDE | ☐ ON VISITOR | ☐ SHOOTING | ☐ SLASHING |
| ☐ INMATE | ☐ ACCIDENTAL | ☐ ON INMATE | ☐ STABBING | ☐ SEXUAL |
| | ☐ NATURAL | ☐ OTHER: | ☒ SPEARING | ☐ OTHER: |
| | | | ☐ POISONING | |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED | |
|---|---|---|---|---|
| ☐ STAFF | ☐ FIREARM | ☐ STABBING INSTRUMENT | ☐ YES ☒ NO | ☐ 38 CAL |
| ☐ VISITOR | ☐ KNIFE | ☐ HANDS/FEET | NUMBER FIRED_____ | ☐ MINI 14 |
| ☐ INMATE | ☒ SPEARS (3) | ☐ CLUB/BLUDGEON | | ☐ H&K 94 |
| ☐ ACCIDENTAL | ☐ EXPLOSIVE | ☐ CAUSTIC SUBSTANCE | ESCAPES | ☐ SHOTGUN |
| ☐ ATTEMPTED | ☒ PROJECTILE | ☐ OTHER _____ | ☐ WITH FORCE | ☐ 37 MM |
| SUICIDE | ☐ SLASHING INSTRUMENT | | ☐ WITHOUT FORCE | ☐ TASER |
| ☐ OTHER | ☐ COMMERCIAL | | ☐ ATTEMPTED | ☐ PR 24 |
| | ☒ INMATE MANUFACTURED | | | ☐ OTHER: |

| SUSPECTED CONTROLLED SUBSTANCE | LOCKDOWNS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|
| ☐ HEROIN/OPIATES | ☐ YES ☒ NO | ☐ MAJOR DISTURBANCE | ☐ EMPLOYEE JOB ACTION |
| ☐ COCAINE | | ☐ INMATE STRIKE | ☐ MAJOR POWER OUTAGE |
| ☐ MARIJUANA | if yes, list affected programs below: | ☐ PUBLIC DEMONSTRATION | ☐ EXPLOSION |
| ☐ AMPHETAMINE | | ☐ INMATE DEMONSTRATION | ☐ FIRE |
| ☐ BARBITURATE | | ☐ NATURAL DISASTER | ☐ HOSTAGE |
| ☐ LSD | | ☐ ENVIRONMENTAL HAZARD | ☐ GANG INVOLVED |
| ☐ PCP | | ☐ "SPECIAL INTEREST INMATE" | |
| ☐ METHAMPHETAMINE | | ☐ WEATHER | |
| ☐ OTHER: | | ☐ OTHER: | |

DESCRIPTION OF CRIME / INCIDENT

On Thursday, February 22, 2001, at approximately 1700 hours, Inmate HARRIS H-63617, C8-205L committed Battery On A Peace Officer With A Deadly Weapon. HARRIS speared Correctional Officer I. McManus when she and Officer E. Ford were issuing the evening meal. Officer McManus approached cell 205L, occupied solely by inmate HARRIS, Officer McManus unlocked the food port HARRIS speared her through the perforation in the cell door striking her in the face. Control Booth Officer, T. Costner activated the unit alarm. Officer McManus and Officer Ford immediately left the tier..

**SUSPECT**
Inmate HARRIS, H-63617, C8-205L.

**USE OF FORCE**
No force was use in this incident

**ESCORTS**
Correctional Sergeants A. Navarro, S. Reppond, Officers E. Ford, D. Strain, D. Wolf, and T. Hutzell responded to the cell front with a shield to secure the lock and escort HARRIS to Facility C, Contraband Holding Cell, B without incident.

☒ CHECK HERE IF CONTINUED ON PART-C

Reviewed By:

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/ I.D. # | D. R. Smith, Facility Captain | |
|---|---|---|---|
| T. SAUNDERS CORRECTIONAL LIEUTENANT | 12581 | YEARS SERVICE 16 Yrs, 6 Mo | DATE 02/22/01 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-SUPPLEMENT   AMENDED

PAGE   2   OF   5

| INCIDENT LOG NUMBER |
|---|
| PBP-C08-01-02-0141 |

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT |
|---|---|---|
| Pelican Bay State Prison / C Facility | 02-22-01 | 1700 Hours |

TYPE OF INFORMATION

X CONTINUING DESCRIPTION OF INCIDENT (PART A)  ☐ SUPPLEMENTAL INFORMATION ☐ CLOSURE REPORT

## MEDICAL EVALUATIONS

MTA V. Weaver conducted a medical examination on HARRIS, the 7219 Medical Report indicates and the inmate claimed no injuries.
Medical Technical Assistant Broce medically examined Officer McManus and noted the following injuries: 3 superficial abrasions to left side of nose. Officer McManus to be treated by Sutter Coast Hospital Physician.

## EVIDENCE

Security Squad Officer T. Puget was notified and reported to Sutter Coast Hospital to investigate and gather evidence including photographs of injuries to Officer McManus' face sustained during this incident. At 1810 hours, Officer Puget entered cell C8-205 to investigate and gather evidence concerning this incident. Officer Puget was successful in gathering photographs of HARRIS and 3 spear shafts (only) manufactured from rolled paper, one partially destroyed from C8-205L. The first measured 11 inches long, 3/8 inch wide, the second measured 11 inches long, 1/2 inch wide, the third measured 4 1/2 inches long, 1/2 inch wide. No spear tips were recovered during this search. Officer Puget placed a lock on cell C8-205 to secure the crime scene until 02/23/01 when a thorough search of the cell could be conducted. Officer Puget placed all evidence collected in temporary Evidence Locker #26 located in the Security Squad Complex.

## NOTFICATIONS

Administrative Officer Of The Day, Correctional, Central Services, Captain, L. Williams, was notified via the Watch Commander of this incident.

## CONCLUSION

I spoke with Officer McManus in the Facility C Medical Clinic and she verbally gave an account of what happened. Due to the two hours time frame, Officer McManus was transported by Correctional Officer C. Coulter via state vehicle to Sutter Coast Hospital as soon as possible for further medical treatment of her injuries. Inmate HARRIS was escorted to C1-120L where he was rehoused behind Lexan. HARRIS will be issued a CDC 115 Rules Violation Report for Battery On A Peace Officer With A Deadly Weapon. HARRIS was placed in his new cell with a mattress, sheets, and blanket. Inmate HARRIS will remain on restrictions until further evaluation of his behavior can be completed by the Facility Captain. SCIF forms were completed and issued to Officer McManus this date. Officer McManus was offered EPTP by Sergeant Navarro and declined.

This incident used 8 hours 40 minutes overtime for report writing and evidence collecting.

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| T. SAUNDERS CORRECTIONAL LIEUTENANT | 12581 | 16yr 6 mo | 02/22/01 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**

**PART C - 1 - SUPPLEMENT**                                              PAGE ___1___ OF ___3___

CDC 837 C - 1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | | INCIDENT REPORT NUMBER |
|---|---|---|---|---|---|
| REPPOND, S. W. | | 34246 | 02-22-01 | | PBP-C08-01-02-0141 |
| LENGTH OF SERVICE | POST DESCRIPTION | | INCIDENT TIME | REPORT DATE | |
| 13 YEARS, 4 MONTHS | C 1/6 PROGRAM SGT. | | 1700 HOURS | 02-22-01 | |
| RDO's | DUTY HOURS | | INCIDENT LOCATION | | |
| S/S | 1400-2200 | | FACILITY C, UNIT 8, CELL 205 | | |

| DESCRIPTION OF INCIDENT / CRIME | | CCR SECTION / RULE |
|---|---|---|
| BATTERY ON A PEACE OFFICER WITH A DEADLY WEAPON | | 3005(c) |

| YOUR ROLE | WITNESSES (PREFACE S - STAFF, V - VISITOR, O - OTHER) | | INMATES INVOLVED (PREFACE S - SUSPECT, V - VICTIM, W - WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | S-Lt. T. Saunders | S-C/O T. Hutzell | S-HARRIS | H-63617 |
| ☒ RESPONDER | S-Sgt. A. Navarro | S-C/O T. Costner | | |
| ☐ WITNESS | S-C/O E. Ford | S-C/O D. Strain | | |
| ☐ VICTIM | S-C/O I McManus | S-C/O D. Wolf | | |
| ☐ CAMERA | S-C/O C. Coulter | S-MTA V. Weaver | | |
| | | S-C/O T. Puget | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER | ☐ OTHER_ | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On Thursday, February 22, 2001, at approximately 1700 hours, while assigned as the Facility C 1/6 Program Sergeant, I responded with Sergeant A. Navarro to a personal alarm in Security Housing Unit C-8. Upon our arrival, several unidentified responding staff were congregated in the rotunda of Unit C-8.

Officer I. McManus was sitting at the Officer's Station with blood running down her nose and face. Officer E. Ford was also in the rotunda, standing near Officer McManus. Officer Ford stated Officer McManus was speared in the face, when he and Officer McManus attempted to feed the evening meal to cell C8-205, solely occupied by inmate HARRIS, H-63617.

As Officer McManus removed the food port padlock, HARRIS reportedly speared Officer McManus with one or more inmate manufactured weapons. Officer McManus was immediately escorted to the Facility C Clinic by Officer C. Coulter and subsequently transported by state vehicle to Sutter Coast Hospital. Officer McManus reportedly received three (3) puncture wounds to her nose and facial area.

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | | BADGE NUMBER | DATE |
|---|---|---|---|
| S. W. REPPOND | | 34246 | 02-22-01 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C - 2 - SUPPLEMENT
CDC 837 C - 2

PAGE  **2**  OF  **3**

| INCIDENT LOG NUMBER |
| --- |
| PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- |
| REPPOND, S. W. | 34246 | 02-22-01 | 1700 HOURS |

TYPE OF INFORMATION

| [X] CONTINUATION OF REPORT | [ ] ADDITIONAL INFORMATION | [ ] CLARIFICATION REQUEST |
| --- | --- | --- |

NARRATIVE:

In the process of exiting the tier, Officer Ford and McManus were unable to secure the padlock back onto the food port of HARRIS' cell. An extraction shield was obtained by Officer T. Hutzell. Sergeant Navarro, Officer Hutzell, Officer Ford and I, entered B pod and approached HARRIS' cell. The cell front was covered with a wool blanket and a thermal T shirt, obstructing our ability to view the inside of the cell.

Sergeant Navarro ordered HARRIS to back up to the cell door and submit to handcuffs. HARRIS complied. After HARRIS was removed from his cell, I stood outside the cell and visually inspected for the weapons used to attack Officer McManus. I observed two (2) spear shafts which were fully in tact,, and one (1) spear shaft which was torn and partially destroyed. All three (3) spear shafts were on the cell floor next to the toilet and appeared to be constructed from tightly wrapped pages from one or more magazines. I instructed C-8 Control Booth Officer T. Costner to close the cell door and deny access to all staff until further notice.

Sergeant Navarro and Officer Ford escorted HARRIS to the C-8 rotunda. I secured a pair of leg irons from Control Booth Officer Costner. Officer D. Strain applied the leg irons to HARRIS. In an effort to check for weapons and contraband, Officer D. Wolf utilized a metal detector on HARRIS with negative results. Additionally, Sergeant Navarro removed HARRIS' shoes and socks and performed a thorough clothed body search on HARRIS for weapons and contraband, which also yielded negative results. I proceeded back to cell 205 and without disturbing any portion of the cell, I obtained a pair of shower shoes for HARRIS.

Officer Wolf, Officer Strain and Officer Ford, escorted HARRIS to the Facility C Holding Cells across from Corridor Control and placed HARRIS in Holding Cell B.

After reporting to the Facility C Clinic to follow up on the status of Officer McManus, Sergeant Navarro and I returned to Holding Cell B and supervised the medical examination of HARRIS. HARRIS was wearing two (2) white state issued T shirts, two (2) white pairs of state issued boxer shorts and the pair of shower shoes. Sergeant Navarro cut the T shirts off of HARRIS to conduct a more thorough examination. Medical Technical Assistant V. Weaver examined HARRIS and completed a CDC 7219, noting no injuries.

At approximately 1920 hours Security Squad Officer T. Puget arrived at Facility C from Sutter Coast Hospital. Officer Puget and I proceeded to cell C8-205. I assisted Officer Puget as he inspected and photographed the cell. Officer Puget collected the spear shafts as evidence. However, upon his initial search was unable to recover any spear tips. Officer Puget indicated he was going to place a security lock on the cell and return on Friday, February 23, 2001, to conduct a more intensive search.

| NAME (LAST, FIRST, MI) | BADGE NUMBER | DATE |
| --- | --- | --- |
| S. W. REPPOND | 34246 | 02-22-01 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C - 2 - SUPPLEMENT**                                         PAGE  __3__  OF  __3__

CDC 837 C-2

| | | INCIDENT LOG NUMBER |
|---|---|---|
| | | PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| REPPOND, S. W. | 34246 | 02-22-01 | 1700 HOURS |

TYPE OF INFORMATION

| [X] CONTINUATION OF REPORT | ☐ ADDITIONAL INFORMATION | ☐ CLARIFICATION REQUEST |
|---|---|---|

NARRATIVE:

At approximately 1930 hours after exiting unit C-8, Officer Puget and I proceeded to Holding Cell B to photograph HARRIS.  Again I assisted as Officer Puget took multiple photographs of HARRIS.  After being photographed, HARRIS was re-housed in Security Housing Unit C1-120, a Lexan covered cell, without further incident.  Additional restrictions were also added to HARRIS' housing status.

Upon her return to the institution, I completed SCIF Forms 3067 and 3301 on Officer McManus.  Lieutenant T. Saunders was notified of the incident.

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | DATE |
|---|---|---|---|
| S. W. REPPOND | | 34246 | 02-22-01 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

CALIFORNIA DEPARTMENT OF CORRECTION    PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Sgt. S. Reppond | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed. You are requested to review the comments below and do one of the following.

- ☒ Prepare a supplemental report clarifying the listed content issues.
- ☒ Prepare a supplemental report providing additional information regarding the issues listed below.

### Remember, your level of professionalism is measured by the quality of your reports!

1) When did HARRIS cover the cell front? Was the cell front covered when Officer McManus and Officer Ford unlocked the food port?

2) Was the cell front still covered when HARRIS was handcuffed? Did HARRIS or staff remove the cell front coverings?

3) Lieutenant Saunders reports HARRIS was placed into Facility C, contraband holding cell B. Is Facility C, contraband holding cell B, the same as Facility C holding cells across from Facility C Corridor Control?

4) Did Sergeant Navarro conduct a more thorough examination of HARRIS when he cut off the t shirts?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C - 1 - SUPPLEMENT     *AMENDED*                    PAGE   1   OF   2
CDC 837 C - 1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT REPORT NUMBER |
|---|---|---|---|---|
| NAVARRO, A | | 54929 | 02-22-2001 | PBP-C08-01-02-0141 |
| LENGTH OF SERVICE | POST DESCRIPTION | | INCIDENT TIME | REPORT DATE |
| 4 YEARS 9 MONTHS | C 7/12 Program Sergeant | | 1700 HOURS | 02-22-2001 |
| RDO's | DUTY HOURS | | INCIDENT LOCATION | |
| TUESDAY-WEDNESDAY | 1400-2200 HOURS | | FACILITY C, UNIT 8, CELL 205 | SHU |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| BATTERY ON PEACE OFFICER WITH DEADLY WEAPON | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S - STAFF, V - VISITOR, O - OTHER) | | INMATES INVOLVED (PREFACE S - SUSPECT, V - VICTIM, W - WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (s) Lt. T. Saunders | (s) C/O I. McManus | (s) HARRIS | H63617-C8-205 |
| ☒ RESPONDER | (s) Sgt. S. Reppond | (s) C/O T. Hutzell | | |
| ☐ WITNESS | (s) C/O E. Ford | (s) Mta. V. Weaver | | |
| ☐ VICTIM | (s) C/O D. Strain | (s) C/O T. Puget | | |
| ☐ CAMERA | (s) C/O C. Coulter | | | |

| FORCE USED BY YOU | LETHAL WEAPONS | | LESS THAN LETHAL WEAPONS | | NUMBER OF ROUNDS FIRED | | FORCE OBSERVED BY YOU | |
|---|---|---|---|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI 14 | | ☐ FEDERAL GAS GUN | | | FEDERAL GAS GUN | ☐ LETHAL | |
| ☐ LESS LETHAL | ☐ SHOTGUN | | ☐ BATON | | | MINI-14 | ☐ LESS LETHAL | |
| ☐ PHYSICAL | ☐ HANDGUN | | ☐ OC | | | SHOTGUN | ☐ PHYSICAL | |
| ☒ NONE | ☐ OTHER | | ☐ OTHER_ | | | HANDGUN | ☒ NONE | |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A/ | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On Thursday, February 22, 2001, at approximately 1700 hours, while assigned as the C Security Housing Unit Sergeant, I responded to C8 due to a personal alarm being activated.

Upon arrival, an unidentified Officer informed me, inmate HARRIS, H63617, C8-205, had speared Officer I. McManus in the face while she was on the tier. Officer McManus was sitting at the C8 Floor Officers station. Officer McManus had blood below her left eye. Officer McManus stated, Officer Ford and I were unlocking the food port to HARRIS'S cell and HARRIS speared me in the face." I instructed Officer C. Coulter to accompany Officer McManus to the Facility C, Medical Clinic. I informed Lieutenant T. Saunders of the incident.

Officer Ford informed me, he and Officer McManus had exited the tier after McManus had been assaulted and had not locked the Master Lock on the food port. I instructed Officer T. Hutzell to get the extraction shield. Officer Hutzell, Ford, Sergeant S. Reppond and I entered the pod. I ordered HARRIS to submit to handcuffs. HARRIS complied and Officer Ford placed handcuffs on his wrists. I secured the Master Lock. Officer Ford and I escorted HARRIS to the C8 rotunda. I conducted an clothed body search for contraband with no results and Officer D. Strain placed leg restraints on HARRIS' ankles. Officer Ford utilized a metal detector on HARRIS for contraband with no results.

I instructed Officers Strain and Ford to escort HARRIS to the Facility C Contraband Holding Cell. I exited the unit and

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE NUMBER | DATE |
|---|---|---|
| NAVARRO, A | 54929 | 02-22-01 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT

PART C - 2 - SUPPLEMENT                                    PAGE    2    OF    2

CDC 837 C - 2

| | INCIDENT LOG NUMBER |
|---|---|
| | PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| NAVARRO, A | 54929 | 02-22-2001 | 1700 HOURS |

TYPE OF INFORMATION

[X] CONTINUATION OF REPORT      [ ] ADDITIONAL INFORMATION      [ ] CLARIFICATION REQUEST

NARRATIVE:

went to the medical clinic to check on the condition of Officer McManus.  Officer McManus had left Pelican Bay State Prison and was driven in a state vehicle by unknown staff to receive medical attention at Sutter Coast Hospital Emergency Room.

Sgt. Reppond and I went to the contraband holding cell B.  Medical Technical Assistant V. Weaver conducted a medical examination of HARRIS.  I cut off HARRIS'S state issue t-shirt with pair of scissors in order to allow MTA Weaver a better view of HARRIS.  I placed HARRIS back into holding cell B.

Security Squad Officer T. Puget arrived and I informed him of the incident.  Officer Puget informed me he was going to collect evidence at the scene and secure the cell.  Officer Puget informed me tomorrow (Friday, February 23, 2001) he would return and conduct a cell search of the entire contents of HARRIS'S cell.

Officer McManus returned to Pelican Bay State Prison at approximately 2000 hours.

HARRIS was rehoused into C1-120 without further incident.  HARRIS was placed on restrictions due to this incident. HARRIS will receive a Rules Violation Report (RVR) for Battery on a Peace Officer with a Deadly Weapon.

This concludes my involvement in this incident at this time.

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE NUMBER | DATE |
|---|---|---|
| NAVARRO, A | 54929 | 02-22-01 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

CALIFORNIA DEPARTMENT OF CORRECTION                                                      PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Sgt. A. Navarro | PBP-C08-01-02-0141 | 02-24-2001 |

Your report contained in the above mentioned incident has been reviewed.  You are requested to review the comments below and do one of the following.

| | |
|---|---|
| ☒ | Prepare a supplemental report clarifying the listed content issues. |
| ☒ | Prepare a supplemental report providing additional information regarding the issues listed below. |

**Remember, your level of professionalism is measured by the quality of your reports!**

1) Was the cell front covered at the time of the incident covered?  If so, when was the cell covering taken down form the cell front?

2) You report, Officer Ford used a metal detector to search HARRIS.  Reports from other staff reflect different staff using the metal detector to search HARRIS.  Please clarify this issue.

3) When you placed HARRIS back into the holding cell after the medical examination, how did he get out of the holding cell to be placed back in the holding cell?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT                                          PAGE 1 OF 3
CDC 837 C-1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| McMANUS I.J. | | 47340 | 2-22-01 | PBP-C08-01-02-014 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | | REPORT DATE |
| 7 yrs. 7 mo. | C8 FLOOR | 1700 hrs. | | 2-22-01 |
| RDOs | DUTY HOURS | INCIDENT LOCATION | | |
| F/S | 1400-2200 | C8 'B' POD CELL 205 | | |

DESCRIPTION OF INCIDENT / CRIME

BATTERY ON A PEACE OFFICER W/ DEADLY WEAPON    CCR SECTION / RULE FORCE N° 3005(C)

| YOUR ROLE | | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☒ | PRIMARY | S - LT. T. SAWDERS    S - E. FORD | S-HARRIS H63617 |
| ☐ | RESPONDER | S - SGT. A. NAVARRO    S - C. COULTER | |
| ☐ | WITNESS | S - SGT. S. REPPOND    MTA- C. BROCE | |
| ☒ | VICTIM | S - SGT. J. BARNEBURG   MTA- V. WEAVER | |
| ☐ | CAMERA | S - T. COSTNER | |

| FORCE USED BY YOU | | LETHAL WEAPONS | | LESS THAN LETHAL WEAPONS | | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU | |
|---|---|---|---|---|---|---|---|---|
| ☐ | LETHAL | ☐ | MINI - 14 | ☐ | 37MM | | ☐ | LETHAL |
| ☐ | LESS LETHAL | ☐ | SHOTGUN | ☐ | BATON | | ☐ | LESS LETHAL |
| ☐ | PHYSICAL | ☐ | HANDGUN | ☐ | OC | | ☐ | PHYSICAL |
| ☒ | NONE | ☐ | OTHER _____ | ☐ | OTHER _____ | | ☒ | NONE |

| EVIDENCE COLLECTED | | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | | BIO HAZARD | |
|---|---|---|---|---|---|---|---|
| ☐ | YES | N/A | N/A | ☐ | YES | ☒ | YES |
| ☒ | NO | | | ☒ | NO | ☐ | NO |

| REPORTING STAFF INJURED | | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | | SCIF3301 / 3067 COMPLETED | |
|---|---|---|---|---|---|---|---|
| ☒ | YES | THREE PUNCTURE WOUNDS TO NOSE | C CLINIC / SUTTER COAST HOSPITAL | ☐ | YES | ☒ | YES |
| ☐ | NO | | | ☒ | NO  UNKNOWN | ☐ | NO |

NARRATIVE:

ON 2-22-01, AT APPROXIMATELY 1700 HOURS,
OFFICER E. FORD AND I WERE SERVING FOOD TRAYS
ON THE UPPER TIER IN 'B' POD IN UNIT C8. I WAS
UNLOCKING THE LOCKS ON THE FOOD PORTS, WHILE OFFICER
FORD WAS PLACING THE FOOD TRAYS IN THE FOOD
PORTS. I STOPPED IN FRONT OF CELL 205, SOLELY
OCCUPIED BY INMATE HARRIS, H63617, AND AS I
WAS UNLOCKING THE LOCK I FELT SOMETHING STRIKE
THE LEFT SIDE OF MY FACE AROUND THE AREA OF
MY EYE. I WAS UNABLE TO SEE WHAT STRUCK MY
FACE BECAUSE I WAS LOOKING DOWN AT THE LOCK.
THE FORCE OF THE IMPACT CAUSED ME TO STEP BACK.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| I. McMANUS C/O   I. McManus | 47340 | 2-22-01 |
| REVIEWER'S SIGNATURE | APPROVED ☒ | CLARIFICATION NEEDED ☐ | DATE 02/22/01 |

CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT

CDC 837-C-2  REV.(1/99)

| | INCIDENT LOG NUMBER |
|---|---|
| | PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| McMANUS, I. | 47340 | 2-22-01 | 1700 HRS. |

TYPE OF INFORMATION
☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE:

I LOOKED AT CELL 205 AND OBSERVED APPROXIMATELY THREE TO FOUR INCHES OF A ROLLED UP MAGAZINE, IN SPEAR FORM, PROTRUDING FROM THE PERFORATION IN FRONT OF THE CELL DOOR. I IMMEDIATELY TRIED TO GRAB THE SPEAR, BUT INMATE HARRIS PULLED IT BACK INTO HIS CELL AND I WAS UNABLE TO RETRIEVE IT. I THEN STEPPED BACK AWAY FROM THE CELL FRONT TOWARD THE UPPER TIER SHOWER AND YELLED OUT "HE SPEARED ME". CONTROL BOOTH OFFICER T. COSTNER ACTUATED HIS PERSONAL ALARM. AT THAT MOMENT I OBSERVED BLOOD RUNNING DOWN THE LEFT SIDE OF MY NOSE. OFFICER FORD AND I QUICKLY EXITED 'B' POD. AS RESPONDING STAFF ARRIVED TO UNIT C8, I WAS SITTING DOWN AT THE OFFICER'S STATION WHEN MEDICAL TECHNICAL ASSISTANT C. BROCE ARRIVED. M.T.A. BROCE EXAMINED THE WOUNDS ON MY NOSE AND DIRECTED ME TO GO TO THE 'C' FACILITY CLINIC. I EXITED UNIT C8 WITH OFFICER C. COULTER AND WENT TO THE 'C' FACILITY CLINIC WHERE MY WOUNDS WERE FURTHER EXAMINED BY M.T.A. BROCE AND

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| I. McMANUS C/O  J McManus | 47340 | 2-22-01 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| | ☒ | ☐ | 02/22/01 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT
PAGE _3_ OF _3_
CDC 837 C-2  REV.(1/99)

| INCIDENT LOG NUMBER |
| PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
| MCMANUS, I. | 47340 | 2-22-01 | 1700 HOURS |

TYPE OF INFORMATION
[X] CONTINUATION OF REPORT   [ ] ADDITIONAL INFORMATION   [ ] CLARIFICATION REQUEST

NARRATIVE:

M.T.A. V. WEAVER, LIEUTENANT T. SAUNDERS, SERGEANT S. REPPOND, SERGEANT A. NAVARRO AND SERGEANT J. BARNEBURG WERE ALSO IN THE 'C' FACILITY CLINIC. SGT. BARNEBURG TOOK A POLAROID PICTURE OF THE WOUNDS ON MY NOSE. OFFICER N. LEARY ARRIVED AT THE CLINIC AND DROVE ME TO THE SECURITY HOUSING UNIT ENTRANCE BUILDING. OFFICER COULTER AND I THEN PROCEEDED FROM THE S.H.U. ENTRANCE TO SUTTER COAST HOSPITAL.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
| I. MCMANUS C/O [signature] McManus | 47340 | 2-22-01 |

| REVIEWER'S SIGNATURE | APPROVED [X] | CLARIFICATION NEEDED [ ] | DATE 02/22/01 |

CRIME / INCIDENT REPORT
PART C-1 – SUPPLEMENT
CDC 837 C-1

PAGE 1 OF 2

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| COSTNER, T. | | 44082 | 2-22-01 | PBP-C08-01-02-0141 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | | REPORT DATE |
| 10 YRS 7 MO. | C-8 Control | 1700 | | 2-22-01 |
| RDOs | DUTY HOURS | INCIDENT LOCATION | | |
| S/M | 1400-2200 | C-8 - B- POD CELL 205 | | |

| DESCRIPTION OF INCIDENT / CRIME | | CCR SECTION / RULE |
|---|---|---|
| BATTERY ON A PEACE OFFICER WITH A DEADLY WEAPON | | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | SGT. T. NAVARRO (S) | C/O D STRAIN (S) | I/m HARRIS (S) | |
| ☐ RESPONDER | SGT. S. REPPOND (S) | C/O D WOLFE (S) | H-63617 | |
| ☑ WITNESS | C/O I MCMANUS (V) | MTA V. WEAVER (S) | | |
| ☐ VICTIM | C/O E FORD (S) | | | |
| ☐ CAMERA | C/O T. HUTSELL (S) | | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN N/A | ☐ OC N/A | N/A | ☐ PHYSICAL |
| ☑ NONE | ☐ OTHER | ☐ OTHER | | ☐ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☑ NO | | | ☑ NO | ☑ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☑ NO | | | ☑ NO | ☑ NO |

NARRATIVE:
ON 2-22-01 AT APPROXIMATELY 1700 HOURS WHILE CONDUCTING MY DUTIES AS C-8 CONTROL BOOTH OFFICER DURING THE DINNER TRAY HAND OUT, I OBSERVED C-8 FLOOR OFFICER I. MCMANUS FOLLOWED BY OFFICER (C/O) E. FORD, WHO WAS HOLDING THE DINNER TRAYS, STOP IN FRONT OF CELL C-8 205 HOUSED SOLEY BY INMATE (I/m) HARRIS H-63617. C/O MCMANUS IMMEDIATELY STEPPED BACK AND AWAY FROM THE CELL FRONT TOWARD THE END OF THE TIER IN FRONT OF THE TOP SHOWER. I HEARD C/O MCMANUS STATE "HE SPEARED ME". I ACTIVATED MY PERSONAL ALARM AND C/O'S MCMANUS AND FORD EXITED "B" POD. I WAS AT THIS TIME ABLE TO OBSERVE WHAT APPEARED

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| T. Costner C/O | 44082 | 2-22-01 |
| REVIEWER'S SIGNATURE | APPROVED ☑ | CLARIFICATION NEEDED ☐ | DATE 02/22/01 |

# CRIME / INCIDENT REPORT
## PART C-2-SUPPLEMENT

CDC 837-C-2  REV.(1/99)

| | | |
|---|---|---|
| | | INCIDENT LOG NUMBER |
| | | PBP. C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| COSTNER T. | 44082 | 2-22-01 | 1700 |

TYPE OF INFORMATION

[X] CONTINUATION OF REPORT   [ ] ADDITIONAL INFORMATION   [ ] CLARIFICATION REQUEST

NARRATIVE:

TO BE BLOOD ON C/O MCMANUS' FACE BELOW HER LEFT EYE AT THE TOP OF THE BRIDGE OF HER NOSE. SERGEANT S. REPPOND, SERGEANT (SGT) T. NAVARRO, C/O'S E. FORD, T. HUTSELL D. STRAIN AND D. WOLFE RESPONDED TO B POD UPPER TIER. UTILIZING AN EXTRACTION SHIELD C/O HUTSELL STOOD IN FRONT OF CELL 205, WHILE C/O FORD PLACED HAND CUFFS ON I/M HARRIS. SGT NAVARRO INSTRUCTED ME TO OPEN CELL 205 DOOR. I/M HARRIS WAS ESCORTED BY UNKNOWN STAFF TO C-8 ROTUNDA WHERE HE WAS SEARCHED AND PLACED IN LEG IRONS BY SGT. NAVARRO. UNKNOWN STAFF THEN ESCORTED HARRIS OUT OF C-8. MEDICAL TECHNICAL ASSISTANT V. WEAVER MEDICALLY EXAMINED C/O MCMANUS AND C/O MCMANUS LEFT C-8 FOR FURTHER MEDICAL TREATMENT. DUE TO THE CONTROL BOOTH WINDOW AT "B" POD BEING PARTIALLY CLOSED AND NUMEROUS SECURITY BARS IN THE WINDOW, ALSO THE SAFTEY RAILING ON THE UPPER TIER, I WAS UNABLE TO OBSERVE THE APPARENT ASSAULT ON C/O MCMANUS FROM WHERE I WAS STANDING AT THE CONTROL PANEL. THIS ENDS MY REPORT.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| T. COSTNER  C/O  T. Costner | 44082 | 2-22-01 |
| REVIEWER'S SIGNATURE | [X] APPROVED   [ ] CLARIFICATION NEEDED | DATE 02/22/01 |

CALIFORNIA DEPARTMENT OF CORRECTION                                    PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Officer T. Costner | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed. You are requested to review the comments below and do one of the following.

☒   Prepare a supplemental report clarifying the listed content issues.

☒   Prepare a supplemental report providing additional information regarding the issues listed below.

**Remember, your level of professionalism is measured by the quality of your reports!**

1) Was Medical Technical Assistant Broce in the unit and if Mta Broce was in the unit, did she examine Officer McManus?

2) Was HARRIS' cell sealed and if so who secured the cell?

3) In you report, you state, Sgt. Navarro placed leg irons on HARRIS. In reports from other staff, Officer Strain applied the legs restraints not Sgt. Navarro. Can you clarify this issue?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT                                          PAGE _1_ OF _1_

CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER
PBP-C08-01-02-041

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| COSTNER T.W. | 44082 | 2-22-01 | 1700 |

TYPE OF INFORMATION
☐ CONTINUATION OF REPORT        ☐ ADDITIONAL INFORMATION        ☒ CLARIFICATION REQUEST

NARRATIVE:

I AM REQUESTED TO PREPARE A SUPPLEMENTAL REPORT CLARIFYING THE LISTED CONTENT ISSUES. (1) WAS MTA BROCE IN THE UNIT AND IF MTA BROCE WAS IN THE UNIT, DID SHE EXAMINE C/O MCMANUS? WHEN THE NUMEROUS STAFF RESPONDED TO C-8, I FAILED TO SEE MTA BROCE ENTER AND EXAMINE C/O MCMANUS, I DID AT ONE POINT SEE MTA WEAVER IN THE ROTUNDA AND SHE WAS IN THE CLOSE VICINITY OF C/O MCMANUS. I THEN DIRECTED MY ATTENTION TOWARDS "B" POD AND THE STAFF GOING TO CELL 205. I WAS INFORMED BY C/O WOLFE TODAY THAT MTA BROCE EXAMINED C/O MCMANUS. (2) WAS HARRIS' CELL SEATED AND IF SO WHO SECURED THE CELL. I WAS RELIEVED BY C/O L. SPROSE TO WRITE MY REPORT. C/O SPROSE ENTERED IN MY UNIT LOG ON 2-22-01 AT 1922 HOURS SECURITY SQUAD OFFICER PUGET PLACED A SECURITY SQUAD LOCK ON CELL 205. (3) I STATED SGT. NAVARRO APPLIED THE LEG IRONS. AFTER OBSERVING SGT NAVARRO SEARCHING HARRIS I HANDED DOWN THE LEG IRONS TO AN UNKNOWN OFFICER, WITH THE NUMEROUS OFFICERS IN THE ROTUNDA I THOUGHT I SAW SGT NAVARRO PLACE THE LEG IRONS ON HARRIS, I WAS INFORMED BY C/O WOLFE THAT IT WAS C/O D. STRAIN THAT PLACED THE LEG IRONS ON HARRIS.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| T. COSTNER C/O T. Costner | 44082 | 2-24-01 |

| REVIEWER'S SIGNATURE | APPROVED ☒ | CLARIFICATION NEEDED ☐ | DATE 02/24/01 |
|---|---|---|---|

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT                                                      PAGE _1_ OF _3_
CDC 837 C-1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Ford  Elihu  F | | 50929 | 2-22-01 | PBP-C08-01-02-0141 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | | REPORT DATE |
| 6 yr, 2 months | R4370 C SDE | 1700 | | 2-22-01 |
| RDO's | DUTY HOURS | INCIDENT LOCATION | | |
| T/W | 1400-2200 | C8 B-Pod cell 205 | | |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Battery on a Peace officer w/Deadly Weapon | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) Sgt. S. Reppert  (S) c/o D. Strain | (S) I/m Harris H63617 C8-205L |
| ✓ RESPONDER | (S) Sgt. A. Navarro (S) c/o D. Wolf | |
| ✓ WITNESS | (S) c/o I. McManus (S) MTA U. Weaver | |
| ☐ VICTIM | (S) c/o T. Costner | |
| ☐ CAMERA | (S) c/o T. Hutzell | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | N/A | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ✓ NONE | ☐ OTHER  N/A | ☐ OTHER  N/A | | ✓ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ✓ NO | | | ☐ NO | ✓ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ✓ NO | | | ✓ NO | ✓ NO |

NARRATIVE:

On 2-22-01 at approximately 1700 hours while I assigned as C7-12 S and E officer, While officer I. McManus and I was feeding the evening meal in C-8 B-Pod. As officer McManus was unlocking the Food Port on cell 205, soley occupied by inmate Harris, H63617, C-8, 205L, I saw an unidentified object be thrusted out of the perforation of the cell door Towards her. At this time I was holding Harris food Tray. Officer McManus stepped back and away from the cell Toward the shower, Officer McManus state " He speared me.", I Observed what appeared

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| c/o E. Ford | 50929 | 2-22-01 |
| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|  |  | ☐ | 02/27/01 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT

PAGE __2__ OF __3__

CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER: PBP-C08-01-02-0141

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Ford  Elihu  F. | 50929 | 2-22-01 | 1700 |

TYPE OF INFORMATION
☑ CONTINUATION OF REPORT  ☐ ADDITIONAL INFORMATION  ☐ CLARIFICATION REQUEST

NARRATIVE:

To be blood on the Left side of her face. At This time control booh officer T. Costner activated the unit alarm, officer McManus and I Quickly exited B-Pod, and waited for responding staff. Sergeant A. Navarro, sergeant S. Reppond, officer T. Hutzell and I entered B-Pod and went To cell 205, officer Hutzell was holding the shield in front of the cell, Sgt. Navarro ordered I/m Harris to cuff up, Harris back up To The food Port and I placed the cuff on him, Sgt. Navarro instructed officer Costner To Open The cell door, Sgt. Navarro and I Then escored Harris To The unit rotunde were Sgt. Navarro conducted a clothed body secrah of Harris, at This time officer D. Strain placed leg irons on ham and officer D. Wolf used the hand held metal detector on Harris. Officers D. Strain, D. Wolf and I escort Harris To c-corridor contraband cell (B), I searched it befor Harris was placed in The cell. Sgt. Reppond instructed me to observed I/m Harris in The contraband cell, Sgt. Reppond, Sgt. Navarro and M.T.A. V. Weaver return To Medically

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| c/o E. Ford | 50929 | 2-22-01 |
| REVIEWER'S SIGNATURE | APPROVED ☑  CLARIFICATION NEEDED ☐ | DATE 02-22-0_ |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT                                                    PAGE _3_ OF _3_
CDC 837 C-2  REV.(1/99)

| INCIDENT LOG NUMBER |
| PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Ford  Eliha  F | 50929 | 2-22-01 | 1700 |

TYPE OF INFORMATION
[✓] CONTINUATION OF REPORT    [ ] ADDITIONAL INFORMATION    [ ] CLARIFICATION REQUEST

NARRATIVE:

examined I/m Harris. I/m Harris was removed from contraband holding cell (B) so M.T.A. Weaver could examined him, he was then placed back in holding cell (B). This ends my involvement in this incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| c/o E. Ford | 50929 | 2-22-01 |

| REVIEWER'S SIGNATURE | APPROVED [X] | CLARIFICATION NEEDED [ ] | DATE 02/22/01 |

CALIFORNIA DEPARTMENT OF CORRECTIONS                                                      PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Officer E. Ford | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed.  You are requested to review the comments below and do one of the following.

| | |
|---|---|
| ☒ | Prepare a supplemental report clarifying the listed content issues. |
| ☒ | Prepare a supplemental report providing additional information regarding the issues listed below. |

### Remember, your level of professionalism is measured by the quality of your reports!

1) Did you see the spear thrust out of the cell strike Officer McManus and if you saw the spear, can you describe it?

2) Did you observe any part of HARRIS' cell front covered with any material?

3) What did Officer Wolf do when he used the hand held metal detector on HARRIS?

4) Were any clothes cut off HARRIS by anyone?  If clothes were cut off HARRIS, what was the reason?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT                                PAGE _1_ OF _1_
PART C-2-SUPPLEMENT
CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER
PBP-C08-01-02-0141

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Ford Elihu F. | 50929 | 2-22-01 | 1700 |

TYPE OF INFORMATION
☐ CONTINUATION OF REPORT      ☐ ADDITIONAL INFORMATION      ☑ CLARIFICATION REQUEST

NARRATIVE:

(1) I saw an unknown object being Thrusted out of The Perforation of The cell door, it was moving so fast at officer McManus face, I was unable to Identify The object or see if it struck her.

(2) I observed what appeared To be a Towel hanging on The left upper corner of the cell front.

(3) officer wolf used The hand held metal detector To scan I/m Harris entire body and head for Contraband.

(4) I/m Harris t-shirt was cut off by sgt. Navarro with The medical scissors from M.T.A. Weaver, so he could be medically examined by the M.T.A.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| c/o E. Ford  E. Ford | 50929 | 2-24-01 |

REVIEWER'S SIGNATURE                ☑ APPROVED    ☐ CLARIFICATION NEEDED    DATE 02/29/07

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT                                          PAGE _1_ OF _1_
CDC 837 C-1

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|
| WOLF Donald M. | 60720 | 2-22-01 | PBPC08-01-02-0141 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
| 1yr 4 months | C7 Floor Officer | 1700 | 2-22-01 |
| RDOs | DUTY HOURS | INCIDENT LOCATION | |
| Su/Mo | 1400-2200 | Unit C-8 cell 205 BHW | |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Battery on a Peace Officer w/deadly weapon | 3005 C |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | S - D. Strain | S - HARRIS H63617 C8-205L |
| ☒ RESPONDER | S - SGT Navarra | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN   N/A | ☐ BATON   N/A | N/A | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER _____ | ☐ OTHER _____ | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On 2-22-01 at about 1700 hours I responded to a personal alarm in Unit C-8. Upon my arrival I observed inmate HARRIS, H-63617, C8-205L, being escorted from "B" pod to the rotunda in Unit C-8. Sergeant Navarro performed a pat down search of I/m Harris and instructed C/o D. Strain to place leg irons on I/m Harris I then checked I/m Harris with the metal detector. SGT Navarro then directed C/o D. Strain and I to escort I/m Harris to a dry cell. We escorted I/m Harris to contraband cell "B" adjacent to C SHU corridor control.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| D. Wolf C/o   D. J. Wolf | 60720 | 2-22-01 |
| REVIEWER'S SIGNATURE | APPROVED ☒ | CLARIFICATION NEEDED ☐ | DATE 02/22/01 |

CALIFORNIA DEPARTMENT OF CORRECTION                                    PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Officer D. Wolf | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed.  You are requested to review the comments below and do one of the following.

| | |
|---|---|
| ☒ | Prepare a supplemental report clarifying the listed content issues. |
| ☒ | Prepare a supplemental report providing additional information regarding the issues listed below. |

### Remember, your level of professionalism is measured by the quality of your reports!

1) Officer Hutzell reports, you and Officer Strain, accompained him to HARRIS' cell during the incident.  Did you and Officer Strain accompany hime to HARRIS' cell?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA

CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT

DEPARTMENT OF CORRECTIONS

PAGE 1 OF 1

CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER

PBP-C08-01-02-0141

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Wolf, Donald M. | 66720 | 2-2201 | 1700 |

TYPE OF INFORMATION

☐ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☒ CLARIFICATION REQUEST

NARRATIVE:

C/O D. Strain and I entered "B" pod, unit C-8 at the same time as C/O Hutzell. C/O Hutzell proceeded up the stairs, to the second tier, followed by Sergeant A. Navarro and Sergeant S. Repond C/O F. Ford followed the sergeants up the stairs to the second tier. C/O D. Strain and I were the last up the stairs and stopped adjacent to cell C8-206 while the aforementioned officers and Sergeants proceeded to cell 205. SGT A. Navarro ordered inmate Harris to cuff up. Unknown custody personnel applied mechanical hand restraints to I/m Harris. SGT Navarro motioned for the cell door to cell 205 to be opened. SGT Navarro conducted a hands on escort of I/m Harris past C/O D. Strain and I, we were still adjacent to cell 206, subsequently C/O D. Strain and I follow SGT Navarro & I/m Harris down the stairs and out of "B" pod.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| D. Wolf  C/O  D. M. Day | 60720 | 2-24-01 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| | ☒ | ☐ | 02/24/01 |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT                                                          PAGE _1_ OF _2_

CDC 837 C-1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Hutzell, Thomas G | | 60854 | 2-22-01 | PBP-C08-01-02-0141 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 1 yr. 2 mos. | C11 Floor | 1700 | 2-22-01 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| M/T | 1400-2200 | C8 - #205  86 |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Battery on Peace Officer with Deadly Weapon | 3005(c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☐ PRIMARY | S-S Reppond | S-E. Ford | S-Harris #H63617 |
| ☑ RESPONDER | S-A Navarro | S-I McManus | |
| ☐ WITNESS | S- Wolf | | |
| ☐ VICTIM | S-D Strain | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI-14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | N/A | ☐ PHYSICAL |
| ☑ NONE | ☐ OTHER N/A | ☐ OTHER N/A | | ☑ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES ☑ NO | N/A | N/A | ☐ YES ☑ NO | ☐ YES ☑ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIFJ301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☑ NO | N/A | N/A | ☐ YES ☑ NO | ☐ YES ☑ NO |

NARRATIVE:
On 2-22-01 at approximately 1700 hrs while I was assigned as C11 floor Officers I responded to an Alarm in C-8. Upon entering unit C8, Officers E. Ford and I. McManus were in the rotunda. Officer I. McManus told Officers C. Coulter and I (1st(2) responding officers) that she had just been speared by I/m Harris #H63617 in cell #205. I observed Officer I. McManus having blood running down the left side of her nose. I asked if she was O.K. and she responded "yes". I asked her to sit down until the MTA arrived. The MTA arrived and Officer McManus went to the Clinic with her. I obtained a Shield from Officer Costner in C8 control. Sergeant S Reppond, Sergeant A Navarro, Officer E Ford, Officer Wolf, Officer D Strain and I entered "B" Pod of Unit C8 to cell #205. I held the Shield in front of I/m Harris' Cell #205 while Sergeant Navarro ordered I/m Harris to "cuff up".

| NAME (TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| Hutzell, Thomas C/O | 60854 | 2-22-01 |

| REVIEWER'S SIGNATURE | APPROVED ☑ | CLARIFICATION NEEDED ☐ | DATE 02/22/01 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT

PAGE __2__ OF __2__

CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER
PBP-C08-01-02-0141

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Hutzell, Thomas G | 60854 | 2-22-01 | 1700 |

TYPE OF INFORMATION

[✓] CONTINUATION OF REPORT   [ ] ADDITIONAL INFORMATION   [ ] CLARIFICATION REQUEST

NARRATIVE:

I/m Harris complied and Officer E Ford placed I/m Harris into restraints. Sergeant Navarrow instructed Officer Costner in C8 control to open cell #205. Sergeant Navarrow escorted I/m Harris to the rotunda of C8. Sergeant Navarrow conducted a clothed body search of I/m Harris. Officer D. Strain placed leg irons on I/m Harris. Officer Wolf utilized the hand held metal detector and "wanded" I/m Harris while in the rotunda. Sergeant Navarrow instructed Officers D. Strain and Wolf to escort I/m Harris to one of the contraband cells across from "C" corridor control. Officers D. Strain and Wolf conducted a hands on escort of I/m Harris from the C8 rotunda to contraband cell "B" across from "C" corridor. Officer E. Ford searched contraband cell "B" prior to Officers D Strain and Wolf placing I/m Harris in contraband "B" holding cell. This ends my involvement in this incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| Hutzell, Thomas  C/o | 60854 | 2-22-01 |
| REVIEWER'S SIGNATURE | APPROVED [✗]   CLARIFICATION NEEDED [ ] | DATE 02/22/01 |

CALIFORNIA DEPARTMENT OF CORRECTION                                                    PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Officer T. Hutzell | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed.  You are requested to review the comments below and do one of the following.

| | |
|---|---|
| ☒ | Prepare a supplemental report clarifying the listed content issues. |
| ☒ | Prepare a supplemental report providing additional information regarding the issues listed below. |

### Remember, your level of professionalism is measured by the quality of your reports!

1) Was HARRIS' cell front covered when you approached the cell front with the shield?  If the cell front was covered, what was used by HARRIS to cover the front of the cell?

2) Do you know if Officers Wolf and Strain were on the tier when HARRIS was escorted from the cell?

3) Do you know the name of the Medical Technical Assistant who arrived in C8 rotunda?

4) In Sergeant Navarro's report, he states, Officer Ford used the metal detector on HARRIS.  In your report, you state, Officer Wolf used the metal detector on HARRIS.  Can you clarify this issue?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C-2 - SUPPLEMENT                                    PAGE _1_ OF _1_
CDC 837 C-2

INCIDENT LOG NUMBER
PBP-C08-01-02-0141

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Hutzell, Thomas G. | 60854 | 2-22-01 | 1700 |

TYPE OF INFORMATION
☐ CONTINUATION OF REPORT      ☐ ADDITIONAL INFORMATION      ☑ CLARIFICATION REQUEST

NARRATIVE:

1) When I approached Harris' cell front with the shield Harris had covered approximately the top third of the cell front opposite the food port with what appeared to be a state issued towel.

2) When leaving the cell front of #205 I observed Officers Strain & Wolf exiting the top tier of "B" pod via the stairs. I do not know their position on the tier prior to then as they would have been positioned behind me.

3) I am uncertain of the MTA's name.

4) Officer Wolf used the metal detector on I/m Harris.

| NAME (TITLE / SIGNATURE OF REPORTING STAFF) | BADGE / I.D. # | DATE |
|---|---|---|
| Hutzell, T %6 [signature] | 60854 | 2-24-01 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| [signature] | ☒ | ☐ | 02/24/01 |

CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT

PAGE __1__ OF __1__

CDC 837 C-1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| STRAIN  DAVID  R | | 55469 | 2-22-01 | SAPCO8-11-02-0141 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | | REPORT DATE |
| 4 yrs 5 mos. | C12 FLOOR | 1700 | | 2-22-01 |
| RDOs | DUTY HOURS | INCIDENT LOCATION | | |
| S/S | 1400 - 2200 | C 8 "B" 2nd CELL 205 | | |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Battery on a Peace officer w/ Deadly weapon | 3005 c |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) SGT. NAVARRO | HARRIS # H63617 |
| ☒ RESPONDER | (S) C/O M. WOLF | CELL 205 L |
| ☐ WITNESS | | C-8 |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER _____ | ☐ OTHER _____ | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On 2-22-01 @ approximately 1700 hours I responded to Personnel alarm sounding in "C" A. Upon arrival I saw inmate Harris, (CDC # H63617 C8 cell 205(L)) Being escorted from his cell to the Rotunda in C8. Sgt Navarro gave Harris a Pat down search and I placed leg irons on Harris. Sgt Navarro directed myself, and C/O M. Wolf to a dry cell. C/O Wolf and I escorted Harris to "C" Corridor control and placed him in cell "B".

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| D. STRAIN  C/O  [signature] | 55463 | 2-22-01 |
| REVIEWER'S SIGNATURE  [signature] | APPROVED ☒   CLARIFICATION NEEDED ☐ | DATE 02/22/01 |

CALIFORNIA DEPARTMENT OF CORRECTI                                    PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Officer D. Strain | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed. You are requested to review the comments below and do one of the following.

| | |
|---|---|
| ☒ | Prepare a supplemental report clarifying the listed content issues. |
| ☒ | Prepare a supplemental report providing additional information regarding the issues listed below. |

### Remember, your level of professionalism is measured by the quality of your reports!

1) Officer Hutzell reports, you and Officer Wolf, accompanied him to HARRIS' cell during the incident. Did you and Officer Wolf accompany Officer Hutzell to HARRIS' cell?

2) What were you directed to do at the dry cell?

3) Was a metal detector used to search HARRIS and if a metal detector was used, who used it?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT
CDC 837 C-1

PAGE _1_ OF _1_

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| COULTER          C. A. | | 52874 | 2-22-01 | PBD-C-08-01-02-0141 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 5 YR. 1 MON | C 7-12 S+E | 1700 HOURS | 2-22-01 |

| RDOs: | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| M/T | 1400-2200 | UNIT C-8  CELL 205 |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| BATTERY ON A PEACE OFFICER W/ DEADLY FORCE | 3005 (C) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACES -SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☐ PRIMARY | (S) C/O I McMANUS | | (S) HARRIS  I/M | |
| ☒ RESPONDER | (S) MTA C. BROCE | | H-63617 | |
| ☐ WITNESS | (S) MTA V. WEAVER | | C8-205L | |
| ☐ VICTIM | | | | |
| ☐ CAMERA | | | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI-14 | ☐ 37MM | ☐ | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | ☐ | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | ☐ | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER N/A | ☐ OTHER N/A | ☐ | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

ON 2-22-01 AT APPROXIMATELY 1700 HOURS, I RESPONDED TO A PERSONAL ALARM IN C-8. AS I ENTERED THE UNIT, I SAW THAT OFFICER I McMANUS HAD BLOOD RUNNING DOWN THE LEFT SIDE OF HER NOSE. OFFICER McMANUS TOLD ME THAT SHE HAD JUST BEEN SPEARED BY INMATE HARRIS, H-63617, C8-205L. I ESCORTED OFFICER McMANUS TO THE C FACILITY CLINIC. AS OFFICER McMANUS WAS BEING ATTENDED BY MEDICAL TECHNICAN ASSISTANTS (MTA) C. BROCE AND V. WEAVER, I MADE ARANGEMENTS TO GET A STATE VEHICAL. I PICK-UP OFFICER McMANUS AT THE SNU ENTRACE BUILDING. AND PROCEEDED TO SUTTER COAST HOSPITAL

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | | BADGE / I.D. # | DATE |
|---|---|---|---|
| C. COULTER    CORRECTIONAL OFFICER | C. [signature] | 52874 | 2-22-01 |

| REVIEWING SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| [signature] | ☒ | ☐ | 02/22/01 |

CALIFORNIA DEPARTMENT OF CORRECTI        PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee: | Incident Report Log #: | Incident Date: |
|---|---|---|
| Officer C. Coulter | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed.  You are requested to review the comments below and do one of the following.

☒        Prepare a supplemental report clarifying the listed content issues.

☒        Prepare a supplemental report providing additional information regarding the issues listed below.

### Remember, your level of professionalism is measured by the quality of your reports!

1)  Were Medical Technical Assistants Broce and Weaver in the unit rotunda examining Officer McManus?

2)  Who instructed you to escort Officer McManus to Facility C Medical Clinic and eventually to Sutter Coast Hospital Emergency Room?

3)  Was Officer McManus treated at Sutter Coast Hospital Emergency Room?

4)  How did Officer McManus return to Pelican Bay State Prison?

| Reviewer's Name: | Title: | Date: |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

CRIME / INCIDENT REPORT
PART C-2 - SUPPLEMENT
CDC 837-C-1

PAGE ___1___ OF ___1___

| | | INCIDENT LOG NUMBER |
|---|---|---|
| | | PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| COUTLER, C.A. | 52874 | 02-22-2001 | 1500 HOURS |

**TYPE OF INFORMATION**

☐ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☒ CLARIFICATION REQUEST

**NARRATIVE:**

1) Medical Technical Assistant Broce examined Officer McManus in the rotunda in unit C8 briefly. Due to the low lighting in the unit, Officer McManus was taken to the C Facility Clinic for further examination.

2) As Officer McManus was leaving unit C8, I heard an unidentified person yell someone should escort her down to the clinic. I took it upon myself to escort Officer McManus to the clinic.
While Officer McManus was being examined, Sergeant Barneburg ordered me to contact the Watch Office and get a state vehicle to transport Officer McManus to Sutter Coast Hospital.

3) Officer McManus was treated in the Emergency Room at Sutter Coast Hospital.

4) In a state vehicle driven by me, Officer McManus was returned to Pelican Bay State Prison.

| NAME/TITLE/SIGNATURE OF REPORTING EMPLOYEE | BADGE / I.D. # | DATE |
|---|---|---|
| Coulter, C | 52874 | 02-25-2001 |

| REVIEWER'S SIGNATURE | APPROVED ☒ | CLARIFICATION NEEDED ☐ | DATE 02/25/2001 |
|---|---|---|---|

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C - 1 - SUPPLEMENT                                      PAGE    1    OF    2
CDC 837 C - 1

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT REPORT NUMBER |
|---|---|---|---|
| PUGET, T. | 44247 | 02-22-2001 | PBP-C08-01-02-0141 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 10 YEARS 6 MONTHS | SECURITY SQUAD | 1700 HOURS | 02-22-2001 |

| RDO's | DUTY HOURS | INCIDENT LOCATION | |
|---|---|---|---|
| SUNDAY/MONDAY | VARIES | C8-205 | LEVEL IV |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| BATTERY ON A PEACE OFFICER WITH A DEADLY WEAPON | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S - STAFF, V - VISITOR, O - OTHER) | INMATES INVOLVED (PREFACE S - SUSPECT, V - VICTIM, W - WITNESS) | |
|---|---|---|---|
| ☐ PRIMARY | (s) S. Reppond | HARRIS | H63617 |
| ☒ RESPONDER | (s) I. Mc Manus | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | | | |
| ☒ CAMERA | | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI 14 | ☐ 37MM | Mini 14 | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | Shotgun | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | Handgun | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER | ☐ OTHER | Other | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☒ YES | Inmate manufactured spear shafts, Photographs | Retained in the Security Squad Complex | ☒ YES | ☐ YES |
| ☐ NO | | | ☐ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES INJURED | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On Thursday, February 22, 2001, at approximately 1730 hours, while assigned to the Security Squad, I was contacted at home via the telephone and instructed to return to Pelican Bay State Prison. I was told an officer had been assaulted in the Security Housing unit.

Once in the Security Squad complex I contacted the C Facility Program Sergeant S. Reppond. Reppond advised me Officer I. McManus had been assaulted with a weapon by inmate HARRIS, H63617, C8-205. Reppond said HARRIS was in a holding cell, and cell C8-205 where the assault had occurred had been secured. McManus had been taken to Sutter Coast Hospital for medical treatment.

I proceeded to Sutter Coast Hospital and took photographs of Officer I. McManus for identification and evidentiary purposes. (Refer to CDC 7219 for a list of injuries).

I returned to the Institution and proceeded to the Security Housing Unit C Facility Program office, Sergeant Reppond and I proceeded to Unit C8 cell 205, I entered the cell and took photographs for evidentiary purposes. I collected and placed into evidence three (3) inmate manufactured spear shafts located on the cell floor by the toilet, I believed they were used in the assault on Officer McManus.

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE NUMBER | DATE |
|---|---|---|
| PUGET, T. | 44247 | 02-22-2001 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE 02/22/01 |

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C - 2 - SUPPLEMENT                                    PAGE  2  OF  2
CDC 837 C – 2

| INCIDENT LOG NUMBER | | |
| --- | --- | --- |
| PBP-C08-01-02-0141 | | |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- |
| PUGET, T. | 44247 | 02-22-2001 | 1700 HOURS |

TYPE OF INFORMATION

[x] CONTINUATION OF REPORT      [ ] ADDITIONAL INFORMATION      [ ] CLARIFICATION REQUEST

NARRATIVE:

I exited the cell without disturbing potential evidence and placed the Security Squad Crime scene lock on the cell door.

HARRIS was removed from the holding cell located across from Facility C Corridor Control, I identified HARRIS utilizing his state identification photograph, I took photographs of inmate HARRIS for identification and evidentiary purposes. (Refer to CDC 7219 for the Medical Evaluation).

I returned to the Security Squad Complex, measured the spear shafts and placed them into temporary evidence locker number 26 located in the Security Squad Complex.  The measurements of the spear shafts are listed below:

- (1)        11 inches long, 3/8 inch wide.
- (2)        11 inches long, 1/2 inch wide.
- (3)        4 1/2 inches long, 1/2 inch wide.

The spear shafts appeared to be made from the rolled up pages of a magazine, it appeared one of the shafts was partially destroyed in a attempt to dispose of the evidence.  The cell is secured and will be searched at a later time.

This concluded my involvement in this incident.

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | | BADGE NUMBER | DATE |
| --- | --- | --- | --- |
| PUGET, T.    /uget/ | | 44247 | 02-22-2001 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

CALIFORNIA DEPARTMENT OF CORRECTIONS    PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Officer T. Puget | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed. You are requested to review the comments below and do one of the following.

| | |
|---|---|
| ☒ | Prepare a supplemental report clarifying the listed content issues. |
| ☒ | Prepare a supplemental report providing additional information regarding the issues listed below. |

### Remember, your level of professionalism is measured by the quality of your reports!

1) In your report, you state, the cell was secured and will be searched at a later time. Was the cell searched and if the cell was searched, what was the results of the search?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA

CRIME / INCIDENT REPORT
PART C - 2 - SUPPLEMENT

CDC 837 C - 2

DEPARTMENT OF CORRECTIONS

PAGE   1   OF   1

| | INCIDENT LOG NUMBER |
| | PBP-C08-01-02-0141 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| PUGET, T. | 44247 | 02-22-2001 | 1700 HOURS |

TYPE OF INFORMATION

| ☐ CONTINUATION OF REPORT | ☒ ADDITIONAL INFORMATION | ☐ CLARIFICATION REQUEST |

NARRATIVE:

On Saturday, February 23, 2001, at approximately 0900 hours, while assigned to the Security Squad. Officer S. Trujillo and I proceeded to the security housing unit to conduct a search of cell C8-205. The cell was previously occupied by inmate HARRIS, H63617, who had assaulted Officer McManus the night before, HARRIS was rehoused into Unit C1-120. I removed the Security Squad Crime scene lock from the cell door and Trujillo and I proceeded into the cell.

Trujillo and I conducted a thorough search of the cell with negative results, we removed everything from the cell. The mattress and all state clothing were run through the fluoroscope machine with negative results. The personal property of inmate HARRIS was taken to the Security Squad Complex and thoroughly searched with negative results.

The cell was cleared and released by the Security Squad.

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE NUMBER | DATE |
|---|---|---|
| PUGET, T. | 44247 | 02-27-2001 |
| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

DEPARTMENT OF CORRECTIONS — STATE OF CALIFORNIA

MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF HOSPITAL | *PBSP* | DATE 2-22-01 |
|---|---|---|

| THIS SECTION FOR INMATE ONLY | NUMBER H63017 | NAME (LAST) Harris (FIRST) | OLD HOUSING LOCATION C8-205 | NEW HOUSING LOCATION |
|---|---|---|---|---|

| THIS SECTION FOR STAFF/ VISITOR ONLY | NAME (LAST) (FIRST) (MIDDLE) | SEX | AGE | DOB(MO.,DA.,YR.) | OCCUPATION |
|---|---|---|---|---|---|
| | HOME ADDRESS  CITY | STATE | | ZIP | HOME PHONE |

| TIME OF OCCURRENCE approx 1700 | PLACE OF OCCURRENCE C8 Pod (C8-205) | TIME SEEN approx 1720 | MODE OF ARRIVAL seen at C Holding |
|---|---|---|---|

BRIEF RESUME IN PATIENT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

only states, when asked "no" by MTA if any injury of any kind

NAME OF WITNESSES/SUMMARIES OF THEIR STORIES, INSOFAR AS AVAILABLE

C.O. Lind / Sgt Reppord
Sgt Ancereno

NURSE/MTA'S HISTORY OF INJURY/OCCURRENCE Inmate checked carefully after spearing attack / alarm. checked outside corridor holding no injuries of any kind seen

| KNOWN ALLERGIES unknown | DATE OF LAST TETANUS unknown |
|---|---|

| VITAL SIGNS T:  BP:  P:  R:  not done due to security issues | TIME MEDICAL OFFICER NOTIFIED | TIME MEDICAL OFFICER ARRIVED |
|---|---|---|

COMMENTS OF MEDICAL OFFICER Inmate denies any injury. when asked if any injuries of any kind stated, "no"

DIAGNOSTIC IMPRESSION

TREATMENT Contacted Infirmary R.N. C. Scott (charge) with above report - no further orders

DESCRIPTION OF SIGNIFICANT CLINICAL LABORATORY AND/OR ROENTGENOLOGIC FINDINGS

DISPOSITION per RN Scott d/m to remain in custody

ESTIMATED OR RECOMMENDED NUMBER OF DAYS IN "DISPOSITION" STATUS

PROGNOSIS

| SIGNATURE OF R.N./M.T.A. Villanin  mta  # 41273 | SIGNATURE OF MEDICAL OFFICER |
|---|---|

CDC 7219 (Rev. 9/77)

F/S

DEPARTMENT OF CORRECTIONS                                    STATE OF CALIFORNIA

## MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

(STAFF)

| NAME OF HOSPITAL PBSP | | | | | | DATE 2/22/01 |
|---|---|---|---|---|---|---|
| **THIS SECTION FOR INMATE ONLY** | NUMBER | NAME (LAST            FIRST) | | OLD HOUSING LOCATION | | NEW HOUSING LOCATION |
| **THIS SECTION FOR STAFF/ VISITOR ONLY** | NAME (LAST        FIRST    I    MIDDLE) McManus, I | | SEX F | AGE | DOB (MO. DA. YR.) | OCCUPATION Peace Officer |
| | HOME ADDRESS on file | CITY | | STATE | ZIP | HOME PHONE |

| TIME OF OCCURRENCE 1655 alarm | PLACE OF OCCURRENCE | TIME SEEN 1658 | MODE OF ARRIVAL ambulatory |
|---|---|---|---|

BRIEF RESUME IN PATIENT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE
"I got speared by inmate Harris, C8-205" per pt

NAME OF WITNESSES, SUMMARIES OF THEIR STORIES, INSOFAR AS AVAILABLE
"Officer Ford was present", per pt

NURSE/MTA'S HISTORY OF INJURY/OCCURRENCE
- Pt. is concerned - slight anxious, flushed skin
- 3/superficial abrasions to (L) side of nose, 1/ to cheek.

| KNOWN ALLERGIES NKDA | | | | | DATE OF LAST TETANUS unk |
|---|---|---|---|---|---|
| VITAL SIGNS T: afeb | BP: 162/106 | P: 100 | R: 18 | TIME MEDICAL OFFICER NOTIFIED 1705 | TIME MEDICAL OFFICER ARRIVED 1705 NA |

COMMENTS OF MEDICAL OFFICER
No physician in clinic.
1705 - notified RN Scott, supervisory
- exposure package given to patient

DIAGNOSTIC IMPRESSION
NA

TREATMENT
1700 - assisted patient with cleaning with water — provided sterile compress

DESCRIPTION OF SIGNIFICANT CLINICAL LABORATORY AND/OR ROENTGENOLOGIC FINDINGS
NA

DISPOSITION
To be treated by Sutter Coast Hosp, physician

ESTIMATED OR RECOMMENDED NUMBER OF DAYS IN "DISPOSITION" STATUS
NA

PROGNOSIS
NA

| SIGNATURE OF R.N./M.T.A. MTA  C. BROCE  s/s | SIGNATURE OF MEDICAL OFFICER No physician present |
|---|---|

CDC 7219 (Rev. 9/77)                    #59348

CALIFORNIA DEPARTMENT OF CORRECTIONS                                                    PELICAN BAY STATE PRISON

# Crime/Incident Report
## Review Notice

| Reporting Employee | Incident Report Log # | Incident Date |
|---|---|---|
| Medical Technical Assistant C. Broce | PBP-C08-01-02-0141 | 02-22-2001 |

Your report contained in the above mentioned incident has been reviewed.  You are requested to review the comments below and do one of the following.

| | |
|---|---|
| ☒ | Prepare a supplemental report clarifying the listed content issues. |
| ☒ | Prepare a supplemental report providing additional information regarding the issues listed below. |

### Remember, your level of professionalism is measured by the quality of your reports!

1) The incident time is officially 1700 hours.  The time listed on your California Department of Corrections 7219, Medical Report of Injury or Unusual Occurrence, is 1658 hours you examined Officer McManus.  The alarm time listed on your CDC 7219, is 1655 hours.  How could you have examined Officer McManus at 1658 hours f the time of the incident time is 1700 hours.  Could the discrepancy be caused by the clock time you used was slow compared to the official time of the incident?

| Reviewer's Name | Title | Date |
|---|---|---|
| A. Navarro | Correctional Sergeant | 02-24-2001 |

Original to Incident Package
Copy to Reporting Employee
Copy to Reviewing Supervisor

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT                                    PAGE __1__ OF __1__

CDC 837 C-2 REV.(1/99)

INCIDENT LOG NUMBER
PBP-C08-01-02-0141

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Broce, Charlene M. | 59348 | 2.22-01 | 1658 APPROX. |

TYPE OF INFORMATION
☐ CONTINUATION OF REPORT       ☐ ADDITIONAL INFORMATION       ☒ CLARIFICATION REQUEST

NARRATIVE:
Correct. According to my watch which I synchronize daily to the c-clinic hallway clock, I noted out the incident time to be 1655, which I wrote on my hand. I again wrote on my hand the moment I first saw Officer Menancus: 1658.

My wrist watch was not synchronized to the PBSP official incident time clock.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| Charlene M. Broce, MTA | 59348 | 2/26/01 |

| REVIEWER'S SIGNATURE | APPROVED ☒ | CLARIFICATION NEEDED ☐ | DATE 2-26-0( |

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C - 1 - SUPPLEMENT                                        PAGE  1  OF  1

CDC 837 C - 1

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT REPORT NUMBER |
|---|---|---|---|
| Barneburg, James | 33954 | 02-22-01 | PBP-C08-01-02-0141 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 13 YEARS, 6 MONTHS | D PROGRAM SERGEANT | 1700 HOURS | 02-23-01 |

| RDO's | DUTY HOURS | INCIDENT LOCATION | |
|---|---|---|---|
| TUES/WED | 1400/2200 | C FACILITY, UNIT 8, CELL 205L | |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| BATTERY ON A PEACE OFFICER WITH A DEADLY WEAPON | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S - STAFF, V - VISITOR, O - OTHER) | INMATES INVOLVED (PREFACE S - SUSPECT, V - VICTIM, W - WITNESS) | |
|---|---|---|---|
| ☐ PRIMARY | (s) SAUNDERS, T.LT | (s) HARRIS, E | H-63716.C8-205L |
| ☐ RESPONDER | (s) REPPOND, S.SGT | | |
| ☒ WITNESS | (s) McMANUS, I.C/O | | |
| ☐ VICTIM | | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | | FORCE OBSERVED BY YOU |
|---|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI 14 | ☐ 37MM | | Mini 14 | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | Shotgun | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | Handgun | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER  N/A | ☐ OTHER_ N/A | | OtherN/A | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☒ YES | ONE (1) POLAROID PHOTOGRAPH OF VICTIM DEPICTING INJURIES TO FACIAL AREA | PLACED IN INCIDENT PACKAGE | ☐ YES | ☐ YES |
| ☐ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On February 22, 2001, at approximately 1715 hours, I was instructed by C SHU Program Lieutenant T. Saunders to obtain a Polaroid camera and take a photograph of Correctional Officer I, McManus depicting to her facial area. Officer McManus received several lacerations to the left side of her nose when inmate Harris, H-63617, C8-205L, struck her in the face with an inmate manufactured weapon (spear). I taped the photograph to a white sheet of paper, wrote a brief description regarding the photograph and placed it in the incident package. This ended my involvement in the incident.

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE NUMBER | DATE |
|---|---|---|
| J. Barneburg, Correctional Sergeant   _Barneburg SB_ | 33954 | 02-23-01 |

| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| | | | 02/23/01 |

Case 4.06-cv-07761-SBA Document 14-4 Filed 10/25/2007 Page 49 of 54

"On this date your behavior (D____ RIBE / ACTIONS): Assault on P/o w/ Deadly Weapon necessitated the implementation of the following Security Precautions:

[X] Escort status (not to leave cell without restraints).

[X] Security triangle (attach to restraints when applying or removing)

[X] Leg Iron status (when being moved or escorted )

[ ] Spit hood application (when removed from cell)

[ ] Paper tray status

[ ] Container restriction

[ ] Razor restriction

[ ] Nail / Hair clipper restriction

[X] Lexan Cell Front.

[ ] Other: Food Delivery System.

This security precaution is being implemented as a preventive measure to discourage future incidents of the same nature. This precaution will remain in effect until 2400 hours on 3/02/01 (not to exceed ten days). Your behavior will be evaluated during this time and this status will be terminated or extended depending on your cooperation. ( Any extension to this restriction requires Supervisory approval and documentation.)

_____ , 2/24/01          _____ 02/24/01
(PRINT and SIGN NAME)        DATE          (PRINT and SIGN NAME)        DATE
REQUESTER / RANK                            SUPERVISOR / RANK

[X] APPROVED          [ ] DISAPPROVED

Original   : C-File
           : Captain
           : CC11
           : CCI
           : AWC
           : Inmate
           : Program

GENERAL CHRONO

# Memorandum

**Date** : May 15, 2001

# DA ACCEPTED

**To** : Central Services
Associate Warden

**From** : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

**Subject** : PBSP INCIDENT #PBP-C08-01-02-0141

On February 22, 2001, inmate(s) **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code section(s):

**4501.5     Battery Upon a Person not a Prisoner.**

On March 15, 2001, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On May 15, 2001, the Del Norte District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate(s) with the following violation(s) of the Penal Code Section(s):

COUNT I    **4501.5       Battery Upon a Person not a Prisoner.**

You will be apprised of the outcome of this case.

J. KUBICEK
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Security Squad

# Memorandum

Date : March 15, 2001

# DA REFERRAL
## (DETAINER)

To : Central Services
Associate Warden

From : **Department of Corrections**
**Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000**

Subject : PBSP INCIDENT #PBP-C08-01-02-0141

On February 22, 2001, inmate(s) **HARRIS, H-63617,** was (were) charged with the following violation(s) of California Penal Code section(s):

**HARRIS    4501.5        Battery Upon a Person not a Prisoner.**

As of March 15, 2001, the case will be prepared for submission to the Del Norte County District Attorney's office for further review and possible prosecution.

**Inmate(s) HARRIS, H-63617, is (are) not to be released from Pelican Bay State Prison pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's office at extensions 9081 or 5526.

J. KUBICEK
Correctional Sergeant
Court Liaison Office

cc:
Facility Captain
Facility S&E
Records
Security Squad

**Memorandum**

Date : September 19, 2002

# JUDGMENT & SENTENCE

To : Central Services
Associate Warden

From : **Department of Corrections**
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT NUMBER PBP-C08-01-02-0141**

On September 18, 2002, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate(s) HARRIS, H-63617.

On September 12, 2002, the Del Norte County Court found the above named inmate **GUILTY BY NEGOTIATED PLEA.** On **Count V,** for the offense of **Penal Code (PC) 664/187, Attempted Murder,** the court sentenced the above named inmate to **five (5) years consecutive, doubled, with a one (1) year consecutive term for PC 12022(B), Special Allegation, resulting in a total term of eleven (11) years consecutive.**

Please release the detainer placed by the Court Liaison's Office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

J. F. AKIN
Correctional Sergeant
Court Liaison Office

cc: Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

RVR 2/22/01
Batt P/o w/ Deadly wpn
(July 360-loc)

§ 3341.5   DEPARTMENT OF CORRECTIONS   TITLE 15

State of California
Department of Corrections
ASSESSMENT OF SUBSEQUENT OR REIMPOSED SHU TERM WORKSHEET
CDC 629-B (9/90)

| CDC Number | Name (Last, First, MI) | Institition | Unit |
|---|---|---|---|
| H63617 | HARRIS, ERNEST | PBSP | C SHU |

1. **VIOLATION COMMITTED WHILE SECURITY HOUSING UNIT (SHU) TERM ACTIVE**

   a. Rule No. 3005(c)   Date Issued 02/22/2001 Title FORCE/VIOL

   b. Specific Act ASSAULT ON NON-INMATE W/Wp OR Phy/FORCE CAPABLE OF MORTAL/SERIOUS INJR
   (Must be an offense on SHU Term Assessment Chart.)

2. **CONSECUTIVE SHU TERM CALCULATIONS**
   a. Prior maximum SHU expiration date.............................  2001  11  3
      (SHU Term Assessment Worksheet, item 5)                         YR   MO  DAYS
   b. Enter total additional confinement time assessed...............  4
      (Expected plus or minus Aggravation/Mitigation in years, month and days)  YR  MO  DAYS
   c. New maximum expiration of term date.............................  2005  11  3 ✓
      *aggravation RVP 8/22/03 assault on I/m w/deadly wpn*
      Add additional time to expiration date, item 2a + 2b)           YR   MO  DAYS

   d. New Minimum Eligible Release Date..............................  2004  11  3
      (Add 75% of additional time to prior maximum expiration)        YR   MO  DAYS
      date using the SHU Time Computation Table, item 2a + 2b)

3. **CONCURRENT SHU TERM CALCULATIONS**
   a. Date of new violation..........................................
                                                                      YR   MO  DAYS
   b. Enter total confinement time assessed..........................
      (Expected plus or minus Aggravation/Mitigation in years, month and days)  YR  MO  DAYS
   c. Expiration date of new violation...............................
      (Add total assessed to violation date, item 3a + 3b)           YR   MO  DAYS
   d. Controlling Maximum SHU Expiration Date........................
      (Enter prior or new expiration date whichever is later)        YR   MO  DAYS

   e. Controlling Minimum Eligible Release Date......................
      (Enter prior date or add 75% of assessed time to violation     YR   MO  DAYS
      date if the new maximum is later, 75% of item 3b + 3a)

4. **REIMPOSITION OF SHU TERM FROM PAROLED DISCHARGE**
   a. Maximum SHU expiration date when paroled/discharged...........
                                                                      YR   MO  DAYS
   b. Date paroled/discharged from SHU...............................
                                                                      YR   MO  DAYS
   c. Maximum confinement time remaining when paroled/discharged....
      (Subtract date paroled from expiration date, item 4b from 4a)  YR   MO  DAYS
   d. Date of reconfinement in Administrative Segregation...........
                                                                      YR   MO  DAYS
   e. New maximum expiration date....................................
      (Add time remaining to reconfinement date, item 4c + 4d)       YR   MO  DAYS
   f. Minimum release time remaining when paroled/discharged........
      (Subtract date paroled, item 4b, from Prior Minimum Eligible Releaase Date)  YR  MO  DAYS

   g. New Minimum Eligible Release Date..............................
      (Add minimum time remaining to date of reconfinement, item 4f + 4d)  YR  MO  DAYS

| Name and Title of Staff Computing Term | Date | Date ICC Established Term |
|---|---|---|
| B. ROSE, CCI | 09/12/2001 | 9/19/01 |

Distribution: Original - Central File; Yellow - Inmate; Pink - Auditor

*R. Kirkland*

# DISPOSITION OF ARREST AND COURT ACTION

## A. LAW ENFORCEMENT INFORMATION

NAME (LAST, FIRST, MIDDLE): Harris Ernest S

| SEX | RACE | HGT | DOB | AGE | ARRESTING AGENCY |
|-----|------|-----|-----|-----|------------------|
| M | B | | 1-20-71 | | Pelican Bay State Prison |

FP CARD/OCA NO.: A09190829
CII NO.:
BOOKING/CITE NO.: H63217
FBI NO.: 667721KD5

ARREST DATE: 2-22-2001
BOOKING AGENCY: PBSP
CRIME REPORT NO.: CRPB01-20141
S.S.NO.: None

CHARGE 1 (SECTION, CODE): 4501.5
CHARGE 2 (SECTION, CODE):
IN-COUNTY WARR. NO.:
D.L. NO.:

CHARGE 3 (SECTION, CODE):
CHARGE 4 (SECTION, CODE):
REMARKS:

REASON FOR RELEASE
- ☐ COMPL.REFUSES TO PROS.
- ☐ ARRESTEE EXONERATED
- ☐ FURTHER INVEST.
- ☐ ADMISS.EVID.INSUFF.
- ☐ ASCERT.EVID.INSUFF.
- ☐ 849(b)(2) PC
- ☐ 849(b)(3) PC
- ☐ OTHER LAW ENFORCEMENT DISPOSITION (SPECIFY)
- ☐ JUVENILE DISPOSITION (SPECIFY)

RELEASED DATE:

OUT-OF-COUNTY WARRANT INFORMATION
WARRANT NO.:
ISSUING AGENCY:
MAJOR OFFENSE:
RELEASE DATE:
- ☐ RELEASED ON BAIL
- ☐ CITED AND RELEASED
- ☐ RELEASED/ENROUTE TO OTHER AGENCY/JURISDICTION (SPECIFY)
- ☐ EXTRADITION PROCEEDINGS

## B. PROSECUTION INFORMATION

DATE: 5/14/01

REASON FOR REJECTION: CHRG1 CHRG2 CHRG3 CHRG4
- ☐ 1203.2 PC -IN LIEU OF FILING
- ☐ REFILED - ORIGINAL CASE DISMISSED

ORIG. COURT JUD. DIS. NUMBER:
ORIG. COURT CASE NUMBER:

## C. COURT

LOWER COURT
DATE FILED: 5-14-01
L.C.JUD.DIST.NO.: 08100
FILE NO.: CRPB01-5091
CONSOLIDATED FILE NO.:
TYPE OF TRIAL: ☐ COURT ☐ JURY

SUPERIOR COURT
DATE FILED: 8-21-01
S.C.JUD.DIST.NO.: 08100
FILE NO.: CRPB01-5091
CONSOLIDATED FILE NO.:

TYPE OF FILING: ☒ INFORMATION ☐ CERTIFICATION ☐ INDICTMENT
TYPE OF TRIAL: ☐ JURY ☐ COURT ☐ TRANSCRIPT

| CHRG | FILE LEVEL I | M | F | FIRST PLEA NG | NG-I | G | NOLO | DISPOSITION CONV | DISM | CERT JUV | ACQ | DISPO DATE | CHARGES AND ENHANCEMENTS AT DISPOSITION SECTION/CODE/LITERAL | DISPO LEVEL I | M | F | 17 PC |
|------|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | | X | X | | | X | | | | | | 8-15-02 | ADDED PC 664/187 ATT MURDER (PC 12022(A) ENHANCEMENT) | | | X | |
| 2 | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | |

## D. ADMONISHMENTS AND WAIVERS

- ☒ DEFENDANT WAS ADVISED AND UNDERSTOOD.
- ☒ DEFENSE COUNSEL CONCURRED IN DEFENDANTS PLEA OR ADMISSION
- ☒ COURT FOUND PLEA WAS KNOWLEDGEABLE, INTELLIGENTLY MADE AND VOLUNTARY
- ☐ DEFENDANT WAIVED COUNSEL
- ☒ RIGHT TO TRIAL BY JURY — ☒ WAIVED
- ☒ PRIVILEGE AGAINST COMPULSORY SELF INCRIMINATION — ☒ WAIVED
- ☒ RIGHT TO CONFRONT AND CROSS EXAMINE WITNESSES — ☒ WAIVED
- ☒ CHARGES AND DIRECT CONSEQUENCES OF PLEA
- ☒ DEFENDANT REPRESENTED BY COUNSEL

## E. SENTENCE INFORMATION

DATE OF SENTENCE: 9-12-02
TRUE NAME:

| CHRG | 17 PC X | ISS X | PROB MOS. | JAIL DAYS | DAYS SUS | FINE X | SUS | RSTN X | JAIL OR FINE DAYS | PAID | COMM | SUS | CONC X | CONS X | VOL X | COSTS X | CYA X | PRISON SENTENCE INFORMATION TOTAL FIXED TERM (ALL COUNTS) | STAYED INFORMATION (SPECIFY COUNTS) |
|------|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | YEARS 11 MONTHS 00 ☐ CONC ☒ CONS W/CASE NO. | |
| 4 | | | | | | | | | | | | | | | | | | ☐ SUSPENDED | |

CONDITION OF PROBATION
☐ FIREARMS PROHIBITED

REMARKS: CTS - O DAYS SENTENCE TO RUN CS TO ANY & ALL SENTENCES OR PAROLE VIOLATIONS NOW SERVING

## F. CLERK OF THE COURT'S CERTIFICATION

I CERTIFY THAT THE FOREGOING IS A CORRECT ABSTRACT OF THE DISPOSITION OF ARREST AND COURT ACTION IN THIS CASE

SUSAN GOUDELOCK COURT CLERK      9-25-02      DEL NORTE
PRINTED OR TYPED SIGNATURE AND TITLE      DATE AND COUNTY

## G. PROCEEDINGS SUSPENDED

DATE:
- ☐ LC/SC BENCH WARRANT ISSUED
- ☐ LC/SC DIVERSION
- ☐ LC/SC 1026 PC - NOT GLTY. INSANE
- ☐ DEFERRED ENTRY OF JUDGEMENT
- ☐ LC/SC 3050 WI - NARC. COMM.
- ☐ LC/SC 1368/1370 PC - FOUND MENTALLY INCOMPETENT-COMMITTED
- ☐ SC 3051 WI - NARC. COMM.
- ☐ SC 1203.03 PC - 90 DAY OB.
- ☐ SC 707.2 WI - 90 DAY OB.

JUS 8715 (REV. 7/98)      COPIES: DOJ-Orange; FBI-Black; ARREST AGENCY-Navy; COURT-Green

# EXHIBIT  D

*7-7-05 KK*

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

804 SENT TO RECORDS ON 08-08-03
*Entered into OBIS*

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | *PRD* | 03/20/2020 | PBSP | C11-104L | CO3-08-0006 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | DISORDERLY CONDUCT | C11-104 A POD | 08-08-03 | 0635 HRS |

CIRCUMSTANCES

On 08-08-03, at approximately 0635 hours, while I was assigned as C11 S&E Officer, Correctional Officer L. Smith and I entered A pod in unit C11 to deliver the breakfast meal. I approached cell 104, solely occupied by inmate HARRIS, (H63617, C11-104L), HARRIS had his bright light on and was laying on his back near the front of his cell with his head near the cell door. I said "morning" and unlocked and opened the port, when, I saw HARRIS with his right hand inside his boxer shorts manipulating his penis in a up and down motion. I told HARRIS if your going to masturbate when I come to your cell front, I'm going to write you up. I handed HARRIS his breakfast tray, closed the food port and continued feeding the section. Facility "C" Program Sergeant Evert was notified.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. HERNANDEZ, CORRECTIONAL OFFICER | 8/14/03 | C11 S&E OFFICER | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| Sergeant G. Evert | 8/14/03 | DATE  N/A  LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | E | 8-15-03 | CCII J. Cox | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | (1) 7219 |
|---|---|---|---|---|---|
| | c/o R | 8-15-03 | 1315 | 837 A&C's | |

| ☑ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| C11-03-08-0193 | c/o R | 8-15-03 | 1315 | c/o R | 8-15-03 | 1315 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| Lieutenant J.A. Guinn, SHO | | 4/20/03 | 0840 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| Captain S. Wheeler | 2-5-05 | L.M. Williams. (A) A.W. | 7-6-05 |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | Correa | 7-7-05 | 1150 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                      D. ARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                          PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| H-63617 | HARRIS | C03-08-0006 | PBSP | 6/27/05 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**:   On JUNE 27, 2005 at approximately 0840, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined.  HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file.  Per CCR 3320 (g) (3), the hearing was held in his absence.

**District Attorney**:   On August 15, 2003, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution.  On June 7, 2005, notice was received that this had been resolved with a finding of GUILTY BY NEGOTIATED PLEA on the charge of BATTERY UPON A PERSON NOT A PRISONER, all other charges were dismissed as part of the negotiated plea bargain.  Per CCR 3316 (c) (3), a court finding of guilty or not guilty, resulting from a trial, shall be accepted as a finding of fact on the same charges in a disciplinary hearing.

**Due Process**:   The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges.  Time constraints have been met.  There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required.  The SHO concurs.  There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**:   There is no reason to believe that HARRIS is illiterate or does not speak English.  The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing.  Staff Assistant will not be assigned.

**Investigative Employee**:   HARRIS has no apparent interest in an investigation on his behalf.  The issues are not complex and available information is sufficient.  I.E. assignment is unnecessary.

**Witnesses**:   No witnesses were called to this hearing.  None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**:   Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of August 8, 2003

**Finding**:   Guilty of the Div. E (7) offense COMMISSION OF ANY MISDEMEANOR OFFENSE NOT LISTED IN THIS SCHEDULE AND NOT SPECIFIED AS ADMINISTRATIVE IN SECTION 3314, specifically PENAL CODE 647 DISORDERLY CONDUCT.  *Disorderly* refers to lewd conduct involving the touching of the genitals, buttocks or female breast for the purpose of sexual arousal, gratification, annoyance or offense when the inmate is also aware of the presence or should know of the presence of someone who may be offended by this conduct.  This offense does not require exposure of the genitals, buttocks or breast.  While this offense requires an action in a public place, the United States Supreme Court has ruled that no inmates have an expectation of privacy in prison.  Any action by any inmate is an action taken in a public place.  This finding is based upon the following preponderance of evidence:

A.  The testimony of CORRECTIONAL OFFICER  J. HERNANDEZ   in the disciplinary report of August 8, 2003, wherein HERNANDEZ testifies that while delivering the morning meal to HARRIS, she observed HARRIS to be manipulating his penis with his right hand inside of his boxer shorts.  HERNANDEZ informed HARRIS "if you are going to masturbate when I come to your cell front, I'm going to write you up."

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| J.A. GUINN | | Correctional Lieutenant | 6/27/05 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
| | C/o LR Qucker | 7-7-05 | 1150 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DE...RTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER H-63617 | INMATE'S NAME HARRIS | LOG NUMBER C03-08-0006 | INSTITUTION PBSP | TODAY'S DATE 6/27/05 |
|---|---|---|---|---|

☐SUPPLEMENTAL   ☑CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☑HEARING   ☐I.E .REPORT   ☐OTHER

**Disposition**:   Assessed **60** day credit forfeiture for this Div. E offense.  With this notice, HARRIS is informed that his credit restoration period began August 9, 2003 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.  With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER J.A. GUINN | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 6/27/05 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 7-7-05 | TIME SIGNED: 1150 |

# SERIOUS RULES VIOLATION RE... IT PELICAN BAY SECURITY HO... NG UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 08-08-03 | PBSP | C03-08-0006 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☒ Ernest Harris | 8-15-03 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| 06-07-05 | Judgement & Sentence |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☒ REQUESTED | ☒ WAIVED BY INMATE | INMATE'S SIGNATURE ☒ Ernest Harris | DATE 06-21-05 |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — N/A — | |
| ☒ NOT ASSIGNED | REASON DNMC Per CCR 3315 (d) (2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☒ REQUESTED | ☒ WAIVED BY INMATE | INMATE'S SIGNATURE ☒ Ernest Harris | DATE 06-21-05 |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — None — | |
| ☒ NOT ASSIGNED | REASON DNMC Per CCR 3315 (d) (1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:
None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) COPY OF JUDGEMENT AND SENTENCE.
ISSUED ON 06-21-05 @ 1230 HRS
BY C/O. mount -

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O K.D. | TIME 1315 | DATE 8-15-03 |
|---|---|---|---|

CDC 115-A (7/88)          — If additional space is required use supplemental pages —          88 86095

State of California

# Memorandum *SHO*

Date   : June 7, 2005

# JUDGMENT & SENTENCE

To      : Paul J. Dillard
         Central Services
         Associate Warden

From   : Department of Corrections
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT NUMBERS PBP-C11-03-08-0493, PBP-C11-03-10-0634, PBP-C02-04-04-0254, PBP-C02-04-08-0500, PBP-C02-04-08-0530, AND PBP-C02-04-09-0538

On June 7, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate **HARRIS, H-63617.**

On May 19, 2005, the Del Norte County Court found the above named inmate **GUILTY BY NEGOTIATED PLEA.** On Count VIII (PBP-C02-04-08-0530), for the offense of Penal Code (PC) 4501.5, Battery Upon a Person not a Prisoner, the court sentenced the above named inmate to **one (1) year consecutive.** Count I (PBP-C11-03-10-0634), for the offense of PC 422, **Threats to Commit Crime Resulting in Death or Great Bodily Injury, and COUNT IV (PBP-C11-03-10-0634), for the offense of PC 314, Indecent Exposure, were dismissed as part of the Negotiated Plea. Count II (PBP-C02-04-08-0500), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, was dismissed as part of the Negotiated Plea. Count III (PBP-C02-04-08-0530), for the offense of PC 664/4501.5, Attempted Battery Upon a Person not a Prisoner, was dismissed as part of the Negotiated Plea. Count V (PBP-C11-03-08-0493), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VI (PBP-C02-04-04-0254), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VII (PBP-C02-04-09-0538), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea,** resulting in a total term of one (1) year consecutive.

Please release the detainer placed by the Court Liaison's Office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
      Facility S&E
      Records
      Evidence Officer
      Inmate
      CLO File

[ / ] COPY TO INMATE ON __06-21-05__
AT __1230__ HOURS BY
C/O __D. Morell__

State of California

# Memorandum

Date : November 4, 2004

## DA ACCEPTED

To : Paul J. Dillard
Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C11-03-08-0493**

On August 8, 2003, inmate **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code Section(s):

**4501.5        Battery Upon a Person not a Prisoner**

**314           Indecent Exposure**

On August 18, 2003, the case was presented to the Del Norte County District Attorney's for possible prosecution.

On November 4, 2004, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate(s) with the following violation(s) of the Penal Code Section(s):

**COUNT V  314.1  Indecent Exposure**

You will be apprised of the outcome of this case.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Inmate
CLO File

**SHO**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A-COVER SHEET

PAGE 1 OF 4

CDC 837-A (11/91)

| INCIDENT LOG NUMBER |
|---|
| PBP-C11-03-08-0493 |

| INSTITUTION / FACILITY | INCIDENT SITE / LOCATION | DATE INCIDENT | TIME INCIDENT |
|---|---|---|---|
| Pelican Bay State Prison | SHU Unit C11, "A" Pod | 8/8/03 | 0725 Hours |

| SPECIFIC CRIME / INCIDENT | | D.A. REFERRAL | SECTION / CODE / RULE |
|---|---|---|---|
| Battery on a Peace Officer | | ☒ YES  ☐ NO | 3005 (c) |

| N | SERT ACTIVATED ? | N | NEGOTIATION TEAM ACTIVATED ? | N | MUTUAL AID REQUESTED ? | N | MEDIA NOTIFIED ? |
|---|---|---|---|---|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATHS | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|---|
| ☐ Staff | ☐ Homicide | ☒ On Staff | ☐ Beating   ☐ Strangling |
| ☐ Visitor | ☐ Suicide | ☐ On Visitor | ☐ Shooting   ☐ Slashing |
| ☐ Inmate | ☐ Accidental | ☐ On Inmate | ☐ Stabbing   ☐ Sexual |
| ☐ Other | ☐ Natural | ☐ Other_____ | ☐ Spearing   ☐ Other:_____ |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ Poisoning   ☒ Food Port Door |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED | |
|---|---|---|---|---|
| ☐ Staff | ☐ Firearm | ☐ Stabbing Instrument | ☐ Yes  ☒ No | ☐ 38 Cal |
| ☐ Visitor | ☐ Knife | ☐ Hands/Feet | | ☐ Mini 14 |
| ☐ Inmate | ☐ Spear | ☐ Club/Bludgeon | Number Fired ____ | ☐ Shotgun |
| ☐ Accidental | ☐ Explosive | ☐ Caustic Substance | ESCAPES | ☐ 37 MM |
| ☐ Attempted | ☐ Projectile | ☐ Other _____ | ☐ With Force | ☐ 40 MM |
| ☐ Suicide | ☐ Slashing Instrument | ☐ Inmate Manufactured | ☐ Without Force | ☐ OC |
| ☐ Other_____ | ☐ Commercial | ☒ N/A | ☐ Attempted | ☐ PR 24 |
| ☒ N/A | | | | ☐ Physical holds |

| SUSPECTED CONTROLLED SUBSTANCE | LOCKDOWNS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|
| ☐ Heroin/Opiates | ☐ YES  ☒ No | ☐ Major Disturbance | ☐ Employee Job Action |
| ☐ Cocaine | | ☐ Inmate Strike | ☐ Major Power Outage |
| ☐ Marijuana | If yes, list affected programs below: | ☐ Public Demonstration | ☐ Explosion |
| ☐ Amphetamine | | ☐ Inmate Demonstration | ☐ Fire |
| ☐ Barbiturate | | ☐ Natural Disaster | ☐ Hostage |
| ☐ LSD | | ☐ Environmental Hazard | ☐ Gang Involved |
| ☐ PCP | | ☐ "Special Interest Inmate" | ☐ Other_____ |
| ☐ Methamphetamine | | ☐ Weather | |
| ☒ N/A | | ☒ N/A | |

### DESCRIPTION OF CRIME / INCIDENT

On, Friday, August 08, 2003 at approximately 0725 hours, Inmate Harris, H63617, C11-104L, assaulted C/O J. Hernandez with the food port door attached to his cell door, by attempting to push it open as Hernandez was closing it. At about 0630 hours on 8/8/03, Officer Hernandez had counseled Harris concerning his lewd (masturbating motion with his hand under his clothing) activity while she was serving him his breakfast. At 0725 hours, Hernandez was picking-up Harris's breakfast tray when Harris battered Hernandez with the door of the food port. After the assault, Harris stated "Don't be disrespecting me". Hernandez was able to secure the food port, then continue picking up trays.

SUSPECT:

Harris, H63617, C11-104L

☐ CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY    CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| T. Evert, Correctional Lieutenant (A) | 35459 | 15Years, 1 month | 8/8/03 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA                                                            DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C—SUPPLEMENTAL
CDC 837-C (11/91)

PAGE 2 OF 4

| INCIDENT LOG NUMBER |
|---|
| PBP-C11-03-08-0493 |

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT |
|---|---|---|
| Pelican Bay State Prison, SHU "C" Facility | 8/8/03 | 0725 Hours |

TYPE OF INFORMATION

[x] CONTINUING DESCRIPTION OF INCIDENT (PART A)    [ ] SUPPLEMENTAL INFORMATION    [ ] CLOSURE REPORT

**VICTIM:**
C/O J. Hernandez

**EVIDENCE/CRIME SCENE:**
A crime scene was not established, nor was any evidence collected.

**MENTAL HEALTH DELIVERY SYSTEM (MHDS) CLASSIFICATION:**
This inmate is not a Mental Health Delivery System participant.

**MEDICAL REPORTS/INJURIES TO INMATE:**
There was no physical contact with the inmate, therefore no medical report was completed

**MEDICAL REPORTS/INJURIES TO STAFF:**
C/O Hernandez incurred a small 1/2 inch bump to her right hand as a result of Harris attempting to push the food port door open.

**USE OF FORCE:**
No force was used by staff during this incident.

**NOTIFICATIONS:**
Captain (A) J. Cox was on duty and was informed of this incident.

**EMPLOYEE POST TRAUMA PROGRAM:** All staff involved in the incident were offered immediate intervention and counseling through the Employee Post Trauma Program (EPTP).

**CONCLUSION:**
Inmate Harris will receive a CDC 115 Rules Violation Report for Battery on a Peace Officer. This violation will be referred to the District Attorney for prosecution. Inmate Harris will also receive a CDC 115 Rules Violation Report for Disorderly Conduct concerning his lewd conduct. Inmate Harris is assigned to a cell with a food delivery system, which will now be utilized until further notice. He will also be placed on paper tray status until further notice.

**OVERTIME:**
No overtime was incurred due to this incident.

[ ] CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY                    CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| J. Evert, Correctional Lieutenant (A)   *J. Evert* | 35459 | 10 years, 1 month | 8/8/03 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# CRIME/ INCIDENT REPORT
# PART B-INVOLVED PARTIES
                                                                      PAGE 3 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 8/8/03 | 0725 HOURS | PBP-C11-03-03-08-0493 |

**INMATES**

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| HARRIS,ERNEST | | | | MALE | BLACK | 502 |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | H-63617 | NA | NA | NA | ☐ YES  ☒ NO |
| ☐ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | 1/25/93 | 9/12/02 | 01-04-2007 | Age: 33 | C11-104L |

DESCRIPTION OF   INJURIES
N/A

COUNTY OF COMMITMENT
SACRAMENTO

PRISON GANG/ DISRUPTIVE GROUP (VALIDATED)
NONE NOTED

CHECK ALL THAT APPLY  N/A
☐ HOSPITALIZED   ☐ TREATED AND RELEASED   ☐ REFUSED TREATMENT   ☐ DECEASED

LOCATION OF HOSPITAL/TREATMENT
N/A

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
|  | | | | | | |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | | | | | ☐ YES  ☐ NO |
| ☐ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | | | | | |

DESCRIPTION OF   INJURIES

COUNTY OF COMMITMENT

PRISON GANG/ DISRUPTIVE GROUP (VALIDATED)

CHECK ALL THAT APPLY
☐ HOSPITALIZED   ☐ TREATED AND RELEASED   ☐ REFUSED TREATMENT   ☐ DECEASED

LOCATION OF HOSPITAL/TREATMENT

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART B-INVOLVED PARTIES

PAGE 4 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 8/8/03 | 0725 HOURS | PBP-C11-03-08-0493 |

### STAFF, VISITORS, OTHERS

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| EVERT, J. F. | | CORRECTIONAL LIEUTENANT (A) | MALE | WHITE | M/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 35459 | C FACILITY LIEUTENANT (A) | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: NONE NOTED | | |

CHECK ALL THAT APPLY  N/A
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED
LOCATION OF HOSPITAL/TREATMENT: N/A

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| HERNANDEZ, J. M. | | CORRECTIONAL OFFICER | FEMALE | WHITE | S/M |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 58123 | C11 S&e | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: N/A | | |

CHECK ALL THAT APPLY  N/A
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED
LOCATION OF HOSPITAL/TREATMENT: N/A

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| MALFAVON, D. | | CORRECTIONAL OFFICER | MALE | WHITE | W/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 62082 | C.11 CONTROL OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: NONE NOTED | | |

CHECK ALL THAT APPLY  N/A
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED
LOCATION OF HOSPITAL/TREATMENT: N/A

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| SMITH, L. A. | | CORRECTIONAL OFFICER | MALE | WHITE | S//M |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 44287 | C11 FLOOR OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: N/A | | |

CHECK ALL THAT APPLY  N/A
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED
LOCATION OF HOSPITAL/TREATMENT: NA

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| | | | | | |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☐ STAFF | | | |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☐ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: | | |

CHECK ALL THAT APPLY
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED
LOCATION OF HOSPITAL/TREATMENT:

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT
CDC 837 C-1                                             PAGE 1 OF 2

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Hernandez   J | | 58123 | 8-8-03 | PBR-C11-03-08-0493 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 5 yrs 6 mos | C11 S & E | 0725 | 8-8-03 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| S/S | 0600-1400 | C11, A pod  Cell 104 |

DESCRIPTION OF INCIDENT / CRIME: Battery on a Peace officer

CCR SECTION / RULE: 3005 (c)

### YOUR ROLE
- [ ] PRIMARY
- [ ] RESPONDER
- [ ] WITNESS
- [X] VICTIM
- [ ] CAMERA

WITNESSES: (S) C/o L. Smith  (S) C/o D. Halfaman

INMATES INVOLVED: (S) Harris H63617

### FORCE USED BY YOU
- [ ] LETHAL
- [ ] LESS LETHAL
- [ ] PHYSICAL
- [X] NONE

### LETHAL WEAPONS
- [ ] MINI-14
- [ ] SHOTGUN
- [ ] HANDGUN
- [X] OTHER

### LESS THAN LETHAL WEAPONS
- [ ] 37MM
- [ ] BATON
- [ ] OC
- [X] OTHER

NUMBER OF ROUNDS FIRED: NA

### FORCE OBSERVED BY YOU
- [ ] LETHAL
- [ ] LESS LETHAL
- [ ] PHYSICAL
- [X] NONE

### EVIDENCE COLLECTED
- [ ] YES
- [X] NO

EVIDENCE DESCRIPTION: NA

DISPOSITION: NA

WEAPON: [ ] YES [X] NO

BIO HAZARD: [ ] YES [X] NO

REPORTING STAFF INJURED: [X] YES [ ] NO

DESCRIPTION OF INJURY: Small bump Right Hand

LOCATION TREATED: Facility clinic

BODILY FLUID EXPOSURE: [ ] YES [X] NO

SCIF3301 / 3067 COMPLETED: [ ] YES [ ] NO

NARRATIVE: On Friday 8-8-03 at approximately 0635 hours while I was assigned as C11 S & E officer Correctional officer L. Smith and I entered A pod in unit C11 to deliver the breakfast meal. I approached cell 104, solely occupied by inmate Harris, H63617. Harris had his bright light on and was laying on his back near the front of his cell with his head near the cell door. I said "morning" and unlocked and opened the port. when I saw Harris with his right hand inside his boxer shorts manipulating his penis in a up and down motion. I told Harris

NAME / TITLE / SIGNATURE OF REPORTING STAFF: J. Hernandez  C/o

BADGE / I.D. #: 58123

DATE: 8-8-03

REVIEWER'S SIGNATURE: J. Evans

APPROVED: [ ]   CLARIFICATION NEEDED: [ ]

DATE: 8/8/03

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT

PAGE 1 OF 2

CDC 837 C-2  REV. (1/99)

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Hernandez, J | 58123 | 8-8-03 | 0725 |

INCIDENT LOG NUMBER: PBP-CII-03-08-0493

TYPE OF REPORT:
[X] CONTINUATION OF REPORT   [ ] ADDITIONAL INFORMATION   [ ] CLARIFICATION REQUEST

NARRATIVE:

if your going to masturbate when I come to your cell front, I'm going to write you up. I handed harris his breakfast tray, closed the food port and continued feeding the section. At approximately 0725 during tray and trash pick up C/o L. Smith and I entered A pod and approached cell 104. Harris turned on his light and I opened the food port. Harris had the food tray in his left hand and pushed the food tray, his hand, fore arm and extended his elbow outside the food port, throwing the tray to his right, and all the remaining food contents onto the lower tier floor. He then pulled his arm back inside the food port, stepped back and stated "Don't be disrespecting me." I put my right hand on the bottom of the port cover and began to close the cover. Harris pushed the cover back open with both his hands, forcing the food port cover to strick the top of my right hand, the area approximately (1) inch from my wrist and approximately (1) inch below the 1st knuckle of my thumb. Harris then stepped back from the port, while bring his hands inside the cell. I closed and secured the food port. Then continued picking up the morning trays. C facility Program Sergeant Evert was notified.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| J Hernandez C/o | 58123 | 8-8-03 |

| REVIEWER'S SIGNATURE | | | DATE |
|---|---|---|---|
| J Evert | [ ] APPROVED | [ ] CLARIFICATION NEEDED | 8/8/03 |

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 – SUPPLEMENT
CDC 887 C-1                                                                      PAGE __1__ OF __2__

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Malfavon, David A | | 62082 | 8/8/03 | PBP-C11-03-08-0493 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 3 yrs. 1 month | C11 CNTL OFFICER | 0725 hrs. | 8/8/03 |
| RDOs  w/t | DUTY HOURS  0600-1400 | INCIDENT LOCATION  C11 A-pod | |

DESCRIPTION OF INCIDENT / CRIME
Battery on Peace Officer / Indirect exposure                    CCR SECTION / RULE   3005 (c)

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | c/o L.A. Smith (S) | Harris (H-63617)(S) |
| ☐ RESPONDER | c/o J. Hernandez (S) | |
| ☒ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | NA | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER  NA | ☐ OTHER  NA | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | NA | NA | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | NA | NA | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On August 8, 2003, at approximately 0725 hours, while I was assigned as C11 control booth officer, I saw Officer J. Hernandez and Officer L.A. Smith approached cell 104 during trash and tray pick up. Cell C11-104 is solely occupied by Inmate Harris (H-63617) Officer Hernandez unlocked and opened the food port. Harris stuck the food tray out of the port and threw it in the direction of cell 103. Officer Hernandez attempted to close the food port. Harris pushed the food port back open. Officer Hernandez then closed the food port and locked it with no further incident. After both officers exited A-pod

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| D. Malfavon   c/o   [signature] | 62082 | 8/8/03 |
| REVIEWER'S SIGNATURE  [signature] | | DATE  8/8/03 |

| | APPROVED ☐ | CLARIFICATION NEEDED ☐ | |

STATE OF CALIFORNIA                                                           DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT                                                    PAGE  2  OF  2
CDC 837 C-2  REV.(1/99)

| INCIDENT LOG NUMBER |
| PBP-C11-03-08-0493 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Malfavon D A | 62082 | 8/8/03 | 0725 hrs |

TYPE OF INFORMATION
[X] CONTINUATION OF REPORT        [ ] ADDITIONAL INFORMATION        [ ] CLARIFICATION REQUEST

NARRATIVE:

Officer Hernandez said that the food port had hit her hand. Due to distance and angle from the control booth I was unable to tell if it hit her hand.

This ends my involvement in this incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| D Malfavon, C/o | 62082 | 8/8/03 |
| REVIEWER'S SIGNATURE | | DATE |
| | [ ] APPROVED  [ ] CLARIFICATION NEEDED | 8/8/03 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT

CDC 837 C-1

PAGE _1_ OF _2_

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|
| Smith, L | 44287 | 8-8-03 | PBP-C11-03-08-0493 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 13 yrs 1 month | C11-Floor | 0725 | 8-8-03 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| F/S | 0600 1400 | C11-104 |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| BATTERY ON PEACE OFFICER | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | C/o Hernandez (S) | Harris H63617 (S) |
| ☐ RESPONDER | C/o Malfavon (S) | |
| ☒ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI-14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | N/A | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER N/A | ☐ OTHER N/A | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On Aug 8, 03 while working C-11 Floor, at approx 0635 hrs, Search and Escort Officer S. Hernandez and I entered "A" Pod to begin the morning food program. Officer Hernandez approached cell 104, solely occupied by inmate Harris, H63617, to unlock his food port, while C/o Hernandez was unlocking, she began to counsel Harris on his behavior and ordered him to stop masterbating, Harris was then given his breakfast tray and sack lunch, his food port was secured after that without any incident. At 0725 C/o Hernandez and I again entered "A" Pod to recover the morning meal food trays and collect the garbage, as Hernandez she opened cell 104's food port, Harris with his left hand shoved his food tray out the food port and threw dumped it onto the ground floor, he then took a

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| C/o L Smith | 44287 | 8-8-03 |
| REVIEWER'S SIGNATURE | | |
| J. Evert | APPROVED ☐ | CLARIFICATION NEEDED ☐ | DATE 8/8/03 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART C-2-SUPPLEMENT

CDC 837 C-2  REV.(1/99)                                                    PAGE _2_ OF _2_

INCIDENT LOG NUMBER
PBP-CH-03-08-0493

NAME (LAST, FIRST, MI)          BADGE NUMBER    INCIDENT DATE    INCIDENT TIME
Smith, L                        44287           8-8-03           0725

TYPE OF INFORMATION
[X] CONTINUATION OF REPORT    [ ] ADDITIONAL INFORMATION    [ ] CLARIFICATION REQUEST

NARRATIVE:

STEP BACK TOWARD THE REAR OF CELL, AT WHICH TIME C/O HERNANDEZ ATTEMPTED TO CLOSE HIS FOOD PORT, THE FOOD PORT WAS APPROX 3/4 OF THE WAY CLOSED WHEN HARRIS STEPPED FOWARD AND WITH BOTH HANDS, PUSHED THE PORT OPEN, CAUSING IT TO SLAM BACK OPEN AND STRIKE HERNANDEZ ON HER RIGHT HAND, JUST BELOW HER THUMBS SECOND KNUCKLE, HARRIS THEN TOOK A FEW STEPS AWAY FROM THE FRONT OF THE CELL, AT WHICH TIME C/O HERNADEZ MADE A SECOND ATTEMP TO SECURE THE FOOD PORT, HARRIS MADE NO FURTHER ATTEMPTS TO OPEN THE FOOD PORT AGAIN, GIVING C/O HERNADEZ THE OPPORTUNITY TO SECURE THE FOOD PORT AT THAT TIME WITHOUT ANY FURTHER PROBLEMS. THIS ENDS MY INVOLMENT IN THIS INCIDENT.

NAME / TITLE / SIGNATURE OF REPORTING STAFF
C/O L Smith

BADGE / I.D. #    DATE
44287            8-8-03

REVIEWER'S SIGNATURE
J. Everit

[ ] APPROVED    [ ] CLARIFICATION NEEDED    DATE
                                            8/8/03

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF HOSPITAL Pelican Bay State Prison | | | | | | DATE 8/8/03 | |
|---|---|---|---|---|---|---|---|
| **THIS SECTION FOR INMATE ONLY** | NUMBER N/A | NAME (LAST N/A FIRST) | | | OLD HOUSING LOCATION N/A | NEW HOUSING LOCATION N/A | |
| **THIS SECTION FOR STAFF/ VISITOR ONLY** | NAME (LAST Hernandez FIRST J MIDDLE) M | | SEX F | AGE N/A | DOB (MO.,DA.,YR.) N/A | OCCUPATION CO | |
| | HOME ADDRESS On file | CITY | | | STATE | ZIP | HOME PHONE On file |
| TIME OF OCCURRENCE 0725 | | PLACE OF OCCURRENCE C 11 A pod 104 | | TIME SEEN 0825 | | MODE OF ARRIVAL Ambulatory | |

BRIEF RESUME IN PATIENT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

I was picking up Trays The IM through The food Tray out The port The food port hit my Right hand -

NAME OF WITNESSES, SUMMARIES OF THEIR STORIES, INSOFAR AS AVAILABLE

CO Smith witnessed it.

NURSE/MTA'S HISTORY OF INJURY/OCCURRENCE

~~The Right~~ Right hand with small bump 0.5 inchs with Tenderness

| KNOWN ALLERGIES no | DATE OF LAST TETANUS Unknown |
|---|---|

| VITAL SIGNS | | | TIME MEDICAL OFFICER NOTIFIED | TIME MEDICAL OFFICER ARRIVED |
|---|---|---|---|---|
| T: | BP: Declined | R: | N/A | N/A |

COMMENTS OF MEDICAL OFFICER

Co stable

DIAGNOSTIC IMPRESSION

N/A

TREATMENT

Put Ice on Right hand -

DESCRIPTION OF SIGNIFICANT CLINICAL LABORATORY AND/OR ROENTGENOLOGIC FINDINGS

N/A

DISPOSITION

C.O States she feels ok

ESTIMATED OR RECOMMENDED NUMBER OF DAYS IN "DISPOSITION" STATUS

N/A

PROGNOSIS

N/A

| SIGNATURE OF R.N./M.T.A. Theresa Lorraine RN | SIGNATURE OF MEDICAL OFFICER |
|---|---|

CDC 7219 (Rev. 9/77)

§ 3341.5                                    Department of Corrections                              TITLE 15

State of California
**ASSESSMENT OF SUBSEQUENT OR REIMPOSED SHU TERM WORKSHEET**
CDC 629-B (9/90)

| CDC Number | Name (Last, First, MI) | Institution | Unit |
|---|---|---|---|
| **H-63617** | **HARRIS, Ernest** | **PBPS** | **C-SHU** |

1. **VIOLATION COMMITTED WHILE SECURITY HOUSING UNIT (SHU) TERM ACTIVE**

   a. Rule No. __3005(c)__  Date Issued __08/08/2003__  Title __FORCE/VIOL__

   b. Specific Act __ASSAULT ON NON-INMATE - INSUFFICIENT FORCE TO CAUSE SERIOUS INJURY__
      (Must be an offense on SHU Term Assessment Chart.)

2. **CONSECUTIVE SHU TERM CALCULATIONS**

   | | YR | MO | DAY |
   |---|---|---|---|
   | a. Prior Maximum Shu Expiration Date . . . . . . . . . . . . . . . . . . . . . . . . . . . (SHU Term Assessment Worksheet, item 5) | 2009 | 8 | 3 |
   | b. Enter total additional confinement time assessed . . . . . . . . . . . . . . . . . . . . . . . . . . . (Expected plus or minus Aggravation/Mitigation in years, months and days) | 1 | 6 | 0 |
   | RVRs 10/28/02, 9/13/02, 7/20/02, 3/6/02, and 2/22/01 c. New Maximum Expiration of Term Date . . . . . . . . . . . . . . . . . . . . . . . . . . . (Add additional time to expiration date, item 2a + 2b) | 2011 | 2 | 3 |
   | **d. New Minimum Eligible Release Date** . . . . . . . . . . . . . . . . . . . . . . . . . . . (Add 75% of additional time to prior maximum expiration date using the SHU Time Computation Table, item 2a + 2b) | **2010** | **9** | **18** |

3. **CONCURRENT SHU TERM CALCULATIONS**

   | | YR | MO | DAY |
   |---|---|---|---|
   | a. Date of new violation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
   | b. Enter total confinement time assessed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (Expected plus or minus Aggravation/Mitigation in years, months and days) | | | |
   | c. Expiration date of new violation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (Add total assessed to violation date, item 3a + 3b) | | | |
   | d. Controlling Maximum SHU Expiration Date . . . . . . . . . . . . . . . . . . . . . . . . (Enter prior or new expiration date whichever is later) | | | |
   | **e. Controlling Minimum Eligible Release Date** . . . . . . . . . . . . . . . . . . . . . . (Enter prior date or add 75% of assessed time to violation date if the new maximum is later, 75% of item 3b + 3b) | | | |

4. **REIMPOSITION OF SHU TERM FROM PAROLED DISCHARGE**

   | | YR | MO | DAY |
   |---|---|---|---|
   | a. Maximum SHU expiration date when paroled / discharged . . . . . . . . . . . . . . . . . . . . . | | | |
   | b. Date paroled/discharged from SHU. . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
   | c. Maximum confinement time remaining when paroled/discharged . . . . . . . . . . . . . . . . . . (Subtract date paroled from expiration date, item 4b from 4a) | | | |
   | d. Date of reconfinement in Administrative Segregation . . . . . . . . . . . . . . . . . . . . . . | | | |
   | e. New Maximum Expiration Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (Add time remaining to reconfinement date, item 4c + 4d) | | | |
   | f. Minimum release time remaining when paroled/discharged . . . . . . . . . . . . . . . . . . . . (Subtract date paroled, item 4b, from Prior Minimum Eligible Release Date) | | | |
   | **g. New Minimum Eligible Release Date** . . . . . . . . . . . . . . . . . . . . . . . . . . . . (Add minimum time remaining to date of reconfinement, item 4f + 4d) | | | |

| Name and Title of Staff Computing Term | Date | Date ICC Established Term |
|---|---|---|
| **S. Trevino, CCI (A)** | **6/21/2006** | |

Distribution:  Original - Central File;  Yellow - Inmate;  Pink - Auditor

# EXHIBIT E

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

804 SENT TO RECORDS ON 10-30-03
*Entered into DAIS*

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | 9PPO  02/20/2020 | | PBSF | C11-104L | C03-10-0026 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C11-104 | 10-24-03 | 0620 HRS |

CIRCUMSTANCES

On October 24, 2003, at approximately 0620 hours, while I was assigned as C11 Floor Officer, J. Cruz and I were serving the morning meal.  Officer J. Cruz and I approached C11-104 (solely occupied by HARRIS, H-63617). Officer Cruz gave Inmate HARRIS his breakfast tray utilizing the food delivery system (FDS).  I stepped in front of cell 104 to observe HARRIS received the food tray.  Inmate HARRIS turned the cell light on.  He was standing up naked facing me with an erect penis.  I told HARRIS, "Next time we feed you put some clothes on."  HARRIS responded, "You stupid bitch, don't be coming up to my cell and tell me what to do, you stupid cunt, I'll slash your face."  Officer Cruz secured the FDS and plumbing chase and we exited the pod.  I informed my supervisor Sergeant R. Graves of the situation.

This inmate is not EOP or Crisis Bed.  Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated.  The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| A. DELAUNAY, CORRECTIONAL OFFICER | 10/31/03 | C11 FLOOR | 2/W  M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ►SERGEANT J. EVERT | 11/2/03 | DATE  N/A   LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | D | 11-3-03 | ► J. COX  CC11 | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ► C/O R | DATE 11-3-03 | TIME 1215 | TITLE OF SUPPLEMENT 837  ABoC's | | |
|---|---|---|---|---|---|---|
| ☒ INCIDENT REPORT LOG NUMBER: SP-C11-03-10-0634 | BY: (STAFF'S SIGNATURE) ► C/O R | DATE 11-3-03 | TIME 1215 | BY: (STAFF'S SIGNATURE) ► C/O R | DATE 11-3-03 | TIME 1215 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO  ☐ CLASSIFICATION     ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) Lieutenant J.A. Guinn, SHO | SIGNATURE ► | | DATE 4/2/05 | TIME 0840 |
| REVIEWED BY: (SIGNATURE) ► Captain S. Wheeler | DATE 7-5-05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► L.M. Williams, (A) A.W. | DATE 7-6-05 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ► | | DATE 7-7-05 | TIME 1155 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                      DE...RTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                          PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C03-10-0026 | PBSP | 6/27/05 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**:   On JUNE 27, 2005 at approximately 0840, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined.  HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file.  Per CCR 3320 (g) (3), the hearing was held in his absence.

**District Attorney**: On November 3, 2003, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution.  On June 7, 2005, notice was received that this had been resolved with a finding of GUILTY BY NEGOTIATED PLEA on the charge of BATTERY UPON A PERSON NOT A PRISONER; all other charges were dismissed as a part of the plea bargain.  Per CCR 3316 (c) (3), a court finding of guilty or not guilty, resulting from a trial, shall be accepted as a finding of fact on the same charges in a disciplinary hearing.

**Due Process**:  The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges.  Time constraints have been met.  There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report.  The Reviewing Supervisor concluded that a mental health assessment was not required.  The SHO concurs.  There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**:  There is no reason to believe that HARRIS is illiterate or does not speak English.  The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing.  Staff Assistant will not be assigned.

**Investigative Employee**:  HARRIS has no apparent interest in an investigation on his behalf.  The issues are not complex and available information is sufficient.  I.E. assignment is unnecessary.

**Witnesses**:  No witnesses were called to this hearing.  None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**:  Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense.  The hearing was decided based upon the following written evidence: CDC 115 of October 24, 2003 and the Incident Report.

**Finding**:  Guilty of the Div. D (5) offense INDECENT EXPOSURE.  This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm.  **Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront.**  This finding is based upon the following preponderance of evidence:

A.  The testimony of CORRECTIONAL OFFICER A. DELAUNAY in the disciplinary report of October 24, 2003 wherein DELAUNAY testifies that while serving the morning meal, HARRIS turned on his bright light, and stood naked facing DELAUNAY with an erect penis.  DELAUNAY told HARRIS "next time we feed you put some clothes on."  HARRIS was not receptive to this counseling stating "You stupid bitch, don't be coming up to my cell and tell me what to do, you stupid cunt, I'll slash your face."

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| J.A. GUINN | | Correctional Lieutenant | | 6/27/05 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: |
| | | | 7-7-05 | 1155 |

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

PAGE __2__ OF __2__

| CDC NUMBER<br>H-63617 | INMATE'S NAME<br>HARRIS | LOG NUMBER<br>C03-10-0026 | INSTITUTION<br>PBSP | TODAY'S DATE<br>6/27/05 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition**: Assessed **90** day credit forfeiture for this Div. D offense. With this notice, HARRIS is informed that his credit restoration period began October 25, 2003 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**: Per CCR 3177 (b) (1) (A), this inmate has been found guilty of an offense listed in CCR 3177(b) (1). This inmate should be reviewed for prohibition against all future family visits.

| SIGNATURE OF WRITER<br>J.A. GUINN | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>6/27/05 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:<br>7-7-05 | TIME SIGNED:<br>1155 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**SERIOUS RULES VIOLATION REPORT**
PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 10-21-03 | PBSP | C03-10-0026 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☑ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ — N/A — | |
| ☑ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | X Earnest Harris | 11-3-03 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| 06-07-05 | Judgement & Sentence | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ — N/A — | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☑ REQUESTED   ☑ WAIVED BY INMATE | INMATE'S SIGNATURE   X Earnest Harris | DATE 06-21-05 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — N/A — |
| ☑ NOT ASSIGNED | REASON Does not meet criteria per CCR 3315(d)(2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☑ REQUESTED   ☑ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ X Earnest Harris | DATE 06-21-05 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — None — |
| ☑ NOT ASSIGNED | REASON Does not meet criteria per CCR 3315(d)(1) | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:
None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER   ☑ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) Copy of Judgment & Sentence issued to (Den) 1/m 06-21-05 @ 1730 HRS.
By S/o D. merritt.

| INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ c/o R H | TIME 1215 | DATE 11-3-03 |
|---|---|---|---|

CDC 115-A (7/88)

— If additional space is required use supplemental pages —

OSP 98 8819

State of California

# Memorandum

*SHO*

Date  : June 7, 2005

# JUDGMENT & SENTENCE

To  : Paul J. Dillard
Central Services
Associate Warden

From  : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT NUMBERS PBP-C11-03-08-0493, PBP-C11-03-10-0634, PBP-C02-04-04-0254, PBP-C02-04-08-0500, PBP-C02-04-08-0530, AND PBP-C02-04-09-0538**

On June 7, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate **HARRIS, H-63617.**

On May 19, 2005, the Del Norte County Court found the above named inmate **GUILTY BY NEGOTIATED PLEA.** On Count VIII (PBP-C02-04-08-0530), for the offense of **Penal Code (PC) 4501.5, Battery Upon a Person not a Prisoner,** the court sentenced the above named inmate to **one (1) year consecutive.** Count I (PBP-C11-03-10-0634), for the offense of **PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury,** and **COUNT IV** (PBP-C11-03-10-0634), for the offense of **PC 314, Indecent Exposure,** were dismissed as part of the Negotiated Plea. **Count II** (PBP-C02-04-08-0500), for the offense of **PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury,** was dismissed as part of the Negotiated Plea. **Count III** (PBP-C02-04-08-0530), for the offense of **PC 664/4501.5, Attempted Battery Upon a Person not a Prisoner,** was dismissed as part of the Negotiated Plea. **Count V** (PBP-C11-03-08-0493), for the offense of **PC 314, Indecent Exposure,** was dismissed as part of the Negotiated Plea. **Count VI** (PBP-C02-04-04-0254), for the offense of **PC 314, Indecent Exposure,** was dismissed as part of the Negotiated Plea. **Count VII** (PBP-C02-04-09-0538), for the offense of **PC 314, Indecent Exposure,** was dismissed as part of the Negotiated Plea, resulting in a total term of **one (1) year consecutive.**

Please release the detainer placed by the Court Liaison's Office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

[X] COPY TO INMATE ON _06-21-05_
AT _1230_ HOURS BY
C/O _D. Mount_

# Memorandum

Date    : November 4, 2004

## DA ACCEPTED

To    : Paul J. Dillard
      Central Services
      Associate Warden

From   : Department of Corrections
      Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : PBSP INCIDENT #PBP-C11-03-10-0634

On October 24, 2003, inmate **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code Section(s):

> 314      Indecent Exposure
> 71       Threat of Injury Made to Officer in Performance of His Duties

On November 7, 2003, the case was presented to the Del Norte County District Attorney's for possible prosecution.

On November 4, 2004, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate(s) with the following violation(s) of the Penal Code Section(s):

> **COUNT I    422    Threats to Commit Crime Resulting in Death or Great Bodily Injury**
>
> **COUNT IV 314.1   Indecent Exposure**

You will be apprised of the outcome of this case.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

# Memorandum

Date : November 7, 2003

# DA REFERRAL
## (DETAINER)

To : Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C11-03-10-0634**

On October 24, 2003, inmate(s) **HARRIS, H-63617**, committed the following violation(s) of the California Penal Code Section(s):

> **314 Lewd or Obscene Conduct; Indecent Exposure; Obscene Exhibitions**
> **71 Threat of Injury Made to an Officer in Performance of His Duties**

As of November 7, 2003, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate(s) pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


K. R. THOMAS
Correctional Sergeant
Court Liaison Office


cc:  Facility Captain
Facility S&E
Records
Inmate
CLO File

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART A-COVER SHEET

PAGE 1 OF 4

CDC 837-A (11/91)

| INCIDENT LOG NUMBER |
| --- |
| PBP-C11-03-10-0634 |

| INSTITUTION / FACILITY | INCIDENT SITE / LOCATION | DATE INCIDENT | TIME INCIDENT |
| --- | --- | --- | --- |
| Pelican Bay State Prison | C FACILITY, SECURITY HOUSING UNIT C11, LEVEL IV | 10-24-2003 | 0620 Hours |

| SPECIFIC CRIME / INCIDENT | D.A. REFERRAL | SECTION / CODE / RULE |
| --- | --- | --- |
| THREAT OF FORCE/VIOLENCE TO A PUBLIC OFFICIAL | ☒ YES ☐ NO | 3005-C/3007 |

| ☐ SERT ACTIVATED ? | ☐ NEGOTIATION TEAM ACTIVATED ? | ☐ MUTUAL AID REQUESTED ? | ☐ MEDIA NOTIFIED ? |
| --- | --- | --- | --- |

RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATHS | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
| --- | --- | --- | --- | --- |
| ☐ Staff | ☐ Homicide | ☐ On Staff | ☐ Beating | ☐ Strangling |
| ☐ Visitor | ☐ Suicide | ☐ On Visitor | ☐ Shooting | ☐ Slashing |
| ☐ Inmate | ☐ Accidental | ☐ On Inmate | ☐ Stabbing | ☐ Sexual |
| ☐ Other | ☐ Natural | ☐ Other_____ | ☐ Spearing | ☐ Other: |
| ☐ N/A | ☐ N/A | ☐ N/A | ☐ Poisoning | ☐ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED | | |
| --- | --- | --- | --- | --- | --- |
| ☐ Staff | ☐ Firearm | ☐ Stabbing Instrument | ☐ Yes ☒ No | ☐ 38Cal ☐ Physical holds | |
| ☐ Visitor | ☐ Knife | ☐ Hands/Feet | | ☐ Mini 14 | |
| ☐ Inmate | ☐ Spear | ☐ Club/Bludgeon | Number Fired ____ | ☐ Shotgun | |
| ☐ Accidental | ☐ Explosive | ☐ Caustic Substance | ESCAPES | ☐ 37 MM | |
| ☐ Attempted | ☐ Projectile | ☐ Other | ☐ With Force | ☐ 40 MM | |
| ☐ Suicide | ☐ Slashing Instrument | ☐ Inmate Manufactured | ☐ Without Force | ☐ Chemical Agents | |
| ☐ Other_____ | ☐ Commercial | ☐ N/A | ☐ Attempted | ☐ PR 24 | |
| ☐ N/A | | | | ☐ 9MM | |

| SUSPECTED CONTROLLED SUBSTANCE | LOCKDOWNS | EXCEPTIONAL ACTIVITY | |
| --- | --- | --- | --- |
| ☐ Heroin/Opiates | ☐ YES ☒ No | ☐ Major Disturbance | ☐ Employee Job Action |
| ☐ Cocaine | | ☐ Inmate Strike | ☐ Major Power Outage |
| ☐ Marijuana | If yes, list affected programs | ☐ Public Demonstration | ☐ Explosion |
| ☐ Amphetamine | below: | ☐ Inmate Demonstration | ☐ Fire |
| ☐ Barbiturate | | ☐ Natural Disaster | ☐ Hostage |
| ☐ LSD | | ☐ Environmental Hazard | ☐ Gang Involved |
| ☐ PCP | | ☐ "Special Interest Inmate" | ☐ Other_____ |
| ☐ Methamphetamine | | ☐ Weather | |
| | | ☐ N/A | |

DESCRIPTION OF CRIME / INCIDENT

**SUSPECTS:** HARRIS, H-63617, C11-104L

On, Friday October 24, 2003, at approximately 0620 hours, Correctional Officer's A. Delaunay and J. Cruz were in the process of feeding the breakfast meal in unit C11. When they reached inmate HARRIS' cell (104), HARRIS turned on his cell light and was observed to be completely nude with an erect penis. Officer Delaunay told HARRIS "the next time we feed you put some clothes. HARRIS became agitated and stated, "you stupid bitch, don't be coming up to my cell and tell me what to do, you stupid Cunt, I'll slash your face." Officer's Delaunay and Cruz continued their duties.

After several minutes they returned to A Pod, and were about to depart the cell front of 103 to feed the second tier, and HARRIS stated, "You wait, you'll be wearing this when you come back stupid Bitch, I'll slash you in the face, you heard me." As Officer's Delaunay and Cruz were descending the stairs, HARRIS was heard to state, "You wait until you escort me out to the yard or Medical, I'm going to stab you."

☒ CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C          REVIEWED BY M. CASTELLAW, CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
| --- | --- | --- | --- |
| R. KERSH, Correctional Lieutenant | 11151 | 24 Years | 10-24-2003 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C—SUPPLEMENTAL
CDC 837-C (11/91)                                                        PAGE 2 OF 4

| | INCIDENT LOG NUMBER |
|---|---|
| | PBP-C11-03-10-0634 |

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT |
|---|---|---|
| Pelican Bay State Prison, C FACILITY, SECURITY HOUSING UNIT C11, LEVEL IV | 10-24-2003 | 0620 Hours |

| TYPE OF INFORMATION | | |
|---|---|---|
| [X] CONTINUING DESCRIPTION OF INCIDENT (PART A) | [ ] SUPPLEMENTAL INFORMATION | [ ] CLOSURE REPORT |

The Officer's then left A Pod, completed the feeding of the remaining pods. The Officers reported the incident to the C 6/12 Sergeant, R. Graves. The Officer's returned to unit C11 to conduct tray and trash pickup. While in A Pod, HARRIS again threatened Officer Delaunay by stating, "I'm going to stab you in the eyes you Bitch." The Officer's departed A Pod without further incident.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate HARRIS was not a participant in the Mental Health Delivery System at the time of this incident.

**USE OF FORCE:** No force was used in this incident.

**CONCLUSION:** Inmate HARRIS will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 C, Specifically THREATING A PUBLIC OFFICIAL and violation of CCR Section 3007, Specifically Indecent Exposure. These cases may be referred to the Del Norte County District Attorneys Office for possible misdemeanor/felony prosecution.

**NOTIFICATIONS:** The C Facility Program Captain, M. Castellaw, and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

| [ ] CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C | | REVIEWED BY M. CASTELLAW, CAPTAIN | |
|---|---|---|---|
| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/ I.D. # | YEARS SERVICE | DATE |
| R. KERSH, Correctional Lieutenant | 11151 | 24 Years | 10-24-2003 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART B-INVOLVED PARTIES

PAGE 3 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 10/24/03 | 0620 | PBP-C11-03-10-0634 |

INMATES

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| HARRIS, ERNEST | | | | MALE | BLA | 502 |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | H-63617 | NA | NA | NA | ☐ YES  ☒ NO |

| ☒ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
|---|---|---|---|---|---|
| ☐ WITNESS | 1/25/93 | 9/12/02 | 01-04-2007 | Age: 33 | C11-104L |

| DESCRIPTION OF INJURIES | COUNTY OF COMMITMENT |
|---|---|
| NONE | SACRAMENTO |

PRISON GANG/ DISRUPTIVE GROUP (VALIDATED)
NONE NOTED

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | N/A |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

PAGE 4 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 10/24/03 | 0620 | PBP-C11-03-10-0634 |

**STAFF, VISITORS, OTHERS**

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| KERSH, R. | CORRECTIONAL LIEUTENANT | MALE | WHITE | S/M |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 11151 | D FACILITY LIEUTENANT | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: NONE NOTED | | |

CHECK ALL THAT APPLY: ☐ HOSPITALIZED ☐ TREATED AND RELEASED ☐ REFUSED TREATMENT ☐ DECEASED

LOCATION OF HOSPITAL/TREATMENT: NA

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| GRAVES, R. | CORRECTIONAL SERGEANT | MALE | WHITE | W/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 12093 | C 7-12 PROGRAM | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: NONE | | |

CHECK ALL THAT APPLY: ☐ HOSPITALIZED ☐ TREATED AND RELEASED ☐ REFUSED TREATMENT ☐ DECEASED

LOCATION OF HOSPITAL/TREATMENT: N/A

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| DELAUNAY, A. | CORRECTIONAL OFFICER | Female | Hispanic | M/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 57165 | C 11 FLOOR OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☒ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: NONE | | |

CHECK ALL THAT APPLY: ☐ HOSPITALIZED ☐ TREATED AND RELEASED ☐ REFUSED TREATMENT ☐ DECEASED

LOCATION OF HOSPITAL/TREATMENT: N/A

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| CRUZ, J. | CORRECTIONAL OFFICER | Male | Hispanic | S/S |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☒ VICTIM | ☒ STAFF | 30320 | C 11 S&E OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | | | |
| ☐ WITNESS | ☐ OTHER | DESCRIPTION OF INJURIES: NONE | | |

CHECK ALL THAT APPLY: ☐ HOSPITALIZED ☐ TREATED AND RELEASED ☐ REFUSED TREATMENT ☐ DECEASED

LOCATION OF HOSPITAL/TREATMENT: N/A

CALIFORNIA DEPARTMENT OF CORRECTIONS

PELICAN BAY STATE PRISON

## Crime/Incident Report

(complete using #2 pencil or ballpoint pen)

Page    1    of    1

| Officer's Last Name, First Initial (print) | Badge # | Incident Date | Incident Log # |
|---|---|---|---|
| GRAVES, R. L. | 12093 | 10/24/03 | PBP-C11-03-10-0634 |

| Length of Service | Post Description | Incident Time | Report Date |
|---|---|---|---|
| 19 Years     5 Months | C7-12 Program Sgt. | 0620 Hours | 10/24/03 |

| RDO's | Duty Hours | Incident Location |
|---|---|---|
| Wed/Thur | 0600-1400 | Facility C, Unit 11, Cell 104 |

| Description of Incident/Crime | Section/Rule Code |
|---|---|
| Threat of Force or Violence Against a Public Official | 3005 (c) |

| Officer's Role | Witnesses (preface S-staff, V-visitor, O-other) | Inmates Involved (preface S-suspect, V-victim, W-witness) |
|---|---|---|
| ☐ Primary<br>☒ Responder<br>☐ Witness<br>☐ Victim<br>☐ Camera | (S) R. Kersh Lt<br>(S) A. Delaunay C/O<br>(S) J. Cruz C/O | (S) HARRIS, H-63617, C11,104L |

| Force Used by Reporting Officer | Less Lethal Weapons | Shots Fired | Number for Effect | Number for Warning | Observed Force Used by Others |
|---|---|---|---|---|---|
| ☐ Lethal<br>☐ Less Lethal<br>☐ Physical<br>☒ None | ☐ 37MM Gas Gun<br>☐ PR-24 Baton<br>☐ OC "Pepper Spray"<br>☐ Other_____ | ☐ Mini 14<br>☐ Shotgun<br>☐ 38 revolver<br>☐ Other | _____<br>_____<br>_____<br>_____ | _____<br>_____<br>_____<br>_____ | ☐ Lethal<br>☐ Less Lethal<br>☐ Physical<br>☒ None |

| Evidence Collected | Evidence Description | Disposition | Weapon | Bio Hazard |
|---|---|---|---|---|
| ☐ Yes<br>☒ No | NONE | N/A | ☐ Yes<br>☒ No | ☐ Yes<br>☒ No |

| Reporting Officer Injured | Description of Injury | Location Treated | Blood Exposure | SCIF 3301/3067 Completed |
|---|---|---|---|---|
| ☐ Yes<br>☒ No | NONE | N/A | ☐ Yes<br>☒ No | ☐ Yes<br>☒ No |

Narrative:

On Friday, October 24, 2003, at approximately 0640 hours while assigned as the Facility C 7-12 Program Sergeant, Officer A. Delaunay, C11 floor Officer, reported to my office and told me that while she was feeding inmate HARRIS, H-63617, in C11-104L, he exposed himself to her. Officer Delaunay said when she told HARRIS to put clothes on, he threatened to slash her face. Officer J. Cruz also reported to my office and told me that he witnessed part of what transpired with HARRIS. HARRIS is currently housed behind a Lexan covered cell front with a Food Delivery System (FDS). Officers Delaunay and Cruz said they were able to feed HARRIS without any problems and exited the pod when the feeding was completed. Facility C Program Lieutenant R. Kersh, was present in my office when Officers Delaunay and Cruz reported the incident. After Officers Delaunay and Cruz completed trash and tray pick-up in the unit, they returned and informed me that HARRIS made more threatening statements to them. Because of the Lexan and the FDS on HARRIS' cell, there was no staff contact with HARRIS, therefore a medical examination was not required. HARRIS previously assaulted staff and was placed behind Lexan and the FDS, therefore, he remained housed in his cell. Officer Delaunay will write a CDC 115, charging HARRIS with Threat of Force or Violence Against a Public Official.

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | DATE |
|---|---|---|---|
| R. GRAVES, Correctional Sergeant | *R. Graves Sgt* | 12093 | 10/24/03 |
| REVIEWER'S SIGNATURE<br>*R. Kersh* | APPROVED<br>☒ | CLARIFICATION NEEDED<br>☐ | DATE<br>10-24-03 |

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT                                  PAGE 1 OF 3
CDC 837 C-1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| DELAUNAY, A R | | 57165 | 10/24/03 | ASP-M1-03-10-063 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 6 yrs 2 mo. | C11 floor | 0620 Hours | 10/24/03 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| M/T | 0600-1400 | C11-104 |

| DESCRIPTION OF INCIDENT / CRIME | | CCR SECTION / RULE |
|---|---|---|
| Threat of Force of Violence against a public official | | 3005(c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. Cruz | (S) Harris H03617 |
| ☐ RESPONDER | | |
| ☐ WITNESS | | |
| ☒ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI-14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN   N/A | ☐ OC   N/A | N/A | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER_____ | ☐ OTHER_____ | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | N/A | N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | N/A | N/A | ☒ NO | ☒ NO |

NARRATIVE:

On 10/24/03 at approximately 0620 Hours while I was assigned as C11 floor, Officer J. Cruz and I were serving the morning meal. Officer J. Cruz and I approached cell 104 (solely occupied by inmate Harris (CDC# H03617 C11-104L). Cruz gave I/m Harris his breakfast tray utilizing the Food Delivery System (FDS). I stepped in front of the cell to observe Harris receive the food tray. Harris turned the cell light on was standing up, naked, facing me with an erect penis. I told Harris to "Next time we feed you put some clothes on." Harris responded "You stupid

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| C/O [signature] | 57165 | 10/24/03 |
| REVIEWERS SIGNATURE | APPROVED ☒   CLARIFICATION NEEDED ☐ | DATE |
| R. Graves Sgt | | 10/24/03 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-2-SUPPLEMENT                                         PAGE 2 OF 3

CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER: FBP-C11-03-10-0634

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| DELAUNAY, A R | 57165 | 10/04/03 | 0620 |

TYPE OF INFORMATION

[X] CONTINUATION OF REPORT    [ ] ADDITIONAL INFORMATION    [ ] CLARIFICATION REQUEST

NARRATIVE:

Bitch, don't be coming up to my cell and tell me what to do you stupid cunt, I'll slash your face." Officer Cruz secures the F.D.S. and plumbing chase. Cruz and I exited the pod. We continued to pass out special diet trays. Cruz and I entered a pod again to pass out the regular breakfast trays and sack lunches. When Cruz and I were at cell front 103 ready to walk to the upper tier. I heard I/m Harris say "You wait, you'll be wearing this when you come back stupid bitch, I'll slash you in the face, you heard me". We proceeded up the stairs. I could hear Harris yelling but I could not understand what he was saying. Harris is housed in a cell behind Lexan. When Cruz and I were walking back down the stairs Harris said "You wait until you escort me out to the yard or medical I'm going to stab you." We exited a pod and continued to pass out the rest of the breakfast trays and sack lunches. We then responded to Facility C.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| [signature] | 57165 | 10/04/03 |

| REVIEWER'S SIGNATURE | | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| [signature] Sgt | | [X] | [ ] | 10/24/03 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C-2-SUPPLEMENT**
CDC 837 C-2  REV.(1/99)

DEPARTMENT OF CORRECTIONS

PAGE 3 OF 3

INCIDENT LOG NUMBER
FBP-C11-03-10-0634

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| DELAUNAY, A R | 57165 | 10/24/03 | 0620 |

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT      ☐ ADDITIONAL INFORMATION      ☐ CLARIFICATION REQUEST

NARRATIVE:

Program office and informed program Sergeant R. Graves of what has occured. We returned to the Unit. I put on a pair of State issued goggles and conducted tray and trash pick up. We entered a pod where Harris is housed and Harris immediately started yelling "Bi+ch, Bi+ch". When we were walking up the stairs I/m Harris said "You better be wearing those stupid goggles glasses you Cunt". We retrieved all the trays from the upper tier and walked down the stairs. When we got to the bottom of the stairs Harris said "I'm going to stab you in the eyes you bi+ch". Fearing for our safety we immediately exited the pod. We again informed Sgt. R. Graves of the statements made by Harris, threatning officer Cruz and myself. This concludes my involvement in this incident. At this time.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | DATE |
|---|---|---|
| | 57165 | 10/24/03 |

| REVIEWER'S SIGNATURE | APPROVED ☒ | CLARIFICATION NEEDED ☐ | DATE |
|---|---|---|---|
| R. Graves Sgt | | | 10/24/03 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT                                          PAGE _1_ OF _3_
CDC 837 C-1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Cruz, J. | | 30332 | 10-24-03 | PBP-C11-03-10-0634 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | | REPORT DATE |
| 18 year | C11 S+E | 0620 Hours | | 10-24-03 |
| RDO's | DUTY HOURS | INCIDENT LOCATION | | |
| Sat / Sun | 0600-1400 | C11-104 | | |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Threat of force of violence against a public Official | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) Delaunay, A | (S) Harris H63617 |
| ☐ RESPONDER | Graves, R | |
| ☐ WITNESS | | |
| ☑ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI-14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN N/A | ☐ BATON N/A | N/A | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☑ NONE | ☐ OTHER_____ | ☐ OTHER_____ | | ☑ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☑ NO | | | ☑ NO | ☑ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF1301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☑ NO | | | ☑ NO | ☑ NO |

NARRATIVE:

On Friday, Oct 24, 2003, at approximately 0620 hours, Officer Delaunay, A. and I were serving the morning meal. Officer Delaunay and I approached cell 104 occupied by Inmate Harris, H63617 C11-104L. I gave Harris his morning meal utilizing the Food Delivery System (FDS). Officer Delaunay stepped in front of the cell to observe Harris receive his Food Tray. As I was in the plumbing chase I heard Officer Delaunay say, "next time we feed you, put some clother on." Harris immediately became verbally abusive, threatening to physically harm Officer Delaunay. Harris stated, "I'm going to slash your face you bitch." I secured the (FDS) and Plumbing chase and exit A-pod.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| | 30332 | 10-24-03 |
| REVIEWER'S SIGNATURE | APPROVED ☑   CLARIFICATION NEEDED ☐ | DATE |
| R Graves | | 10/24/03 |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C-2-SUPPLEMENT**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 3

CDC 837 C-2  REV.(1/99)

| INCIDENT LOG NUMBER |
| --- |
| PBP-C1-03-10-0634 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- |
| Cruz | 30332 | 10-24-03 | 0620 |

TYPE OF INFORMATION

[X] CONTINUATION OF REPORT    [ ] ADDITIONAL INFORMATION    [ ] CLARIFICATION REQUEST

NARRATIVE:

then we passed the special diet trays. We then re-entered A-pod to serve the regular trays and sack lunches. After feeding the lower tier we proceeded to go up the stairs to feed the upper tier. We then proceeded to go down the stairs. At the bottom of the stairs Harris stated, "you wait untill you escort me out to the yard or medical, I'm going to stabb you. We exited A-pod and continued feeding the rest of the unit. After feeding the rest of the unit we reported to fac C. Program office and reported the incident to Sergeant Graves as what had occured. Upon returning back to the unit we started picking up trays and trash in A-pod. Harris immediately started yelling, "Bitch, Bitch," at Office Delaunay. We picked the lower tier trays, then we proceeded to go up the stairs to pick the rest of the trays. As we got to the bottom of the stairs, I heard Harris yell, "I'm going to stabb you in the eyes, you bitch. Fearing for our safety we immediately exit the pod. Correctional Officer Delaunay and I reported to C FAc. Program office where we explained to Sgt. Graves of what had happened. This concluded my involvement in this incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
| --- | --- | --- |
| C/O L. Cruz | 30332 | 10-24-03 |
| REVIEWER'S SIGNATURE R. Graves Sgt. | APPROVED [X]    CLARIFICATION NEEDED [ ] | 10/24/03 |

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART C-2-SUPPLEMENT                                              PAGE _1_ OF _1_

CDC 837 C-2  REV.(1/99)

| INCIDENT LOG NUMBER |
| --- |
| PRE CIL-03-10-0634 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- |
| Cruz J | 30332 | 10-24-03 | 0620  PRE CIL-03-10-0634 |

TYPE OF INFORMATION

☐ CONTINUATION OF REPORT      ☒ ADDITIONAL INFORMATION      ☒ CLARIFICATION REQUEST

NARRATIVE:

After reviewing the following ~~statement~~ by inmate Harris,
H63617, C11-104L, (You wait until you escort me out to
the yard or medical, I'm going to stabb you.
I feel this was directed at me because he called
out —CRUZ— this was not just ~~dir~~ directed at officer
Delaunay, A

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
| --- | --- | --- |
| C. | 30332 | 10-24-03 |
| REVIEWER'S SIGNATURE                     ☒ APPROVED     ☐ CLARIFICATION NEEDED | | DATE 10/24/03 |

# EXHIBIT  F

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**                                    DEPARTMENT OF CORRECTIONS

804 SENT TO RECORDS ON 10-30-03
Entered into ORIS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | (PAO) | 02/20/2020 | PBSP | C11-104I | C03-10-0027 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3005( c ) | THREAT OF FORCE/ VIOLENCE AGAINST A PUBLIC OFFICIAL | | C11-104 | 10-24-03 | 0620 HRS |

CIRCUMSTANCES

On October 24, 2003, at approximately 0620 hours, while I was assigned as C11 Floor Officer, Officer J. Cruz and I were serving the morning meal. Officer Cruz and I approached cell 104, solely occupied by inmate HARRIS, H63617. Officer Cruz gave HARRIS his breakfast tray utilizing the food delivery system (FDS). I stepped in front of the cell to observe HARRIS receive the food tray. HARRIS turned the cell light on and was standing up, naked, facing me with an erect penis. I told HARRIS, "Next time we feed you, put some clothes on." HARRIS responded, "You stupid bitch, don't be coming up to my cell and tell me what to do. You stupid cunt, I'll slash your face." I took this as a serious threat. Officer Cruz secured the FDS and plumbing chase. Officer Cruz and I then exited the pod. When Officer Cruz and I reentered A-Pod to pass out the regular breakfast trays, and were ready to walk to the upper tier, I again heard HARRIS say, "You wait, you'll be wearing this when you come back, stupid bitch, I'll slash you in the face, you hear me." We proceeded up the stairs.

(CONT. ON PART C)

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| A. DELAUNAY, CORRECTIONAL OFFICER | 10/31/03 | C11 FLOOR | 2/W  M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J. EVERT SERGEANT | 11/2/03 | DATE    N/A    LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | B | 11-3-03 | J. COX  CCI | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | c/o R | 11-30 | 1215 | 837 ABC |

| ☒ INCIDENT REPORT LOG NUMBER: P-C11-03-10-063 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | c/o R | 11-3-03 | 1215 | c/o R | 11-3-03 | 1215 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| Lieutenant J.A. Guinn, SHO | | | 6/29/05 | 0340 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
| Captain S. Wheeler | 6-30-05 | L.M. Williams, (A) A.W. | 7-6-05 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | | | 7-10-05 | 1235 |

CDC 115 (7/88)

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C03-10-0027 | PBSP | 10-24-03 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER_____

I could still hear HARRIS yelling, but I could not understand what he was saying. Officer Cruz and I proceeded down the stairs and HARRIS said, "You wait until you escort me out to the yard or Medical, I'm going to stab you." We exited A-Pod, passed out the rest of the breakfast trays in the unit, then responded to Facility C program and notified my Sergeant, R. Graves, what had occurred. We returned to the unit and I put on a pair of state issued goggles and conducted tray and trash pick up. When we entered A-Pod, HARRIS immediately started yelling, "Bitch, bitch."

As we were walking up the stairs, HARRIS said, "You better be wearing those stupid glasses, you cunt." All trays were retrieved from the upper tier and as we walked down the stairs, HARRIS said, "I'm going to stab you in the eyes, you bitch." Fearing for our safety, we immediately exited the pod. I notified my supervisor Sgt. Graves once again the threats made by HARRIS. I filled out a psyche referral on HARRIS. This concludes my involvement in this incident at this time.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| A. DELAUNAY, CORRECTIONAL OFFICER | 10/31/03 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | C/O R Ly | 11-3-03 | 1215 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA •

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE \_\_\_ OF \_\_\_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C03-10-0027 | PBSP | 10-24-03 |

☒ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER_____

On Friday, October 24, 2003, at approximately 0620 hours, while I was assigned as C11 S&E, Officer A. Delaunay and I were serving the morning meal. Officer Delaunay and I approached Cell 104, occupied by inmate HARRIS, H-63617, C11-104 L. I gave HARRIS his morning meal, utilizing the Food Delivery System (FDS). Officer Delaunay stepped in front of the cell to observe HARRIS receive his food tray. As I was in the plumbing chase I heard Officer Delaunay say, "Next time we feed you, put some clothes on." HARRRIS immediately became verbally abusive, threatening to physically harm Officer Delaunay. HARRIS stated, "I'm going to slash your face you bitch." I secured the FDS and plumbing chase and exited A-Pod. We then passed the special diet trays. We re-entered A-Pod to serve the regular tray and sack lunches. After the upper tier, we then proceeded to go down the stairs. At the bottom of the stairs HARRIS stated, "You wait until you escort me out to the yard or medical, I'm going to stab you." We exited A-Pod and continued feeding the rest of the unit. After feeding the rest of the unit we reported to the Facility C Program Office and reported the incident to Sergeant Graves as what had occurred. Upon returning back to the unit we started picking up trays and trash in A-Pod. HARRIS immediately started yelling, "Bitch, Bitch," at Officer Delaunay. We picked up the lower tier trays then we proceeded to go up the stairs to pick up the rest of the trays. As we got to the bottom of the stairs, I heard HARRIS yell, "I'm going to stab you in the eyes, you bitch." Fearing for our safety we immediately exited the Pod. Correctional Officer Delaunay and I reported to C Facility Program Office. When we explained to Sergeant Graves of what had happened this concluded my involvement in this incident.

After reviewing the following statement by inmate HARRIS, H-63617, C11-104 L, "You wait until you escort me out to the yard or medical, I'm going to stab you." I feel this was directed at me because he called out, Cruz, this was not just directed at Officer Delaunay.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J.CRUZ, CORRECTIONAL OFFICER | 1-3-03 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) C/O R. | DATE SIGNED 11-3-03 | TIME SIGNED 1215 |
|---|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                              DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                   PAGE  __1__  OF  __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C03-10-0027 | PBSP | 6/27/05 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing:** On JUNE 27, 2005 at approximately 0840, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined. HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file. Per CCR 3320 (g) (3), the hearing was held in his absence.

**District Attorney:** On November 3, 2003, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution. On June 7, 2005, notice was received that this had been resolved with a finding of GUILTY BY NEGOTIATED PLEA on the charge of BATTERY UPON A PERSON NOT A PRISONER; all other charges were dismissed as a part of the plea bargain. . Per CCR 3316 (c) (3), a court finding of guilty or not guilty, resulting from a trial, shall be accepted as a finding of fact on the same charges in a disciplinary hearing.

**Due Process:** The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time constraints have been met. There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant:** There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee:** HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of October 24, 2003 and the Incident Report.

**Finding:** Guilty of the Div. B (3) offense THREAT OF FORCE OR VIOLENCE AGAINST A PUBLIC OFFICIAL. This offense requires evidence that the defendant threatened to commit a criminal act upon the person of another, this criminal act was intended to cause serious injury or death to the victim or someone associated with the victim and the victim was either a public official or the employee of a public official. A criminal threat is a verbal or written explicit statement of intent to inflict harm on the person or property of another. It must be a genuine threat. This means that it is intended to communicate immediate, unmistakable menace to the victim with the prospect of its execution at the first reasonable opportunity. The threat must induce fear in the victim to the extent that the victim must be apprehensive that it could happen. This finding is based upon the following preponderance of evidence:

A. The testimony of CORRECTIONAL OFFICER A. DELAUNAY in the disciplinary report of October 24, 2003 wherein DELAUNAY testifies that while serving the morning meal, HARRIS turned on his bright light, and stood naked facing DELAUNAY with an erect penis. DELAUNAY told HARRIS "next time we feed you put some clothes on." HARRIS was not receptive to this counseling stating "You stupid bitch, don't be coming up to my cell and tell me what to do, you stupid

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| J.A. GUINN | | Correctional Lieutenant | 6/27/05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | C/o R. Oucker | 7-10-05 | 1235 |

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                          PAGE __2__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C03-10-0027 | PBSP | 6/27/05 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

cunt, I'll slash your face."  When trays were being picked up, HARRIS again stated "You wait, you'll be wearing this when you come back, stupid bitch, I'll slash you in the face, you hear me."
B.  Review of CDC 837C authored by Correctional Sergeant R. Graves, wherein GRAVES confirms that DELAUNAY reported the above mentioned threats, as made by HARRIS on October 24, 2005.

**Disposition**:  Assessed **150 day** credit forfeiture for this Div. B offense.  Referred to classification for SHU assessment.  .
HARRIS is referred to CCR §3084.1 and following for additional information on appeal procedures.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|---|
| J.A. GUINN | | Correctional Lieutenant | 6/27/05 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: |
| | C/O R. Nucke | | 7-10-05 | 1235 |

STATE OF CALIFORNIA            DEPARTMENT OF CORRECTIONS

**SERIOUS RULES VIOLATION REPORT**

PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3005(c) | 10-24-03 | PBSP | C03-10-0021 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☒ YES    ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ — N/A — | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ Earnest Harris | 11-3-03 |

DATE NOTICE OF OUTCOME RECEIVED: 06-07-05    DISPOSITION: Judgement & Sentence

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ — N/A — | |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☑ REQUESTED   ☑ WAIVED BY INMATE | ▶ Earnest Harris | 06-21-05 |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | N/A — |

☒ NOT ASSIGNED    REASON: Does Not meet Criteria Per CCR 3315(d)(2)

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☑ REQUESTED   ☐ WAIVED BY INMATE | ▶ Earnest Harris | 06-21-05 |

| | NAME OF STAFF |
|---|---|
| ☐ ASSIGNED | — NONE — |

☒ NOT ASSIGNED    REASON: Does Not Meet Criterias Per CCR 3315(d)(1)

EVIDENCE/INFORMATION REQUESTED BY INMATE: None

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) Copy of Judgment & Sentence Issued To Inm on 06-21-05 @ 1230 Hours By C/O D. Provenz

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O DC | TIME 1215 | DATE 11-3-03 |
|---|---|---|---|

CDC 115-A (7/88)    — *If additional space is required use supplemental pages* —    OSP 98 8819

State of California

# Memorandum    *SHO*

Date   :  June 7, 2005

# JUDGMENT & SENTENCE

To     :  Paul J. Dillard
          Central Services
          Associate Warden

From   :  Department of Corrections
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject :  PBSP INCIDENT NUMBERS PBP-C11-03-08-0493; PBP-C11-03-10-0634, PBP-C02-04-04-0254, PBP-C02-04-08-0500; PBP-C02-04-08-0530, AND PBP-C02-04-09-0538

On June 7, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate **HARRIS, H-63617.**

On May 19, 2005, the Del Norte County Court found the above named inmate **GUILTY BY NEGOTIATED PLEA.** On Count VIII (PBP-C02-04-08-0530), for the offense of **Penal Code (PC) 4501.5, Battery Upon a Person not a Prisoner,** the court sentenced the above named inmate to one (1) year consecutive. Count I (PBP-C11-03-10-0634), for the offense of **PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, and COUNT IV (PBP-C11-03-10-0634), for the offense of PC 314, Indecent Exposure,** were dismissed as part of the Negotiated Plea. Count II (PBP-C02-04-08-0500), for the offense of **PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury,** was dismissed as part of the Negotiated Plea. Count III (PBP-C02-04-08-0530), for the offense of **PC 664/4501.5, Attempted Battery Upon a Person not a Prisoner,** was dismissed as part of the Negotiated Plea. Count V (PBP-C11-03-08-0493), for the offense of **PC 314, Indecent Exposure,** was dismissed as part of the Negotiated Plea. Count VI (PBP-C02-04-04-0254), for the offense of **PC 314, Indecent Exposure,** was dismissed as part of the Negotiated Plea. Count VII (PBP-C02-04-09-0538), for the offense of **PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea,** resulting in a total term of one (1) year consecutive.

Please release the detainer placed by the Court Liaison's Office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
     Facility S&E
     Records
     Evidence Officer
     Inmate
     CLO File

[ ] COPY TO INMATE ON __06-21-05__
AT _1230_ HOURS BY
C/O __D.____

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART A-COVER SHEET

PAGE 1 OF 4

CDC 837-A (11/91)

| INCIDENT LOG NUMBER |
|---|
| PBP-C11-03-10-0634 |

| INSTITUTION / FACILITY | INCIDENT SITE / LOCATION | DATE INCIDENT | TIME INCIDENT |
|---|---|---|---|
| Pelican Bay State Prison | C FACILITY, SECURITY HOUSING UNIT C11, LEVEL IV | 10-24-2003 | 0620 Hours |

| SPECIFIC CRIME / INCIDENT | D.A. REFERRAL | SECTION / CODE / RULE |
|---|---|---|
| THREAT OF FORCE/VIOLENCE TO A PUBLIC OFFICIAL | ☒ YES ☐ NO | 3005-C/3007 |

| ☐ SERT ACTIVATED ? | ☐ NEGOTIATION TEAM ACTIVATED ? | ☐ MUTUAL AID REQUESTED ? | ☐ MEDIA NOTIFIED ? |
|---|---|---|---|

RELATED INFORMATION (CHECK ALL THAT APPLY)

**DEATHS**: ☐ Staff ☐ Visitor ☐ Inmate ☐ Other ☐ N/A

**CAUSE OF DEATH**: ☐ Homicide ☐ Suicide ☐ Accidental ☐ Natural ☐ N/A

**ASSAULT / BATTERY**: ☐ On Staff ☐ On Visitor ☐ On Inmate ☐ Other_____ ☐ N/A

**TYPE OF ASSAULT / BATTERY**: ☐ Beating ☐ Shooting ☐ Stabbing ☐ Spearing ☐ Poisoning ☐ Strangling ☐ Slashing ☐ Sexual ☐ Other: ☐ N/A

**SERIOUS INJURY**: ☐ Staff ☐ Visitor ☐ Inmate ☐ Accidental ☐ Attempted ☐ Suicide ☐ Other_____ ☐ N/A

**INMATE WEAPONS**: ☐ Firearm ☐ Knife ☐ Spear ☐ Explosive ☐ Projectile ☐ Slashing Instrument ☐ Commercial ☐ Stabbing Instrument ☐ Hands/Feet ☐ Club/Bludgeon ☐ Caustic Substance ☐ Other ☐ Inmate Manufactured ☐ N/A

**SHOTS FIRED**: ☐ Yes ☒ No  Number Fired _____

**ESCAPES**: ☐ With Force ☐ Without Force ☐ Attempted

☐ 38Cal ☐ Physical holds ☐ Mini 14 ☐ Shotgun ☐ 37 MM ☐ 40 MM ☐ Chemical Agents ☐ PR 24 ☐ 9MM

**SUSPECTED CONTROLLED SUBSTANCE**: ☐ Heroin/Opiates ☐ Cocaine ☐ Marijuana ☐ Amphetamine ☐ Barbiturate ☐ LSD ☐ PCP ☐ Methamphetamine ☐ N/A

**LOCKDOWNS**: ☐ YES ☒ No  If yes, list affected programs below:

**EXCEPTIONAL ACTIVITY**: ☐ Major Disturbance ☐ Inmate Strike ☐ Public Demonstration ☐ Inmate Demonstration ☐ Natural Disaster ☐ Environmental Hazard ☐ "Special Interest Inmate" ☐ Weather ☐ N/A ☐ Employee Job Action ☐ Major Power Outage ☐ Explosion ☐ Fire ☐ Hostage ☐ Gang Involved ☐ Other_____

DESCRIPTION OF CRIME / INCIDENT

**SUSPECTS:** HARRIS, H-63617, C11-104L

On, Friday October 24, 2003, at approximately 0620 hours, Correctional Officer's A. Delaunay and J. Cruz were in the process of feeding the breakfast meal in unit C11. When they reached inmate HARRIS' cell (104), HARRIS turned on his cell light and was observed to be completely nude with an erect penis. Officer Delaunay told HARRIS "the next time we feed you put some clothes. HARRIS became agitated and stated, "you stupid bitch, don't be coming up to my cell and tell me what to do, you stupid Cunt, I'll slash your face." Officer's Delaunay and Cruz continued their duties.

After several minutes they returned to A Pod, and were about to depart the cell front of 103 to feed the second tier, and HARRIS stated, "You wait, you'll be wearing this when you come back stupid Bitch, I'll slash you in the face, you heard me." As Officer's Delaunay and Cruz were descending the stairs, HARRIS was heard to state, "You wait until you escort me out to the yard or Medical, I'm going to stab you."

☒ CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY M. CASTELLAW, CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| R. KERSH, Correctional Lieutenant | 11151 | 24 Years | 10-24-2003 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C—SUPPLEMENTAL**
CDC 837-C (11/91)

PAGE 2 OF 4

| | |
|---|---|
| INCIDENT LOG NUMBER | |
| **PBP-C11-03-10-0634** | |

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT |
|---|---|---|
| Pelican Bay State Prison, C FACILITY, SECURITY HOUSING UNIT C11, LEVEL IV | 10-24-2003 | 0620 Hours |

TYPE OF INFORMATION

[X] CONTINUING DESCRIPTION OF INCIDENT (PART A)        [ ] SUPPLEMENTAL INFORMATION        [ ] CLOSURE REPORT

The Officer's then left A Pod, completed the feeding of the remaining pods. The Officers reported the incident to the C 6/12 Sergeant, R. Graves. The Officer's returned to unit C11 to conduct tray and trash pickup. While in A Pod, HARRIS again threatened Officer Delaunay by stating, "I'm going to stab you in the eyes you Bitch." The Officer's departed A Pod without further incident.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate HARRIS was not a participant in the Mental Health Delivery System at the time of this incident.

**USE OF FORCE:** No force was used in this incident.

**CONCLUSION:** Inmate HARRIS will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 C, Specifically THREATING A PUBLIC OFFICIAL and violation of CCR Section 3007, Specifically Indecent Exposure. These cases may be referred to the Del Norte County District Attorneys Office for possible misdemeanor/felony prosecution.

**NOTIFICATIONS:** The C Facility Program Captain, M. Castellaw, and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

[ ] CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY M. CASTELLAW, CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| R. KERSH, Correctional Lieutenant | 11151 | 24 Years | 10-24-2003 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES                                                          PAGE 3 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 10/24/03 | 0620 | PBP-C11-03-10-0634 |

INMATES

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| HARRIS, ERNEST | | | | MALE | BLA | 502 |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | H-63617 | NA | NA | NA | ☐ YES ☒ NO |

| ☒ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
|---|---|---|---|---|---|
| ☐ WITNESS | 1/25/93 | 9/12/02 | 01-04-2007 | Age: 33 | C11-104L |

| DESCRIPTION OF INJURIES | COUNTY OF COMMITMENT |
|---|---|
| NONE | SACRAMENTO |
| | PRISON GANG/ DISRUPTIVE GROUP (VALIDATED) |
| | NONE NOTED |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED ☐ TREATED AND RELEASED ☐ REFUSED TREATMENT ☐ DECEASED | N/A |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

PAGE 4 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 10/24/03 | 0620 | PBP-C11-03-10-0634 |

**STAFF, VISITORS, OTHERS**

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| KERSH, R. | CORRECTIONAL LIEUTENANT | MALE | WHITE | S/M |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 11151 | D FACILITY LIEUTENANT | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | NONE NOTED | | |

CHECK ALL THAT APPLY — LOCATION OF HOSPITAL/TREATMENT
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  NA

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| GRAVES, R. | CORRECTIONAL SERGEANT | MALE | WHITE | W/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 12093 | C 7-12 PROGRAM | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | NONE | | |

CHECK ALL THAT APPLY — LOCATION OF HOSPITAL/TREATMENT
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  N/A

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| DELAUNAY, A. | CORRECTIONAL OFFICER | Female | Hispanic | M/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 57165 | C 11 FLOOR OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | NONE | | |

CHECK ALL THAT APPLY — LOCATION OF HOSPITAL/TREATMENT
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  N/A

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| CRUZ, J. | CORRECTIONAL OFFICER | Male | Hispanic | S/S |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☒ VICTIM | ☒ STAFF | 30320 | C 11 S&E OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☐ WITNESS | ☐ OTHER | NONE | | |

CHECK ALL THAT APPLY — LOCATION OF HOSPITAL/TREATMENT
☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED  N/A

CALIFORNIA DEPARTMENT OF CORRECTIONS

· **Crime/Incident Report**  (complete using #2 pencil or ballpoint pen)

PELICAN BAY STATE PRISON

Page    1    of    1

| Officer's Last Name, First Initial (print) | Badge # | Incident Date | Incident Log # |
|---|---|---|---|
| GRAVES, R. L. | 12093 | 10/24/03 | PBP-C11-03-10-0634 |

| Length of Service | Post Description | Incident Time | Report Date |
|---|---|---|---|
| 19 Years    5 Months | C7-12 Program Sgt. | 0620 Hours | 10/24/03 |

| RDO's | Duty Hours | Incident Location |
|---|---|---|
| Wed/Thur | 0600-1400 | Facility C, Unit 11, Cell 104 |

| Description of Incident/Crime | Section/Rule/Code |
|---|---|
| Threat of Force or Violence Against a Public Official | 3005 (c) |

| Officer's Role | Witnesses (preface S-staff, V-visitor, O-other) | Inmates Involved (preface S-suspect, V-victim, W-witness) |
|---|---|---|
| ☐ Primary<br>☒ Responder<br>☐ Witness<br>☐ Victim<br>☐ Camera | (S) R. Kersh Lt<br>(S) A. Delaunay C/O<br>(S) J. Cruz C/O | (S) HARRIS, H-63617, C11,104L |

| Force Used by Reporting Officer | Less Lethal Weapons | Shots Fired | Number for Effect | Number for Warning | Observed Force Used by Others |
|---|---|---|---|---|---|
| ☐ Lethal<br>☐ Less Lethal<br>☐ Physical<br>☒ None | ☐ 37MM Gas Gun<br>☐ PR-24 Baton<br>☐ OC "Pepper Spray"<br>☐ Other ___ | ☐ Mini 14<br>☐ Shotgun<br>☐ 38 revolver<br>☐ Other ___ | ___<br>___<br>___<br>___ | ___<br>___<br>___<br>___ | ☐ Lethal<br>☐ Less Lethal<br>☐ Physical<br>☒ None |

| Evidence Collected | Evidence Description | Disposition | Weapon | Bio Hazard |
|---|---|---|---|---|
| ☐ Yes<br>☒ No | NONE | N/A | ☐ Yes<br>☒ No | ☐ Yes<br>☒ No |

| Reporting Officer Injured | Description of Injury | Location Treated | Blood Exposure | SCIF 3301/3067 Completed |
|---|---|---|---|---|
| ☐ Yes<br>☒ No | NONE | N/A | ☐ Yes<br>☒ No | ☐ Yes<br>☒ No |

**Narrative:**
On Friday, October 24, 2003, at approximately 0640 hours while assigned as the Facility C 7-12 Program Sergeant, Officer A. Delaunay, C11 floor Officer, reported to my office and told me that while she was feeding inmate HARRIS, H-63617, in C11-104L, he exposed himself to her. Officer Delaunay said when she told HARRIS to put clothes on, he threatened to slash her face. Officer J. Cruz also reported to my office and told me that he witnessed part of what transpired with HARRIS. HARRIS is currently housed behind a Lexan covered cell front with a Food Delivery System (FDS). Officers Delaunay and Cruz said they were able to feed HARRIS without any problems and exited the pod when the feeding was completed. Facility C Program Lieutenant R. Kersh, was present in my office when Officers Delaunay and Cruz reported the incident. After Officers Delaunay and Cruz completed trash and tray pick-up in the unit, they returned and informed me that HARRIS made more threatening statements to them. Because of the Lexan and the FDS on HARRIS' cell, there was no staff contact with HARRIS, therefore a medical examination was not required. HARRIS previously assaulted staff and was placed behind Lexan and the FDS, therefore, he remained housed in his cell. Officer Delaunay will write a CDC 115, charging HARRIS with Threat of Force or Violence Against a Public Official.

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | DATE |
|---|---|---|---|
| R. GRAVES, Correctional Sergeant | *R. Graves* | 12093 | 10/24/03 |
| REVIEWER'S SIGNATURE | APPROVED ☑ | CLARIFICATION NEEDED ☐ | DATE 10-24-03 |

STATE OF CALIFORNIA                                                                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT                                                                                  PAGE _1_ OF _3_
CDC 837 C-1

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|
| DELAUNAY, A R | 57165 | 10/24/03 | PBP-C11-03-10-063 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 6 yrs 2 mo. | C11 f/00R | 0620 Hours | 10/24/03 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| M/T | 0600 - 1400 | C11 - 104 |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Threat of Force or Violence Against a Public Official | 3005(c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. Cruz | (S) Harris H63617 |
| ☐ RESPONDER | | |
| ☐ WITNESS | | |
| ☒ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | N/A | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN  N/A | ☐ OC  N/A | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER | ☐ OTHER | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On 10/24/03 at approximately 0620 Hours while I was assigned as C11/00R, Officer J. Cruz and I were serving the morning meal. Officer J. Cruz and I approached Cell 104 (Solah) occupied by inmate Harris (CDC# H63617 C11-104). Cruz gave I/m Harris his breakfast tray utilizing the Food Delivery System (FDS). I stepped in front of the cell to observe Harris receive the food tray. Harris turned the cell light on was standing up, naked, facing me with an erect penis. I told Harris to "Next time we feed you put some clothes on." Harris responded "You stupid

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| [signature] | 57165 | 10/24/03 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| R. Graves Sgt | ☒ | ☐ | 10/24/03 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-2-SUPPLEMENT

PAGE 2 OF 3

CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER
FBP-C11-03-10-0634

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| DELAUNAY, A R | 57165 | 10/24/03 | 0620 |

TYPE OF INFORMATION

☑ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE:

Bitch, don't be coming up to my cell and tell me what to do, you stupid cunt, I'll slash your face." Officer Cruz secures the F.D.S. and plumbing chase. Cruz and I exited the pod. We continued to pass out special diet trays. Cruz and I entered a pod again to pass out the regular breakfast trays and sack lunches. When Cruz and I were at cell front 103 ready to walk to the upper tier I heard i/m Harris say "you wait, you'll be wearing this when you come back stupid bitch, I'll slash you in the face, you heard me." We proceeded up the stairs. I could hear Harris yelling but I could not understand what he was saying. Harris is housed in a cell behind Lexan. When Cruz and I were walking back down the stairs Harris said "you wait until you escort me out to the yard or medical I'm going to stab you." We exited a pod and continued to pass out the rest of the breakfast trays and sack lunches. We then responded to Facility C

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| | 57165 | 10/24/03 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| R. Traves Sgt | ☑ | ☐ | 10/24/03 |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**                            PAGE 3 OF 3
**PART C-2-SUPPLEMENT**

CDC 837 C-2  REV.(1/99)

INCIDENT LOG NUMBER: FBP-C11-03-10-0634

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| DELAUNAY, A R | 57165 | 10/24/03 | 0620 |

TYPE OF INFORMATION
- [X] CONTINUATION OF REPORT
- [ ] ADDITIONAL INFORMATION
- [ ] CLARIFICATION REQUEST

NARRATIVE:

Program office and informed Program Sergeant R. Graves of what had occured. We returned to the unit. I put on a pair of State issued goggles and conducted tray and trash pick up. We entered a pod where Harris is housed and Harris immediately started yelling "Bitch, Bitch." When we were walking up the stairs I/m Harris said "you better be wearing those stupid goggles glasses you cunt." We retrieved all the trays from the upper tier and walked down the stairs. When we got to the bottom of the stairs Harris said "I'm going to stab you in the eyes you bitch." Fearing for our safety we immediately exited the pod. We again informed Sgt. R. Graves of the statements made by Harris, threatning officer Cruz and myself. This concludes my involvement in this incident at this time.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | DATE |
|---|---|---|
| [signature] | 57165 | 10/24/03 |

| REVIEWER'S SIGNATURE | APPROVED [X] | CLARIFICATION NEEDED [ ] | DATE |
|---|---|---|---|
| R. Graves Sgt | | | 10/24/03 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT

CDC 837 C-1

PAGE _1_ OF _3_

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Cruz, J. | | 30332 | 10-24-03 | PBP-C11-03-10-0634 |

| LENGTH OF SERVICE | POST DESCRIPTION | | INCIDENT TIME | REPORT DATE |
|---|---|---|---|---|
| 18 year | C11 S+E | | 0620 Hours | 10-24-03 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| SAT / Sun | 0600-1400 | C11-104 |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Threat of force or violence against a public official | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) Delaunay, A. | (S) Harris # 63617 |
| ☐ RESPONDER | Graves, R. | |
| ☐ WITNESS | | |
| ☒ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN  N/A | ☐ OC  N/A | N/A | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER_____ | ☐ OTHER_____ | | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On Friday, Oct 24, 2003, at approximately 0620 hours, Officer Delaunay, A. and I were serving the morning meal. Officer Delaunay and I approached cell 104 occupied by inmate Harris, H63617 C11-104L. I gave Harris his morning meal utilizing the Food Delivery System (FDS). Officer Delaunay stepped in front of the cell to observe Harris receive his Food Tray. As I was in the plumbing chase I heard Officer Delaunay say, "next time we feed you, put some clothes on. Harris immediately became verbally abusive, threatening to physically harm Officer Delaunay. Harris stated, "I'm going to slash your face you bitch." I secured the (FDS) and plumbing chase and exit A-pod.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| | 30332 | 10-24-03 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| R. Graves | ☒ | ☐ | 10/24/03 |

STATE OF CALIFORNIA                                           DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C-2-SUPPLEMENT**                                PAGE 2 OF 3

CDC 837 C-2  REV.(1/99)

| | INCIDENT LOG NUMBER |
|---|---|
| | PBP-C1403-10-0624 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Cruz J | 30332 | 10-24-07 | 0620 |

TYPE OF INFORMATION

[X] CONTINUATION OF REPORT    [ ] ADDITIONAL INFORMATION    [ ] CLARIFICATION REQUEST

NARRATIVE:

then we passed the special diet trays. We then re-entered A-pod to serve the regular trays and sack lunches. After feeding the lower tier we proceeded to go up the stairs to feed the upper tier. We then proceeded to go down the stairs. At the bottom of the stairs Harris stated, "you wait untill you escort me out to the yard or medical, I'm going to stabb you. We exited A-pod and continued feeding the rest of the unit. After feeding the rest of the unit we reported to fac C. Program office and reported the incident to Sargeant Graves as what had occured. Upon returning back to the unit we started picking up trays and trash in A-pod. Harris immediately started yelling "Bitch, Bitch," at Office Delaunay. We picked the lower tier trays, then we proceeded to go up the stairs to pick the rest of the trays. As we got to the bottom of the stairs, I heard Harris yell, "I'm going to stabb you in the eyes, you bitch. Fearing for our safty we immediately exit the pod. Correctional Officer Delaunay and I reported to C FAC Program office where we explained to Sgt. Graves of what had happened. This concluded my involvment in this incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| C. J. Cruz | 30332 | 10-24-07 |

| REVIEWER'S SIGNATURE | | | DATE |
|---|---|---|---|
| R Graves Sgt | [ ] APPROVED [X] | [ ] CLARIFICATION NEEDED | 10/24/07 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART C-2-SUPPLEMENT

CDC 837 C-2  REV.(1/99)

PAGE _1_ OF _1_

INCIDENT LOG NUMBER
PRP-C11-03-10-0634

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Cruz, J | 30332 | 10-24-03 | 0620 |

INCIDENT TIME: PRP-C11-03-10-0634

TYPE OF INFORMATION

☐ CONTINUATION OF REPORT  ☒ ADDITIONAL INFORMATION  ☐ CLARIFICATION REQUEST

NARRATIVE:

After reviewing the following statement by inmate Harris, H63617, C11-104L, (You wait untill you escort me out to the yard or medical, I'm going to stabb you. I feel this was directed at me because he called out -CRUZ- this was not just directed at officer Delaunay, A

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| | 30332 | 10-24-03 |

| REVIEWER'S SIGNATURE | APPROVED ☒ | CLARIFICATION NEEDED ☐ | DATE 10/24/03 |

§ 3341.5

Department of Corrections

TITLE 15

State of California
## ASSESSMENT OF SUBSEQUENT OR REIMPOSED SHU TERM WORKSHEET
CDC 829-B (9/90)

| CDC Number | Name (Last, First, MI) | Institution | Unit |
|---|---|---|---|
| H-63617 | HARRIS, Ernest | PBPS | C-SHU |

1. **VIOLATION COMMITTED WHILE SECURITY HOUSING UNIT (SHU) TERM ACTIVE**

   a. Rule No. __3005(c)__   Date Issued __10/24/2003__   Title __FORCE/VIOL__

   b. Specific Act __THREAT TO KILL OR ASSAULT A NON-INMATE__
      (Must be an offense on SHU Term Assessment Chart.)

2. **CONSECUTIVE SHU TERM CALCULATIONS**

| | | YR | MO | DAY |
|---|---|---|---|---|
| a. Prior Maximum Shu Expiration Date .................................... (SHU Term Assessment Worksheet, item 5) | | 2011 | 2 | 3 |
| b. Enter total additional confinement time assessed ................................... (Expected plus or minus Aggravation/Mitigation in years, months and days) | | 0 | 9 | 0 |
| *RVR 1/27/02* | | | | |
| c. New Maximum Expiration of Term Date ................................... (Add additional time to expiration date, item 2a + 2b) | | 2011 | 11 | 3 |
| d. **New Minimum Eligible Release Date** ..................................... (Add 75% of additional time to prior maximum expiration date using the SHU Time Computation Table, item 2a + 2b) | | **2011** | **8** | **26** |

3. **CONCURRENT SHU TERM CALCULATIONS**

| | | YR | MO | DAY |
|---|---|---|---|---|
| a. Date of new violation ....................................................... | | | | |
| b. Enter total confinement time assessed ....................................... (Expected plus or minus Aggravation/Mitigation in years, months and days) | | | | |
| c. Expiration date of new violation ............................................ (Add total assessed to violation date, item 3a + 3b) | | | | |
| d. Controlling Maximum SHU Expiration Date ................................... (Enter prior or new expiration date whichever is later) | | | | |
| e. **Controlling Minimum Eligible Release Date** ............................... (Enter prior date or add 75% of assessed time to violation date if the new maximum is later, 75% of item 3b + 3b) | | | | |

4. **REIMPOSITION OF SHU TERM FROM PAROLED DISCHARGE**

| | | YR | MO | DAY |
|---|---|---|---|---|
| a. Maximum SHU expiration date when paroled / discharged ........................ | | | | |
| b. Date paroled/discharged from SHU........................................... | | | | |
| c. Maximum confinement time remaining when paroled/discharged ..................... (Subtract date paroled from expiration date, item 4b from 4a) | | | | |
| d. Date of reconfinement in Administrative Segregation ........................... | | | | |
| e. New Maximum Expiration Date ............................................ (Add time remaining to reconfinement date, item 4c + 4d) | | | | |
| f. Minimum release time remaining when paroled/discharged ........................ (Subtract date paroled, item 4b, from Prior Minimum Eligible Release Date) | | | | |
| g. **New Minimum Eligible Release Date** ...................................... (Add minimum time remaining to date of reconfinement, item 4f + 4d) | | | | |

| Name and Title of Staff Computing Term | Date | Date ICC Established Term |
|---|---|---|
| S. Trevino, CCI (A) | 6/21/2006 | 6/28/06 |

Distribution: Original - Central File; Yellow - Inmate; Pink - Auditor

# EXHIBIT G

RTP 7-05
KK

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**

904 SENT TO RECORDS ON 04-05-04
*Entered into OBIS*

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | EPRD | 07-27-20 | PBSP | C02-121L | C04-04-0002 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C2-121 | 04-03-05 | /2300 HRS |

CIRCUMSTANCES

On Saturday, April 3, 2004, at approximately 2300 hours, I was assigned as C2 Control Booth Officer. During the 2300 hour, Institutional Count, I observed inmate HARRIS, H-63617, sole occupant of cell C2-121, at his cell front facing me, naked with his bright light on. HARRIS was staring at me, while standing on his sink masturbating. HARRIS complied with my direct order to stop masturbating and get down off his sink. Let it be known that HARRIS was behind Yellow Lexan; which was removed on April 2, 2004.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D.J. HARLOW, CORRECTIONAL OFFICER | 4-7-04 | C2 CONTROL | 1/W  T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| Sergeant A. Navarro | 4/7/04 | DATE  N/A  LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | B | 4-8-04 | CCII Cox | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | c/o R 1 | 4.9.04 | 1030 | 837 A B C's |

| ☐ INCIDENT REPORT LOG NUMBER: 2-04-04-0254 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | 4 o R A | 4.9.04 | 1030 | c/o R 1 | 4.9.04 | 1030 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| Lieutenant J.A. Guinn, SHO | | | 08/0 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
| Captain S. Wheeler | 7-5-05 | L.M. Williams, (A) A.W. | 7-6-05 | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | 4o R Ricke | 7-7-05 | 1205 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE ___1___ OF ___2___

| CDC NUMBER<br>H-63617 | INMATE'S NAME<br>HARRIS | LOG NUMBER<br>C04-04-0002 | INSTITUTION<br>PBSP | TODAY'S DATE<br>6/27/05 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |

**Hearing**:  On June 27, 2005 at approximately 0840, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined.  HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file.  Per CCR 3320 (g) (3), the hearing was held in his absence.

**District Attorney**:  On April 9, 2004, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution.  On June 7, 2005, notice was received that this had been resolved with a finding of GUILTY BY NEGOTIATED PLEA on the charge of BATTERY UPON A PERSON NOT A PRISONER; all other charges were dismissed as a part of the plea bargain.  Per CCR 3316 (c) (3), a court finding of guilty or not guilty, resulting from a trial, shall be accepted as a finding of fact on the same charges in a disciplinary hearing.

**Due Process**:  The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges.  Time constraints have been met.  There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report.  The Reviewing Supervisor concluded that a mental health assessment was not required.  The SHO concurs.  There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**:  There is no reason to believe that HARRIS is illiterate or does not speak English.  The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing.  Staff Assistant will not be assigned.

**Investigative Employee**:  HARRIS has no apparent interest in an investigation on his behalf.  The issues are not complex and available information is sufficient.  I.E. assignment is unnecessary.

**Witnesses**:  No witnesses were called to this hearing.  None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**:  Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense.  The hearing was decided based upon the following written evidence: CDC 115 of April 3, 2004 and the Incident Report

**Finding**:    Guilty of the Div. D (5) offense INDECENT EXPOSURE.  This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm.  __Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront.__  This finding is based upon the following preponderance of evidence:

A.  The testimony of CORRECTIONAL OFFICER D.J. HARLOW via the disciplinary report wherein HARLOW relates that while performing her duties as the C2 Control Booth Officer, during the 2300 hour institutional count, she observed HARRIS to be standing on his sink.  HARRIS had his bright light on and was staring directly at HARLOW while engaged in the act of masturbation.  HARLOW directed HARRIS to stop masturbating and to get down off of his sink.  HARRIS complied with HARLOW'S direction.  HARLOW also notes that HARRIS had been removed from Yellow Lexan status on April 2, 2004.

| SIGNATURE OF WRITER<br>J.A. GUINN | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>6/27/05 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:<br>7-7-05 | TIME SIGNED:<br>1205 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER H-63617 | INMATE'S NAME HARRIS | LOG NUMBER C04-04-0002 | INSTITUTION PBSP | TODAY'S DATE 6/27/05 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition**:   Assessed **90** day credit forfeiture for this Div. D offense.  With this notice, HARRIS is informed that his credit restoration period began April 4, 2004 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.  With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties**:    Per CCR 3177 (b) (1) (A), this inmate has been found guilty of an offense listed in CCR 3177(b) (1).  This inmate should be reviewed for prohibition against all future family visits.

Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or damage of state property.  Restriction of canteen privileges means canteen draw slips will not be accepted during this period of restriction.  Any canteen draw slips submitted by this inmate during this period will be returned without action.  The inmate will be allowed to keep any canteen received or ordered prior to this restriction.  This offense involved the intentional or negligent misuse, damage or destruction of state property as follows: Utilization of state supplied electrical appliances, and power to illuminate his genitalia to the view of Correctional Officer D.J. Harlow while engaged in the act of masturbation.  Effective the date of this hearing through September 25, 2005, canteen privileges are restricted for HARRIS for a total of **90** days.

**Copies**:  Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER J.A. GUINN | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 6/27/05 |
|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 7-7-05 | TIME SIGNED: 12-05 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**SERIOUS RULES VIOLATION RE.  .RT**

PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 04-03-04 | PBSP | C04-04-0002 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ✗ Ernest Harris | 4.9.04 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| 06-07-05 | Judgment & Sentence |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☒ WAIVED BY INMATE | ⊗ Ernest Harris | 06-21-05 |
| ☐ ASSIGNED | DATE | NAME OF STAFF — N/A — | |
| ☒ NOT ASSIGNED | REASON DNMC Per CCR 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED | ☒ WAIVED BY INMATE | ⊗ Ernest Harris | 06-21-05 |
| ☐ ASSIGNED | DATE | NAME OF STAFF — NONE — | |
| ☒ NOT ASSIGNED | REASON DNMC Per CCR 3315 (d)(1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:
None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) COPY OF JUDGMENT & SENTENCE
ISSUED ON 06-21-05 @ 1230 HOURS
BY C/O D. mom

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O R. 1 | TIME 1030 | DATE 4-9-04 |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**SERIOUS RULES VIOLATION RE**◯**T**          PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-33017 | HARRIS | 3007 | 04-08-04 | PBSP | C04-04-0002 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ☒ Bernard Harris | 12-9-01 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| 06-07-05 | Judgement & Sentence |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

### STAFF ASSISTANT

| STAFF ASSISTANT ☑ REQUESTED | ☑ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ X | DATE 06-7-05 |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — N/A — | |
| ☑ NOT ASSIGNED | REASON DNMU per CCR 3315 (d)(2) | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☑ REQUESTED | ☑ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ X | DATE 06-21-05 |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — NONE — | |
| ☑ NOT ASSIGNED | REASON DNMU Per CCR 3315 (d)(1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:  NONE

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) COPY OF JUDGMENT & SENTENCE
ISSUED ON 06-21-05 @ 1730 HOURS
BY C/O D. mount

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O R. H | TIME 1030 | DATE 4-9-04 |
|---|---|---|---|

State of California

**Memorandum**                   *SHO*

Date    : June 7, 2005

# JUDGMENT & SENTENCE

To     : Paul J. Dillard
         Central Services
         Associate Warden

From   : Department of Corrections
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : PBSP INCIDENT NUMBERS PBP-C11-03-08-0493, PBP-C11-03-10-0634, PBP-C02-04-04-0254, PBP-C02-04-08-0500, PBP-C02-04-08-0530, AND PBP-C02-04-09-0538

On June 7, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate HARRIS, H-63617.

On May 19, 2005, the Del Norte County Court found the above named inmate GUILTY BY NEGOTIATED PLEA. On Count VIII (PBP-C02-04-08-0530), for the offense of Penal Code (PC) 4501.5, Battery Upon a Person not a Prisoner, the court sentenced the above named inmate to one (1) year consecutive.    Count I (PBP-C11-03-10-0634), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, and COUNT IV (PBP-C11-03-10-0634), for the offense of PC 314, Indecent Exposure, were dismissed as part of the Negotiated Plea. Count II (PBP-C02-04-08-0500), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, was dismissed as part of the Negotiated Plea. Count III (PBP-C02-04-08-0530), for the offense of PC 664/4501.5, Attempted Battery Upon a Person not a Prisoner, was dismissed as part of the Negotiated Plea. Count V (PBP-C11-03-08-0493), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VI (PBP-C02-04-04-0254), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VII (PBP-C02-04-09-0538), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea, resulting in a total term of one (1) year consecutive.

Please release the detainer placed by the Court Liaison's Office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case.  If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

[ ] COPY TO INMATE ON _06-21-05_

AT _1230_ HOURS BY

C/O _D. _____

cc:    Facility Captain
       Facility S&E
       Records
       Evidence Officer
       Inmate
       CLO File

State of California

# Memorandum

Date   :   November 4, 2004

## DA ACCEPTED

To    :   Paul J. Dillard
          Central Services
          Associate Warden

From  :   Department of Corrections
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :   **PBSP INCIDENT #PBP-C02-04-04-0254**

On April 3, 2004, inmate **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code Section(s):

      314            **Indecent Exposure**

On April 21, 2004, the case was presented to the Del Norte County District Attorney's for possible prosecution.

On November 4, 2004, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate(s) with the following violation(s) of the Penal Code Section(s):

    **COUNT VI 314.1  Indecent Exposure**

You will be apprised of the outcome of this case.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

    cc:   Facility Captain
           Facility S&E
           Records
           Inmate
           CLO File

State of California

# Memorandum

Date : April 21, 2004

## DA REFERRAL
### (DETAINER)

To : Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C02-04-04-0254**

On April 3, 2004, inmate(s) **HARRIS, H-63617**, committed the following violation(s) of the California Penal Code Section(s):

314    **Indecent Exposure**

As of April 21, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate(s) pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
Facility S&E
Records
Inmate
CLO File

SHO

DEPARTMENT OF CORRECTIONS

E OF CALIFORNIA

PAGE 1 OF 3

## RIME / INCIDENT REPORT
## ART A-COVER SHEET

| INCIDENT LOG NUMBER |
| --- |
| PBP-C02-04-04-0254 |

DC 837-A (11/91)

| | INCIDENT SITE / LOCATION | DATE INCIDENT | TIME INCIDENT |
| --- | --- | --- | --- |
| STITUTION / FACILITY | Facility C, Housing Unit 2, Cell 121, Security Housing Unit | 4-3-04 | 2300 Hours |
| elican Bay State Prison | | | |

| SPECIFIC CRIME / INCIDENT | D.A. REFERRAL | SECTION / CODE / RULE |
| --- | --- | --- |
| ndecent Exposure | ☒ YES ☐ NO | 3007 |

SERT ACTIVATED ? ☐     NEGOTIATION TEAM ACTIVATED ? ☐     MUTUAL AID REQUESTED ? ☐     MEDIA NOTIFIED ? ☐

RELATED INFORMATION: (CHECK ALL THAT APPLY)

**DEATHS**
- ☐ Staff
- ☐ Visitor
- ☐ Inmate
- ☐ Other

**CAUSE OF DEATH**
- ☐ Homicide
- ☐ Suicide
- ☐ Accidental
- ☐ Natural

**ASSAULT / BATTERY**
- ☐ On Staff
- ☐ On Visitor
- ☐ On Inmate
- ☐ Other_____

**TYPE OF ASSAULT / BATTERY**
- ☐ Beating
- ☐ Shooting
- ☐ Stabbing
- ☐ Spearing
- ☐ Poisoning
- ☐ Strangling
- ☐ Slashing
- ☐ Sexual
- ☐ Other:

**SERIOUS INJURY**
- ☐ Staff
- ☐ Visitor
- ☐ Inmate
- ☐ Accidental
- ☐ Attempted
- ☐ Suicide
- ☐ Other____

**INMATE WEAPONS**
- ☐ Firearm
- ☐ Knife
- ☐ Spear
- ☐ Explosive
- ☐ Projectile
- ☐ Slashing Instrument
- ☐ Commercial
- ☐ Stabbing Instrument
- ☐ Hands/Feet
- ☐ Club/Bludgeon
- ☐ Caustic Substance
- ☐ Other
- ☐ Inmate Manufactured

**SHOTS FIRED**
☐ Yes  ☒ No

Number Fired ____

**ESCAPES**
- ☐ With Force
- ☐ Without Force
- ☐ Attempted

- ☐ 38 Cal
- ☐ Mini 14
- ☐ Shotgun
- ☐ 37 MM
- ☐ 40 MM
- ☐ OC
- ☐ PR 24

**SUSPECTED CONTROLLED SUBSTANCE**
- ☐ Heroin/Opiates
- ☐ Cocaine
- ☐ Marijuana
- ☐ Amphetamine
- ☐ Barbiturate
- ☐ LSD
- ☐ PCP
- ☐ Methamphetamine

**LOCKDOWNS**
☐ YES  ☒ NO

If yes, list affected programs below:

**EXCEPTIONAL ACTIVITY**
- ☐ Major Disturbance
- ☐ Inmate Strike
- ☐ Public Demonstration
- ☐ Inmate Demonstration
- ☐ Natural Disaster
- ☐ Environmental Hazard
- ☐ "Special Interest Inmate"
- ☐ Weather

- ☐ Employee Job Action
- ☐ Major Power Outage
- ☐ Explosion
- ☐ Fire
- ☐ Hostage
- ☐ Gang Involved
- ☐ Other_____

**DESCRIPTION OF CRIME / INCIDENT**

On Saturday, April 3, 2004, at approximately 2300 hours, Inmate Harris exposed his genitals to Officer D. Harlow. Harris, while completely naked and making eye contact with Harlow, stood on the cell sink and masturbated. Harlow ordered Harris to stop his actions and Harris complied. Although Security Housing Unit cells face 90 degrees to the control booth, cell 121 is the closest cell to the control booth and the cell toilet/sink area is clearly visible from the control booth.

**SUSPECTS:**
HARRIS, H63617, C2-121L, will be charged with the Division D offense Indecent Exposure.

**CRIME SCENE/EVIDENCE:**
A crime scene was not established nor was any evidence collected.

☒ CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY P.T. SMITH, CAPTAIN

| | BADGE/I.D. # | YEARS SERVICE | DATE |
| --- | --- | --- | --- |
| NAME/TITLE/SIGNATURE OF REPORTING STAFF | 35002 | 16 | 4-4-04 |
| M. MAXWELL, Correctional Lieutenant | | | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C—SUPPLEMENTAL
CDC 837-C (11/91)

PAGE 2 OF 3

| INCIDENT LOG NUMBER |
|---|
| PBP-C02-04-04-0254 |

| DATE INCIDENT | TIME INCIDENT |
|---|---|
| 4-3-04 | 2300 Hours |

INSTITUTION/FACILITY
Pelican Bay State Prison, Facility C

TYPE OF INFORMATION

[x] CONTINUING DESCRIPTION OF INCIDENT (PART A)    [ ] SUPPLEMENTAL INFORMATION    [ ] CLOSURE REPORT

**USE OF FORCE:**
Force was not used as a result of this incident.

**ESCORTS:**
The inmate was not removed from the cell.

**CDC 7219, MEDICAL REPORTS:**
A medical evaluation is not required.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate HARRIS is not a participant in the Mental Health Delivery System.

**CONCLUSION:**
This case has been referred to the Del Norte County District Attorney's Office for possible prosecution.

Case factors determine this crime be processed as a division D offense.

Facility Captain and Second Watch Lieutenant advised to replace yellow Lexan cell covering which was removed on 4-2-04. Also recommend Behavioral Control Suit Security Precaution implemented on 1-7-04 be continued or re-instated as appropriate.

**NOTIFICATIONS:** Administrative Officer of the Day M. Bean was notified of this incident. You will be advised of any further developments via supplemental reports.

**OVERTIME:**
No

[ ] CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY P.T. SMITH, CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | | BADGE/ I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|---|
| M. MAXWELL, Correctional Lieutenant | _M.M. Maxwell_ | 35002 | 16 | 4-4-04 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | | DATE |

STATE OF CALIFORNIA

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

DEPARTMENT OF CORRECTIONS

CDC 837-B (11/91)

PAGE __3__ OF __3__

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 04/03/04 | 2300 HOURS | PBP-C02-04-04-0254 |

### INMATE

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| HARRIS, ERNEST | | | | Male | Black | 502 |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | H-63617 | N/A | N/A | N/A | ☐ YES ☒ NO |
| ☒ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | 01/25/93 | 08/03/95 | 07-27-2020 | 1/30/71 | C2-121L |

| COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|
| ADW on P/O, Battery on P/O, and Rape w/Force | Sacramento |

| DESCRIPTION OF INJURIES | PRISON GANG/ DISRUPTIVE GROUP (VALIDATED) |
|---|---|
| None | None |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | N/A |

### STAFF, VISITORS, OTHERS

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS |
|---|---|---|---|---|
| MAXWELL, M. | Correctional Lieutenant | Male | White | T/W |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 35002 | Watch Commander | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER____ | None | | |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS |
|---|---|---|---|---|
| BOLMAN, B. | Correctional Sergeant | Female | White | T/F |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 51276 | Facility C Program Sgt. | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER____ | None | | |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS |
|---|---|---|---|---|
| HARLOW, D.. | Correctional Officer | Female | White | W/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☒ VICTIM | ☒ STAFF | 65639 | C-2 Control | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER____ | None | | |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS |
|---|---|---|---|---|
| | | | | |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☐ STAFF | | | |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☐ WITNESS | ☐ OTHER____ | | | |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | |

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS |
|---|---|---|---|---|
| | | | | |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☐ STAFF | | | |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☐ WITNESS | ☐ OTHER____ | | | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**

**PART C - 1 - SUPPLEMENT**

CDC 837 C - 1

DEPARTMENT OF CORRECTIONS

PAGE 1 OF 1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT REPORT NUMBER |
|---|---|---|---|---|
| BOLMAN, B | | 51276 | 4-3-2004 | PBP-C02-04-04-0254 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 9 Years | C SHU SERGEANT | 2300 HOURS | 4-4-2004 |

| RDO's | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| T/F | 2200-0600 | C2- CELL-221 |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| INDECENT EXPOSURE | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S - STAFF, V - VISITOR, O - OTHER) | INMATES INVOLVED (PREFACE S - SUSPECT, V - VICTIM, W - WITNESS) | |
|---|---|---|---|
| ☐ PRIMARY | (S)M.D. MAXWELL LT. | (S) HARRIS H65617 | |
| ☐ RESPONDER | (S)D.J. HARLOW C/O | C2-121L | |
| ☒ WITNESS | (S)V. GOROSPE MTA | | |
| ☐ VICTIM | | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☒ OTHER____NA____ | ☒ OTHER____NA____ | N/A | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

On April 3, 2004, at approximately 2300 hours while assigned as the Facility C Program Sergeant, Correctional Officer D. J. Harlow telephone me to report that Inmate HARRIS H-63617 C2-121 was masturbating and exposing himself to her. Officer Harlow stated that Inmate HARRIS had previously been placed on Yellow Lexan Status and that the Yellow Lexan had been removed on 4-2-2004. Inmate HARRIS is currently housed behind a Clear Lexan covered cellfront with a Food Delivery System (FDS). I informed Watch Commander M.D. Maxwell, of inmate HARRIS 'S behavior. I discussed the indecent exposure security precautions with Officer Harlow and gave her the Indecent Exposure Report to fill out.

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | DATE |
|---|---|---|---|
| Bolman, B. Sergeant | *(signature) B Bolman Sergeant* | 51276 | 4-4-2004 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT
CDC 837 C-1

PAGE 1 OF 1

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|
| Harlow, D.J. | 65639 | 04/03/04 | PBP-C02-04-04-0254 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 21 mos | C2 Control | 2300 | 04/03/04 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| T/W | 2200-0600 | C2-121 |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) Bolman, B. Sgt. | (S) Harris #H 63617  C2-121 |
| ☐ RESPONDER | | |
| ☐ WITNESS | | |
| ☒ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER | ☐ OTHER | | ☐ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES  ☒ NO | N/A | N/A | ☐ YES  ☒ NO | ☐ YES  ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES  ☒ NO | N/A | N/A | ☐ YES  ☒ NO | ☐ YES  ☒ NO |

NARRATIVE: On Saturday, April 3, 2004 at approximately 2300 I was assigned as C2 Control Booth Officer. During the 2300 Count I observed to Harris at his cell front facing me, naked with his bright light on. He was staring at me, while standing on his sink masturbating. Due to Harris' cell being the first cell in F Pod, I can see directly into the front of his cell when his bright Light is on. Let it be known that Harris was behind yellow Lexan; which was removed on April 2, 2004. Sgt. Bolman was notified of this incident. Note that Harris complied with my direct order to stop Masturbating and get down off his sink.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| D. Harlow  C/O    D. Harlow | 65639 | 04/03/04 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE   1   OF   1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C04-04-0002 | PBSP | 09-19-2005 |

☐SUPPLEMENTAL    ☐CONTINUATION OF:    ☐CDC 115-CIRCUMSTANCES    ☐HEARING    ☐I.E .REPORT    ☑OTHER

**CDO MODIFICATION:** Per CCR 3312(b)(1), the Chief Disciplinary Officer (CDO) may order a different disciplinary action, order a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of these disciplinary actions. As the Chief Disciplinary Officer, I am ordering the following:

☐  If CDO modification was ordered by Appeals modification, enter number of modification order here: _____.
☐  The finding is reduced to the Div. ____offense for _____ with the corresponding reduction of the credit forfeiture to _____ because:
    ☐  The original finding is not fully supported by the evidence and this lesser offense is supported by the evidence.
    ☐  The finding is reduced in the interest of justice.
☐  The credit forfeiture is reduced to _____
    ☐  The original assessment exceeds the amount authorized by CCR 3323.
    ☐  The forfeiture has been reduced in the interest of justice.
☐  Credit forfeiture is disallowed because:
    ☐  The disciplinary was not served on the defendant within 15 days of discovery.
    ☐  The disciplinary was not heard within 30 days of service or, if postponed, within 30 days of DA response.
☑  Modification of other penalties assessed in the hearing:
    ☑  Privilege restriction is disallowed.
    ☐  Privilege restriction is reduced to:_____.
☐  This disciplinary will be reissued and reheard, with new time constraints beginning the date of this order, because:
    ☐  Witness denial is not justified or addressed by the hearing summary.
    ☐  Staff Assistant should have been assigned to the defendant.
    ☐  Investigative Employee (IE) should have been assigned or the completed IE report is insufficient.
    ☐  Defendant was not given a minimum of 24 hours to prepare for hearing and did not waive this period.
    ☐  Defendant was not allowed to review the video of this offense and did not waive review of video.
    ☐  The Senior Hearing Officer does not qualify as a disinterested party because of prior involvement in the offense, investigation, or had classified disciplinary.
    ☐  CDC 1030 confidential information disclosure is not sufficient.
    ☐  Confidential information was used and the disciplinary findings did not address the reliability of the source(s), as well as show that either the information was corroborated or the combination of overall circumstances and reliability were convincing.
☐  This disciplinary is dismissed as the finding is not supported by the evidence and it is not reasonable to believe that a new hearing would discover new evidence supporting the finding. Original copy of disciplinary will be given to the inmate. Credit forfeiture and other penalties are disallowed and Records will be notified of needed changes.
    ☐  Circumstances of this offense should be documented as a CDC 128-B because of program/enemy concerns.
    ☐  Per CCR 3314, this has been reduced to an administrative offense and should be documented as a CDC 128-A in the interest of justice.

Comments:_____
_____
_____

Route through Disciplinary Officer. After giving copy to inmate, Disciplinary Officer should send copy to Register of Institution Violations. If credit forfeiture has been changed, copy should also be routed to the C&PR in the Records Office. Original should be filed with the CDC 115.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| S.C. WHEELER | Chief Disciplinary Officer | 9-19-05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | W. Coleman | 9-19-05 | 1212 |

# EXHIBIT H

RTP
9-21-04

STATE OF CALIFORNIA                                  804 SENT TO RECORDS ON 06-22-04           DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**                          Entered into OBIS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | EPRD | 03-27-2023 | PBSP | C02-121L | C04-06-0006 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C2-121 | 06-15-04 | 2100 HRS |

CIRCUMSTANCES

On 06-15-04, at approximately 2100 hours, while assigned as C2 Floor Officer, I entered F Pod for the 2100 hour Institutional Count. As I walked toward cell C2-121, solely occupied by inmate HARRIS, H-63617, I could clearly see him, in his cell door window masturbating. HARRIS was standing on something to intentionally expose his penis in the window area. I could not see what HARRIS was standing on, as the rest of his cell is covered in yellow lexan. I ordered HARRIS to put his penis back inside his shorts and to quit masturbating. I continued on with the Count.


This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| C/ COOPER, CORRECTIONAL OFFICER | | 6-21-04 | C2 FLOOR | 3/W W/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| Sergeant T. Bosley | 6/21/04 | N/A | |
| | | DATE _____ | LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | D | 6-23-04 | CCII J. Cox | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | C/O Rucker | 6-23-04 | 0900 | 837 A, B + C |
| ☒ INCIDENT REPORT LOG NUMBER: SPC-C02-04-06-0399 | BY: (STAFF'S SIGNATURE) C/O Rucker | DATE 6-23-04 | TIME 0900 | BY: (STAFF'S SIGNATURE) C/O Rucker | DATE 6-23-04 | TIME 0900 |

HEARING

1) COPY OF REJECT NOTICE
ON 08-21-04 BY C/O D. Moon
AT 1050 HOURS.
C/O D. Moon

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| Lieutenant K. McGuyer, SHO | | 9-8-04 | 1800 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| Captain E. Wheeler | 9-10-04 | M. Castellaw, A.W. | 9-13-04 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) C/O Rucker | DATE 9-20-04 | TIME 0925 |

CDC 115 (7/88)

*BTP*
*9-21-04*

STATE OF CALIFORNIA                                                             804 SENT TO RECORDS ON 06-22-04                              DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT
*Entered into OBIS*

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | EPRD | 03-27-2023 | PBSP | C02-121L | C04-06-0006 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C2-121 | 06-15-04 | 2100 HRS |

CIRCUMSTANCES

On 06-15-04, at approximately 2100 hours, while assigned as C2 Floor Officer, I entered F Pod for the 2100 hour Institutional Count. As I walked toward cell C2-121, solely occupied by inmate HARRIS, H-63617, I could clearly see him, the lights on, in his cell door window masturbating. HARRIS was standing on something to intentionally expose his penis in the window area. I could not see what HARRIS was standing on, as the rest of his cell is covered in yellow lexan. I ordered HARRIS to put his penis back inside his shorts and to quit masturbating. I continued on with the Count.

This inmate is not EOP or Crisis Bed.  Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated.  The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ C/O COOPER, CORRECTIONAL OFFICER | 6-21-04 | C2 FLOOR | 3/W  W/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ Sergeant T. Bosley | 6/21/04 | DATE    N/A    LOC. | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☑ SERIOUS | D | 6-23-04 | ▶ CCII J. Cox | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| ☑ CDC 115 | ▶ C/O LROUCRL | 6-23-04 | 0900 | 837 A, B + C | | | |
| ☒ INCIDENT REPORT LOG NUMBER:  3P-C03-04-06-0384 | ▶ C/O LROUCRL | 6-23-04 | 0900 | BY: (STAFF'S SIGNATURE)  ▶ C/O LROUCRL | | 6-23-04 | 0900 |

HEARING

1) COPY OF REJECT NOTICE ON 08-21-04 BY C/O D. moon AT 1050 HOURS.
C/O D. moon

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

REFERRED TO  ☐ CLASSIFICATION      ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| Lieutenant K. McGuyer, SHO | | 9-13-04 | 1800 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ Captain S. Wheeler | 9-10-04 | ▶ M. Castellaw, A.W. | 9-13-04 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE)  ▶ C/O LROUCRL | DATE | TIME |
|---|---|---|---|
| | | 9-20-04 | 0925 |

CDC 115 (7/88)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C04-06-0006 | PBSP | 9/8/04 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |

**Hearing:** On 09/08/04 at approximately 1800, HARRIS was given the opportunity to attend this disciplinary hearing. HARRIS declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, HARRIS refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O T. HOCKADAY and C/O L. BACHMAN) to his refusal was completed.

**District Attorney:** On 06/23/04, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution. On 08/12/04, notice was received that the District Attorney does not intend to prosecute.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time constraints have been met. There are no due process issues.

**Staff Assistant:** There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee:** HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 06/15/04 as well as the Incident report.

**Finding:** Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of CORRECTIONAL OFFICER U. COOPER in the disciplinary report of 06/15/04 wherein OFFICER COOPER testifies that while conducting the 2100 hours Institutional Count, she walked toward cell C2-121, solely occupied by inmate HARRIS, she could clearly see HARRIS, the lights on, in his cell door window masturbating. HARRIS was standing on something to intentionally expose his penis in the window area. OFFICER COOPER ordered HARRIS to put his penis back inside his shorts and to quit masturbating.
B. As HARRIS refused to attend the disciplinary hearing, he has presented no credible evidence to refute the charged offense, essentially a tacit admission of guilt.

**Disposition:** Assessed **90** day credit forfeiture for this Div. D (5) offense. With this notice, HARRIS is informed that his credit restoration period began 06/16/04 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| K.L. McGUYER | | Correctional Lieutenant | 9/8/04 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
| | C/O KROWCKI | 9-20-04 | 0925 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER<br>H-63617 | INMATE'S NAME<br>HARRIS | LOG NUMBER<br>C04-06-0006 | INSTITUTION<br>PBSP | TODAY'S DATE<br>9/8/04 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐LE .REPORT | ☐OTHER |
|---|---|---|---|---|---|

disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.  With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER<br>K.L. McGUYER | | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>9/8/04 |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:<br>9-20-04 | TIME SIGNED:<br>0925 |

# SERIOUS RULES VIOLATION REPORT PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 06-15-04 | PBSP | C04-06-0006 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ (X) Earnest Harris | 6·23-04 |

DATE NOTICE OF OUTCOME RECEIVED 8-11-04   DISPOSITION D.A- Reject

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ (X) Earnest Harris | 08-21-04 |
| ☐ ASSIGNED | DATE            NAME OF STAFF   N/A | | |
| ☒ NOT ASSIGNED | REASON  None DNUC Per CCR 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ (X) Earnest Harris | 08-21-04 |
| ☐ ASSIGNED | DATE            NAME OF STAFF   N/A | | |
| ☒ NOT ASSIGNED | REASON  None - DNUC Per CCR 3315 (d)(1) | | (X) |

EVIDENCE/INFORMATION REQUESTED BY INMATE: None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ Co Crucka | TIME 0900 | DATE 6·23-04 |
|---|---|---|---|

CDC 115-A (7/88)   — *If additional space is required use supplemental pages* —   OSP 03 74845

State of California

# Memorandum

Date  :  August 12, 2004

## DA REJECT
### (DETAINER REMOVAL)

To  :  Central Services
       Associate Warden

From  :  Department of Corrections
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-C02-04-06-0399**

On June 15, 2004, inmate(s) **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code Section(s):

    **314**         **Indecent Exposure**

On June 22, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On August 11, 2004, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate(s). Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
     Facility S&E
     Records
     Evidence Officer
     Inmate
     CLO File

State of California

# Memorandum

Date : June 22, 2004

## DA REFERRAL
### (DETAINER)

To : Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C02-04-06-0399**

On June 15, 2004, inmate(s) **HARRIS, H-63617**, committed the following violation(s) of the California Penal Code Section(s):

    314        Indecent Exposure

As of June 22, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate(s) pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

SHO

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT                                                          PAGE 1 OF 4
PART A-COVER SHEET

| CDC 837-A (11/91) | | INCIDENT LOG NUMBER PBP-C02-04-06-0399 | |
|---|---|---|---|
| INSTITUTION / FACILITY Pelican Bay State Prison | INCIDENT SITE / LOCATION Security Housing Unit, Unit C2, Cell 121, Level IV | DATE INCIDENT 06/15/04 | TIME INCIDENT 2100 Hours |
| SPECIFIC CRIME / INCIDENT Indecent Exposure | | D.A. REFERRAL ☒ YES ☐ NO | SECTION / CODE / RULE 3007 |

| ☐ SERT ACTIVATED ? | ☐ NEGOTIATION TEAM ACTIVATED ? | ☐ MUTUAL AID REQUESTED ? | ☐ MEDIA NOTIFIED ? |
|---|---|---|---|

RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | | ATTEMPTED ASSAULT / BATTERY | |
|---|---|---|---|---|---|
| ☐ Staff | ☐ Homicide | ☐ On Staff | | ☐ Beating | ☐ Strangling |
| ☐ Visitor | ☐ Suicide | ☐ On Visitor | | ☐ Shooting | ☐ Slashing |
| ☐ Inmate | ☐ Accidental | ☐ On Inmate | | ☐ Stabbing | ☐ Sexual |
| ☐ Other | ☐ Natural | ☐ Other_____ | | ☐ Spearing | ☐ Other: |
| ☒ N/A | ☒ N/A | ☒ N/A | | ☐ Poisoning | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPON | | SHOTS FIRED | | FORCE | |
|---|---|---|---|---|---|---|
| ☐ Staff | ☐ Firearm | ☐ Stabbing Instrument | ☐ Yes ☒ No | ☐ 38 Cal holds | ☐ Physical |
| ☐ Visitor | ☐ Knife | ☐ Hands/Feet | Number Fired ____ | ☐ Mini 14 | |
| ☐ Inmate | ☐ Spear | ☐ Club/Bludgeon | | ☐ Shotgun | |
| ☐ Accidental | ☐ Explosive | ☐ Caustic Substance | ESCAPES | ☐ 37 MM | |
| ☐ Attempted | ☐ Projectile | ☐ Other | ☐ With Force | ☐ 40 MM | |
| ☐ Suicide | ☐ Slashing Instrument | ☐ Inmate Manufactured | ☐ Without Force | ☐ Chemical Agents | |
| ☐ Other____ | ☐ Commercial | ☒ N/A | ☐ Attempted | ☐ PR 24 | |
| ☒ N/A | | | | ☐ 9MM | |

| SUSPECTED CONTROLLED SUBSTANCE | LOCKDOWN | EXCEPTIONAL ACTIVITY | | |
|---|---|---|---|---|
| ☐ Heroin/Opiates | ☐ YES ☒ No | ☐ Major Disturbance | ☐ Employee Job Action | |
| ☐ Cocaine | | ☐ Inmate Strike | ☐ Major Power Outage | |
| ☐ Marijuana | If yes, list affected programs below: | ☐ Public Demonstration | ☐ Explosion | |
| ☐ Amphetamine | | ☐ Inmate Demonstration | ☐ Fire | |
| ☐ Barbiturate | | ☐ Natural Disaster | ☐ Hostage | |
| ☐ LSD | | ☐ Environmental Hazard | ☐ Gang Involved | |
| ☐ PCP | | ☐ "Special Interest Inmate" | ☐ Other_____ | |
| ☐ Methamphetamine | | ☐ Weather | | |
| ☒ N/A | | ☒ N/A | | |

SUSPECT  HARRIS, H-63617, C2-121L

VICTIM:  Correctional Officer U. Cooper

DESCRIPTION OF CRIME / INCIDENT

On Tuesday, June 15, 2004, at approximately 2100 hours, inmate HARRIS intentionally exposed his penis and masturbated to Correctional Officer U. Cooper.

Specifically: While conducting the 2100-hour institutional count, Officer Cooper approached cell C2-121L, solely occupied by HARRIS. This cell is equipped with yellow lexan, and HARRIS was standing at the count window, with his light on, exposing himself and masturbating. Officer Cooper ordered HARRIS to stop his actions and then immediately left the area.

| ☒ CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C | REVIEWED BY L. WILLIAMS CAPTAIN |
|---|---|

| NAME/TITLE/SIGNATURE OF REPORTING STAFF M. FERGUSON, Correctional Lieutenant | BADGE/I.D. # 33926 | YEARS SERVICE 16 Years | DATE 06/15/04 |
|---|---|---|---|
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C—SUPPLEMENTAL
CDC 837-C (11/91)                                                               PAGE 2 OF 4

| | INCIDENT LOG NUMBER |
| | PBP-C02-04-06-0399 |

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT |
| Pelican Bay State Prison, Security Housing Unit, Unit C2, Cell 121, Level IV | 06/15/04 | 2100 Hours |

TYPE OF INFORMATION
[x] CONTINUING DESCRIPTION OF INCIDENT (PART A)    [ ] SUPPLEMENTAL INFORMATION    [ ] CLOSURE REPORT

MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION: Inmate HARRIS was not a participant in the Mental Health Delivery System at the time of this incident.

USE OF FORCE: There was no use of force as a result of this incident.

STATUS OF VIDEOTAPED INTERVIEW: No videotape interview was conducted because there were no Head Injures, no Serious Injures or Force Allegations made during this incident.

CONCLUSION: Inmate HARRIS will be charged under the California Code of Regulations (CCR), Title 15, Section 3007, a division D offense, Specifically, Indecent Exposure. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution. HARRIS was housed in a cell with yellow lexan at the time of this occurance.

NOTIFICATIONS: The Administrative Officer of the Day, Facility Captain L. Williams, the Bargaining Unit and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

[ ] CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C                    REVIEWED BY L. Williams, CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
| M.FERGUSON, Correctional Lieutenant | 33926 | 16 Years | 06/15/04 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

PAGE 3 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 6/15/04 | 2100 HOURS | PBP-C02-04-06-0399 |

INMATES

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| HARRIS, ERNEST | | | | MALE | BLA | 370 |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | H-63617 | NA | NA | NA | ☐ YES  ☒ NO |
| ☐ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | 1/25/93 | 9/12/02 | 01-04-2007 | Age: 34 | C02-121L |

| DESCRIPTION OF INJURIES | COUNTY OF COMMITMENT |
|---|---|
| N/A | SACRAMENTO |
| | PRISON GANG/ DISRUPTIVE GROUP (VALIDATED) |
| | NONE NOTED |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED   ☐ TREATED AND RELEASED   ☐ REFUSED TREATMENT   ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | | NA | NA | NA | ☐ YES  ☒ NO |
| ☐ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | | | | | |

| DESCRIPTION OF INJURIES | COUNTY OF COMMITMENT |
|---|---|
| | |
| | PRISON GANG/ DISRUPTIVE GROUP (VALIDATED) |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED   ☐ TREATED AND RELEASED   ☐ REFUSED TREATMENT   ☐ DECEASED | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

PAGE 4 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 6/15/04 | 2100 HOURS | PBP-C02-04-06-0399 |

STAFF, VISITORS, OTHERS

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| FERGUSON, M.R. | | CORRECTIONAL LIEUTENANT | MALE | WHITE | T/F |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 33926 | C FACILITY PROGRAM | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | N/A | | |

| CHECK ALL THAT APPLY | | | | LOCATION OF HOSPITAL/TREATMENT |
|---|---|---|---|---|
| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| COOPER, U. J. | | CORRECTIONAL OFFICER | FEMALE | Other | W/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☒ VICTIM | ☒ STAFF | 61919 | C2 FLOOR OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | N/A | | |

| CHECK ALL THAT APPLY | | | | LOCATION OF HOSPITAL/TREATMENT |
|---|---|---|---|---|
| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| | | | | | |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | | | |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | | | |

| CHECK ALL THAT APPLY | | | | LOCATION OF HOSPITAL/TREATMENT |
|---|---|---|---|---|
| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT**

CDC 837 C-1

DEPARTMENT OF CORRECTIONS

PAGE _1_ OF _1_

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Cooper, U | | 61919 | 6-15-04 | PBPC0204060399 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | | REPORT DATE |
| 3 yrs, 9 mo | 382024 | 2100 | | 6-15-04 |
| RDOs | DUTY HOURS | INCIDENT LOCATION | | |
| W/Th | 1400-2200 | C2- "F" Pod # 121 | | |

| DESCRIPTION OF INCIDENT/ CRIME | CCR SECTION / RULE |
|---|---|
| Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| [X] PRIMARY | | Harris H-63617 C2-121 |
| [ ] RESPONDER | | |
| [ ] WITNESS | | |
| [ ] VICTIM | | |
| [ ] CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| [ ] LETHAL | [ ] MINI - 14 | [ ] 37MM | | [ ] LETHAL |
| [ ] LESS LETHAL | [ ] SHOTGUN | [ ] BATON | N/A | [ ] LESS LETHAL |
| [ ] PHYSICAL | [ ] HANDGUN | N/A [ ] OC | | [ ] PHYSICAL |
| [X] NONE | [ ] OTHER | [ ] OTHER | | [X] NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| [ ] YES | N/A | N/A | [ ] YES | [ ] YES |
| [X] NO | | | [X] NO | [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| [ ] YES | N/A | N/A | [ ] YES | [ ] YES |
| [X] NO | | | [X] NO | [X] NO |

NARRATIVE

On 06-15-04, at approx 2100 hrs, while assigned as
C2 Floor officer, I entered "F" Pod for 2100 count.
As I walked toward Cell #121 solely occupied By
I/m Harris H63617 C2-121, I could clearly see
him, the lights on, in his cell door window Masturbating,
His penis in the window Area. He was standing on
Something, I could not see as the rest of his cell
s Lexan Yellow, to Expose his penis up in the window
Area. I ordered Harris to put his penis Back in his
Shorts & Quit Masturbating. I Continued on with
ount. This Concludes my report involvement in this
incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| U. Cooper | 61919 | 6-15-04 |
| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

# EXHIBIT I

§ 3341.5

Department of Corrections

TITLE 15

State of California

## ASSESSMENT OF SUBSEQUENT OR REIMPOSED SHU TERM WORKSHEET

CDC 629-B (9/90)

| CDC Number | Name (Last, First, MI) | Institution | Unit |
|---|---|---|---|
| H-63617 | HARRIS, Ernest | PBPS | C-SHU |

1. **VIOLATION COMMITTED WHILE SECURITY HOUSING UNIT (SHU) TERM ACTIVE**

   a. Rule No. _3005(c)_  Date Issued _08/10/2004_  Title _FORCE/VIOL_

   b. Specific Act _THREAT TO KILL OR ASSAULT A NON-INMATE_
      (Must be an offense on SHU Term Assessment Chart.)

2. **CONSECUTIVE SHU TERM CALCULATIONS**

| | | YR | MO | DAY |
|---|---|---|---|---|
| a. Prior Maximum Shu Expiration Date (SHU Term Assessment Worksheet, item 5) | | 2011 | 11 | 3 |
| b. Enter total additional confinement time assessed (Expected plus or minus ~~Aggravation~~Mitigation in years, months and days) | | 0 | 9 | 0 |
| c. New Expiration of Term Date *RVR 10/24/03* (Add additional time to expiration date, item 2a + 2b) | | 2012 | 8 | 3 |
| d. **New Minimum Eligible Release Date** (Add 75% of additional time to prior maximum expiration date using the SHU Time Computation Table, item 2a + 2b) | | **2012** | **5** | **26** |

3. **CONCURRENT SHU TERM CALCULATIONS**

| | YR | MO | DAY |
|---|---|---|---|
| a. Date of new violation | | | |
| b. Enter total confinement time assessed (Expected plus or minus Aggravation/Mitigation in years, months and days) | | | |
| c. Expiration date of new violation (Add total assessed to violation date, item 3a + 3b) | | | |
| d. Controlling Maximum SHU Expiration Date (Enter prior or new expiration date whichever is later) | | | |
| e. **Controlling Minimum Eligible Release Date** (Enter prior date or add 75% of assessed time to violation date if the new maximum is later, 75% of item 3b + 3b) | | | |

4. **REIMPOSITION OF SHU TERM FROM PAROLED DISCHARGE**

| | YR | MO | DAY |
|---|---|---|---|
| a. Maximum SHU expiration date when paroled / discharged | | | |
| b. Date paroled/discharged from SHU. | | | |
| c. Maximum confinement time remaining when paroled/discharged (Subtract date paroled from expiration date, item 4b from 4a) | | | |
| d. Date of reconfinement in Administrative Segregation | | | |
| e. New Maximum Expiration Date (Add time remaining to reconfinement date, item 4c + 4d) | | | |
| f. Minimum release time remaining when paroled/discharged (Subtract date paroled, item 4b, from Prior Minimum Eligible Release Date) | | | |
| g. **New Minimum Eligible Release Date** (Add minimum time remaining to date of reconfinement, item 4f + 4d) | | | |

| Name and Title of Staff Computing Term | Date | Date ICC Established Term |
|---|---|---|
| S. Trevino, CCI (A) | 6/21/2006 | |

Distribution:  Original - Central File; Yellow - Inmate; Pink - Auditor

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**                804 SENT TO RECORDS ON 08-11-04
                                          *Entered into OBIS*                              DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | *EPRD* 3-27-2023 | PBSP | C2-121 | C04-08-0007 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 ( c ) | THREAT OF FORCE / VIOLENCE AGAINST A PUBLIC OFFICIAL | C2 E POD | 08-10-04 | 1500 HRS |

CIRCUMSTANCES

On August 10, 2004, at approximately 1500 hours, while I was assigned as C2 Floor Officer, I was sitting at the C2 Rotunda Officer Station, after completing a cell search of inmate HARRIS, H-63617, solely occupying C2-121. Inmate HARRIS asked me through the F Pod section door what I took in my cell search. I told him it is all written on his Cell Search Receipt but that I took excessive state soap (a brown bag of about 10 soaps), plastic Ziploc bags, and unmarked pills. Inmate HARRIS then became belligerent and started cursing at me, calling me "Fucking Midget Bitch, I'm gonna Fuck you up." To make sure of what I heard, I said "What was that?" He replied "You heard me Fucking Little Midget, I'm gonna Fuck you off.", Due to the threatening tone in which he said these words I feel he was making a direct threat to my safety. Inmate HARRIS then aggressively threw his shower razor under the Pod door and went back to his cell without further incident.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ► U. COOPER, CORRECTIONAL OFFICER  *U. Cooper* | 8-15-04 | | C2 FLOOR OFFICER | 3/W W/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ► Sergeant/G. Coulter | 8/15/04 | N/A |
| | | DATE _____ LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☑ SERIOUS | B (3) | 8/19/04 | ► Lieutenant McMillex T. | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ► C/O D. Mora | DATE 08-21-04 | TIME 1300 | TITLE OF SUPPLEMENT 837 A,B, C'S |
|---|---|---|---|---|
| ☑ INCIDENT REPORT LOG NUMBER: C02-04-08 | BY: (STAFF'S SIGNATURE) ► C/O D. Morrell | DATE 08-21-04 | TIME 1300 | BY: (STAFF'S SIGNATURE) ► C/O D. Mora | DATE 08-21-04 | TIME 1300 |

HEARING — 0500

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| Lieutenant J.A. Guinn, SHO | ► | 2/7/05 | 0840 |
| REVIEWED BY: (SIGNATURE) ► Captain S. Wheeler | DATE 2-5-05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ► I.M. Williams, (A) A.W. | DATE 2-5-05 |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ► C/O R. Nurke | DATE 2-7-05 | TIME 1210 |

CDC 115 (7/88)

STATE OF CALIFORNIA             D1 .RTMENT OF CORRECTIONS

, RULES VIOLATION REPORT - PART C       PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C04-08-0007 | PBSP | 6/27/05 |

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |

**Hearing**: On June 27, 2005 at approximately 0840, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined. HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file. Per CCR 3320 (g) (3), the hearing was held in his absence.

**District Attorney**: On August 21, 2004, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution. On June 7, 2005, notice was received that this had been resolved with a finding of GUILTY BY NEGOTIATED PLEA on the charge of BATTERY UPON A PERSON NOT A PRISONER; all other charges were dismissed as a part of the plea bargain. . Per CCR 3316 (c) (3), a court finding of guilty or not guilty, resulting from a trial, shall be accepted as a finding of fact on the same charges in a disciplinary hearing.

**Due Process**: The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time constraints have been met. There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**: There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee**: HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of August 10, 2004, and Incident Report Number PBP-C02-04-0500.

**Finding**: Guilty of the Div. B (3) offense THREAT OF FORCE OR VIOLENCE AGAINST A PUBLIC OFFICIAL. This offense requires evidence that the defendant threatened to commit a criminal act upon the person of another, this criminal act was intended to cause serious injury or death to the victim or someone associated with the victim and the victim was either a public official or the employee of a public official. A criminal threat is a verbal or written explicit statement of intent to inflict harm on the person or property of another. It must be a genuine threat. **This means that it is intended to communicate immediate, unmistakable menace to the victim with the prospect of its execution at the first reasonable opportunity.** The threat must induce fear in the victim to the extent that the victim must be apprehensive that it could happen. This finding is based upon the following preponderance of evidence:

A. The testimony of CORRECTIONAL OFFICER U. COOPER via the disciplinary report of August 10, 2004 wherein COOPER relates that while conducting her duties as the C2 Floor Officer, she was questioned by HARRIS about items removed from his cell during an earlier cell search. When COOPER responded to HARRIS' question, HARRIS then

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| J.A. GUINN | | Correctional Lieutenant | 6/27/05 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | C/o LRQUcke | 7-7-05 | 1210 |

STATE OF CALIFORNIA                                          D.  ARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                              PAGE ___2___ OF ___2___

| CDC NUMBER H-63617 | INMATE'S NAME HARRIS | LOG NUMBER C04-08-0007 | INSTITUTION PBSP | TODAY'S DATE 6/27/05 |
|---|---|---|---|---|

☐SUPPLEMENTAL   ☒CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☒HEARING   ☐I.E .REPORT   ☐OTHER

became belligerent and started cursing at her stating ""Fucking Midget Bitch, I'm gonna fuck you up."  COOPER SAID "What was that?  HARRIS stated "You heard me fucking little midget, I'm gonna fuck you off."
B.   Review of CDC-837, Crime Incident Report authored by Correctional Lieutenant K.L. McGuyer which indicates that COOPER   interpreted HARRIS' statements to mean that he intended her physical harm, and based upon HARRIS' assaultive history, McGuyer believes that HARRIS has the ability to carry out such threats

**Disposition**:   Assessed **150** day credit forfeiture for this Div. B offense.  Referred to classification for SHU assessment.  .
HARRIS is referred to CCR §3084.1 and following for additional information on appeal procedures.

| SIGNATURE OF WRITER  J.A. GUINN | TITLE  Correctional Lieutenant | DATE NOTICE SIGNED  6/27/05 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:  7-7-05 | TIME SIGNED:  1210 |

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3005( c ) | 08-10-04 | PBSP | C04-08-0007 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  ☒ YES  ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ (X) Ernest Harris | DATE 08-21-04 |

DATE NOTICE OF OUTCOME RECEIVED  06-07-05   DISPOSITION  Judgement + Sentence

| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT ☒ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ (X) Earnest Harris | DATE 06-21-05 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — N/A — |
| ☒ NOT ASSIGNED | REASON Does not meet criteria per CCR 3315 (d)(2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☒ REQUESTED  ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ (X) Earnest Harris | DATE 06-21-05 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF — None — |
| ☒ NOT ASSIGNED | REASON Does not meet criteria per CCR 3315 (d)(1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:  None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) COPY OF JUDGMENT AND SENTENCE
ISSUED TO YOU ON 06-21-05, (2) 1230 HOURS
BY GOD MORRILL —

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1300 | DATE 08-21-04 |
|---|---|---|---|

CDC 115-A (7/88)        — If additional space is required use supplemental pages —        OSP 03 74845

State of California

# Memorandum

*S146*

Date : June 7, 2005

# JUDGMENT & SENTENCE

To : Paul J. Dillard
Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT NUMBERS PBP-C11-03-08-0493, PBP-C11-03-10-0634, PBP-C02-04-04-0254, PBP-C02-04-08-0500, PBP-C02-04-08-0530, AND PBP-C02-04-09-0538**

On June 7, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate HARRIS, H-63617.

On May 19, 2005, the Del Norte County Court found the above named inmate **GUILTY BY NEGOTIATED PLEA.** On Count VIII (PBP-C02-04-08-0530), for the offense of Penal Code (PC) 4501.5, Battery Upon a Person not a Prisoner, the court sentenced the above named inmate to one (1) year consecutive. Count I (PBP-C11-03-10-0634), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, and COUNT IV (PBP-C11-03-10-0634), for the offense of PC 314, Indecent Exposure, were dismissed as part of the Negotiated Plea. Count II (PBP-C02-04-08-0500), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, was dismissed as part of the Negotiated Plea. Count III (PBP-C02-04-08-0530), for the offense of PC 664/4501.5, Attempted Battery Upon a Person not a Prisoner, was dismissed as part of the Negotiated Plea. Count V (PBP-C11-03-08-0493), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VI (PBP-C02-04-04-0254), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VII (PBP-C02-04-09-0538), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea, resulting in a total term of one (1) year consecutive.

Please release the detainer placed by the Court Liaison's Office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

[ / ] COPY TO INMATE ON _06-21-05_
AT _1230_ HOURS BY ___
C/O _D. ____

cc: Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

State of California

# Memorandum

Date : November 4, 2004

## DA ACCEPTED

To : Paul J. Dillard
Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT #PBP-C02-04-08-0500

On August 10, 2004, inmate **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code Section(s):

71        **Threat of Injury Made to Officer in Performance of His Duties**

On August 16, 2004, the case was presented to the Del Norte County District Attorney's for possible prosecution.

On November 4, 2004, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate(s) with the following violation(s) of the Penal Code Section(s):

COUNT II  422    **Threats to Commit Crime Resulting in Death or Great Bodily Injury**

You will be apprised of the outcome of this case.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
Facility S&E
Records
Inmate
CLO File

# Memorandum

Date : August 16, 2004

# DA REFERRAL
## (DETAINER)

To : Central Services
Associate Warden

From : **Department of Corrections**
**Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000**

Subject : **PBSP INCIDENT #PBP-C02-04-08-0500**

On August 10, 2004, inmate(s) **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code Section(s):

71          Threat of Injury Made to Officer in Performance of His Duties

As of August 16, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate(s) pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

STATE OF CALIFORNIA

*SHO.*

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART A-COVER SHEET

CDC 837-A (11/91)

PAGE 1 OF 4

INCIDENT LOG NUMBER
PBP-C02-04-08-0500

| INSTITUTION/FACILITY | INCIDENT SITE / LOCATION | DATE INCIDENT | TIME INCIDENT |
|---|---|---|---|
| Pelican Bay State Prison | Facility C, Unit 2, Cell 121, Level IV Security Housing Unit | 08/10/04 | 1500 Hours |

SPECIFIC CRIME / INCIDENT
Threat of Force or Violence against a Public Official

| D.A. REFERRAL | SECTION / CODE / RULE |
|---|---|
| ☒ YES ☐ NO | 3005 (c) |

☐ SERT ACTIVATED ?    ☐ NEGOTIATION TEAM ACTIVATED ?    ☐ MUTUAL AID REQUESTED ?    ☐ MEDIA NOTIFIED ?

RELATED INFORMATION (CHECK ALL THAT APPLY)

**DEATHS:**
☐ Staff
☐ Visitor
☐ Inmate
☐ Other
☒ N/A

**CAUSE OF DEATH**
☐ Homicide
☐ Suicide
☐ Accidental
☐ Natural
☒ N/A

**ASSAULT / BATTERY**
☐ On Staff
☐ On Visitor
☐ On Inmate
☒ Other THREAT TO ASSAULT STAFF.
☐ N/A

**TYPE OF ASSAULT / BATTERY**
☐ Beating        ☐ Strangling
☐ Shooting       ☐ Slashing
☐ Stabbing       ☐ Sexual
☐ Spearing       ☐ Other:
☐ Poisoning      ☒ N/A

**SERIOUS INJURY:**
☐ Staff
☐ Visitor
☐ Inmate
☐ Accidental
☐ Attempted
☐ Suicide
☐ Other_____
☒ N/A

**INMATE WEAPONS**
☐ Firearm
☐ Knife
☐ Spear
☐ Explosive
☐ Projectile
☐ Slashing Instrument
☐ Commercial
☐ Stabbing Instrument
☐ Hands/Feet
☐ Club/Bludgeon
☐ Caustic Substance
☐ Other _____
☐ Inmate Manufactured
☒ N/A

**SHOTS FIRED**
☐ Yes ☒ No

Number Fired _____

**ESCAPES**
☐ With Force
☐ Without Force
☐ Attempted

☐ 38Cal        ☐ Physical holds
☐ Mini 14
☐ Shotgun
☐ 37 MM
☐ 40 MM
☐ Chemical Agents
☐ PR 24
☐ 9MM

**SUSPECTED CONTROLLED SUBSTANCE**
☐ Heroin/Opiates
☐ Cocaine
☐ Marijuana
☐ Amphetamine
☐ Barbiturate
☐ LSD
☐ PCP
☐ Methamphetamine
☒ N/A

**LOCKDOWNS**
☐ YES ☒ No

If yes, list affected programs below:

**EXCEPTIONAL ACTIVITY**
☐ Major Disturbance        ☐ Employee Job Action
☐ Inmate Strike            ☐ Major Power Outage
☐ Public Demonstration     ☐ Explosion
☐ Inmate Demonstration     ☐ Fire
☐ Natural Disaster         ☐ Hostage
☐ Environmental Hazard     ☐ Gang Involved
☐ "Special Interest Inmate" ☐ Other_____
☐ Weather
☒ N/A

DESCRIPTION OF CRIME / INCIDENT

SUSPECTS: HARRIS, H-63617, C2-121L

VICTIMS: Correctional Officer U. Cooper

On, Tuesday, August 10, 2004, at approximately 1500 hours, Inmate HARRIS Threatened Force or Violence against Correctional Officer Cooper.

Officer Cooper was at the Unit Officer's Station having just completed a search of inmate HARRIS' cell. HARRIS approached the Pod door and asked Officer Cooper what she had taken during the search. Officer Cooper explained to inmate HARRIS that all items were detailed on the cell search receipt she had left in the cell. Inmate HARRIS then became belligerent and agitated stating to Officer Cooper

☑ CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY S.C. WHEELER, CAPTAIN

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| L.McGuyer Correctional Lieutenant | 43965 | 14 Years | 08/10/04 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C—SUPPLEMENTAL
CDC 837-C (11/91)

PAGE 2 OF 4

| INCIDENT LOG NUMBER |
| --- |
| PBP-C02-04-08-0500 |

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT |
| --- | --- | --- |
| Pelican Bay State Prison, Facility C, Unit 2, Cell 121 Security Housing Unit Level IV | 08/10/04 | 1500 Hours |

TYPE OF INFORMATION

[x] CONTINUING DESCRIPTION OF INCIDENT (PART A)    [ ] SUPPLEMENTAL INFORMATION    [ ] CLOSURE REPORT

"You midget bitch, I will fuck you up." Inmate HARRIS further stated "You heard me fucking midget, I will fuck you off." Officer Cooper interpreted HARRIS statement to mean he intended to cause her physical harm and based upon his assaultive history has the ability to carry out such threats.

MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION: Inmate HARRIS was not a participant in the Mental Health Delivery System at the time of this incident.

USE OF FORCE: There was no staff use of force as a result of this incident.

STATUS OF VIDEOTAPED INTERVIEW: No videotape interview was conducted because there were no Head Injures, no Serious Injures or Force Allegations made during this incident.

CONCLUSION: Inmate HARRIS will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (C), Force and Violence, Specifically Threat of Force or Violence against a Public Official. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

Inmate HARRIS is currently assigned to a cell with a Lexan Equipped front and a food delivery system. These restrictions were in place at the time of this incident due to prior incidents. Inmate HARRIS will remain on these restrictions pending further review.

NOTIFICATIONS: Associate Warden M. Castellaw, the Bargaining Unit and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

[ ] CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY S.C. Wheeler, CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D.# | YEARS SERVICE | DATE |
| --- | --- | --- | --- |
| K.L. McGuyer, Correctional Lieutenant | 43965 | 14 Years | 08/10/04 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES                                    PAGE 3 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 8/10/04 | 1500 HOURS | PBP-C02-04-08-0500 |

**INMATES**

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| HARRIS, ERNEST | | | | Male | BLA | 370 |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | H-63617 | NA | NA | NA | ☐ YES  ☒ NO |
| ☒ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | 1/25/1993 | 9/12/2002 | 01-04-2007 | Age: 34 | C2-121L |

| DESCRIPTION OF INJURIES | COUNTY OF COMMITMENT |
|---|---|
| N/A | SACRAMENTO |
| | PRISON GANG/ DISRUPTIVE GROUP (VALIDATED) |
| | NONE NOTED |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | CLASS. SCORE |
|---|---|---|---|---|---|---|
| | | | | | | |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | | NA | NA | NA | ☐ YES  ☒ NO |
| ☐ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | | | | | |

| DESCRIPTION OF INJURIES | COUNTY OF COMMITMENT |
|---|---|
| | |
| | PRISON GANG/ DISRUPTIVE GROUP (VALIDATED) |

| CHECK ALL THAT APPLY | LOCATION OF HOSPITAL/TREATMENT |
|---|---|
| ☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

PAGE 4 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 8/10/04 | 1500 HOURS | PBP-C02-04-08-0500 |

**STATE VISITORS/OTHERS**

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| McGUYER, K.L. | | CORRECTIONAL LIEUTENANT | MALE | WHITE | T/F |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 43965 | FACILITY C PROGRAM | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | None Noted | | |

| CHECK ALL THAT APPLY | | | | LOCATION OF HOSPITAL/TREATMENT |
|---|---|---|---|---|
| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| BOSLEY, T. F. | | CORRECTIONAL SERGEANT | MALE | WHITE | S/S |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 34656 | C 1-6 FACILITY SERGEANT | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | N/A | | |

| CHECK ALL THAT APPLY | | | | LOCATION OF HOSPITAL/TREATMENT |
|---|---|---|---|---|
| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| COOPER, U. | | CORRECTIONAL OFFICER | FEMALE | OTHER | W/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☒ VICTIM | ☒ STAFF | 61919 | C- 2 FLOOR OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | None Noted | | |

| CHECK ALL THAT APPLY | | | | LOCATION OF HOSPITAL/TREATMENT |
|---|---|---|---|---|
| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | N/A |

| NAME (LAST, FIRST, MI) | | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|---|
| HUMPHREY, L. | | CORRECTIONAL OFFICER | MALE | WHITE | S/S |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 43291 | C2 CONTROL OFFICER | N/A |
| ☐ SUSPECT | ☐ VISITOR | DESCRIPTION OF INJURIES | | |
| ☒ WITNESS | ☐ OTHER | None Noted | | |

| CHECK ALL THAT APPLY | | | | LOCATION OF HOSPITAL/TREATMENT |
|---|---|---|---|---|
| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | N/A |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C - 1 - SUPPLEMENT
CDC 837 C - 1

PAGE 1 OF 1

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT REPORT NUMBER |
|---|---|---|---|---|
| BOSLEY, T. F. | | 34656 | 08/10/04 | PBP-C02-04-08-0500 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 16 years, 8 months | Facility C 1/6 Program Sergeant | 1500 HOURS | ~~10/28/02~~ 8/10/04 |

| RDO's | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| S/S | 1400-2200 | Facility C - 1 E pod |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| BATTERY ON A PEACE OFFICER WITH IMMEDIATE USE OF FORCE BATON AND PHYSICAL | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S - STAFF, V - VISITOR, O - OTHER) | INMATES INVOLVED (PREFACE S - SUSPECT, V - VICTIM, W - WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) COOPER, U C/O | (S) HARRIS, H-63617 |
| ☒ RESPONDER | (S) HUMPHREY, L. C/O | C2-121L |
| ☐ WITNESS | (S) MCGUYER, K., LT | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER __N/A__ | ☐ OTHER __N/A__ | N/A | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On August 10, 2004, at approximately 1510 hours, Correctional Officer U. Cooper contacted me via telephone stating that inmate HARRIS, H-63617 had threatened her while out of his cell for his scheduled shower. HARRIS stated "Fucking midget bitch I'm going to fuck you up. " Officer Cooper asked HARRIS what he said HARRIS again stated "I'm going to fuck you off. " HARRIS then returned to his assigned cell. I notified Correctional Lieutenant K. McGuire of the threat against Officer Cooper.

Inmate HARRIS is currently under the following Indefinite Security restrictions: Behavior Control Suit, Yellow Lexan, Paper Tray, Food Delivery System.

HARRIS will be placed on Escort Status for a period of 10 days as a result of his threats against staff.

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | DATE |
|---|---|---|---|
| T. Bosley, Correctional Sergeant | | 34656 | 08/10/04 |
| REVIEWER'S SIGNATURE | APPROVED ☐ | CLARIFICATION NEEDED ☐ | DATE 8/16/04 |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C-1 - SUPPLEMENT**
CDC 887 C-1 (1/99)

DEPARTMENT OF CORRECTIONS

PAGE 1 OF 2

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|
| U. Cooper | 61919 | 8-10-04 | PBP-CO3-04-08 0500 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 4 yrs | C2 Floor | 1500 | 8-10-04 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| W/TH | 1400-2200 | C2 "F" Section Pod Door |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| Threat of Force or Violence Against a Public Official | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| [X] PRIMARY | (S) L. Humphry | (S) I/m Harris    H63617 C2-121 |
| [ ] RESPONDER | (S) Sgt. Bixley | |
| [ ] WITNESS | | |
| [ ] VICTIM | | |
| [ ] CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | LESS THAN LETHAL WEAPONS | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| [ ] LETHAL | [ ] MINI-14 | | [ ] 37MM | [ ] LETHAL |
| [ ] LESS LETHAL | [ ] SHOTGUN N/A | N/A | [ ] BATON N/A | [ ] LESS LETHAL |
| [ ] PHYSICAL | [ ] HANDGUN | | [ ] OC | [ ] PHYSICAL |
| [X] NONE | [ ] OTHER ____ | | [ ] OTHER____ | [X] NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| [ ] YES | N/A | N/A | [ ] YES | [ ] YES |
| [X] NO | | | [X] NO | [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| [ ] YES | N/A | N/A | [ ] YES | [ ] YES |
| [X] NO | | | [X] NO | [X] NO |

**NARRATIVE:**

On 8/10/04, at approx. 1500 hrs, while I was Assigned as C2 Floor Officer, I was sitting at the C2 Rotunda Officers Station after completing a cell search of I/m Harris, H63617, Solely occupying C2-121. I/m Harris had just Finished Showering, approached the F Pod Section door and asked What I took From my cell Search. I told him it was All written on his cell Search Reciept But that I took Excessive State Soap (approx 10 in a Brown Bag, Zip lock Bags & Unmarked Pills. I/m Harris then Became Beligerent and started cursing at me & making Threats. He said "Fucking Midget, Bitch I/m Gonna Fuck You Up". I said "What?" He stated "You heard Me Fucking little Midget, I'm Gonna Fuck You Off." He then aggressively Threw his Razor under the Pod Door & went Back to his cell without Further Incident. It is To Be noted The Tone in his voice was Threatening and I feel he was making a Direct Threat to my Safety.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| U. Cooper | 61919 | 8/10/04 |

| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| J. Bixley | [ ] | [ ] | 8/10/04 |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C-2-SUPPLEMENT**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

CDC 837 C-2  REV.(1/99)

| | INCIDENT LOG NUMBER |
|---|---|
| | PBP C02-0408-0520 |

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| Cooper, U | 101919 | 8-10-04 | 1520 |

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT     ☐ ADDITIONAL INFORMATION     ☐ CLARIFICATION REQUEST

NARRATIVE:

Officer C/o L. Humphry (C2 Control) observed & heard these threats & I notified Sgt. Bosley of this incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| U. Citizen | 101919 | 8-10-04 |
| REVIEWER'S SIGNATURE | APPROVED ☐ | CLARIFICATION NEEDED ☐ | DATE 8/10/04 |

STATE OF CALIFORNIA                                                  DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C-1 - SUPPLEMENT**

CDC 837 C-1 (1/99)                                          PAGE __1__ OF __2__

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| Humphrey, L. J. | | 43291 | 8-10-04 | PBP-C02-04-08-050 |

| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | REPORT DATE |
|---|---|---|---|
| 15-1 | C-2-Control | 1500 | 8-10-04 |

| RDOs | DUTY HOURS | INCIDENT LOCATION |
|---|---|---|
| S/S | 1400-2200 | C-2-F-Pod Door |

DESCRIPTION OF INCIDENT / CRIME                                CCR SECTION / RULE
Threat of force or violence against a Public Official    3005 (C)

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | ½ V. Cooper (S) | I/m Harris, H-63617, C-2-121 (S) |
| ☐ RESPONDER | ½ L. Humphrey (S) | |
| ☒ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | LESS THAN LETHAL WEAPONS | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI - 14 | | ☐ 37MM | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN  NONE | NA | ☐ BATON  NONE | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | | ☐ OC | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER _____ | | ☐ OTHER _____ | ☐ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | NA | NA | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | NA | NA | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:
On 8-10-04, at approximately 1442 hours, while
inmate Harris, H-63617 was in the shower, Officer
V. Cooper conducted a search of cell # C-2-121
which is solely occupied by inmate Harris, H-63617.
Upon completion of the cell search inmate Harris
approached the F-Pod door and asked Cooper
"What she took during the cell search. Cooper
informed Harris that all confiscated items
were listed on the cell search receipt. Harris
replied in a very serious demeanor and angry tone
keep it up midget bitch. Cooper asked Harris/ what
did you say? Harris stated " I will fuck you off midget

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| L. J. Humphrey | 43291 | 8-10-04 |

| REVIEWERS SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| | ☐ | ☐ | |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C-2-SUPPLEMENT

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

CDC 837 C-2  REV.(1/99)

| NAME (LAST, FIRST, MI) | BADGE NUMBER | INCIDENT LOG NUMBER |
| Humphrey, L. J | 43291 | PBP-C62-04-08-0560 |

| | INCIDENT DATE | INCIDENT TIME |
| | 8-10-04 | 1500 |

TYPE OF INFORMATION
[X] CONTINUATION OF REPORT     [ ] ADDITIONAL INFORMATION     [ ] CLARIFICATION REQUEST

NARRATIVE:

bitch. Harris returned to his cell without further incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
| L. J. Humphrey | 43291 | 8-10-04 |

| REVIEWER'S SIGNATURE | | APPROVED | CLARIFICATION NEEDED | DATE |
| | | [X] | [ ] | 8/10/04 |

# EXHIBIT  J

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**    804 SENT TO RECORDS ON 02-22-05    DEPARTMENT OF CORRECTIONS
*Entered into OBIS*

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | 2nd DEC -7 '1 8: 30 | | PBSP | C05-121L | C05-02-0021 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C5-121 | 02-22-05 | 1500 HRS |

CIRCUMSTANCES

On 02-22-05, at approximately 1500 hours, while I was assigned as C5 Floor Officer, I approached cell C5-121, solely occupied by inmate HARRIS, H-63617 to conduct a cell search. HARRIS was in the lower shower located directly next to cell 121. I completed the cell search and exited the cell. I observed HARRIS standing on the ledge on the left side of the shower stroking his erect penis with his left hand in an up and down motion, watching me. I exited the pod. After HARRIS had completed his shower; I called him to the F Pod door. I verbally counseled HARRIS. I asked HARRIS if I had ever disrespected him in anyway. He stated, "No." I told HARRIS that his behavior would not be tolerated and that he would receive a CDC 115 for further inappropriate behavior. HARRIS stated, "I'll try to stop." At approximately 1630 hours, while conducting count I entered F Pod. I approached cell 121, solely occupied by HARRIS. HARRIS had his erect penis in the window and was stroking his erect penis with his left hand in an up and down motion.                    (CONT. ON PART C)

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. MORRISON, CORRECTIONAL OFFICER | 2/23/05 | C5 FLOOR | 3/W  S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| Sergeant T. Bosley | 2/23/05 | DATE  N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | D | 2-23-05 | ▶ CCII J Cox | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| | ▶ S/O D. Morris | 02-25-05 | 1035 | 837 AB+C | 1) copy of DA. Dismiss issued to I/m |

| ☒ INCIDENT REPORT LOG NUMBER: P-C05-02-0070 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ S/O D. Morris | Revised 11-12-05 | 0940 | ▶ S/O D. Morris | 11-12-05 | 0940 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| CORRECTIONAL LIEUTENANT D. JAMES | | ▶ | 11/14/05 | 1715 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| ▶ CAPTAIN S.C. WHEELER | 11-22-05 | ▶ L.M. WILLIAMS A.W. | 11-23-05 | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ W. Coleman | 11-24-05 | 0725 |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C05-02-0021 | PBSP | 02-22-05 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

I told HARRIS he would be receiving a CDC 115 for his behavior. HARRIS did not respond and continued to stroke his penis. I finished the Institutional count in C11 and then notified Lieutenant T. Nelson of HARRIS' behavior. HARRIS is aware of this report. It should be noted that HARRIS is behind yellow lexan and is going out of his way by standing on something to give him enough height to expose himself in the window.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| J. Morrison, Correctional Officer | | 2-23-04 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 02-25-05 | 1035 |

CDC 115-C (5/95)

OSP 99 25082

TATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS
                                                                                            CDC C-128 B  5-87

AME: _Davif 7 Harris_    NUMBER: _H-63617_    CELL: _C5-121L_

On _11-16-05_ at approximately _1715_, inmate _HARRIS_, # _H-63617_ was asked to
ttend ICC_____, UCC_____, CDC 115 hearing for disciplinary log # _C05-12-0021 + C05-04-0024_ He refused. This
erification will be returned to the Classification Committee or Senior Hearing Officer.

_[signature]_                                          %o G. Grant _[signature]_
ımate signature                                       Staff witness (print and sign name)
_____Check line if inmate refuses to sign.            S/o S. MAYO _[signature]_
                                                      Staff witness (print and sign name)

RIG  :  C-File
     :  inmate

ATE _11/16/05_                                        PBSP    GENERAL CHRONO

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

D.,. ARTMENT OF CORRECTIONS

PAGE    1    OF    1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C05-02-0021 | PBSP | 11/21/05 |

☐SUPPLEMENTAL  ☑CONTINUATION OF:  ☐CDC 115 CIRCUMSTANCES  ☑HEARING  ☐I.E .REPORT  ☐OTHER

**Hearing**: On Wednesday, November 16, 2005 at approximately 1715 hours, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined. HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file. Per CCR 3320 (g)(3), the hearing was held in his absence.

**District Attorney**: On 2/25/2005, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution. On 11/8/2005, notice was received that the District Attorney does not intend to prosecute

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time constraints have been met. There are no due process issues.

**Staff Assistant**: There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.
**Investigative Employee**: HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.
**Video/photo evidence**: Photo and/or videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 02/22/2005, as well as the Incident report.

**Finding**: Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Morrison in the disciplinary report of 02/22/2005, wherein Officer Morrison testifies that she approached cell C5-121, solely occupied by HARRIS to search the cell. HARRIS was in the lower shower, directly next to cell 121. Officer Morrison saw HARRIS standing on the ledge on the left side of the shower, stroking his erect penis with his left hand in an up and down motion, while watching Officer Morrison. Later, during the 1630 hours count, she observed HARRIS standing on an unknown object to gain height necessary to expose his genitals over the yellow lexan and was again masturbating.

**Disposition**: Assessed **90** day credit forfeiture for this Div. D offense. HARRIS was informed that his credit restoration period began 02/23/2005 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Appeal rights were explained. HARRIS was referred to CCR §3084.1 for additional information on appeal procedures.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|---|
| D. JAMES | | Correctional Lieutenant | 11/21/05 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: |
| | W. Colemen | | 11-24-05 | 0725 |

# SERIOUS RULES VIOLATION REPORT PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 02-22-05 | PBSP | C05-02-0021 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ *Earnest Harris* | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ *Earnest Harris* | DATE 02-25-05 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| Nov. 8, 2005 | DA. Dismiss | | |
| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ | | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | (☒) *Earnest Harris* | 11-12-05 |
| ☐ ASSIGNED | DATE | NAME OF STAFF N/A – | |
| ☒ NOT ASSIGNED | REASON DNMC PER CCR # 3315 (d) (2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☒ WAIVED BY INMATE | (☒) *Earnest Harris* | 11-12-05 |
| ☐ ASSIGNED | DATE | NAME OF STAFF None | |
| ☒ NOT ASSIGNED | REASON DNMC PER CCR # 3315 (d) (1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | | DATE |
|---|---|---|---|

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | ▶ C/O D. Merrill | 1035 | 02-25-05 |

CDC 115-A (7/88) — *If additional space is required use supplemental pages* — OSP 03 74845

# Notice of Action

Date    :  10-23-2005_____

To      :  L.M. WILLIAMS  A.W. (A)_____
           Chief Disciplinary Officer

From    :  Department of Corrections
           Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Disciplinary log number:        C05-02-0021_____

Inmate name:                    HARRIS_____

CDC#                            H-63617_____

☐  CDC 115 voided /dismissed  (circle one) on this date:_____ for the following reason:_____
_____
_____

(Disciplinary log must show this action as voided and include Facility Captain signature)

☐  Reduced to a CDC 128 A or B on _____ for the following reason:_____
_____
_____

(Once it has been classified, this must be approved by Facility Captain signature)

☐  Postponed pending DA
        Date referred to DA:  03-17-2005_____
        Incident package number:  PBP-C05-05-02-0070_____
        Date inmate signed postponement request: 02-25-2005_____
        DA contact date: 08-11-2005_Current status:  DA ACCEPTED_____
        DA contact date:_____Current status:_____
        (If the inmate does not request postponement in writing, there is no postponement)

☐  Inmate transferred to another institution.
        Name of institution:_____Date of transfer:_____
        Date memo sent to new institution requesting hearing:_____
        Date follow up contact:_____Name of contact:_____
        Date follow up contact:_____Name of contact:_____

☐  Other_____
_____
_____


_W. Coleman_    _10-25-05_
Disciplinary Officer signature       Date


_____             _____  _10-25-05_
Facility Captain signature      Date    Chief Disciplinary Officer signature   Date

(This notice should be placed in register until final copy is received)

State of California

# Memorandum

Date   :  March 17, 2005

## DA REFERRAL
### (DETAINER)

To     :  Paul J. Dillard
          Central Services
          Associate Warden

From   :  Department of Corrections
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-C05-05-02-0070**

On February 22, 2005, inmate **HARRIS, H-63617**, committed the following violation of the California Penal Code Section:

　　　314        Indecent Exposure

As of March 17, 2005, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


K. R. THOMAS
Correctional Sergeant
Court Liaison Office


cc:   Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

State of California

# Memorandum

Date  :  August 11, 2005

## DA ACCEPTED

To   :  S. L. Kays
       Central Services
       Associate Warden (A)

From  :  Department of Corrections and Rehabilitation
        Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-C05-05-02-0070**

On February 22, 2005, inmate **HARRIS, H-63617,** committed the following violation of the California Penal Code Section:  .

      314           Indecent Exposure

On March 17, 2005, the case was presented to the Del Norte County District Attorney's for possible prosecution.

On August 10, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

      **COUNT I   314.1  Indecent Exposure**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
     Facility S&E
     Records
     Inmate
     CLO File

State of California

# Memorandum

Date   :   November 9, 2005

**DA DISMISS**
(AND DETAINER REMOVAL)

To     :   S. L. Kays
          Associate Warden (A)
          Central Services

From   :   Department of Corrections and Rehabilitation
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject :  **PBSP INCIDENT #PBP-C05-05-02-0070, CRPB05-5190**

On February 22, 2005, inmate **HARRIS, H-63617**, committed the following violation of the California Penal Code Section:

**314         Indecent Exposure**

On March 17, 2005, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On August 10, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT I   314.1  Indecent Exposure**

On November 8, 2005, the District Attorney's Office notified Pelican Bay State Prison that on November 3, 2005, the case was dismissed by the court and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

[ [ ]  COPY TO INMATE ON   11-12-05
       AT  0940  HOURS BY
       C/O  D. _____

cc:   Facility Captain
      Facility S&E
      Records
      Security Squad
      Inmate
      OTC Desk
      CLO File

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART A – COVER SHEET**
CDC 837–A (Rev. 09/03)

AMMENDED  03-01-05

DEPARTMENT OF CORRECTIONS

SHU

| | | |
|---|---|---|
| PAGE 1 OF 4 | INCIDENT LOG NUMBER PBP-C05-05-02-0070 | INCIDENT DATE 02-22-05 | INCIDENT TIME 1500 Hours |

| INSTITUTION PBSP | FACILITY C SHU | FACILITY LEVEL ☐ I ☐ II ☐ III ☒ IV | INCIDENT SITE Bldg. #5 | LOCATION F Pod | ☐ ASU ☒ SHU ☐ PSU ☐ PHU ☐ SNY ☐ GP ☐ RC ☐ RC SEG YARD ☐ CC ☐ W/A ☐ RM | USE OF FORCE ☐ YES ☒ NO |

| SPECIFIC CRIME / INCIDENT INDECENT EXPOSURE | ☒ CCR ☐ PC ☐ N/A NUMBER/SUBSECTION: 3007 |

| D.A REFERRAL ELIGIBLE ☒ YES ☐ NO | SERT ACTIVATED ☐ YES ☒ NO | NMT ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUEST ☐ YES ☒ NO | PIO/AA NOTIFIED ☐ YES ☒ NO |

RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|---|
| ☐ INMATE ☐ STAFF ☐ VISITOR ☐ OTHER ☒ N/A | ☐ ACCIDENTAL ☐ SUICIDE ☐ EXECUTION ☐ NATURAL ☐ HOMICIDE ☐ OVERDOSE ☐ UNKNOWN ☒ N/A | ☐ ON INMATE ☐ ON STAFF ☐ ON VISITOR ☐ OTHER: ☒ N/A | ☐ BEATING ☐ SPEARING ☐ GASSING ☐ STABBING ☐ POISONING ☐ STRANGLING ☐ SEXUAL ☐ OTHER: ☐ SHOOTING ☐ SLASHING ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | SHOTS FIRED / TYPE WEAPON / FORCE |
|---|---|---|

(see form)

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On 02-22-05, at approximately 1500 and 1630 hours, inmate HARRIS exposed his genitalia to the view of Correctional Officer J. Morrison.

SUSPECTS: HARRIS, E., H-63617, A5-121

MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION: Inmate HARRIS was not a participant in the Mental Health Delivery System at the time of this incident.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) T. L. NELSON | TITLE Lieutenant | ID # 1161053 | BADGE # 30752 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT 6682 | DATE 03-01-05 |
| NAME OF WARDEN/ AOD (PRINT/SIGN) | | TITLE | DATE 4/28/05 |

CRIME / INCIDENT REPORT
PART A1 – SUPPLEMENT
CDC 837 – A1 (09/03)

AMMENDED
03-01-05

| PAGE | 2 | OF | 4 | INCIDENT LOG NUMBER PBP-C05-05-02-0070 |
|---|---|---|---|---|

| INSTITUTION Pelican Bay State Prison | FACILITY C-SHU | DATE OF INCIDENT 02-22-05 | TIME OF INCIDENT 1500 Hours |
|---|---|---|---|

TYPE OF INFORMATION
☒ SYNOPSIS/SUMMARY OF INCIDENT ☐ SUPPLEMENTAL INFORATION ☐ AMENDED INFORMATION ☐ CLOSURE REPORT

NARRATIVE:

On Tuesday, February 22, 2005, at approximately 1500 hours, Correctional Officer J. Morrison had been conducting a cell search of inmate HARRIS' cell, C5-121 while he was in the unit shower. After completing the cell search, Officer Morrison stepped out of the cell which was located next to the shower and she saw inmate HARRIS standing on the ledge of the shower exposing himself while masturbating. At approximately 1630 hours, Officer Morrison was conducting the 1630 hours institutional count when she entered "F" pod to count. Officer Morrison approached cell 121, solely occupied by HARRIS, and saw HARRIS exposing himself again while masturbating.

MEDICAL REPORTS/INJURIES TO STAFF: There were no injuries to staff reported or complained of as a result of this incident.

MEDICAL REPORTS/INJURIES TO INMATES: There were no injuries to HARRIS reported or complained of and a medical report was not required.

CRIME SCENE/EVIDENCE: A crime scene was not established and no evidence was collected.

USE OF FORCE: No force was used during this incident.

STATUS OF VIDEOTAPED INTERVIEW: No videotaped interview was conducted because there were no head injuries, no serious injuries or force allegations made during this incident.

ESCORTS: No escorts were required or conducted during this incident.

CONCLUSION: Inmate HARRIS will be charged under the California Code of Regulations (CCR), Title 15, Section 3007, SEXUAL BEHAVIOR, Specifically INDECENT EXPOSURE as a Division D (5) Offense. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

NOTIFICATIONS: The Administrative Officer of the Day, Captain S. Wheeler, the Bargaining Unit and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) T. L. NELSON | TITLE Lieutenant | ID # 1161053 | BADGE # 30752 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT 6682 | DATE 03-01-05 |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 2/22/05 | 1500 hours | PBP-C05-05-02-0070 |

**INMATES**

| NAME: LAST | FIRST | MI | CDC | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| HARRIS,ERNEST | | | H-63617 | Male | BLA | | |

| CHECK ONE | CLASS SCORE | PV RTC | DATE BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 534 | ☐ YES ☒ NO | 1/25/1993 | 9/12/2002 | 01-04-2007 | ☐ YES ☒ NO | 1/30/1970 | C5-121L |
| ☒ SUSPECT | | | | | | | | |
| ☐ WITNESS | | | | | | | | |

| ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|
| ☐ MHCB ☐ DDP ☒ NA | | SACRAMENTO |

DESCRIPTION OF INJURIES  N/A

PRISON GANG / DISRUPTIVE GROUP
NONE NOTED

☐ N/A                    ☐ VALIDATED    ☐ ASSOCIATED    ☐ N/A

| ☐ N/A | | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|
| ☐ HOPSITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | ☒ N/A N/A |
| ☐ DECEASED DATE: _____ | | ☒ N/A |

CRIME / INCIDENT REPORT
PART B-INVOLVED PARTIES
PAGE 4 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 2/22/05 | 1500 hours | PBP-C05-05-02-0070 |

**STAFF/VISITORS/OTHERS**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| NELSON, T. | | | Correctional Lieutenant | Male | White | W/T |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ VICTIM  ☐ CAMERA | 30752 | N/A | 380174 | C Program Lieutenant |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: N/A | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☐ N/A | | | |

| | | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ HOSPITALIZED | | N/A | ☐ YES  ☒ NO | |
| ☐ REFUSED TREATMENT | | ☒ N/A | TYPE: | ☐ YES  ☒ NO |
| ☐ DECEASED DATE: | ☒ N/A | | | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| MORRISON, J. | | | Correctional Officer | Female | White | S/M |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ VICTIM  ☐ CAMERA | 62112 | N/A | 382095 | C5 Floor Officer |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: None Noted | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| | | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ HOSPITALIZED | | N/A | ☐ YES  ☒ NO | |
| ☐ REFUSED TREATMENT | | ☒ N/A | TYPE: | ☐ YES  ☒ NO |
| ☐ DECEASED DATE: | ☒ N/A | | | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

PAGE _1_ OF _2_

INCIDENT LOG NUMBER
PBP-C05-02-0070

| NAME: LAST | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|
| MORRISON I | J | | | 2-22-05 | 1500 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 382095 | C5 FLOOR | YR. | MO. | 2-22-05 | C5 F POD |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|---|
| S/M | 14-22 | INDECENT EXPOSURE WITH PRIORS | | 3007 | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | LT. T. NELSON | (S) HARRIS    H-63617 |
| ☐ RESPONDER | C/O J. MORRISON | |
| ☐ WITNESS | | |
| ☒ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | SHOTS FIRED BY YOU |
|---|---|---|

| FORCE USED BY YOU | | CHEM. TYPE: | | TYPE: | NO: | | NO: |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | | | | | 9 MM | |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM | | | 38 CAL | |
| ☒ NONE | ☐ 38 CAL | ☐ CN | L8 | | | MINI-14 | |
| | ☐ SHOTGUN | ☐ CS | | | | | |
| FORCE OBSERVED BY YOU | | ☐ OTHER: | 40 MM | | | | |
| ☐ WEAPON | ☐ 37 MM  ☐ L8 | | 40 MULTI | | | ☒ N/A | |
| ☐ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI  ☒ N/A | | | | | | |
| ☒ NONE | ☐ HFWRS  ☐ BATON | | SHOTGUN | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ YES  ☒ NO | ☒ YES  ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES  ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER: | ☐ YES  ☒ NO |

NARRATIVE: ON FEBRUARY 22, 2005 AT APPROXIMATELY 1500 HRS WHILE ASSIGNED AS C5 FLOOR OFFICER, I APPROACHED CELL C5-121 SOLELY OCCUPIED BY INMATE HARRIS H-63617 TO CONDUCT A CELL SEARCH. I/M HARRIS WAS IN THE LOWER SHOWER LOCATED DIRECTLY NEXT TO CELL 121. I COMPLETED MY CELL SEARCH AND EXITED THE CELL. I OBSERVED I/M HARRIS STANDING ON THE LEDGE ON THE LEFT SIDE OF THE SHOWER STROKING HIS ERECT PENIS WITH HIS LEFT HAND IN A UP AND DOWN MOTION; WATCHING ME. I EXITED THE POD AND CONTINUED PROGRAM. I/M HARRIS HAD COMPLETED HIS SHOWER AND I CALLED HIM TO THE F POD DOOR. I VERBALLY COUNSELED INMATE HARRIS

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| J. MORRISON | C/O | 62112 | | 2-22-05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| Nelson T.L.  T. Nelson LT | 2-22-05 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | |

Distribution:   Original:  Incident Package     Canary: Reporting Employee     Pink: Reviewing Supervisor

PART C1- SUPPLEMENT
CDC 837-C1 (Rev. 09/03)

PAGE __2__ O __2__

DR NUMBER
PBP-COS-02-0070

| NAME: LAST | FIRST | MI |
|---|---|---|
| MORRISON | J. | |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT   ☐ CLARIFICATION OF REPORT   ☐ ADDITIONAL INFORMATION

NARRATIVE:    I ASKED 'I/M HARRIS IF AT ANYTIME I HAD DISRESPECTED HIM AND 'I/M HARRIS STATED "NO." I TOLD 'I/M HARRIS THAT HIS BEHAVIOR WOULD NOT BE TOLERATED AND THAT FUTURE BEHAVIOR WOULD RESULT IN A 115 EVERYTIME. 'I/M HARRIS STATED "OH I'LL TRY TO STOP. AT APPROXIMATELY 1630 HRS WHILE CONDUCTING COUNT I ENTERED F POD. I APPROACHED CELL 121 SOLELY OCCUPIED BY I/M HARRIS 'I/M HARRIS HAD HIS PENIS (ERECT) IN THE WINDOW AGAIN STROKING HIS PENIS WITH HIS LEFT HAND IN A UP AND DOWN MOTION. I TOLD 'I/M HARRIS THAT HE WOULD BE RECIEVING 2 CDC 115'S FOR HIS INAPPROPRIATE BEHAVIOR. 'I/M HARRIS DID NOT RESPOND, BUT CONTINUED TO STROKE HIS PENIS WATCHING ME. I FINISHED MY COUNT AND EXITED THE POD. I CONTACTED LEIUTENANT T. NELSON ABOUT THE SITUATION. 'I/M HARRIS IS AWARE OF THIS REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| C/O J. MORRISON | C/O | 62112 | | 2-22-05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| NELSON T.L. | 2-22-05 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:   Original: Incident Package   Canary: Reporting Employee   Pink: Reviewing Supervisor

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

804 SENT TO RECORDS ON 09-08-04
*Filtered into DBIS*

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | USPD 3-27-2023 | PBSP | C02-121L | C04-09-0007 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C2-121 | 09-07-04 | 1530 HRS |

CIRCUMSTANCES

On 09-07-04, at approximately 1530 hours, while I was assigned as C2 Floor Officer, I entered F Pod to pass out mail and approached cell C2-121, solely occupied by inmate HARRIS, H-63617. I announced, "Mail, HARRIS." HARRIS would not come to his cell front. I said, "Last two?" HARRIS did not reply. I told HARRIS, "If you want your mail, turn on your cell light and give me your last two of your CDC number." HARRIS still did not reply. I looked into his window for a security check. His television was on and I could see HARRIS sitting on the bottom bunk with his penis out stroking it while looking at me. I left his cell front without delivering his mail. It is also to be noted, last night (09-06-04), at the 2100 hour Institutional Count, HARRIS would not turn on his light. I announced, "Count Time HARRIS, I need to see you, turn on your light." HARRIS did not reply, so I looked into his window and I could see him from the light from his television. HARRIS yelled out, "Don't ask me to turn on my light again!" I told HARRIS, "If I can't see you at count time, I will order you to turn on your lights."

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ U. COOPER, CORRECTIONAL OFFICER  *U. Cooper* | 9-12-04 | C2 FLOOR | 3AW W/TH |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ Sergeant N. Haggstrom  *N. Haggstrom Sgt.* | 9/12/04 | DATE  N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|
| ☐ ADMINISTRATIVE | D | ▶ CCI N. Cox | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | 9-13-04 | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE)  ▶ C/O D. Mould | DATE 9-13-04 | TIME 1230 | TITLE OF SUPPLEMENT  837 AB+C |
|---|---|---|---|---|

| ☒ INCIDENT REPORT LOG NUMBER:  PCO2040905838 | BY: (STAFF'S SIGNATURE)  ▶ C/O D. Mould | DATE 09-13-04 | TIME 1230 | BY: (STAFF'S SIGNATURE)  ▶ C/O D. Mould | DATE 9-13-04 | TIME 1230 |
|---|---|---|---|---|---|---|

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| Lieutenant J.A. Guinn, SHO | ▶ | 6/27/05 | 0840 |
| REVIEWED BY: (SIGNATURE)  ▶ Captain S. Wheeler | DATE  7-5-05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE  ▶ L.M. Williams, (A) A.W. | DATE  7-6-05 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE)  ▶ C/O R. Decker | DATE  7-7-05 | TIME  1140 |

CDC 115 (7/88)

STATE OF CALIFORNIA                              DₑARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                  PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C04-09-0007 | PBSP | 6/27/05 |

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |

**Hearing**:    On JUNE 27, 2005 at approximately 0840, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined.  HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file. Per CCR 3320 (g) (3), the hearing was held in his absence.

**District Attorney**:  On September 13, 2004, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution.  On June 7, 2005, notice was received that this had been resolved with a finding of GUILTY BY NEGOTIATED PLEA on the charge of BATTERY UPON A PERSON NOT A PRISONER; all other charges were dismissed as a part of the plea bargain.  Per CCR 3316 (c) (3), a court finding of guilty or not guilty, resulting from a trial, shall be accepted as a finding of fact on the same charges in a disciplinary hearing.

**Due Process**:   The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges.  Time constraints have been met.  There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required.  The SHO concurs.  There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant**:  There is no reason to believe that HARRIS is illiterate or does not speak English.  The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing.  Staff Assistant will not be assigned.

**Investigative Employee**:   HARRIS has no apparent interest in an investigation on his behalf.  The issues are not complex and available information is sufficient.  I.E. assignment is unnecessary.

**Witnesses**:   No witnesses were called to this hearing.  None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**:  Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of September 7, 2004 and the Incident Report

**Finding**:    Guilty of the Div. D (5) offense INDECENT EXPOSURE.  This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm.  **Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront.**  This finding is based upon the following preponderance of evidence:

A.  The testimony of CORRECTIONAL OFFICER U. COOPER via the disciplinary report of September 7, 2004, wherein COOPER indicates that while she was conducting her duties, she was required to look into the cell which was occupied by HARRIS, as HARRIS would not respond to two prior attempts to pass his mail.  When she looked into the cell, COOPER could see HARRIS sitting on the bottom bunk with his penis out stroking it, while looking at COOPER.
B.  SHO has determined that HARRIS utilized state supplied electrical power via utilization of the light from the television to illuminate his genitalia to the view of COOPER. This determination is based on the fact that HARRIS looked directly at

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| J.A. GUINN | | Correctional Lieutenant | 6/27/05 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
| | % UROUARK | 7-7-05 | 1140 |

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

PAGE __2__ OF __2__

| CDC NUMBER H-63617 | INMATE'S NAME HARRIS | LOG NUMBER C04-09-0007 | INSTITUTION PBSP | TODAY'S DATE 6/27/05 |
|---|---|---|---|---|

☐SUPPLEMENTAL  ☑CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☑HEARING    ☐I.E .REPORT    ☐OTHER

COOPER while masturbating directly in front of the operating television. This utilization is clearly a misuse of state provided services or supplies

**Disposition:** Assessed 90 day credit forfeiture for this Div. D offense. With this notice, HARRIS is informed that his credit restoration period began September 8, 2004 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties:** Per CCR 3177 (b)(1)(A), this inmate has been found guilty of an offense listed in CCR 3177(b)(1). This inmate should be reviewed for prohibition against all future family visits.

The right to own and use an appliance is a privilege. This offense was motivated by misuse of this privilege. For this reason, punishment of this offense should include temporary suspension of this privilege. Power privileges for this inmate are restricted from the date of this hearing through September 25, 2005 for a total of 90 days. During this restriction, HARRIS will retain possession of this television in his cell. This appliance will remain unplugged from the plumbing chase and HARRIS will not be allowed electricity from any other source.

**Copies:** Inmate Trust Office, Canteen, Program Lieutenant

| SIGNATURE OF WRITER J.A. GUINN | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 6/27/05 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 7-7-05 | TIME SIGNED: 1140 |

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT   PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 09-07-04 | PBSP | C04-09-0007 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ | **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ✗ Earnest Harris | 09-13-04 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| 6-07-05 | Judgement + Sentence | | |

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED   ☐ WAIVED BY INMATE | | ✗ Earnest Harris | 06-21-05 |
| ☐ ASSIGNED | DATE | NAME OF STAFF  — N/A — | |
| ☒ NOT ASSIGNED | REASON   Does not meet criteria per CCR 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED   ☐ WAIVED BY INMATE | | ✗ Earnest Harris | 06-21-05 |
| ☐ ASSIGNED | DATE | NAME OF STAFF  — None — | |
| ☒ NOT ASSIGNED | REASON   Does not meet criteria per CCR 3315 (d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:   None

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N  A | ☐ | ☐ | N  A | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) COPY OF JUDGMENT & SENTENCE
ISSUED TO I/M ON 06-21-05
@ 1730 HRS. BY C/O D. Mount

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE)   C/O D. Mount | TIME   1730 | DATE   09-13-04 |
|---|---|---|---|

CDC 115-A (7/88)                 — If additional space is required use supplemental pages —                 OSP 03 74845

State of California

*SHO*

# Memorandum

Date : June 7, 2005

## JUDGMENT & SENTENCE

To    : Paul J. Dillard
        Central Services
        Associate Warden

From  : Department of Corrections
        Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT NUMBERS PBP-C11-03-08-0493, PBP-C11-03-10-0634, PBP-C02-04-04-0254, PBP-C02-04-08-0500, PBP-C02-04-08-0530, AND PBP-C02-04-09-0538

On June 7, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate HARRIS, H-63617.

On May 19, 2005, the Del Norte County Court found the above named inmate GUILTY BY NEGOTIATED PLEA. On Count VIII (PBP-C02-04-08-0530), for the offense of Penal Code (PC) 4501.5, Battery Upon a Person not a Prisoner, the court sentenced the above named inmate to one (1) year consecutive.    Count I (PBP-C11-03-10-0634), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, and COUNT IV (PBP-C11-03-10-0634), for the offense of PC 314, Indecent Exposure, were dismissed as part of the Negotiated Plea. Count II (PBP-C02-04-08-0500), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, was dismissed as part of the Negotiated Plea. Count III (PBP-C02-04-08-0530), for the offense of PC 664/4501.5, Attempted Battery Upon a Person not a Prisoner, was dismissed as part of the Negotiated Plea. Count V (PBP-C11-03-08-0493), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VI (PBP-C02-04-04-0254), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VII (PBP-C02-04-09-0538), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea, resulting in a total term of one (1) year consecutive.

Please release the detainer placed by the Court Liaison's Office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
     Facility S&E
     Records
     Evidence Officer
     Inmate
     CLO File

[ / ] COPY TO INMATE ON _06-21-05_
AT _1230_ HOURS BY
C/O _D. MOUNT_

State of California

# Memorandum

Date   :   November 4, 2004

## DA ACCEPTED

To     :   Paul J. Dillard
           Central Services
           Associate Warden

From   :   Department of Corrections
           Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  PBSP INCIDENT #PBP-C02-04-09-0538

On September 7, 2004, inmate **HARRIS, H-63617,** committed the following violation(s) of the
California Penal Code Section(s):

        314            Indecent Exposure

On September 22, 2004, the case was presented to the Del Norte County District Attorney's for
possible prosecution.

On November 4, 2004, the Del Norte County District Attorney's Office notified Pelican Bay
State Prison that their office issued a complaint charging the above named inmate(s) with the
following violation(s) of the Penal Code Section(s):

        **COUNT VII        314.1  Indecent Exposure**

You will be apprised of the outcome of this case.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

State of California

# Memorandum

Date    : September 22, 2004

# DA REFERRAL
## (DETAINER)

To      : Central Services
          Associate Warden

From    : Department of Corrections
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : **PBSP INCIDENT #PBP-C02-04-09-0538**

On September 7, 2004, inmate(s) **HARRIS, H-63617,** committed the following violation(s) of the California Penal Code Section(s):

> **314**        **Indecent Exposure**

As of September 22, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate(s) pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

    cc:   Facility Captain
          Facility S&E
          Records
          Inmate
          CLO File

STATE OF CALIFORNIA

SHU

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
# PART A–COVER SHEET

CDC 837-A (11/91)

PAGE 1 OF 4

INCIDENT LOG NUMBER

PBP-C02-04-09-0538

| INSTITUTION / FACILITY | INCIDENT SITE / LOCATION | | |
|---|---|---|---|
| Pelican Bay State Prison | Security Housing Unit, Unit C2, Cell 121, Level IV | DATE INCIDENT 09/07/04 | TIME INCIDENT 1530 Hours |

| SPECIFIC CRIME / INCIDENT | D.A. REFERRAL | SECTION / CODE / RULE |
|---|---|---|
| Indecent Exposure | ☒ YES ☐ NO | 3007 |

☐ SERT ACTIVATED ?  ☐ NEGOTIATION TEAM ACTIVATED ?  ☐ MUTUAL AID REQUESTED ?  ☐ MEDIA NOTIFIED ?

RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATHS | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ Staff | ☐ Homicide | ☐ On Staff | ☐ Beating | ☐ Strangling |
| ☐ Visitor | ☐ Suicide | ☐ On Visitor | ☐ Shooting | ☐ Slashing |
| ☐ Inmate | ☐ Accidental | ☐ On Inmate | ☐ Stabbing | ☐ Sexual |
| ☐ Other | ☐ Natural | ☐ Other_____ | ☐ Spearing | ☐ Other: |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ Poisoning | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED | |
|---|---|---|---|---|
| ☐ Staff | ☐ Firearm | ☐ Stabbing Instrument | ☐ Yes ☒ No | ☐ 38Cal ☐ Physical holds |
| ☐ Visitor | ☐ Knife | ☐ Hands/Feet | | ☐ Mini 14 |
| ☐ Inmate | ☐ Spear | ☐ Club/Bludgeon | Number Fired ____ | ☐ Shotgun |
| ☐ Accidental | ☐ Explosive | ☐ Caustic Substance | ESCAPES | ☐ 37 MM |
| ☐ Attempted | ☐ Projectile | ☐ Other _____ | ☐ With Force | ☐ 40 MM |
| ☐ Suicide | ☐ Slashing Instrument | ☐ Inmate Manufactured | ☐ Without Force | ☐ Chemical Agents |
| ☐ Other____ | ☐ Commercial | ☒ N/A | ☐ Attempted | ☐ PR 24 |
| ☒ N/A | | | | ☐ 9MM |

| SUSPECTED CONTROLLED SUBSTANCE | LOCKDOWNS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|
| ☐ Heroin/Opiates | ☐ YES ☒ NO | ☐ Major Disturbance | ☐ Employee Job Action |
| ☐ Cocaine | | ☐ Inmate Strike | ☐ Major Power Outage |
| ☐ Marijuana | If yes, list affected programs below: | ☐ Public Demonstration | ☐ Explosion |
| ☐ Amphetamine | | ☐ Inmate Demonstration | ☐ Fire |
| ☐ Barbiturate | | ☐ Natural Disaster | ☐ Hostage |
| ☐ LSD | | ☐ Environmental Hazard | ☐ Gang Involved |
| ☐ PCP | | ☐ "Special Interest Inmate" | ☐ Other_____ |
| ☐ Methamphetamine | | ☐ Weather | |
| ☒ N/A | | ☒ N/A | |

DESCRIPTION OF CRIME / INCIDENT

SUSPECT: HARRIS, H-63617, C2-121L.

VICTIM: Correctional Officer U. Cooper.

Tuesday, September 7, 2004, at approximately 1530 hours, inmate HARRIS intentionally exposed his penis and masturbated to Correctional Officer U. Cooper.

Specifically: while passing out mail, Officer Cooper approached cell C2-121, solely occupied by HARRIS. Officer Cooper asked HARRIS to confirm his CDC number. Inmate HARRIS failed to respond to Officer Cooper. Officer Cooper attempted to observe HARRIS through the window in the yellow covered cell front to verify his safety and security. Officer Cooper observed HARRIS sitting

☑ CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY S. WHEELER CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| McGuyer, Correctional Lieutenant | 43965 | 14 Years | 09/07/04 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C — SUPPLEMENTAL
CDC 837-C (11/91)

PAGE 2 OF 4

INCIDENT LOG NUMBER
PBP-C02-04-09-0538

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT |
|---|---|---|
| Pelican Bay State Prison, Security Housing Unit, Unit C2, Cell 121, Level IV | 09/07/04 | 1530 Hours |

TYPE OF INFORMATION

[x] CONTINUING DESCRIPTION OF INCIDENT (PART A)    [ ] SUPPLEMENTAL INFORMATION    [ ] CLOSURE REPORT

on the lower bunk with his penis out, stroking it while looking at her in the window. Officer Cooper immediately left the cell front. This cell is equipped with a yellow Lexan identifier.

MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION: Inmate HARRIS was not a participant in the Mental Health Delivery System at the time of this incident.

USE OF FORCE: There was no use of force as a result of this incident.

STATUS OF VIDEOTAPED INTERVIEW: No videotape interview was conducted because there were no Head Injuries, no Serious Injures or Force Allegations made during this incident.

CONCLUSION: Inmate HARRIS will be charged under the California Code of Regulations (CCR), Title 15, Section 3007, a division D offense, Specifically, Indecent Exposure. This case has been referred to the Del Norte County District Attorneys Office for possible prosecution. HARRIS was housed in a cell with yellow Lexan identifier at the time of this occurrence.

NOTIFICATIONS: The Administrative Officer of the Day, PIA Manager D. Kaufman, the Bargaining Unit and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

OVERTIME: There was no overtime incurred as a result of this incident.

[ ] CHECK HERE IF DESCRIPTION IS CONTINUED ON 837-C

REVIEWED BY S. Wheeler, CAPTAIN

| NAME/TITLE/SIGNATURE OF REPORTING STAFF | BADGE/I.D. # | YEARS SERVICE | DATE |
|---|---|---|---|
| K.L. McGuyer, Correctional Lieutenant | 43965 | 14 Years | 09/07/04 |
| AUTHORIZED SIGNATURE/TITLE (INSTITUTIONAL USE) | | | DATE |

STATE OF GALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART B-INVOLVED PARTIES

PAGE 3 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 9/7/04 | 1530 HOURS | PBP-C02-04-09-0538 |

INMATES

| NAME (LAST, FIRST, MI) | | | | SEX | ETHNICITY | | CLASS. SCORE |
|---|---|---|---|---|---|---|---|
| HARRIS, ERNEST | | | | MALE | BLA | | 370 |

| CHECK ONE | CDC NUMBER | CII# | FBI# | SSN# | PV-RTC? |
|---|---|---|---|---|---|
| ☐ VICTIM | H-63617 | NA | NA | NA | ☐ YES  ☒ NO |
| ☒ SUSPECT | DATE REC'D BY CDC | DATE REC'D BY INST. | ANTICIPATED RELEASE DATE | DATE OF BIRTH | HOUSING ASSIGNMENT |
| ☐ WITNESS | 1/25/1993 | 9/12/2002 | 01-04-2007 | AGE: 34 | C2-121L |

| DESCRIPTION OF INJURIES | COUNTY OF COMMITMENT |
|---|---|
| N/A | SACRAMENTO |
| | PRISON GANG/ DISRUPTIVE GROUP (VALIDATED) |
| | NONE NOTED |

CHECK ALL THAT APPLY

☐ HOSPITALIZED  ☐ TREATED AND RELEASED  ☐ REFUSED TREATMENT  ☐ DECEASED

LOCATION OF HOSPITAL/TREATMENT
N/A

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART B-INVOLVED PARTIES

PAGE 4 OF 4

| INSTITUTION/FACILITY | DATE INCIDENT | TIME INCIDENT | INCIDENT LOG NUMBER |
|---|---|---|---|
| Pelican Bay State Prison | 9/7/04 | 1530 HOURS | PBP-C02-04-09-0538 |

**STAFF/VISITORS/OTHERS**

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| McGUYER, K.L. | CORRECTIONAL LIEUTENANT | MALE | WHITE | T/F |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 43965 | FACILITY C PROGRAM | N/A |
| ☐ SUSPECT | ☐ VISITOR | | DESCRIPTION OF INJURIES | |
| ☒ WITNESS | ☐ OTHER | | None Noted | |

CHECK ALL THAT APPLY

| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | LOCATION OF HOSPITAL/TREATMENT N/A |
|---|---|---|---|---|

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| BOSLEY, T. F. | CORRECTIONAL SERGEANT | MALE | WHITE | S/S |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☐ VICTIM | ☒ STAFF | 34656 | C 1-6 FACILITY SERGEANT | N/A |
| ☐ SUSPECT | ☐ VISITOR | | DESCRIPTION OF INJURIES | |
| ☒ WITNESS | ☐ OTHER | | None Noted | |

CHECK ALL THAT APPLY

| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | LOCATION OF HOSPITAL/TREATMENT N/A |
|---|---|---|---|---|

| NAME (LAST, FIRST, MI) | TITLE | SEX | ETHNICITY | REGULAR DAYS OFF |
|---|---|---|---|---|
| COOPER, U. | CORRECTIONAL OFFICER | FEMALE | OTHER | W/T |

| CHECK ONE | CHECK ONE | BADGE / ID# | POST ASSIGNMENT | ID NUMBER |
|---|---|---|---|---|
| ☒ VICTIM | ☒ STAFF | 61919 | C- 2 Floor | N/A |
| ☐ SUSPECT | ☐ VISITOR | | DESCRIPTION OF INJURIES | |
| ☒ WITNESS | ☐ OTHER | | None Noted | |

CHECK ALL THAT APPLY

| ☐ HOSPITALIZED | ☐ TREATED AND RELEASED | ☐ REFUSED TREATMENT | ☐ DECEASED | LOCATION OF HOSPITAL/TREATMENT N/A |
|---|---|---|---|---|

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART C-1 - SUPPLEMENT
CDC 837 C-1

PAGE __1__ OF __1__

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | INCIDENT DATE | INCIDENT REPORT NUMBER |
|---|---|---|---|---|
| BOSLEY, T. F. | | 34656 | 09/07/04 | PBP-C02-04-09-0538 |
| LENGTH OF SERVICE | POST DESCRIPTION | INCIDENT TIME | | REPORT DATE |
| 16 years, 9 months | Facility C 1/6 Program Sergeant | 1530 HOURS | | 09/07/04 |
| RDO's | DUTY HOURS | INCIDENT LOCATION | | |
| S/S | 1400-2200 | Facility C - 2 F pod | | |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| INDECENT EXPOSUER | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S - STAFF, V - VISITOR, O - OTHER) | INMATES INVOLVED (PREFACE S - SUSPECT, V - VICTIM, W - WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) COOPER, U C/O | (S) HARRIS, H-63617 |
| ☒ RESPONDER | (S) MCGUYER, K., LT | C2-121L |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | LESS THAN LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI 14 | ☐ 37MM | | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | ☐ BATON | | ☐ LESS LETHAL |
| ☐ PHYSICAL | ☐ HANDGUN | ☐ OC | | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER __N/A__ | ☐ OTHER __N/A__ | N/A | ☒ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:

On September 7, 2004 at approximately 1540 hours, Correctional Officer U. Cooper contacted me via telephone stating that inmate HARRIS, H-63617, C2-121L had failed to respond when she called for his last two numbers of his California Department of Corrections number in order to process his incoming mail. Officer then looked into the cell through the window in the yellow covered cell front to perform a Security check of inmate HARRIS. When she looked through the window she observed HARRIS sitting on the lower bunk with his penis out stroking it while looking at her in the window. I notified Correctional Lieutenant K. McGuyer of the indecent exposure perpetrated against Officer Cooper.

Inmate HARRIS is currently under the following Indefinite Security restrictions: Behavior Control Suit, Yellow Lexan, Paper Tray, Food Delivery System.

| NAME (LAST, FIRST, MI) | | BADGE NUMBER | DATE |
|---|---|---|---|
| T. Bosley, Correctional Sergeant | | 34656 | 09/07/04 |
| REVIEWERS SIGNATURE | ☐ APPROVED | ☐ CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA

# CRIME / INCIDENT REPORT
## PART C-1 - SUPPLEMENT
CDC 837 C-1 (1/99)

DEPARTMENT OF CORRECTIONS

PAGE _1_ OF _1_

| NAME (LAST, FIRST, MI) | | | BADGE NUMBER | INCIDENT DATE | INCIDENT LOG NUMBER |
|---|---|---|---|---|---|
| COOPER, L | | | 61919 | 9-7-04 | PBP-CO2-0409-0538 |
| LENGTH OF SERVICE | POST DESCRIPTION | | INCIDENT TIME | REPORT DATE | |
| 4 YRS | C2 Floor | | 1530 | 9-7-04 | |
| RDOs | DUTY HOURS | | INCIDENT LOCATION | | |
| W/Th | 1400-2200 | | C2 F Pod Cell #121 | | |

| DESCRIPTION OF INCIDENT / CRIME | CCR SECTION / RULE |
|---|---|
| 3007 (UC) Indecent Exposure. | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACES-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) Sgt. Bosley | Harris          H63617 |
| ☒ RESPONDER | | C2-121L |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | LETHAL WEAPONS | NUMBER OF ROUNDS FIRED | LESS THAN LETHAL WEAPONS | FORCE OBSERVED BY YOU |
|---|---|---|---|---|
| ☐ LETHAL | ☐ MINI-14 | N/A | ☐ 37MM | ☐ LETHAL |
| ☐ LESS LETHAL | ☐ SHOTGUN | | ☐ BATON | ☐ LESS LETHAL N/A |
| ☐ PHYSICAL | ☐ HANDGUN N/A | | ☐ OC N/A | ☐ PHYSICAL |
| ☒ NONE | ☐ OTHER | | ☐ OTHER | ☐ NONE |

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | DISPOSITION | WEAPON | BIO HAZARD |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED | BODILY FLUID EXPOSURE | SCIF3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | N/A | N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

NARRATIVE:
On 9-7-04 at approx 1530 hours, while I was assigned as C2
Floor Officer, I entered F Pod to deliver mail. I approached
cell #121, Solely occupied By I/m Harris H63617, and
announced "mail, Harris", But he would Not come up to his
cell Front. Then I asked "Last Two?" (of CDC Number) No Reply.
I told Harris "If you want your mail, turn on your cell Light
Give me the last two of your CDC#. No Reply." At that Time, I
looked into his window For a Security Check of Harris. I
uld see From the light of his TV that he was Sitting on the
bottom Bunk. with his Penis out & stroking it while looking at
me. I left his cell Front without delivering his mail &
notified Sgt. Bosley of this incident.

| NAME / TITLE / SIGNATURE OF REPORTING STAFF | BADGE / I.D. # | DATE |
|---|---|---|
| C/o L. Cooper | 61919 | 9-7-04 |
| REVIEWER'S SIGNATURE | APPROVED | CLARIFICATION NEEDED | DATE |

State of California

# Memorandum

Date    : November 9, 2005

## DA DISMISS
(AND DETAINER REMOVAL)

To    : S. L. Kays
Associate Warden (A)
Central Services

From    : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : **PBSP INCIDENT #PBP-C05-05-02-0070, CRPB05-5190**

On February 22, 2005, inmate **HARRIS, H-63617**, committed the following violation of the California Penal Code Section:

314        **Indecent Exposure**

On March 17, 2005, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On August 10, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT I   314.1   Indecent Exposure**

On November 8, 2005, the District Attorney's Office notified Pelican Bay State Prison that on November 3, 2005, the case was dismissed by the court and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Security Squad
Inmate
OTC Desk
CLO File

F ARREST AND COURT ACTION

DEPARTMENT OF JUSTICE

Page ____ of ____
☐ Corrected Copy

| | | |
|---|---|---|
| next S | DOB (mm-dd-yyyy) 01-30-1971 | Age 19 | CII # A09099837 |
| DL # | FBI # 1007231KAS | Hgt | Sex M | Race B |
| Arresting Agency Pelican Bay State Prison | Booking Agency | | |
| FP Card | Booking/Cite # H63617 | Crime Report # DSP(05)5040172 | Remarks |

| Chrg | J | M | F | Level | Arrest Charge Section/Code | On View X | In-County Warrant Number | Out-of-County Warrant Number | Release Date | Reason for Release Code |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | X | | 314 | | | | | |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |

Type of Event: ☒ Arrest  ☐ Citation  ☐ Letter/Notice to Appear  ☐ Court Ordered Booking

**B. PROSECUTION**

| Date (mm-dd-yyyy) 8/10/5 | Reason For Rejection/Referred Codes Chrg1 Chrg2 Chrg3 Chrg4 All Chrgs | ☐ 1203.2 PC - In Lieu of Filing ☐ Refiled - Original Case Dismissed | Original Court Judicial District No. | Original Court Case Number |
|---|---|---|---|---|

**C. COURT**

| Date Filed (mm-dd-yyyy) 8/10/05 | Judicial District No. 03100 | File No. CRPBO5-5190 | Consolidated File No. | Type of Trial: ☐ Jury ☐ Court ☐ Transcript |
|---|---|---|---|---|

| Chrg | File Level J M F G | Final Plea Nolo | Conv. by Trial | Disposition Dism Code | Cert. Juv | NotGlty Acq | NotGlty Insane | Dispo Date (mm-dd-yyyy) | Charges and Enhancements at Disposition Section/Code | Degree | Dispo Level J M F | 17 PC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | X | | | A | | | | 11/3/05 | Indecent Exposure w/prior | | | |
| 2 | X | | | A | | | | 11/3/05 | Indecent Exposure w/prior | | | |
| 3 | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | |

**D. PROCEEDINGS SUSPENDED**

Date (mm-dd-yyyy)

☐ Bench Warrant Issued
☐ Diversion
☐ 1000-1000.5 PC - Drug Court Program / Deferred Entry of Judgement
☐ 707.2 WI - 90 Day Observation
☐ 1203.03 PC - 90 Day Observation
☐ 1368/1370 PC - Found Mentally Incompetent -Committed
☐ 3050 WI - Narcotics Commitment
☐ 3051 WI - Narcotics Commitment

**E. SENTENCE**

| Date of Sentence (mm-dd-yyyy) | Condition of Probation: ☐ Firearms Prohibited - 12021(d) PC ☐ Drug Treatment Program - 1210.1 PC | Remarks |
|---|---|---|

| Chrg | 17 PC | ISS | Prob Mos | Jail Days | Days Susp | Fine X | Susp X | Rstn X | Jail or Fine Days | Susp | Conc X | Cons X | Vol Wrk X | Costs X | CYA X | Prison Sentence Information Stayed X | Total Fixed Term (All Charges) Years Months | To be served: ☐ Concurrently ☐ Consecutively W/Case No.: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | X | X | Mos | | | X | | X | | | X | X | X | X | X | X | | |
| 2 | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | | |

**F. ADMONISHMENTS & WAIVERS**

☐ Suspended

*(Required for Conviction:)*
☐ Defendant waived counsel  ☒ Defendant represented by counsel

**G. CLERK OF THE COURT'S CERTIFICATION**

I certify that the foregoing is a correct abstract of the disposition of arrest and court action in this case. (Certification required for conviction)

| Legibly Printed or Typed Name Dodie Capocci | Date (mm-dd-yyyy) 11/4/05 |
|---|---|
| Title Court Clerk | County Del Norte |

*(Required for "Guilty" or "Nolo" plea:)*

| | Yes | No |
|---|---|---|
| Defendant was advised of and understood : | | |
| Charges and direct consequences of plea | ☐ | ☐ |
| Defendant was advised of, understood and waived: | | |
| Privilege against compulsory self incrimination | ☐ | ☐ |
| Right to confront and cross examine witnesses | ☐ | ☐ |
| Right to trial by jury | ☐ | ☐ |
| Court found admission was knowledgeable, intelligently made and voluntary | ☐ | ☐ |
| Defense counsel concurred in defendant's admission | ☐ | ☐ |

COPIES: DOJ-Orange; ARREST AGENCY-Navy; COURT-Green

# Memorandum

Date    : March 17, 2005

# DA REFERRAL
## (DETAINER)

To     : Paul J. Dillard
         Central Services
         Associate Warden

From   : Department of Corrections
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C05-05-02-0070**

On February 22, 2005, inmate **HARRIS, H-63617,** committed the following violation of the California Penal Code Section:

     **314**       **Indecent Exposure**

As of March 17, 2005, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

# EXHIBIT  K

STATE OF CALIFORNIA
## RULES VIOLATION REPORT

804 SENT TO RECORDS ON 05-01-05
*Entered into ARS*

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | | B 847-2003 | PBSP | C05-121L | C05-04-0024 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | | C5-121 | 04-30-05 | 1920 HRS |

CIRCUMSTANCES

On 04-30-05, at approximately 1920 hours, while I was assigned as C5 Floor Officer, I entered F Pod for trash and tray pick up. I noticed inmate HARRIS, H-63617 had slid his paper tray under his cell door. HARRIS solely occupies cell C5-121. Upon arriving in front of cell C5-121, I looked in the small window of the cell door and observed HARRIS standing on an unknown object, so that his groin area was in my direct view. HARRIS was stroking his erect penis in an up and down motion looking directly at me with a smile on his face. I looked in the cell prior to retrieving the tray to insure it was safe to do so. I gave HARRIS a direct order to stop. I then retrieved the tray and finished trash and tray pick up. (Refer to Incident Report Log # PBP-C05-05-04-0172).

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ E. IORG, CORRECTIONAL OFFICER  C/o | 05-02-05 | C5 FLOOR | 3/W  S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| Sergeant V. France ▶ V. Y. France, Sgt. *France, Sgt* | 5/2/05 | N/A | Loc. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | D | 05-02-05 | ▶ CCII G. .M. Ater | ☐ HO  ☑ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ C/o R. Quick | DATE 5-3-05 | TIME 1150 | TITLE OF SUPPLEMENT 837 A B & C | | |
|---|---|---|---|---|---|---|
| ☒ INCIDENT REPORT LOG NUMBER: ▶ C05-05040172 | BY: (STAFF'S SIGNATURE) ▶ C/o R. Quick | DATE 5-3-05 | TIME 1150 | BY: (STAFF'S SIGNATURE) ▶ C/o R. Quick | DATE 5-3-05 | TIME 1150 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

*Loss of PRIVILEGES FROM 180 DAYS
REDUCED FROM 180 DAYS
TO 90 DAYS TO meet Criteria 1/2005
CRITERIA ESTABLISHED ON MARCH 1/2005
BY EDO ORDER on 2/23/06*

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) CORRECTIONAL LIEUTENANT D. JAMES | | SIGNATURE ▶ | DATE 11/16/05 | TIME 1715 |
| REVIEWED BY: (SIGNATURE) ▶ CAPTAIN S.C. WHEELER | DATE 11-28-05 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ I.M. WILLIAMS A.W. | DATE 11-29-05 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ W. Coleman | | DATE 12-14-05 | TIME 0850 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B (Rev. 4/74)

Number: H-63617    Name: HARRIS

Housing: C05-121L

Inmate HARRIS, H-63617, D05-121L, was placed on canteen restriction on November, 16, 2005. The restriction chrono was not sent to SHU canteen on time to stop the canteen ducat from being processed. Inmate HARRIS will not be receiving the canteen processed through SHU canteen because of this restriction. It is being returned to SHU canteen to be placed back in their stock. Notice will be sent to the Trust Department to inform them of the need to reverse inmate HARRIS' trust account.

ORIG: C-FILE
cc: AWC
    INMATE
    PROGRAM
    CCI
    UNIT (2)

S.C. WHEELER
C Facility Captain
Security Housing Unit

DATE: 12-1305

INFORMATIONAL CHRONO

Inst: PBSP

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE  _1_  OF  _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C05-04-0024 | PBSP | 12/5/05 |

☐SUPPLEMENTAL    ☑CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☑HEARING    ☐I.E .REPORT    ☐OTHER

**Hearing:** On Wednesday, November 16, 2005 at approximately 1715 hours, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined. HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file. Per CCR 3320 (g)(3), the hearing was held in his absence.

**District Attorney:** On 5/3/2005, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution. On 11/8/2005, notice was received that the District Attorney does not intend to prosecute

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time constraints have been met. There are no due process issues.

**Staff Assistant:** There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee:** HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Photo and/or videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04/30/2005, as well as the Incident report.

**Finding:** Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer E. Iorg in the disciplinary report of 04/30/2005, wherein Officer Iorg testifies that during trash and tray pick-up, she noted that HARRIS, the sole occupant of cell 121, had slid his paper tray under the door. Officer Iorg looked into the small window to locate HARRIS. HARRIS was standing on some unknown object so that his groin area was in my direct view. HARRIS was stroking his erect penis in an up and down motion while looking directly at me with a smile on his face.

**Disposition:** Assessed **90** day credit forfeiture for this Div. D offense. With this notice, HARRIS is informed that his credit restoration period began 05/1/2005 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

| SIGNATURE OF WRITER D. JAMES | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 12/5/05 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) W. Coleman | DATE SIGNED: 12-14-05 | TIME SIGNED: 08.50 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE   2   OF   2

| CDC NUMBER H-63617 | INMATE'S NAME HARRIS | LOG NUMBER C05-04-0024 | INSTITUTION PBSP | TODAY'S DATE 12/5/05 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Additional penalties:** Per memorandum dated March 1, 2005, signed by J. S. Woodford, Director, a pilot program for management of indecent exposure incidents at P.B.S.P. is effective immediately. The plan requires that inmates found guilty of committing indecent exposure incidents are subject to credit and privilege losses including canteen, appliances, annual packages and loss of personal property restrictions in excess of those currently provided for in the CCR, Title 15. Restriction of canteen privileges means canteen draw slips submitted by this inmate will be returned without action. Any request for annual package will be denied. Any package received during this time period will be returned at the inmates expense or donated. The inmate will be allowed to keep any canteen received or ordered prior to this restriction. HARRIS has proven himself to be a habitual exhibitionist, this being the second indecent exposure incident in a one year period. This SHO will refer HARRIS to the Incident Exposure Review Committee for possible inclusion into the Mental Health Services Delivery System. HARRIS is hereby referred to ICC for extended SHU term and possible placement of R suffix evaluation. HARRIS' canteen, television and annual package privileges will be withheld for a period of 180 days from the date of this hearing until May 15, 2006.

*On 90*
*CDO 2/23/06*

| SIGNATURE OF WRITER D. JAMES | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 12/5/05 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) W. Coleman | DATE SIGNED: 12-14-05 | TIME SIGNED: 0850 |

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT — PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 04-30-05 | PBSP | C05-04-0024 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ ☒ Earnest Harris | 5-3-05 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| Nov 8, 2005 | DA Dismiss | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☒ WAIVED BY INMATE | ▶ ☒ Earnest Harris | 11-12-05 |
| ☐ ASSIGNED   DATE   NAME OF STAFF | —N/A— DNMC PER CCR 3315 (d) (2) | |
| ☒ NOT ASSIGNED   REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☒ WAIVED BY INMATE | ▶ ☒ Earnest Harris | 11-12-05 |
| ☐ ASSIGNED   DATE   NAME OF STAFF | None — | |
| ☒ NOT ASSIGNED   REASON | DNMC PER CCR 3315 (d) (1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| —N/A— | ☐ | ☐ | —N/A— | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

1) copy of D.A Dismiss issued to I/M on 11-12-05
@ 0735 Hours by C/O D. Mount

C/O D. Mount

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/O R. Quick | TIME 1150 | DATE 5-3-05 |
|---|---|---|---|

CDC 115-A (7/88)                    — If additional space is required use supplemental pages —                    OSP 03 74845

State of California

# Memorandum

Date : May 18, 2005

### DA REFERRAL
(DETAINER)

To : Paul J. Dillard
Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C05-05-04-0172**

On April 30, 2005, inmate **HARRIS, H-63617,** committed the following violation of the California Penal Code Section:

      **314**        **Indecent Exposure**

As of May 17, 2005, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc: Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date  :  August 11, 2005

## DA ACCEPTED

To  :  S. L. Kays
Central Services
Associate Warden (A)

From  :  Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-C05-05-04-0172**

On April 30, 2005, inmate **HARRIS, H-63617**, committed the following violation of the California Penal Code Section:

314    Indecent Exposure

On May 17, 2005, the case was presented to the Del Norte County District Attorney's for possible prosecution.

On August 10, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

**COUNT II  314.1  Indecent Exposure**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date  : November 9, 2005

**DA DISMISS**

(AND DETAINER REMOVAL)

To  : S. L. Kays
Associate Warden (A)
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C05-05-04-0172, CRPB05-5190**

On April 30, 2005, inmate **HARRIS, H-63617**, committed the following violation of the California Penal Code Section:

> 314     **Indecent Exposure**

On May 17, 2005, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On August 10, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

> **COUNT II 314.1  Indecent Exposure**

On November 8, 2005, the District Attorney's Office notified Pelican Bay State Prison that on November 3, 2005, the case was dismissed by the court and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the Detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

[ ] COPY TO INMATE ON _11-12-05_
AT _0935_ HOURS BY
C/O _D. Mount_

cc:   Facility Captain
Facility S&E
Records
Security Squad
Inmate
OTC Desk
CLO File

State of California

# Memorandum

Date    : November 9, 2005

**DA DISMISS**
(AND DETAINER REMOVAL)

To    : S. L. Kays
Associate Warden (A)
Central Services

From    : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-C05-05-04-0172, CRPB05-5190**

On April 30, 2005, inmate **HARRIS, H-63617**, committed the following violation of the California Penal Code Section:

   **314        Indecent Exposure**

On May 17, 2005, the case was presented to the Del Norte District Attorney's Office for possible prosecution.

On August 10, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate with the following violation of the Penal Code Section:

   **COUNT II  314.1  Indecent Exposure**

On November 8, 2005, the District Attorney's Office notified Pelican Bay State Prison that on November 3, 2005, the case was dismissed by the court and the above named inmate will not be held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate.  Please release the Detainer placed by this office.  Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case.  If you have any questions, please call my office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office


cc:   Facility Captain
Facility S&E
Records
Security Squad
Inmate
OTC Desk
CLO File

State of California

# Memorandum

Date : May 18, 2005

## DA REFERRAL
### (DETAINER)

To : Paul J. Dillard
Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT #PBP-C05-05-04-0172

On April 30, 2005, inmate HARRIS, H-63617, committed the following violation of the California Penal Code Section:

    314        Indecent Exposure

As of May 17, 2005, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

2005 MAY 19 PM 3: 38

# EXHIBIT  L

STATE OF CALIFORNIA

**RULES VIOLATION REPORT** 804 SENT TO RECORDS ON 01-10-06

*Entered into CDIS*

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | | | PBSP | C05-121L | C06-01-0005 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| 3005(a) | | CONDUCT (ADVOCATING CRIMINAL BEHAVIOR) | | IGI ROOM | 01-10-06 | 0900 HRS |

CIRCUMSTANCES

On January 10, 2006, at approximately 0900 hours, while I was assigned as Institutional Gang Investigation Sergeant #3, the Institutional Gang Investigation (IGI) Unit, received for review a letter being sent from Earnest Harris, H-63617, C5-121, aka E, non-validated. The letter was addressed to Julian Bailey, PO Box 71071, Oakland, CA 94612. In the letter, Harris states, "Thiz is what you do JuJu, you go to San Pablo get one of those yay'd out Hos and tell her that she's hoing fo you know to bring you back all the scratch she turn and you'll get her the yay, you give her a 5# in the morning, 5# in the evening and a 5# piece at night, less than a dove and she'll end up bring you about $300 - $400 a nite. I had one name Robbin I use to go back a forth to San Pablo to get my paper then she went to jail on me. $300 - $400 a nite ain't much paper but its free paper and easy. When I get out Ju we're going to be doing a lil bit of every thang, slanging, pimpin, jackin and at the end of the year a motherfucka gonna get rich!!!! [sic all]"

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ G. STEWART, CORRECTIONAL SERGEANT | | 1-13-06 | IGI SERGEANT | 2/W  S/S |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| ▶ SERGEANT B. TATRO | | 1-15-06 | DATE N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F | 1-17-06 | ▶ CCII A. COX | | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| | ▶ S/O D. mount | 01-22-06 | 0825 | 1) copy of letter  1) copy of Trust Withdrawal  1) copy of envelope | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ — N/A — | | | ▶ S/O D. mount | 01-22-06 | 0825 |
| HEARING | | | | | |

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

| REFERRED TO ☐ CLASSIFICATION | ☐ BPT/NAEA | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| CORRECTIONAL LIEUTENANT A.A. MCKINNEY | | ▶ | | 1/27/06 | 1230 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ CAPTAIN L.M. WILLIAMS | 1-30-06 | ▶ C.M. SCAVETTA A.W. | | 1/30/06 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | | ▶ W. Coleman | | 2-6-06 | 0947 |

CDC 115 (7/88)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE____OF____

| CDC NUMBER H-63617 | INMATE'S NAME HARRIS | LOG NUMBER C06-01-0005 | INSTITUTION PBSP | TODAY'S DATE 01-10-06 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☒ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

② CONSPIRING WITH AND

Harris is advising Bailey to obtain a drug dependent prostitute from San Pablo, in exchange for the profits; Bailey is to provide the prostitute with drugs for an estimated profit to Bailey of $300 to $400 a night. Harris admits that he has partaken in this type of scheme with a female named Robin. Harris also states that when he is released he will be taking part in multiple types of illegal activity.

In promoting the criminal activity of prostitution and drug distribution, Harris is violating California Code of Regulation (CCR) Title 15, Section 3005 (a), Conduct, "Inmates and paroles shall obey all laws, regulations, and local procedure, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community, or another person." By Harris promoting drug distribution and prostitution, he is promoting the violation of the law, endangering the community of Oakland, and endangering the life of the prostitute in question. Harris self admits that he has been responsible personally for these same types of criminal activities with a female named Robin.

The original letter is withheld via CDC 1819. Attached to the CDC 115 is a copy of the letter, envelope, and CDC 193 Trust Account Withdrawal Order (for the postage rate increase). A copy of this report will be forwarded to the Special Services Unit (SSU) field office in Oakland Ca.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| SIGNATURE OF WRITER | DATE SIGNED 1-13-06 |
|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) c/o D. Morrell | DATE SIGNED 01-22-06 | TIME SIGNED 0825 |

OSP 99 25082

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C06-01-0005 | PBSP | 1/27/06 |

☐SUPPLEMENTAL  ☑CONTINUATION OF:  ☐CDC 115 CIRCUMSTANCES  ☑HEARING  ☐I.E .REPORT  ☐OTHER

**Hearing:** On 1-27-06 at approximately 1230 hours, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined. HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file. Per CCR 3320 (g)(3), the hearing was held in his absence.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant:** There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee:** HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 1-10-06 as well as the letter which inmate HARRIS authored.

**Finding:** Guilty of the Div. F-3 (CCR 3005(a) offense CONDUCT (ADVOCATING CRIMINAL BEHAVIOR). While this offense is not explicitly listed under CCR 3315 as a serious offense, it is justified by the fact that promotion of criminal behavior with citizens in the outside community represents a serious threat to that community. This finding is based upon the following preponderance of evidence:

A. The testimony of CORRECTIONAL SERGEANT G. STEWART in the disciplinary report of 1-10-06, wherein SEREGANT STEWART testifies that while I was assigned as an Institutional Gang Investigator, I reviewed out going mail being sent out by inmate HARRIS. The letter is addressed to Julian Bailey of Oakland, California. Within the letter there is clear language advocating criminal activity, which includes prostitution and drug distribution. In promoting the criminal activity inmate HARRIS is violating the California Code of Regulations, Title 15, Section 3005(a), which in part reads "Inmates and paroles shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endanger the facility, outside community, or another person."

B. The SHO reviewed the content of the letter being sent out by inmate HARRIS. The letter clearly promotes criminal behavior in the community.

C. Inmate HARRIS refused to attend the hearing. Inmate HARRIS has voluntarily provided no reasonable explanation on why his letter would blatantly promote criminal activity in the outside community.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| J. A. MCKINNEY | | Correctional Lieutenant | 1/27/06 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | W. Coleman | 2-6-06 | 0947 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER<br>H-63617 | INMATE'S NAME<br>HARRIS | LOG NUMBER<br>C06-01-0005 | INSTITUTION<br>PBSP | TODAY'S DATE<br>1/27/06 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☑CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition:** Assessed **30** day credit forfeiture for this Div. F offense. With this notice, HARRIS is informed that his credit restoration period began 1-11-06 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month). If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration. If he completes this restoration period disciplinary free, he may request a classification review. Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct. Contraband was disposed of per DOM 52051.1. With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties:** None assessed.

| SIGNATURE OF WRITER<br>J. A. MCKINNEY | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>1/27/06 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:<br>2-6-06 | TIME SIGNED:<br>0947 |

# SERIOUS RULES VIOLATION PORT PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3005(a) | 01-10-06 | PBSP | C06-01-0005 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES X☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ INMATE'S SIGNATURE N/A | DATE N/A |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| N/A | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | N/A |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | X WAIVED BY INMATE | *Ernest Harris* | 01-22-06 |
| ☐ ASSIGNED | DATE — N/A — NAME OF STAFF | | |
| X NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | X WAIVED BY INMATE | *Ernest Harris* | 01-22-06 |
| ☐ ASSIGNED | DATE NAME OF STAFF NONE | | |
| X NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ X☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| None- | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| X COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ *To P. Merill* | TIME 0825 | DATE 01-22-06 |
|---|---|---|---|

CDC 115-A (7/88)          *— If additional space is required use supplemental pages —*          OSP 03 74845

Feb. 9, 2006

Yu,

— I just got your card today, let me know when you handle that about the internet Hook-up.

— Ima sended you this one picture — got of you. It's the only one — I got so you gotta Send me Some more.

'Wiz is what you do if you go to San Pablo get one of those ya' d'fu' out hos and tell her that she's hoing to' you know to bring you back all the scratch she turn and you'll get her the yo', you give her a 5** in the morning 5** in the evening and a 3** piece at night, less than a dove and she'll end up bring you about $300-$400 a nite. — had one name Robbin — use to go back a forth to San Pablo to get m' paper then she went to jail on me, $300-$400 a nite aint much paper but its fice paper and easy when — get out I'm we're going to be doin' all' bit of every thang. Slanging, pimpin' fackin' and the end of the year anothafucka gonna get rich!!!

When you write back let me know if Eric (whiteboy) is out there on 32nd

Much Love folkz

P.S. Send me a phone number in case —



STATE OF CALIFORNIA
CDC - 193 (1/88)

DEPARTMENT OF CORRECTIONS

# TRUST ACCOUNT WITHDRAWAL ORDER

To: Warden

Approved _____

Date _Jan 9,_ 20 _06_

I hereby request that my Trust Account be charged $ ____ 12¢ ____ for the purpose stated below and authorize
the withdrawal of that sum from my account:

_K-63417_
NUMBER

_[signature]_
NAME (Signature please, DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested
(do not use this form for Canteen or Hobby purchase).

PRINT PLAINLY BELOW name and address of person
to whom check is to be mailed.

PURPOSE _·2¢ cent to add to a 37¢ cent_
_emboss envelope for postage_  Ⓒ

NAME _____

ADDRESS _____

_Earnest Harris K-63417 C05/126_
PRINT YOUR FULL NAME HERE

Earnest Harris W'65611
Pelican Bay Prison
P.O. Box 7500 C-5-121
Crescent City, Ca. 95531

Julian Bailey
P.O. Box 71071
Oakland, Ca. 94612

USA
37

# EXHIBIT M

RTP
4-17-06

STATE OF CALIFORNIA                    804 SENT TO RECORDS ON 02-28-06                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | ERRT 3-88-2024 | | PBSP | C05-121L | C06-02-0011 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | | C05-121L | 02-24-06 | 1815 HRS |

CIRCUMSTANCES

On Friday, February 24, 2006, at approximately 1815 hours, while I was assigned as C2 Floor Officer, I was assisting Correctional Officer G. Humphrey with picking up trash and trays in C5 following the evening meal. As I walked into F Pod and toward the lower cells, I saw a sudden movement that caused me to glance at cell C05-121, solely occupied by Inmate HARRIS, H-63617. Inmate HARRIS had his bright light on and was standing on top of his desk to elevate his body to a level where it would be seen through the clear opening in the yellow lexan cell covering. HARRIS had his shorts pulled down exposing and fondling his penis.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ U. COOPER, CORRECTIONAL OFFICER | 3-1-06 | C2 FLOOR | 3/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ | 3-1-06 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE<br>☑ SERIOUS | D | 3-2-06 | ▶ | ☐ HO  ☑ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ C/O D. mount | DATE 03-03-06 | TIME 1140 | TITLE OF SUPPLEMENT 837 A&E |
|---|---|---|---|---|

| ☑ INCIDENT REPORT LOG NUMBER: BP-C05-0602 | BY: (STAFF'S SIGNATURE) ▶ C/O D. mount | DATE 03-03-06 | TIME 1140 | BY: (STAFF'S SIGNATURE) ▶ D. _____ | DATE 03-03-06 | TIME 1140 |
|---|---|---|---|---|---|---|

HEARING 0074

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

REFERRED TO  ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| Correctional Lieutenant D. James | ▶ | 4/5/06 | 1830 |

| REVIEWED BY: (SIGNATURE) M. YAX | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|---|
| ▶ Captain U. Blredden | | 4/10/06 | ▶ C.M Scavetta A.W | 4/11/06 | |

| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ W. Coleman | | DATE 4-16-06 | TIME 1039 |
|---|---|---|---|---|

115 (7/88)

STATE OF CALIFORNIA

DE RTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE __1__ OF __2__

| CDC NUMBER<br>H-63617 | INMATE'S NAME<br>HARRIS | LOG NUMBER<br>C06-02-0011 | INSTITUTION<br>PBSP | TODAY'S DATE<br>4/5/06 |
|---|---|---|---|---|

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☒ HEARING    ☐ I.E .REPORT    ☐OTHER

**Hearing**: The hearing was convened on Wednesday, April 05, 2006, at approximately 1830 hours, when I introduced myself to HARRIS as the Senior Hearing Officer for this disciplinary. HARRIS stated he was in good health with normal hearing and vision. HARRIS acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and Incident report with supplemental reports. These reports as well as the disciplinary charge of INDECENT EXPOSURE were reviewed with HARRIS in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney**: HARRIS did not sign a written request for postponement pending resolution of possible criminal prosecution. Prior to this hearing, notice was received that this will not be prosecuted as a criminal offense. For this reason, possible self-incrimination was not an issue for this hearing.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery. However, the hearing has not been held within 30 days of service on the inmate. Per CCR 3320 (f)(1), time constraints have been exceeded and credit forfeiture cannot be assessed.

**Staff Assistant**: A Staff Assistant was not assigned as HARRIS agrees that he speaks English, is literate (that is, reads at 4.0 or above), the issues are not complex and a confidential relationship is not required. In the hearing, HARRIS confirmed that assignment of a Staff Assistant was not necessary.

**Investigative Employee**: Investigative Employee was assigned. IE was reviewed in hearing. HARRIS acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, HARRIS stated that he is satisfied with the completed report.

**Request for Witnesses**: HARRIS requested the Reporting Employee as a witnesses. Request granted. HARRIS requested Correctional Officer G. Humphrey and inmate O'NEAL as witnesses. The testimony given by these witnesses in the I.E. report indicates that any further testimony would not be relevant. Per CCR 3315 (e)(1)(B), a witness request will be denied if the SHO determines the anticipated testimony from the requested witness is either not relevant or adds no additional information. Witness request denied as their testimony would provide no additional information.

**Video and photo evidence**: Photo and/or videotape evidence was not an issue for this hearing.

**Plea**: Not Guilty.

**Hearing testimony**: HARRIS gave the following testimony as his defense: You can't see into my cell by glancing because it has a real small window. It's covered with yellow lexan. There is no reason for her to look into or even stop at my cell because of the food delivery system. I've had problems with her in the past. She don't even work in 5 block. I haven't had one of these write-ups in 10 months. It would have been a year if she had not lied on this report. I was not fondling myself or masturbating. I was wearing a tee-shirt that came to mid-thigh. It's my word against hers. There is no evidence that can be gathered.

The defendant had no relevant questions for the witness.

**Finding**: Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that

| SIGNATURE OF WRITER<br>D. JAMES | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>4/5/06 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE)<br>W. Colema | DATE SIGNED:<br>4-16-06 | TIME SIGNED:<br>1039 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DI .RTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| CDC NUMBER<br>H-63617 | INMATE'S NAME<br>HARRIS | LOG NUMBER<br>C06-02-0011 | INSTITUTION<br>PBSP | TODAY'S DATE<br>4/5/06 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

inmates are obligated to protect the privacy of themselves and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront.  This finding is based upon the following preponderance of evidence:

A.  The testimony of Correctional Officer U. Cooper in the disciplinary report of 02/24/2006, wherein Officer Cooper testifies that upon entering F Pod for trash and tray pick-up, she saw a sudden movement that caused her to glance at cell C5-121, solely occupied by HARRIS. Inmate HARRIS had his bright light on and was standing on top of his desk to elevate his body to a level where it would be seen through the clear opening in the yellow lexan cell covering. HARRIS had the front of his shorts pulled down exposing and fondling his penis.
B.  Per the I.E., Officer Humphrey did not witness the indecent exposure however, he did see HARRIS jump down from the desk with his boxers on.
C.  Per the I.E., inmate O'NEAL stated that he could not see what happened from inside his cell, making his testimony moot.
D.  It is the opinion of this SHO that HARRIS failed to provide any testimony not in evidence in this document and that the testimony provided by the reporting employee is convincing in it's accuracy and truthfulness.

**Disposition:** No credit forfeiture was assessed as time constraints were exceeded.

**Additional penalties:** Because of HARRIS' extensive history of indecent exposure, (seven (7) incidents between 05/07/99 and 04/30/05) this SHO elects to invoke all provisions of the pilot program now in effect at Pelican Bay State Prison for management of such incidents. Those provisions are loss of the following privileges for a period of 180 days; Loss of canteen, Loss of appliances, (i.e.; TV, radio, etc.) No annual package, Loss of all personal property. HARRIS will be left his legal material, address book, pen filler and writing paper and envelopes for correspondence. All other such property to be collected, inventoried by unit staff and stored within the SHU property room for 180 day's, from April 5, 2006 through October 2, 2006. Appeal rights were explained. HARRIS was referred to CCR §3084.1 for additional information on appeal procedures.  Referred to classification for SHU evaluation and consideration of R suffix.

| SIGNATURE OF WRITER<br>D. JAMES | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>4/5/06 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE)<br>W. Coleman | DATE SIGNED:<br>4-16-06 | TIME SIGNED:<br>1039 |

STATE OF CALIFORNIA                                                                                      DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION    PORT PELICAN BAY SECURITY HOU G UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 02-24-06 | PBSP | C06-02-0011 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    X [ ] YES    [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

[X] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.    INMATE'S SIGNATURE ► *Earnest Harris*    DATE 03-03-06

[ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution.    INMATE'S SIGNATURE ►    DATE

DATE NOTICE OF OUTCOME RECEIVED        DISPOSITION

[ ] I REVOKE my request for postponement.    INMATE'S SIGNATURE ►    DATE

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE ► *Earnest Harris* | DATE 03-03-06 |
|---|---|---|---|
| [ ] REQUESTED | [X] WAIVED BY INMATE | | |
| [ ] ASSIGNED | DATE        NAME OF STAFF        N/A | | |
| [X] NOT ASSIGNED | REASON    DNMC PeR CCR # 3315 (d) (2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE ► *Earnest Harris* | DATE 03-03-06 |
|---|---|---|---|
| [X] REQUESTED | [ ] WAIVED BY INMATE | | |
| [X] ASSIGNED | DATE 3-4-05    NAME OF STAFF Den ~~None~~ c/o J. Stout | | |
| [ ] NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[X] REPORTING EMPLOYEE    [ ] STAFF ASSISTANT    [ ] INVESTIGATIVE EMPLOYEE    [ ] OTHER _____    [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| c/o Cooper / c/o G. Humphrey | [ ] | [ ] | | [ ] | [ ] |
| Yw ~~Daniel~~ Oviel | [ ] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ► | DATE |
|---|---|---|

| [X] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ► c/o D. Morrell | TIME 1140 | DATE 03-03-06 |
|---|---|---|---|

CDC 115-A (7/88)                          — If additional space is required use supplemental pages —                    OSP 03 74845

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT -- PART C                                          PAGE ___1___ OF ___1___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C06-02-0011 | PBSP | 03-12-06 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☑ IE REPORT   ☐OTHER

This investigation was initially assigned to Correctional Officer J. Stout, RDO's S/M, on 03-04-06.

As the initial investigator, I advised inmate HARRIS, that he would have an opportunity to present his case before a Senior Hearing Officer, and that the role of the Investigative Employee was to gather facts and clarify issues of the alleged violation for the Senior Hearing Officer.   HARRIS was further advised that pursuant to CCR 3315 (d) (1); he had the right to object to the assignment of the initial Investigative Employee.

Inmate HARRIS stated that he did not have an objection.

On 03-05-06, I questioned HARRIS regarding this misconduct; he stated: "I was standing on the lower desk. I was talking to O'Neal (Inmate O'Neal, H-02120) in the vent. Correctional Humphrey saw me talking to O'Neal. I talk to O'Neal all day in the vent. When I talk on the vent, it is impossible for me to see a C/O's face so I actually could not se her face. I didn't see her come in. I'm on covered lexan. All I got is a little window. I cannot see anyone walk by unless they stop at the door or I'm standing at the window. If you walk by, I can see an image, but I can't make out who that person is. I can only see you for a fraction of a second. I mainly heard her but I could not make out what she was saying. All I heard was, "Harris," so I told O'Neal to hold on and I asked C/O Humphrey what is she saying? He told me what she was saying. I talked to C/O Humphrey for about three minutes explaining to him that he looked right into my cell. H was right behind her because I heard her. But I saw C/O Humphrey because he stopped at my door to get my paper tray. I told him, "Don't lie for her," and I asked him was they in cahoots because me and C/O Humphrey had a little verbal exchange a few days ago. When I read his statement, I knew he did not lie for her. I have not had a write up for this for ten months."

On 03-05-06, I questioned Correctional Officer U. Cooper, the Reporting Employee. I had several items I wanted to have clarified for the Senior Hearing Officer. They are as follows:

Q1) How far behind you would you say Correctional Officer G. Humphrey was?
A1) I would say approximately eight to ten feet. It is hard to estimate because I was not looking behind me. I was walking to cell 124, the cell farthest away from HARRIS' cell.

Q2) Can you explain how inmate HARRIS exposed himself to you?
A2) He lowered the front of his boxers exposing his genitals. They were not pulled completely down; just the front was pulled down to expose himself.

Q3) Given the distance between yourself and Correctional Officer G. Humphrey, would you say that inmate HARRIS had ample time to cover himself and get down from the desk so that Officer Humphrey was not able to witness the exposure?
A3) Yes. It was quick. He just pulled up his boxers and jumped down.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. STOUT, CORRECTIONAL OFFICER | 3-12-06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☑ COPY OF CDC-115-C GIVEN TO INMATE | W. Coleman | 3-15-06 | 12.05 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT -- PART C                                  PAGE __2__ OF __1__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C06-02-0011 | PBSP | 03-12-06 |

☐ SUPPLEMENTAL     ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☑ IE REPORT ☐ OTHER

On 03-05-06, I questioned Correctional Officer G. Humphrey, regarding his knowledge of the charged rule violation and he stated: "Correctional Officer U. Cooper and I were picking up after chow and when Cooper went into F Pod in front of me, I heard her say, "I'm writing this one up, Harris". When I go to the cell front, HARRIS was jumping down off of his desk and his boxers were on. When I asked Cooper what happened she said that HARRIS was masturbating at her."

On 03-05-06, I questioned inmate O'Neal, CDC#H-02120, regarding his knowledge of the charged rule violation and he stated that he was in fact talking to HARRIS in the vent at the time of the rule violation but he could not actually see what happened from inside of his own cell which is C05-221L.

CDC – 115 ENDING SUMMARY

Upon investigating this Rule Violation, I questioned the involved parties, inspected the area of the violation, and reviewed inmate HARRIS' AWC file. Based on findings in all of these areas, I found it to be possible for the said Rule Violation to be committed. The finding of six Rule Violations for Indecent Exposure since 06-15-04 contained in inmate HARRIS' AWC file shows a pattern of behavior. All of the reports I reviewed were similar in nature.

| SIGNATURE OF WRITER c/o J. STOUT, CORRECTIONAL OFFICER | DATE SIGNED 3-12-06 | |
|---|---|---|
| ☑ COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) U. Colima | DATE SIGNED 3-15-06 | TIME SIGNED 1205 |

State of California

# Memorandum

Date : March 14, 2006

# DA REFERRAL
## (DETAINER)

To : S. L. Kays
Associate Warden (A)
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C05-06-02-0074**

On February 24, 2006, inmate **HARRIS, H-63617,** committed the following violation of the California Penal Code Section:

    314        **Indecent Exposure**

As of March 14, 2006, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office


cc: Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date   :   March 22, 2006

# DA REJECT
## (DETAINER REMOVAL)

To   :   S. L. Kays
Associate Warden (A)
Central Services

From   :   Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :   **PBSP INCIDENT #PBP-C05-06-02-0074**

On February 24, 2006, inmate **HARRIS, H-63617,** committed the following violation of the California Penal Code Section:

314        **Indecent Exposure**

On March 14, 2006, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On March 22, 2006, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate. Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

*SHO*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A – COVER SHEET
CDCR-837–A (Rev. 07/05)

| PAGE 1 OF __4__ | INCIDENT LOG NUMBER PBP-C05-06-02-0074 | INCIDENT DATE 02/24/2006 | INCIDENT TIME 1815 Hours |
|---|---|---|---|

| INSTITUTION PBSP | FACILITY C | FACILITY LEVEL ☐ I  ☐ II  ☐ III  ☒ IV | INCIDENT SITE SHU | LOCATION C5-121L | ☐ ASU ☒ SHU ☐ PSU<br>☐ SNY ☐ PHU ☐ CTC<br>☐ GP ☐ RC | SEG YARD ☐ CC ☐ W/A ☐ RM | USE OF FORCE ☐ YES ☒ NO |
|---|---|---|---|---|---|---|---|

SPECIFIC CRIME / INCIDENT

Indecent Exposure

☒ CCR  ☐ PC  ☐ N/A

NUMBER/SUBSECTION: 3007

| D.A. REFERRAL ELIGIBLE ☒ YES ☐ NO | CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUESTED ☐ YES ☒ NO | PIO/AA NOTIFIED ☐ YES ☒ NO |
|---|---|---|---|

RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
|---|---|---|---|---|
| ☐ INMATE<br>☐ STAFF<br>☐ VISITOR<br>☐ OTHER:<br><br>☒ N/A | ☐ ACCIDENTAL  ☐ NATURAL<br>☐ EXECUTION  ☐ UNKNOWN<br>☐ HOMICIDE<br>☐ SUICIDE<br>☐ OVERDOSE<br>☒ N/A | ☐ ON INMATE<br>☐ ON STAFF<br>☐ ON VISITOR<br>☐ OTHER:<br><br>☒ N/A | ☐ BEATING<br>☐ GASSING<br>☐ POISONING<br>☐ SEXUAL<br>☐ SHOOTING<br>☐ SLASHING | ☐ SPEARING<br>☐ STABBING<br>☐ STRANGLING<br>☐ OTHER:<br><br>☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | | SHOTS FIRED / TYPE WEAPON / FORCE | | | |
|---|---|---|---|---|---|---|
| ☐ INMATE<br>☐ STAFF<br>☐ VISITOR<br>☐ OTHER:<br>NO<br>☒ N/A | ☐ CHEMICAL SUBSTANCE<br>☐ CLUB / BLUDGEON<br>☐ EXPLOSIVE<br>☐ FIREARM<br>☐ HANDS / FEET<br>☐ KNIFE<br>☐ SAP / SLUNG SHOT<br>☐ PROJECTILE<br>☐ SPEAR | TYPE:<br>☐ COMMERCIAL WEAPON<br><br>☐ INMATE MANUFACTURED<br>WEAPON | WEAPON: WARNING# EFFECT #<br>☐ MINI 14<br>☐ 38 CAL.<br>☐ 9MM<br>☐ SHOTGUN<br>LAUNCHER:<br>☐ 37MM<br>☐ L8<br>☐ 40 MM | | BATON ROUND<br>TYPE: / NO:<br>WOOD<br>RUBBER<br>FOAM<br>STINGER:<br>.32 (A)<br>.60 (B) | |

| ESCAPES | ☐ SLASHING INSTRUMENT: (TYPE)<br>☐ STABBING INSTRUMENT: (TYPE)<br>☐ OTHER:<br>☐ BODILY FLUID  ☐ OTHER FLUID:<br>☐ UNKNOWN LIQUID<br>☒ N/A | ☐ 40 MM MULTI<br>☐ HFWRS<br>FORCE:<br>☐ EXPANDABLE BATON<br>☐ PHYSICAL FORCE<br>☐ X10<br>☐ OTHER: | EXACTIMPACT<br>CTS 4557<br>XM 1006<br>CHEMICAL:<br>☐ OC<br>☐ CN<br>☐ CS<br>☒ N/A |
|---|---|---|---|
| ☐ W/ FORCE<br>☐ W/O FORCE<br>☐ ATTEMPTED<br>☒ N/A | | | |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
|---|---|---|---|---|
| ☐ POSITIVE UA<br>☐ CONTROLLED MEDS<br><br>☐ AMPHETAMINE<br>☐ BARBITUATES<br>☐ COCAINE<br>☐ CODEINE<br>☐ HEROIN<br>☐ MARIJUANA/THC<br>☐ METHAMPHETAMINE<br>☐ MORPHINE<br>☐ OTHER:<br>☒ N/A | ☐ WITH PACKAGING<br>☐ WITHOUT PACKAGING<br>PRELIMINARY  LAB<br>_____  _____<br>_____  _____<br>_____  _____<br>_____  _____ | ☐ MODIFIED PROGRAM<br>☐ LOCKDOWN<br>☐ STATE OF EMERGENCY<br><br>IF YES, LIST AFFECTED<br>PROGRAMS<br><br><br>☒ N/A | ☐ EMPLOYEE JOB ACTION<br>☐ ENVIRONMENTAL HAZARD<br>☐ EXPLOSION<br>☐ FIRE<br>☐ GANG/DISRUPTIVE GROUP<br>☐ HOSTAGE<br>☐ INMATE STRIKE<br>☐ MAJOR DISTURBANCE<br>☐ MAJOR POWER OUTAGE<br>☐ NATURAL DISATER<br>☐ PUBLIC DEMONTRATION<br>☐ SPECIAL INTEREST I/M | ☐ WEATHER<br>☐ SEARCH WARRANT<br>☐ ARREST<br>☐ OTHER:<br><br>EXTRACTION:<br>☐ CONTROLLED<br>☐ IMMEDIATE<br><br><br>☒ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Friday, February 24, 2006 at approximately 1815 hours, Correctional Officers U. Cooper and G. Humphrey were picking up trays and trash, subsequent to the evening meal in housing Unit C5. As Officer Cooper passed the cell front of C5-121, which is solely occupied by inmate HARRIS, she observed inmate HARRIS standing on the cell desk, with the cell light on, deliberately exposing himself while masturbating.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

REVIEWED BY: Facility Captain L. Williams

| NAME OF REPORTING STAFF (PRINT/TYPE) F. Pedroso | TITLE Lieutenant | ID # | BADGE # 38440 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) 6682 | DATE 02/24/06 | |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |

STATE OF CALIFORNIA                                        DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART A1 – SUPPLEMENT
CDCR 837– A1 (07/05)

| | PAGE | 2 | OF | 4 | INCIDENT LOG NUMBER PBP-C05-06-02-0074 |
|---|---|---|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| PBSP | Facility C SHU | 02/24/06 | 1815 Hours |

TYPE OF INFORMATION

☒ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

NARRATIVE:

SUSPECT: Inmate, HARRIS, H-63617, C5-121L.

VICTIM: Officer U. Cooper.

MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION: Inmate HARRIS was not a participant in the Mental Health Delivery System, at the time of this incident.

MEDICAL REPORTS/INJURIES TO INMATES: No inmate injuries were incurred in this incident.

MEDICAL REPORTS/INJURIES TO STAFF: No staff injuries were incurred in this incident.

USE OF FORCE (INCLUDES TYPE, AMOUNT, DECONTAMINATION, COOL DOWN PERIOD IF APPLICABLE): There was no use of force by staff in this incident.

STATUS OF VIDEOTAPED INTERVIEW (REQUIRED FOR HEAD/SERIOUS INJURY, OR ALLEGATION): No videotape interview was conducted because there were no Head Injures, no Serious Injures or Force Allegations made during this incident.

NOTIFICATIONS: The Administrative Officer of the Day (AOD), D. Conover and all appropriate administrative staff were notified about the incident. You will be advised of any further developments in this matter should they occur via supplemental reports.

CONCLUSION: Inmate HARRIS will be charged under the California Code of Regulations (CCR), Title 15, Section, 3007, Specifically, Indecent Exposure, a Division D (5) Offense. At the time of this offense, HARRIS was and remains housed in a cell covered with a yellow Lexan and all available precautions have been taken. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

OVERTIME: There was no overtime incurred as a result of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1          REVIEWED BY: Facility Captain L. Williams

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID.# | BADGE # |
|---|---|---|---|
| J. F. Pedroso | Lieutenant | | 38440 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT, SITE) 6682 | DATE 02/24/06 |
| NAME OF WARDEN / AOD (PRINT/SIGN) | | TITLE | DATE |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CRIME / INCIDENT REPORT
PART B1 – INMATE
CDC 837-B1 (09/03)

| PAGE | 3 | OF | 4 |

INSTITUTION: Pelican Bay State Prison

FACILITY: C- SHU

INCIDENT LOG NUMBER: PBP-C05-06-02-0074

INMATE (ENTRIES SHEET)

| NAME: LAST | | FIRST | | MI | CDC | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|---|---|
| HARRIS, | | ERNEST | | | H-63617 | Male | BLA | — | — |

| CHECK ONE | CLASS SCORE | PV RTC | DATE BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 370 | ☐ YES | 1/25/1993 | 9/12/2002 | 01-04-2007 | ☐ YES | 1/30/1970 | C01-118L |
| ☒ SUSPECT | | ☒ NO | | | | ☒ NO | | |
| ☐ WITNESS | ☐ CCCMS ☐ EOP | ☐ DPP ☐ DMH | | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |
| | ☐ MHCB ☐ DDP | ☒ NA | | BATTERY ON PEACE OFFICER | | | | SACRAMENTO |

DESCRIPTION OF INJURIES  N/A

PRISON GANG / DISRUPTIVE GROUP
NONE NOTED

☒ N/A

☐ VALIDATED       ☐ ASSOCIATED       ☐ N/A

| ☐ HOPSITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: | | ☒ N/A | ☒ N/A  N/A |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B2 – STAFF**
CDC 837-B2 (09/03)

DEPARTMENT OF CORRECTIONS

| | | PAGE | 4 | OF | 4 |

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Pelican Bay State Prison | C- SHU | PBP-C05-06-02-0074 |

**STAFF/INMATE SHEET**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PEDROSO | J. | | Correctional Lieutenant | Male | Other | M/T |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ VICTIM  ☐ CAMERA | 38440 | N/A | 380174 | Facility C Program Lieutenant |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: N/A | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | N/A | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE:: _____ | ☐ YES  ☒ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| STRAIN | D | | Correctional Sergeant | Male | White | S/S |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ VICTIM  ☐ CAMERA | 55463 | N/A | 380422 | C 1-6  Program Sergeant |
| ☒ RESPONDER | DESCRIPTION OF INJURIES: N/A | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | N/A | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE:: _____ | ☐ YES  ☒ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| COOPER | L | | CORR OFFICER | FEMALE | HISPANIC | M/T |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ VICTIM  ☐ CAMERA | 61919 | N/A | 382083 | HSG FLR C-2 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: NONE | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | N/A | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE:: _____ | ☐ YES  ☒ NO |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| HUMPHREY | G | E. | Correctional Officer | Male | White | S/M |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ VICTIM  ☐ CAMERA | 65597 | N/A | 382095 | HSG FLR C-5 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: NONE | | | |
| ☒ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | N/A | ☐ YES  ☒ NO | |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE:: _____ | ☐ YES  ☒ NO |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| | | | |
|---|---|---|---|
| PAGE 1 OF 1 | | INCIDENT LOG NUMBER PBP-C05-06-02-0074 | |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Strain | D. | R. | 2/24/2006 | 1815 hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 380422 | C Program Sergeant | 9 Years 7 Months | 2/24/2006 | C5 cell 121L |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE  ☐ N/A |
|---|---|---|---|
| S/S | 1400-2200 | Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) Lt. J. Pedroso | Harris |
| ☒ RESPONDER | (S) c/o U. Cooper | H-63617 |
| ☐ WITNESS | | C-5 121L |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU | |
|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | NO: TYPE: | | TYPE: |
| ☐ PHYSICAL | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC | |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN | |
| FORCE OBSERVED | ☐ 38 CAL | ☐ L8 | | ☐ CS | |
| BY YOU | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN  ☐ OTHER | ☒ NO |

NARRATIVE:

On Friday, February 24, 2006, at approximately 1815 hours while assigned as the Facility C Program Sergeant, Correctional Officer U. Cooper reported to C Program and informed me that Inmate HARRIS (H-63617 C5-121), was masturbating and exposing himself to her. Inmate HARRIS is currently housed behind a Yellow Lexan covered cell front with a Food Delivery System (FDS). I informed C Program Lt. J. Pedroso, of inmate HARRIS'S behavior.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| D. Strain | Sergeant | 55463 | 2/24/2006 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ | ☐ | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 1

INCIDENT LOG NUMBER: PBP-C05-06-02-0074

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| COOPER | U. | J | 2/24/06 | 1815 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 382083 | C2 Floor | 5 Years 7 Months | 02/24/06 | C5 "F" Pod #121 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| W/T | 1400-2200 | Indecent Exposure | 3007 |

**YOUR ROLE**
- ☐ PRIMARY
- ☐ RESPONDER
- ☐ WITNESS
- ☒ VICTIM
- ☐ CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
(S) C/O U. Cooper
(S) C/O G. Humphry

**INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**
I/M Harris C5-121 H63617

**FORCE USED BY YOU**
- ☐ WEAPON
- ☐ PHYSICAL
- ☐ CHEMICAL
- ☒ NONE

**WEAPONS AND SHOTS FIRED BY YOU**
NO:    NO:    TYPE:
- ☐ MINI-14    ☐ 37 MM
- ☐ 9 MM    ☐ 40 MM
- ☐ 38 CAL    ☐ L8
- ☐ SHOTGUN    ☐ 40 MULTI
    ☐ HFWRS
- ☒ BATON

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☐ PHYSICAL    ☒ N/A
- ☐ CHEMICAL
- ☐ NONE

**CHEMICAL AGENTS USED BY YOU**
TYPE:
- ☐ OC
- ☐ CN
- ☐ CS
- ☐ OTHER:
☒ N/A

**EVIDENCE COLLECTED BY YOU**
- ☐ YES
- ☒ NO

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

**REPORTING STAFF INJURED**
- ☐ YES
- ☒ NO

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|
| ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER | ☐ YES ☒ NO |

NARRATIVE: On 02/24/06 at approx 1815 hours while assigned as C2 floor officer, was assisting c/o G. Humphry with picking up trash & trays following dinner meal C5. As I walked into "F" Pod and toward the lower cells, I saw sudden movement it caused me to glance as I walked by and saw I/m Harris, H63617, had his nts pulled down, exposing and fondling his penis/masturbating. Harris solely upies cell C5-121 the first cell as I walk in. I verbally counselled Harris on lewd behavior, and advised I will be documenting this incident. Be Noted: Harris had his bright lights on, standing on the platform top his desk, so his entire body could be seen from my vantage point, while he s masturbating. Harris participates in the Pelican Bay Indecent Exposure gram. His cell front is Yellow Lexan covered, except for a small clear window w on the door front. Following this incident, I completed trash & tray pick up, n notified Sgt Strain of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C. U. Cooper | Flore | 61919 | 2/24/06 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA

CRIME / INCIDENT REPORT
PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-C05-06-02-0074 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Humphrey | G. | E. | 2/24/2006 | 1815 hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 382095 | C5 Floor Officer | 3 Years 7 Months | 2/24/2006 | C5 cell 121L |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| S/m | 1400-2200 | Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | | Harris |
| ☐ RESPONDER | (S) c/o U. Cooper | H-63617 |
| ☒ WITNESS | | C-5 121L |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|---|
| ☐ WEAPON | | | | |
| ☐ PHYSICAL | NO: | NO: | TYPE: | TYPE: |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | | ☐ CN |
| FORCE OBSERVED | ☐ 38 CAL | ☐ L8 | | ☐ CS |
| BY YOU | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: |
| ☐ WEAPON | | ☐ HFWRS | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A |
| ☐ CHEMICAL | | | | |
| ☒ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER | |

NARRATIVE:

On 2-24-06 at approximately 1815 hours I was performing my duties at the C5 floor Officer. At this time, myself and Officer Cooper were picking up trash and trays in C-5. Officer cooper and I entered F Pod and I heard Officer Cooper state; "I'm writing this one up HARRIS". (H-63671 cell 121L) Officer cooper made the statement to HARRIS when she was in front of his cell. Officer Cooper was approximately two seconds ahead of me. I approached cell 121 and saw HARRIS jump off the desk in his cell and he stated to me; "What did she say?". HARRIS had his boxer shorts on at this time. I asked Officer Cooper what happened and she stated; "HARRIS was masturbating at me while I passed by his cell".

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| G. Humphrey | C/O | 65597 | 2/24/2006 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | | | |

State of California

# Memorandum

Date   : March 22, 2006

## DA REJECT
### (DETAINER REMOVAL)

To   : S. L. Kays
Associate Warden (A)
Central Services

From   : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-C05-06-02-0074**

On February 24, 2006, inmate HARRIS, H-63617, committed the following violation of the California Penal Code Section:

    314        **Indecent Exposure**

On March 14, 2006, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On March 22, 2006, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate. Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

32980698

STATE OF CALIFORNIA                                                      DEPARTMENT OF JUSTICE
## ADULT DISPOSITION OF ARREST AND COURT ACTION
Page _____ of _____
☐ Corrected Copy
JUS-8715 (rev. 10/03)

### A.  LAW ENFORCEMENT

| Name (Last, First, Middle) | DOB (mm-dd-yyyy) | Age | CII # |
|---|---|---|---|
| Harris Ernest S | 01-30-1971 | | A 09099827 |

| SSN | DL # | FBI # | Hgt | Sex | Race |
|---|---|---|---|---|---|
| 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 | | 607231KA5 | | M | BLA |

| Arrest Date (mm-dd-yyyy) | Arresting Agency | Booking Agency |
|---|---|---|
| 02-24-2006 | Pelican Bay State Prison | |

| FP Card/OCA # | Booking/Cite.# | Crime Report # | Remarks |
|---|---|---|---|
| | H65617 | PBUC50602074 | |

| Chrg | Level T | Level M | Level F | Arrest Charge Section/Code | On View X | In-County Warrant Number | Out-of-County Warrant Number | Release Date | Reason for Release Code |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | X | 314 | | | | | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |

Type of Event:    ☒ Arrest    ☐ Citation    ☐ Letter/Notice to Appear    ☐ Court Ordered Booking

### B.  PROSECUTION

| Date (mm-dd-yyyy) | Reason For Rejection/Referred Codes | | | | |
|---|---|---|---|---|---|
| 3-22-16 | Chrg1 | Chrg2 | Chrg3 | Chrg4 | All Chrgs |

☐ 1203.2 PC - In Lieu of Filing
☐ Refiled - Original Case Dismissed

Original Court Judicial District No. _____
Original Court Case Number _____

### C.  COURT

| Date Filed (mm-dd-yyyy) | Judicial District No. | File No. | Consolidated File No. | Type of Trial: ☐ Jury ☐ Court ☐ Transcript |
|---|---|---|---|---|

| Chrg | File Level I | File Level M | File Level F | Final Plea G | Final Plea Nolo | Disposition Conv by Trial | Disposition Dism Code | Disposition Cert Juv | Disposition Not Guilty Acq | Disposition Insane | Dispo Date (mm-dd-yyyy) | Charges and Enhancements at Disposition Section/Code | Degree | Dispo Level I | Dispo Level M | Dispo Level F | 17: PC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | |

### D.  PROCEEDINGS SUSPENDED

Date (mm-dd-yyyy) _____

☐ Bench Warrant Issued
☐ Diversion
☐ 1000-1000.5 PC - Drug Court Program / Deferred Entry of Judgement
☐ 707.2 WI - 90 Day Observation
☐ 1203.03 PC - 90 Day Observation
☐ 3050 WI - Narcotics Commitment
☐ 1368/1370 PC -Found Mentally Incompetent -Committed
☐ 3051 WI -Narcotics Commitment

### E.  SENTENCE

Date of Sentence (mm-dd-yyyy) _____

Condition of Probation:
☐ Firearms Prohibited - 12021(d) PC
☐ Drug Treatment Program - 1210.1 PC

Remarks

| Chrg | 17 PC X | ISS X | Prob Mos | Jail Days | Jail Days Susp | Fine X | Fine Susp X | Rstn X | Jail or Fine Days | Jail or Fine Susp | Conc X | Cons X | Vol Wrk X | Costs X | CYA X | Prison Sentence Information Stayed X | Total Fixed Yrs (AllCharges) | To be served: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | | Years / Months | ☐ Concurrently |
| 2 | | | | | | | | | | | | | | | | | | ☐ Consecutively |
| 3 | | | | | | | | | | | | | | | | | | W/Case No.: |
| 4 | | | | | | | | | | | | | | | | ☐ Suspended | | |

### F.  ADMONISHMENTS & WAIVERS

(Required for Conviction:)

☐ Defendant waived counsel    ☐ Defendant represented by counsel

### G.  CLERK OF THE COURT'S CERTIFICATION

I certify that the foregoing is a correct abstract of the disposition of arrest and court action in this case. (Certification required for conviction)

Legibly Printed or Typed Name _____
Date (mm-dd-yyyy) _____

Title _____
County _____

(Required for "Guilty" or "Nolo" plea:)

|  | Yes | No |
|---|---|---|
| Defendant was advised of and understood :<br>• Charges and direct consequences of plea | ☐ | ☐ |
| Defendant was advised of, understood and waived:<br>• Privilege against compulsory self incrimination | ☐ | ☐ |
| • Right to confront and cross examine witnesses | ☐ | ☐ |
| • Right to trial by jury | ☐ | ☐ |
| Court found admission was knowledgeable, intelligently made and voluntary | ☐ | ☐ |
| Defense counsel concurred in defendant's admission | ☐ | ☐ |

COPIES: DOJ-Orange; ARREST AGENCY-Navy; COURT-Green

# Memorandum

Date : March 14, 2006

## DA REFERRAL
### (DETAINER)

To    : S. L. Kays
        Associate Warden (A)
        Central Services

From  : Department of Corrections and Rehabilitation
        Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : **PBSP INCIDENT #PBP-C05-06-02-0074**

On February 24, 2006, inmate ~~HARRIS, H-63617~~ committed the following violation of the California Penal Code Section:

**314        Indecent Exposure**

As of March 14, 2006, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

# EXHIBIT N

DEPARTMENT OF CORRECTIONS
CDC 128B

STATE OF CALIFORNIA

NUMBER: H-63617    NAME: HARRIS    HOUSING: C05-121L    DATE: 03-01-06

On 11-07-05 you were placed on the following security precaution(s) due to your behavior.

FDS CAPPED CELL

PAPER TRAY

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR            [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW                [ ] OTHER_____

The extension is for (30) days, beginning on 03-01-06 through 04-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the
expiration date for possible continuance. _____

[ ] Remove this inmate from the following restriction(s)_____

_____        3-1-06
Facility Captain                  Date

_____        3/1/06
Associate Warden                  Date

Original : C File
      cc:  Unit- Control/Floor
           AWC
           Inmate
           Program
           Disciplinary Office

CDC 128B

DATE:

[ ] PENDING DISCIPLINARY ACTION

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

NUMBER: H-63617     NAME: HARRIS     HOUSING: C05-121L     DATE: 04-01-06

On 11-07-05  you were placed on the following security precaution(s) due to your behavior.

FDS CAPPED CELL

PAPER TRAY

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X ] CAPTAINS REVIEW             [ ] OTHER_____

The extension is for (30) days, beginning on 04-01-06 through 05-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the
expiration date for possible continuance.

[  ] Remove this inmate from the following restriction(s)_____


_U. Aihx FC CN 4_      _4-3-06_
Facility Captain                    Date

_____      _4/3/06_
Associate Warden                    Date


Original :   C File
    cc:   Unit- Control/Floor
          AWC
          Inmate
          Program
          Disciplinary Office

CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

NUMBER: H-63617     NAME: HARRIS     HOUSING: C05-121L     DATE: 05-01-06

On 08-08-03 you were placed on the following security precaution(s) due to your behavior.

FDS CAPPED CELL

PAPER TRAY

On 04-04-04 you were placed on the following security precaution(s) due to your behavior.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW              [ ] OTHER_____

The extension is for (30) days, beginning on 05-01-06 through 06-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the
expiration date for possible continuance.

[ ] Remove this inmate from the following restriction(s)_____

_____  FLC@    4/19/06
Facility Captain                              Date

_____         4/19/06
Associate Warden ( A )                        Date

Original :  C File
      cc:  Unit- Control/Floor
           AWC
           Inmate
           Program
           Disciplinary Office

DATE:                                    CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

NUMBER: H-63617    NAME: HARRIS    HOUSING: C05-121L    DATE: 06-01-06

On 08-08-03 you were placed on the following security precaution(s) due to your behavior.

FDS CAPPED CELL

PAPER TRAY

On 04-04-04 you were placed on the following security precaution(s) due to your behavior.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR        [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW            [ ] OTHER_____

The extension is for (30) days, beginning on 06-01-06 through 07-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the
expiration date for possible continuance.

[ ] Remove this inmate from the following restriction(s)_____

_____    5/31/06
Facility Captain                    Date

_____    6/5/06
Associate Warden                    Date

Original :  C File
    cc:  Unit- Control/Floor
         AWC
         Inmate
         Program
         Disciplinary Office

DATE:

CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

NUMBER: H-63617    NAME: HARRIS    HOUSING: C07-121L    DATE: 07-01-06

On 08-08-03 you were placed on the following security precaution(s) due to your behavior.

FDS CAPPED, LEXAN CELL

PAPER TRAY

On 04-04-04 you were placed on the following security precaution(s) due to your behavior.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW              [ ] OTHER_____

The extension is for (30) days, beginning on 07-01-06 through 08-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[ ] Remove this inmate from the following restriction(s)_____

_____          6-29-06
Facility Captain                 Date

_____          6/29/06
Associate Warden                 Date

Original :  C File
    cc:   Unit- Control/Floor
          AWC
          Inmate
          Program
          Disciplinary Office

CDC 128B

DATE:

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

**NUMBER: H-63617    NAME: HARRIS    HOUSING: C07-121L    DATE: 07-01-06**

On 08-08-03 you were placed on the following security precaution(s) due to your behavior.

(FDS CAPPED) LEXAN CELL

(PAPER TRAY)

On 04-04-04 you were placed on the following security precaution(s) due to your behavior.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW              [ ] OTHER_____

The extension is for (30) days, beginning on 07-01-06 through 08-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[X] Remove this inmate from the following restriction(s)  ( FDS/CAPPED CELL, PAPER TRAY )

*RETAIN LEXAN CELL*

_____           7-6-06
Facility Captain                    Date

_____           7/6/06
Associate Warden                    Date

Original :  C File
     cc:  Unit- Control/Floor
          AWC
          Inmate
          Program
          Disciplinary Office

DATE:                                              CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

NUMBER: H-63617    NAME: HARRIS    HOUSING: C07-121L    DATE: 08-01-06

On 04-04-04 you were placed on the following security precaution(s) due to your behavior, specifically, you committed Indecent Exposure with Priors. Since that time, you have committed Indecent Exposure a total of five times, the last one on 02-24-06. On 08-10-04, you committed Threats of Force or Violence against a Public Official.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION .

[X] CAPTAINS REVIEW              [ ] OTHER_____

The extension is for (30) days, beginning on 08-01-06 through 09-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[X] Remove this inmate from the following restriction(s)  FDS/CAPPED CELL, PAPER TRAY

_____          7-21-06
Facility Captain                           Date

_____          7/21/06
Associate Warden                           Date

Original :  C File
      cc:  Unit- Control/Floor
           AWC
           Inmate
           Program
           Disciplinary Office

DATE:                                        CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 128B

NUMBER: H-63617    NAME: HARRIS    HOUSING: C07-121L    DATE: 09-01-06

On 04-04-04 you were placed on the following security precaution(s) due to your behavior, specifically, you committed Indecent Exposure with Priors. Since that time, you have committed Indecent Exposure a total of five times, the last one on 02-24-06. On 08-10-04, you committed Threats of Force or Violence against a Public Official.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW              [ ] OTHER_____

The extension is for (30) days, beginning on 09-01-06 through 10-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[X] Remove this inmate from the following restriction(s)  FDS/CAPPED CELL, PAPER TRAY

_____        _____
Facility Captain                         Date   8-17-06

_____        _____
Associate Warden                        Date

Original :  C File
    cc:  Unit- Control/Floor
         AWC
         Inmate
         Program
         Disciplinary Office

DATE:

CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

**NUMBER: H-63617     NAME: HARRIS     HOUSING: C07-121L     DATE: 10-01-06**

On 04-04-04 you were placed on the following security precaution(s) due to your behavior, specifically, you committed Indecent Exposure with Priors. Since that time, you have committed Indecent Exposure a total of five times, the last one on 02-24-06. On 08-10-04, you committed Threats of Force or Violence against a Public Official.


BEHAVIOR CONTROL SUIT

YELLOW LEXAN


The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X ] CAPTAINS REVIEW             [ ] OTHER_____

The extension is for (30) days, beginning on 10-01-06 through 11-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[X] Remove this inmate from the following restriction(s)   FDS/CAPPED CELL, PAPER TRAY


_____          9/25/06
Facility Captain                     Date

_____          9/25/06
Associate Warden                     Date


Original :   C File
      cc:   Unit- Control/Floor
            AWC
            Inmate
            Program
            Disciplinary Office


DATE:                                          CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B

**NUMBER: H-63617     NAME: HARRIS     HOUSING: C07-121L     DATE: 11-01-06**

On 04-04-04 you were placed on the following security precaution(s) due to your behavior, specifically, you committed Indecent Exposure with Priors.  Since that time, you have committed Indecent Exposure a total of five times, the last one on 02-24-06.  On 08-10-04, you committed Threats of Force or Violence against a Public Official.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X ] CAPTAINS REVIEW          [ ] OTHER_____

The extension is for (30) days, beginning on 11-01-06 through 12-01-06.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[  ] Remove this inmate from the following restriction(s)

_____          _____
Facility Captain                                                Date

_____          _____
Associate Warden                                             Date

Original :  C File
      cc:  Unit- Control/Floor
             AWC
             Inmate
             Program
             Disciplinary Office

DATE:                                                                        CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
**CDC 128B**

**NUMBER: H-63617     NAME: HARRIS     HOUSING: C07-121L     DATE: 12-01-06**

On 04-04-04 you were placed on the following security precaution(s) due to your behavior, specifically, you committed Indecent Exposure with Priors. Since that time, you have committed Indecent Exposure a total of five times, the last one on 02-24-06. On 08-10-04, you committed Threats of Force or Violence against a Public Official.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR          [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW              [ ] OTHER_____

The extension is for (30) days, beginning on 12-01-06 through 01-01-07.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[ ] Remove this inmate from the following restriction(s)


_U. Silva_____     _11-20-06_
Facility Captain                Date

_____     _1/21/06_
Associate Warden               Date


Original :  C File
      cc:  Unit- Control/Floor
           AWC
           Inmate
           Program
           Disciplinary Office


DATE:                                    CDC 128B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
**CDC 128B**

NUMBER: H-63617    NAME: HARRIS    HOUSING: C07-121L    DATE: 01-01-07

On 04-04-04 you were placed on the following security precaution(s) due to your behavior, specifically, you committed Indecent Exposure with Priors. Since that time, you have committed Indecent Exposure a total of five times, the last one on 02-24-06. On 08-10-04, you committed Threats of Force or Violence against a Public Official.

BEHAVIOR CONTROL SUIT

YELLOW LEXAN

The security precautions were extended due to:

[ ] DISRUPTIVE BEHAVIOR        [ ] PENDING DISCIPLINARY ACTION

[X] CAPTAINS REVIEW            [ ] OTHER_____

The extension is for (30) days, beginning on 01-01-07 through 02-01-07.
This extension will be reviewed by the Facility Lieutenant and /or Facility Captain prior to the expiration date for possible continuance.

[ ] Remove this inmate from the following restriction(s)

_____        _____
Facility Captain                                     Date
                                                     12-18-06

_____        _____
Associate Warden                                     Date
                                                     12-20-06

Original :  C File
     cc:  Unit- Control/Floor
          AWC
          Inmate
          Program
          Disciplinary Office

DATE:                                                    CDC 128B