1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  EMILY L. BRINKMAN, State Bar No. 219400
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5742
    Fax: (415) 703-5843
8   Email: Emily.Brinkman@doj.ca.gov
   Attorneys for U. J. Cooper and Robert A. Horel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST S. HARRIS,<br><br>                    Plaintiff,<br><br>    v.<br><br>ROBERT A. HOREL, et al.,<br><br>                    Defendants. | C 06-7761 MJJ (PR)<br><br>**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, N. Grannis, declare as follows:

   1. I am employed as the Chief of Inmate Appeals by the California Department of Corrections and Rehabilitation (CDCR). I have personal knowledge of each of the matters set forth below and if called as a witness would and could competently so testify. I submit this Declaration in support of Defendants' Motion to Dismiss.

   2. I am responsible for the oversight of the CDCR Inmate Appeals Branch. In that capacity, I have obtained personal knowledge of the inmate appeals process and departmental rules and regulations.

   3. The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has

1 proceeded through the final level of review, the Director's Level, since 1997.

2  4.  Attached as Exhibit A, is a true and correct copy of the Inmate Appeals Branch computer printout report, which dates back to August 1997, of each inmate appeal that was submitted by inmate Earnest S. Harris (Plaintiff), inmate number H63617, completed all levels of review, and culminated in a final review at the Director's Level.

3  5.  As Exhibit A demonstrates, since August 1997, Plaintiff has submitted nineteen inmate appeals culminating in final review by the Director's Level. As demonstrated in Exhibit A, Plaintiff exhausted five inmate appeals which were decided between June 2004 and December 2006. Those appeals are:

    a) Appeal number PBSP-03-03107;
    b) Appeal number PBSP-06-00060;
    c) Appeal number PBSP-06-00846;
    d) Appeal number PBSP-06-00739; and
    e) Appeal number PBSP-06-01971.

6. Attached as Exhibit B is a true and correct copy of the Director's Level Appeal Decision of inmate appeal number PBSP-03-03107.

7. Attached as Exhibit C is a true and correct copy of the Director's Level Appeal Decision of inmate appeal number PBSP-06-00060.

8. Attached as Exhibit D is a true and correct copy of the Director's Level Appeal Decision of inmate appeal number PBSP-06-00846.

9. Attached as Exhibit E is a true and correct copy of the Director's Level Appeal Decision of inmate appeal number PBSP-06-00739.

10. Attached as Exhibit F is a true and correct copy of the Director's Level Appeal Decision of inmate appeal number PBSP-06-01971.

11. Exhibit A also demonstrates that there is no record of the following appeals being accepted at the Director's Level concerning Plaintiff:

    a) Appeal number PBSP-04-01702;
    b) Appeal number PBSP-04-02473;

  c) Appeal number PBSP-05-00614;

  d) Appeal number PBSP-05-01900;

  e) Appeal number PBSP-06-00729;

  f) Appeal number PBSP-06-01497; and

  g) Appeal number PBSP-06-01295.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on October **22**, 2007.

              N. Grannis
              Chief, Inmate Appeals Branch

Decl. Grannis Supp. Mot. to Dismiss              Harris v. Horel et al.
                      C 06-7761 MJJ (PR)

3

# EXHIBIT A

Inmate Appeals Branch                                                                              10/02/2007

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
## Inmate / Parolee Appeals Tracking System - Level III

**Appellant Appeal History**

**CDCR Number: H63617**

Sorted By: CDCR Number

| CDCR Number | Appellant Name | Location | Arrival Date | Alerts (Type, Start, End) | | Special Needs | | |
|---|---|---|---|---|---|---|---|---|
| H63617 | HARRIS, ERNEST | PBSP | 08/03/1995 | | | | | |

**Accepted Appeals**

| IAB Number | Issue | Issue Subcategory | Accepted Date | Inst. Log Number | Due Date | Closed Date | Disposition |
|---|---|---|---|---|---|---|---|
| 0210577 | LIVING CONDITIONS | Prior to subcategory | 05/14/2003 | PBSP-02-03318 | 08/08/2003 | 06/24/2003 | DENIED |
| 0214026 | LIVING CONDITIONS | Prior to subcategory | 06/11/2003 | PBSP-03-01100 | 09/05/2003 | 09/05/2003 | DENIED |
| 0305666 | LIVING CONDITIONS | Prior to subcategory | 12/01/2003 | PBSP-03-02224 | 03/01/2004 | 02/24/2004 | DENIED |
| 0309554 | PROGRAM | Prior to subcategory | 03/10/2004 | PBSP-03-03107 | 06/04/2004 | 06/04/2004 | DENIED |
| 0509308 | DISCIPLINARY | Prior to subcategory | 02/21/2006 | PBSP-06-00060 | 05/17/2006 | 05/16/2006 | DENIED |
| 0514990 | DISCIPLINARY | Prior to subcategory | 06/14/2006 | PBSP-06-00846 | 09/08/2006 | 08/29/2006 | DENIED |
| 0600883 | PROPERTY | Prior to subcategory | 07/24/2006 | PBSP-06-00739 | 10/18/2006 | 09/22/2006 | DENIED |
| 0603859 | SEGREGATION HEARINGS | Prior to subcategory | 09/27/2006 | PBSP-06-01971 | 12/27/2006 | 12/08/2006 | DENIED |
| 0610715 | MAIL | Prior to subcategory | 02/28/2007 | PBSP-06-02912 | 05/23/2007 | 05/14/2007 | DENIED |
| 9504337 | PROPERTY | Prior to subcategory | 12/08/1995 | -95-07715 DVI-95-00969 | 01/12/1996 | 02/15/1996 | DENIED |
| 9707792 | FUNDS | Prior to subcategory | 04/22/1998 | PBSP-98-00362 | 07/16/1998 | 06/19/1998 | DENIED |
| 9801637 | WORK INCENTIVE | Prior to subcategory | 08/14/1998 | PBSP-98-01004 | 11/10/1998 | 09/25/1998 | CANCELLED |

**Screen Outs**

| IAB Number | Issue | Issue Subcategory | Received Date | Inst. Log Number | Screened Out | Response Due | Reason |
|---|---|---|---|---|---|---|---|
| 0210577 | LIVING CONDITIONS | Prior to subcategory | 03/21/2003 | PBSP-02-03318 | 03/21/2003 | | MISSING DOCUMENTATION |
| 5013052 | DISCIPLINARY | Prior to subcategory | 10/17/2005 | | 10/17/2005 | | APPEAL GRANTED AT INSTITUTIONAL LEVEL |
| 5013196 | DISCIPLINARY | Prior to subcategory | 10/17/2005 | | 10/17/2005 | | APPEAL GRANTED AT INSTITUTIONAL LEVEL |

Page: 1

Inmate Appeals Branch

10/02/2007

## CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

### Inmate / Parolee Appeals Tracking System - Level III

| CDCR Number | Appellant Name | Location | Arrival Date | Alerts (Type, Start, End) | Special Needs |
|---|---|---|---|---|---|
| 5041597 | FUNDS | Prior to subcategory | 09/07/2000 | | MISSING DOCUMENTATION |
| 5082623 | DISCIPLINARY | Prior to subcategory | 09/23/2003 | | MUST BE COMPLETED THROUGH 2ND LEVEL MISSING DOCUMENTATION |
| 5085007 | STAFF COMPLAINTS | Prior to subcategory | 11/17/2003 | | MUST BE COMPLETED THROUGH 2ND LEVEL |
| 5089007 | STAFF COMPLAINTS | Prior to subcategory | 01/29/2004 | | MUST BE COMPLETED THROUGH 2ND LEVEL |

Page: 2

# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: JUN 4 2004

In re: Harris, H-63617
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0309554        Local Log No.: PBSP 03-03107

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that the institution is discriminatory because a Lexan cell cover has been placed in front of his cell. He alleges that the institution is in violation of the regulations in doing so. He requests that that the Lexan cell cover front be removed from his cell.

**II  SECOND LEVEL'S ARGUMENT:** The reviewer found that the institution is in compliance with the regulations and State law. The appellant has a history of disciplinary infractions which require that the Lexan cover be placed in front of his cell due to safety and security concerns.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A. FINDINGS:** The Second Level response is appropriate and the decision is based upon a reasonable penological interest. It represents CDC's position. The Second Level of Review response is comprehensive. The appellant has not provided a compelling argument to warrant modification of the decision reached by the institution. The appellant has demonstrated that he is a threat to safety and security. Safety and security are paramount in the placement of inmates. The Lexan cover has been placed in front of his cell to curtail the appellant's ability to commit further disciplinary infractions.

   **B. BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3270, 3272, 3377.1

   **C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

*T. Surges*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

C-FILE

## DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 16 2006

In re: Harris, H-63617
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0509308         Local Log No.: PBSP 06-00060

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C05-04-0024, dated April 30, 2005, for "Indecent Exposure," a Division "D" offense. It is the appellant's position that he is not guilty of the RVR. He requests that the privileges assessed in the disposition of the RVR be restored.

II  SECOND LEVEL'S ARGUMENT: The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing. On April 30, 2005, the appellant intentionally exposed himself to the reporting employee and stroked his erect penis. He continued to do so until ordered to stop. The appellant has been identified as a habitual exhibitionist based upon previous disciplinary action. Privilege loss assessment was made in adjudication of the RVR in accordance with the departmental pilot program for management of indecent exposure incidents. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant was not assigned an Investigative Employee (IE) to assist him in gathering of evidence. The appellant did not meet the criteria for the assignment of an IE. The appellant did not meet the criteria for the assignment of a Staff Assistant. The appellant waived that any witnesses be present at the hearing.

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.  FINDINGS: The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Loss of privileges was appropriated assessed in the disposition of the RVR. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3004, 3007, 3315, 3320, 3323

C.  ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, PBSP
     Appeals Coordinator, PBSP

# EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: AUG 29 2006

In re: Harris, H-63617
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0514990        Local Log No.: PBSP 06-00846

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #C06-02-0011, dated February 24, 2006, for "Indecent Exposure," a Division "D" offense. It is the appellant's position that due process was violated in adjudication of the RVR and that the penalty assessment was too severe. He requests dismissal of the RVR.

II  SECOND LEVEL'S ARGUMENT: The reviewer found that the appellant was afforded due process, including a fair and unbiased hearing. Procedural guidelines were not met in that time constraints were violated. Therefore, no forfeiture of credit was assessed in disposition of the RVR. On February 24, 2006, the appellant intentionally fondled and exposed himself to the reporting employee. The appellant was found guilty based upon a preponderance of evidence by an impartial Senior Hearing Officer (SHO). The appellant was assigned an Investigative Employee (IE) to assist him in gathering of evidence. The IE report was utilized by the SHO at the hearing. The appellant did not meet the criteria for the assignment of a Staff Assistant. The reporting employee was requested by the appellant to be present at the hearing, which was granted by the SHO. Additional witnesses were requested by the appellant to be present at the hearing. The SHO determined that the witnesses had no additional relevant information; and denied them. The penalty assessment was appropriate for the infraction in accordance with the guidelines of the Pilot Program for Management of Indecent Exposure.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

B. BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3004, 3007, 3315, 3320, 3323

C. ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, PBSP
     Appeals Coordinator, PBSP

# EXHIBIT E

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: SEP 2 2 2006

In re: Harris, H-63617
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0600883            Local Log No.: PBSP 06-00739

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that his father sent him a new television set as a replacement for his old one. The appellant maintains that that his old one works and he wants the new one returned. The appellant contends that the new television set was processed and engraved with his name and CDCR number. He requests to be reimbursed for the new television set because it cannot be returned.

II   SECOND LEVEL'S ARGUMENT: The reviewer found that the paperwork for a new television set was processed by the institution. The television set was ordered and paid for by the appellant's father as requested by the appellant. Upon the arrival of the television set at the institution it was processed in accordance with procedures, for issuance to him. If at any time prior to processing for issuance, the appellant wished to cancel the order he had the opportunity to notify the vendor of his desire. The processing of the television set making it ineligible for return to the vendor was not due to staff negligence. He was provided the opportunity to mail either television set to the correspondent of his choice at his expense.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.   FINDINGS: An investigation was conducted into the appellant's allegations. The appellant has not presented a compelling argument to warrant modification of the decision reached by the institution. The appellant's request for a television set was processed appropriately as was the preparation of it prior to issuance. There is no evidence of staff negligence in the processing of his property.

   B.   BASIS FOR THE DECISION:
   California Code of Regulations, Title 15, Section: 3006, 3084.7, 3190, 3193, 3270, 3287

   C.   ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035 for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

# EXHIBIT F

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 0 8 2006

In re: Harris, H-63617
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0603859          Local Log No.: PBSP 06-01971

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that an Institution Classification Committee (ICC) illegally imposed a consecutive Security Housing Unit (SHU) term for his CDC Form 115, Rules Violation Report (RVR), dated February 24, 2006, for Indecent Exposure. The appellant contends that indecent exposure does not warrant a SHU term, but only "credit/time loss." The appellant also claim that the pilot program regarding the Plan for Management of Indecent Exposure Incidents at Pelican Bay State Prison (PBSP) does not permit the inclusion of disciplinary documentation for indecent exposure that occurred prior to the implementation of the pilot program. Lastly, the appellant contends that even if the SHU term could be assessed for prior disciplinary infractions, it would only be a six-month SHU term and should have been suspended. The appellant requests that the SHU term be reevaluated to ensure it confirms with the criteria established in the pilot program implemented on March 1, 2005.

II   SECOND LEVEL'S DECISION: The reviewer found that the ICC appropriately imposed an 18-month aggravated SHU term for Harassment. The action of the ICC was in compliance with the Plan for Management of Indecent Exposure Incidents pilot program, and the California Code of Regulations, Title 15, Section (CCR) 3341.5. The appeal was denied at the Second Level of Review.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

  A. FINDINGS: In review of the appellant's extensive disciplinary history as outlined in the CDC Form 128-G, Classification Chrono, dated June 28, 2006, the committee's decision to aggravate the SHU term for the appellant's Indecent Exposure RVR was appropriate. The appellant received two RVRs for Indecent Exposure within a one-year period, and to utilize prior similar disciplinary offenses to aggravate the SHU term appears appropriate. The appellant has provided no justification for the consideration of mitigating factors or a suspension of the SHU term by the ICC considering his disciplinary history. The Director's Level of Review (DLR) notes that the appellant was assessed four consecutive SHU terms during the June 28, 2006 classification committee, and each one was endorsed by the Classification Staff Representative on August 9, 2006. The appellant's Minimum Eligible Release Date from the SHU is September 18, 2013. Relief from the DLR is unwarranted.

  B. BASIS FOR THE DECISION:
  California Penal Code Section: 5058
  CCR: 3270, 3341.5

  C. ORDER: No changes or modifications are required by the institution.

HARRIS, H-63617
CASE NO. 0603859
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP



*EDMUND G. BROWN JR.*
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**
*455 Golden Gate Avenue, Suite 11000*
*San Francisco, CA 94102-7004*

# FAX TRANSMISSION COVER SHEET

> IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE: October 17, 2007     TIME: 12:55 PM     NO. OF PAGES: 18
(Including Fax Cover Sheet)

**TO:**

NAME: Nola Grannis, Chief, Inmate Appeals Branch

OFFICE: Department of Corrections and Rehabilitation - Inmate Appeals Branch

FAX NO.: (916) 358-2410     PHONE NO.: (916) 464-4285

**FROM:**

NAME: Emily L. Brinkman, Deputy Attorney General

OFFICE: Correctional Law Section

FAX NO.: (415) 703-5843     PHONE NO.: (415) 703-5742

**MESSAGE/INSTRUCTIONS**

Re:  ERNEST S. HARRIS (CDCR No. H63617) v. ROBERT A. HOREL, et al
     U.S.D.C., Northern District of California, Case No. C 06-7761 MJJ (PR)

Ms. Grannis,
Attached please find a copy of a Declaration and supporting documents for your review. Please contact me as soon as possible should any corrections need to be made. I need a signed copy back from you **no later than Wednesday October 24, 2007** for the filing deadline of October 26, 2007. If you have any questions or comments please feel free to contact me.

Emily Brinkman

20109870.wpd

**PLEASE DELIVER AS SOON AS POSSIBLE**
FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER