1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  EMILY L. BRINKMAN, State Bar No. 219400
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5742
     Fax: (415) 703-5843
8    Email: Emily.Brinkman@doj.ca.gov
   Attorneys for U. J. Cooper and Robert A. Horel
9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14  **ERNEST S. HARRIS,** | C 06-7761 MJJ (PR) |
| 15                                      Plaintiff, | **DECLARATION OF CHRIS E. WILBER IN SUPPORT OF** |
| 16          v. | **DEFENDANTS' MOTION TO DISMISS** |
| 17  **ROBERT A. HOREL, et al.,** | |
| 18                                      Defendants. | |
| 19 | |

20  I, Chris E. Wilber, declare as follows:

21      1.    I am employed by the California Department of Corrections and Rehabilitation

22  (CDCR) and have been so employed for approximately fourteen years.  Currently, I serve as the

23  Inmate Appeals Coordinator at Pelican Bay State Prison (Pelican Bay).  I have served in this

24  capacity for one year.  Prior to working in this capacity I worked as a Correctional Officer,

25  Sergeant , Lieutenant, Correctional Counselor I, and Correctional Counselor II.

26      2.    I have personal knowledge of each of the matters set forth below and if called as a

27  witness would and could so competently testify.  I submit this Declaration in support of

28  Defendants' Motion to Dismiss.

1    3.    As the Inmate Appeals Coordinator at Pelican Bay, my job consists of processing

2  inmate grievances and maintaining the appropriate documents in the inmate appeal file.  As part

3  of my job I maintain a computer database of inmate appeals submitted at Pelican Bay to the First

4  and Second Level of Review.  Attached as Exhibit A is a true and correct copy of the computer

5  printout for all First and Second Level appeals submitted by inmate Earnest S. Harris (Plaintiff),

6  inmate number H63617, between March 2000 through the present.  These documents are

7  maintained in the regular course of business.

8    4.    The documents and entries in the documents pertaining to an inmate are prepared at or

9  near the time of their occurrence by persons with knowledge of the circumstances or events.

10    5.    The documents attached as Exhibit B are true and correct copies of inmate appeal

11  (CDCR Form 602) number PBSP-03-03107 and related documents photocopied from the Central

12  File of Plaintiff.

13    6.    The documents attached as Exhibit C are true and correct copies of inmate appeal

14  number PBSP-04-01702 and related documents photocopied from the Central File of Plaintiff.

15    7.    The documents attached as Exhibit D are true and correct copies of inmate appeal

16  number PBSP-04-02473 and related documents photocopied from the Central File of Plaintiff.

17    8.    The documents attached as Exhibit E are true and correct copies of inmate appeal

18  number PBSP-05-00614 and related documents photocopied from the Central File of Plaintiff.

19    9.    The documents attached as Exhibit F are true and correct copies of inmate appeal

20  number PBSP-05-01900 and related documents photocopied from the Central File of Plaintiff.

21    10.    The documents attached as Exhibit G are true and correct copies of inmate appeal

22  number PBSP-06-00060 and related documents photocopied from the Central File of Plaintiff.

23    11.    The documents attached as Exhibit H are true and correct copies of inmate appeal

24  number PBSP-06-00739 and related documents photocopied from the Central File of Plaintiff.

25    12.    The documents attached as Exhibit I are true and correct copies of inmate appeal

26  number PBSP-06-00729 and related documents photocopied from the Central File of Plaintiff.

27    13.    The documents attached as Exhibit J are true and correct copies of inmate appeal

28  number PBSP-06-00846 and related documents photocopied from the Central File of Plaintiff.

Decl. Wilber Supp. Mot. to Dismiss                                    *Harris v. Horel, et al.*
                                                                       C 06-7761 MJJ (PR)

1    14.  The documents attached as Exhibit K are true and correct copies of inmate appeal

2    number PBSP-06-01497 and related documents photocopied from the Central File of Plaintiff.

3    15.  The documents attached as Exhibit L are true and correct copies of inmate appeal

4    number PBSP-06-01295 and related documents photocopied from the Central File of Plaintiff.

5    16.  The documents attached as Exhibit M are true and correct copies of inmate appeal

6    number PBSP-06-01971 and related documents photocopied from the Central File of Plaintiff.

7    I declare under penalty of perjury that the foregoing is true and correct.  Executed at

8    Crescent City, California, on October  19 , 2007.

9

10

        Chris E. Wilber

11           Inmate Appeals Coordinator

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. Wilber Supp. Mot. to Dismiss

*Harris v. Horel, et al.*
C 06-7761 MJJ (PR)

3

# EXHIBIT A

Pelican Bay State Prison

07/02/2007

CALIFORNIA DEPARTMENT OF CORRECTIONS
Inmate/Parolee Appeals Tracking System - Level I & II

Appeal Listing

Sorted By: CDC Number

| CDC Number | Appellant Name | Area Of Origin | Issue | Log Number | Group Appeal |
|---|---|---|---|---|---|
| H63617 | HARRIS, E | C-SHU 10 | LIVING CONDITIONS | PBSP-C-00-00723 | |
| H63617 | HARRIS, E | MEDICAL | MEDICAL | PBSP-C-00-00873 | |
| H63617 | HARRIS, E | MAINTENANCE | LIVING CONDITIONS | PBSP-C-00-01074 | |
| H63617 | HARRIS, E | MEDICAL | FUNDS | PBSP-C- | |
| H63617 | HARRIS, E | MEDICAL | MEDICAL | PBSP-C-00-01494 | |
| H63617 | HARRIS, E | C-SHU 11 | DISCIPLINARY | PBSP-C- | |
| H63617 | HARRIS, E | FACILITY C | LIVING CONDITIONS | PBSP-C-02-03318 | |
| H63617 | HARRIS, E | CANTEEN | LIVING CONDITIONS | PBSP-C-03-01100 | |
| H63617 | HARRIS, E | CANTEEN | LIVING CONDITIONS | PBSP-C-03-01255 | |

**H63617 HARRIS, E — C-SHU 10 — LIVING CONDITIONS — PBSP-C-00-00723**
Informal Review: Received: 03/23/2000  Due:  Completed: 03/23/2000  Disposition: DENIED

**H63617 HARRIS, E — MEDICAL — MEDICAL — PBSP-C-00-00873**
Informal Review: Received: 03/23/2000  Due: 05/04/2000  Completed: 06/14/2000  Disposition: GRANTED IN PART

**H63617 HARRIS, E — MAINTENANCE — LIVING CONDITIONS — PBSP-C-00-01074**
Informal Review: Received: 04/07/2000  Due:  Completed: 04/07/2000  Disposition: DENIED
Level I Review: Received: 04/07/2000  Due: 05/19/2000  Completed: 05/03/2000  Disposition: GRANTED

**H63617 HARRIS, E — MEDICAL — FUNDS — PBSP-C-**
Informal Review: Received: 04/27/2000  Due:  Completed: 04/27/2000  Disposition: DENIED
Level I Review: Received: 04/27/2000  Due: 06/09/2000  Completed: 08/23/2000  Disposition: DENIED

**H63617 HARRIS, E — MEDICAL — MEDICAL — PBSP-C-00-01494**
Informal Review: Received: 06/08/2000  Due:  Completed: 06/08/2000  Disposition: DENIED
Level II Review: Received: 06/08/2000  Due: 07/21/2000  Completed: 08/30/2000  Disposition: DENIED

**H63617 HARRIS, E — C-SHU 11 — DISCIPLINARY — PBSP-C-**
Level II Review: Received: 12/12/2002  Due: 03/10/2003  Completed: 06/24/2003  Disposition: DENIED

**H63617 HARRIS, E — FACILITY C — LIVING CONDITIONS — PBSP-C-02-03318**
Level I Review: Received: 12/12/2002  Due: 01/29/2003  Completed: 01/27/2003  Disposition: GRANTED IN PART
Level II Review: Received: 12/12/2002  Due: 03/10/2003  Completed: 03/05/2003  Disposition: GRANTED IN PART
Level III Review: Received:  Due:  Completed: 06/24/2003  Disposition: DENIED

**H63617 HARRIS, E — CANTEEN — LIVING CONDITIONS — PBSP-C-03-01100**
Informal Review: Received: 05/01/2003  Due:  Completed: 04/17/2003  Disposition: DENIED
Level I Review: Received: 05/01/2003  Due: 06/16/2003  Completed: 05/09/2003  Disposition: DENIED
Level II Review: Received: 05/01/2003  Due: 06/16/2003  Completed: 06/04/2003  Disposition: DENIED
Level III Review: Received: 05/01/2003  Due: 06/16/2003  Completed: 09/05/2003  Disposition: DENIED

**H63617 HARRIS, E — CANTEEN — LIVING CONDITIONS — PBSP-C-03-01255**

07/02/2007

Pelican Bay State Prison

**CALIFORNIA DEPARTMENT OF CORRECTIONS**
**Inmate/Parolee Appeals Tracking System - Level I & II**

**Appeal Listing**

Sorted By: CDC Number

| CDC Number | Appellant Name | Area Of Origin | Issue | Log Number | Group Appeal |
|---|---|---|---|---|---|
| H63617 | HARRIS, E | C-SHU 11 | LIVING CONDITIONS | PBSP-C-03-02224 | |
| Level I Review: | Received: 05/12/2003 | Due: 06/25/2003 | Completed: 06/18/2003 | Disposition: DENIED | |
| Level II Review: | Received: 05/12/2003 | Due: 08/04/2003 | Completed: 07/22/2003 | Disposition: DENIED | |
| H63617 | HARRIS, E | C-SHU 11 | DISCIPLINARY | PBSP-C- | |
| Level I Review: | Received: 08/13/2003 | Due: 10/06/2003 | Completed: 10/07/2003 | Disposition: DENIED | |
| Level II Review: | Received: 08/13/2003 | Due: 11/26/2003 | Completed: 11/12/2003 | Disposition: DENIED | |
| Level III Review: | | | Completed: 02/24/2004 | Disposition: DENIED | |
| H63617 | HARRIS, E | C-SHU 11 | CASE INFO./RECORDS | PBSP-C- | |
| H63617 | HARRIS, E | USE OF FORCE | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C-03-03115 | |
| Level I Review: | Received: 11/13/2003 | Due: 01/13/2004 | Completed: 01/21/2004 | Disposition: DENIED | |
| Level II Review: | Received: 11/13/2003 | Due: 03/12/2004 | Completed: 03/11/2004 | Disposition: CANCELLED | |
| H63617 | HARRIS, E | C-SHU 2 | PROGRAM | PBSP-C-03-03107 | |
| Informal Review: | Received: 11/11/2003 | Due: 11/25/2003 | Completed: 11/11/2003 | Disposition: DENIED | |
| Level I Review: | Received: 11/17/2003 | Due: 01/02/2004 | Completed: 01/06/2004 | Disposition: DENIED | |
| Level II Review: | Received: 11/17/2003 | Due: 02/10/2004 | Completed: 02/10/2004 | Disposition: DENIED | |
| Level III Review: | | | Completed: 06/04/2004 | Disposition: DENIED | |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | USE OF FORCE | STAFF COMPLAINTS | PBSP-C-03-03238 | |
| Level II Review: | Received: 11/21/2003 | Due: 01/16/2004 | Completed: 01/12/2004 | Disposition: CANCELLED | |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C-04-00941 | |

Page: 2

Pelican Bay State Prison

07/02/2007

CALIFORNIA DEPARTMENT OF CORRECTIONS
Inmate/Parolee Appeals Tracking System - Level I & II

Appeal Listing

Sorted By: CDC Number

| CDC Number | Appellant Name | Area Of Origin | Issue | Log Number | Group Appeal |
|---|---|---|---|---|---|
| **Level I Review:** | **Received:** 04/16/2004 | | **Due:** 05/27/2004 | **Completed:** 05/17/2004 | **Disposition:** GRANTED IN PART |
| H63617 | HARRIS, E | C-SHU 2 | DISCIPLINARY | PBSP-C-04-01214 | |
| **Level I Review:** | **Received:** 05/17/2004 | | **Due:** 06/29/2004 | **Completed:** 06/28/2004 | **Disposition:** DENIED |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C-04-01702 | |
| **Level I Review:** | **Received:** 06/30/2004 | | **Due:** 08/12/2004 | **Completed:** 08/16/2004 | **Disposition:** DENIED |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C- | |
| **Level I Review:** | **Received:** 09/03/2004 | | **Due:** 10/19/2004 | **Completed:** 09/29/2004 | **Disposition:** |
| H63617 | HARRIS, E | C-SHU 2 | LIVING CONDITIONS | PBSP-C-04-02314 | |
| **Level I Review:** | **Received:** 09/28/2004 | | **Due:** 11/10/2004 | **Completed:** 11/03/2004 | **Disposition:** GRANTED IN PART |
| H63617 | HARRIS, E | C-SHU 2 | STAFF COMPLAINTS | PBSP-C-04-02473 | |
| **Level I Review:** | **Received:** 03/08/2005 | | **Due:** 04/20/2005 | **Completed:** 04/14/2005 | **Disposition:** GRANTED |
| H63617 | HARRIS, E | PLANT OPERATIONS | LIVING CONDITIONS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | LIVING CONDITIONS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | LIVING CONDITIONS | PBSP-C-05-00614 | |
| **Level II Review:** | **Received:** 07/26/2005 | | **Due:** 09/07/2005 | **Completed:** 09/14/2005 | **Disposition:** GRANTED |
| H63617 | HARRIS, E | C-SHU 5 | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | DISCIPLINARY | PBSP-C-05-01900 | |
| **Level II Review:** | **Received:** 08/15/2005 | | **Due:** 09/27/2005 | **Completed:** 09/22/2005 | **Disposition:** GRANTED |
| H63617 | HARRIS, E | C-SHU 5 | DISCIPLINARY | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | DISCIPLINARY | PBSP-C-05-02125 | |
| H63617 | HARRIS, E | MAILROOM | MAIL | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | LIVING CONDITIONS | PBSP-C- | |

Page: 3

Pelican Bay State Prison

CALIFORNIA DEPARTMENT OF CORRECTIONS
Inmate/Parolee Appeals Tracking System - Level I & II

Appeal Listing

07/02/2007

Sorted By: CDC Number

| CDC Number | Appellant Name | Area Of Origin | Issue | Log Number | Group Appeal |
|---|---|---|---|---|---|
| H63617 | HARRIS, E | C-SHU 5 | DISCIPLINARY | PBSP-C-06-00060 | |
| | **Level II Review:** | **Received:** 01/09/2006 | **Due:** 02/23/2006 | **Completed:** 02/01/2006 | **Disposition:** DENIED |
| | **Level III Review:** | | | **Completed:** 05/16/2006 | **Disposition:** DENIED |
| H63617 | HARRIS, E | C-SHU 5 | PROPERTY | PBSP-C-06-00238 | |
| | **Informal Review:** | **Received:** 01/18/2006 | **Due:** 02/01/2006 | **Completed:** 01/18/2006 | **Disposition:** DENIED |
| | **Level I Review:** | **Received:** 02/02/2006 | **Due:** 03/20/2006 | **Completed:** 03/06/2006 | **Disposition:** WITHDRAWN |
| H63617 | HARRIS, E | C-SHU 5 | FUNDS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | STAFF COMPLAINTS | PBSP-C-06-00729 | |
| | **Level II Review:** | **Received:** 04/17/2006 | **Due:** 05/30/2006 | **Completed:** 05/31/2006 | **Disposition:** DENIED |
| H63617 | HARRIS, E | C-SHU 5 | DISCIPLINARY | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | STAFF COMPLAINTS | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 5 | LEGAL | PBSP-C- | |
| | **Informal Review:** | **Received:** 03/21/2006 | **Due:** 03/21/2006 | **Completed:** 03/21/2006 | **Disposition:** DENIED |
| H63617 | HARRIS, E | C-SHU 5 | PROPERTY | PBSP-C-06-00739 | |
| | **Informal Review:** | **Received:** 04/03/2006 | **Due:** 04/03/2006 | **Completed:** 04/03/2006 | **Disposition:** DENIED |
| | **Level I Review:** | **Received:** 04/07/2006 | **Due:** 05/19/2006 | **Completed:** 06/06/2006 | **Disposition:** DENIED |
| | **Level II Review:** | **Received:** 06/12/2006 | **Due:** 07/11/2006 | **Completed:** 07/07/2006 | **Disposition:** DENIED |
| | **Level III Review:** | | | **Completed:** 09/22/2006 | **Disposition:** DENIED |
| H63617 | HARRIS, E | C-SHU 5 | DISCIPLINARY | PBSP-C-06-00846 | |
| | **Level II Review:** | **Received:** 04/19/2006 | **Due:** 06/01/2006 | **Completed:** 06/06/2006 | **Disposition:** DENIED |
| | **Level III Review:** | | | **Completed:** 08/29/2006 | **Disposition:** DENIED |
| H63617 | HARRIS, E | C-SHU 5 | STAFF COMPLAINTS | PBSP-C-06-01497 | |

Pelican Bay State Prison

07/02/2007

**CALIFORNIA DEPARTMENT OF CORRECTIONS**
Inmate/Parolee Appeals Tracking System - Level I & II

Appeal Listing

Sorted By: CDC Number

| CDC Number | Appellant Name | Area Of Origin | Issue | Log Number | Group Appeal |
|---|---|---|---|---|---|
| H63617 | HARRIS, E | C-SHU 5 | PROGRAM | PBSP-C-06-01295 | |

Informal Review:  Received: 06/16/2006   Due: 06/16/2006   Completed: 06/16/2006   Disposition: DENIED
Level I Review:    Received: 06/27/2006   Due: 08/09/2006   Completed: 08/14/2006   Disposition: CANCELLED

| H63617 | HARRIS, E | C-SHU 5 | LIVING CONDITIONS | PBSP-C- | |

Informal Review:  Received: 05/11/2006   Due: 05/25/2006   Completed: 05/13/2006   Disposition: DENIED
Level I Review:    Received: 06/08/2006   Due: 07/21/2006   Completed: 07/05/2006   Disposition: WITHDRAWN

| H63617 | HARRIS, E | C-SHU 5 | | | |
| H63617 | HARRIS, E | C-SHU 7 | DISCIPLINARY | PBSP-C- | |
| H63617 | HARRIS, E | C-SHU 7 | SEGREGATION HEARINGS | PBSP-C-06-01971 | |

Informal Review:  Received: 08/07/2006   Due: 08/21/2006   Completed: 08/14/2006   Disposition: DENIED
Level I Review:    Received: 08/15/2006   Due: 09/27/2006   Completed: 09/14/2006   Disposition: DENIED
Level II Review:                           Due: 12/08/2006  Completed: 12/08/2006   Disposition: DENIED

| H63617 | HARRIS, E | C-SHU 7 | MAIL | PBSP-C-06-02912 | |

Informal Review:  Received: 10/13/2006   Due: 10/27/2006   Completed: 10/13/2006   Disposition: DENIED
Level I Review:    Received: 11/13/2006   Due: 12/28/2006   Completed: 12/13/2006   Disposition: DENIED
Level II Review:   Received: 12/27/2006   Due: 01/26/2007   Completed: 01/29/2007   Disposition: DENIED
Level III Review:                                           Completed: 05/14/2007   Disposition: DENIED

Total: 51

# EXHIBIT B

PbSP   C03-03/07

STATE OF CALIFORNIA                                                         DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. **PBSP** Log No. 1. **003-03107** Category **11 security restriction cell front**

2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Ernest Harris | H-63617 | | C2-121 C |

**A. Describe Problem:** On Nov. 10, 2003 Maintence came to my cell and ask me to step into the shower so they can fix my door, they replaced the lexan glass with a solid covered plastic I can not see out of the cell. I'm the only one in my unit with this covered door. I feel I'm being singled out and discipline for something. the cell front is inhumane. I already in the situ lockdown 22½ hrs. a day. I can not get no sunshine, light in my cell and It makes me feel closed in or Blocked out. And I'm not getting treated equal, and its humiliating, like I'm caged and should not be seen. I have not received no disciplinary

If you need more space, attach one additional sheet. paper, for how long or why this has been done.

**B. Action Requested:** I would like to be moved, I feel this treatment is inhumane and violates Equal liberty interest, of Due process of fifth and fourteenth Amendment. (Kentucky Dept. of correction V. Thompson 490 U.S. 454, 460 (1989)) (Meachum v. fano, 427 U.S. 215, 223-24 (1976).) (civil Rights Act 42 U.S.C. 1983)

Inmate/Parolee Signature: _Ernest Harris_                         Date Submitted: _Nov. 10, 2003_

**C. INFORMAL LEVEL** (Date Received: _11-10-03_ )

Staff Response: IN REFERENCE TO THE MEMO FROM CAPTAIN C. PATTEN DATED AUGUST 29, 2003, INMATES THAT ARE HABITUAL OFFENDERS OF INDECENT EXPOSURE. A HABITUAL CHRONIC INDECENT EXPOSURE OFFENDER IS AN I/M WHO HAS COMMITTED 2 OR MORE OFFENSES WITHIN A ONE-YEAR PERIOD. THE HABITUAL OFFENDERS WILL HAVE COLORED LEXAN PLACED ON THE CELL FRONT. YOUR AWC FILE DOCUMENTS THAT YOU HAVE HAD 2 OFFENSE IN THE LAST YEAR. 8-8-03 AND 10-24-03.

Staff Signature: _SGT. COULTER_                         Date Returned to Inmate: _11-11-03_

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

first of all I'm innocent of both allegations, and have "not" been found guilty of anything. According to Cali. Dept. of Corrections procedure, before a memo is to take effect it must be issued to all Inmate at less three months in advances. This has not been done I have never received this memo. Its as if legislature (next page)

Signature: _Ernest Harris_                         Date Submitted: _11-12-03_

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: _____

NOV 17 2003

JAN 1 2 2004

First Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _11-24-03_    Due Date: _1-2-04_

Interviewed by: ___See Attached___

_____

_____

_____

_____

Staff Signature _M Cearlette____    Title: _Capt_    Date Completed: _1-5-04_

Division Head Approved:    Returned

Signature: _____    Title: _CMV_    Date to Inmate: _1-5-04_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

first I would like to address the fact that my petition was filed on Nov. 12, 2003 and I did not get a response until the 1.9.04, nearly two months. when it states my appeal is to be answered in fifteen days. As for As the denial of this appeal at first level (see attached page)

Signature: _Earnest Harris_    Date Submitted: _1.12.04_

_____

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _1-12-04_    Due Date: _2-10-04_

☑ See Attached Letter

Signature: _Julian Cass_    Date Completed: _2-4-04_

Warden/Superintendent Signature: _R. Kirkland_    Date Returned to Inmate: _FEB 1 0 2004_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter    Date: _____

CDC 602 (12/87)

(response to first 1e.1f.)

Secondly, I would like to read to you the dictionary definition of Security: (freedom from risk or danger); the definition of threat: (An expression of an intention to inflict pain, injury evil, or punishment on a person or thing.)

Now the "alleged" accusation which allegely occurred on Oct. 24, 2003 States in parts; C/O Delaunay (female guard) came up to my cellfront and I was standing in my cell nude.

Now, how, can these accusations be considered a Security threat, that will cause injury, inflict pain, upon a person or thing. As stated in this petition I have not been found "guilty" of "anything", And also stated in this petition although I'm incarcerated I retain a right to privacy

Now in Answering it states: Title 15, sec. 3007:

Inmates may not participate in illegal Sexual Acts. Inmates are specifically excluded in laws, which remove legal restraints from acts between consenting adults, Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts.

In regard to the statute itself, Its "ambiguous" meaning it has "no clarity" to which is deemed an "illegal sexual act". Now a "Sexual Act" has to be something "Overt Act," meaning, you would have to be doing something Sexual and intenting to do something sexual. Standing in my cell nude is not "act" because I'm not doing anything and its not illegal because its not in a public place, Its inside a place that I reside, for example, I may sleep nude. (The C/O States this occurred at breakfast (6:00 a.m.) plus, I'm on the food delivery System, So theres no reason to look inside my cell, the door that operates the food delivery system is before you get to my cellfront So, you do not have to pass my cell in order to do the food delivery system, So I can be feed, And C/O Delaunay states that she walked in front of my cellfront and looked in, (for what)

Thirdly, In the Answering it states two "old" 115's that occurred on Dec. 27, 1999, Now the closes incident to that 115 is the allegation on 8.8.03 In which is three years, eight months apart But Its being added as if theres a connect or a pattern, but whats not stated is the fact that I've been incarcerated (over →)

(11.)

Since ... have four incidents, two which are still pending, two I was found guilty of but did not participate in the either of the hearing and any event "No colored" Lexan was placed on my cell and this was a four year different between time, nor dose it prove I guilty of these allegations. Being that the content and the situation in all four cases are different. But it proves my point, "That, if it was not an Security threat", then, why is it a security threat now. Two incident within six months, I was written up, loss of credit and that was it. And I did not receive a similar write-up for four years, And as stated in this petition, female c/o's still have to look inside my cell, so, the whole thing among other things is pointless, "what is the precaution". As outline in the title is sec. 3007 its disciplinary action that are to be taken if found guilty of this section. Covering my cell is not listed

fourthly, In the Answering it states that this security precaution is not punishment or to be confused with disciplenary action.
This is just "ludicrous" and on top of that fact that my cell is covered "Indifinite" I just receive a memo stating I will be force to wear a "Behavioral control suit" whenever I leave my cell. I receive this on Jan. 9, 2004 "two and half months after the incident on 10.24.03. And I'll assume since it say's security precaution that this is not punishment or to be confused with disciplenary actions either. And yes I will have to wear this suit that looks like a straitjacket Indifinite, all behind the same incident on 10.24.03 In which I "have not" been found guilty of.

fifthly, In the Answering, it states that I did not and will not receive a copy of the memo because its a "confidential lesson plan"
In regards to the memo, it states that you have to have two write-up's in one year, but the 8.8.03 write-up occurred before the memo was written 8.28.03. Now, by, the prison not notifying me of this memo which carries penalities, In both regards violates ex. post. facto prohibition of the United States Constitution see (Beazell v. Ohio (1925) 269 U.S. 167, 46 S.ct. 68, 70 L. Ed 216); (Collins v. Youngblood (1990) 497 U.S. 37, 110 S.ct. 2715, 111 L. Ed 2d 30) You can not punish a person without first giving warning of the penalities, or for something that occurred before the law was implemented. it violate ex. post. facto law.

law is violated and I punish them without any notice or warning of the penalty. Now once this memo begins to surface wouldn't it make for an unhealthy environment, were everyone knows anyone living behind a painted cell is because he keep exposing himself and other Inmates ms spit, gash, spear or doing something to get that individual out of their Pod. And what happens when I found not guilty, do the prison guards go around and tell all the other inmates it ok to talk to me again. I was innocent of those allegations. It goes back to Due process and Equal treatment In my Block-C.2. Theres 48 cells and mine is the only one that has the front covered with pair It over 1200 cells in the S.Hu, if 10 cells are painted it still singles out individuals and cast a bad judgement on them by other inmate. So is capt. Patten going to bear the responsibility for singling individuals out in this manner. Because I've gotten along well with every Inmate I've met before my cell front was painted, now if that change it going to be because of capt. Patten's memo, which is not in the title 15 procedures under Indecent exposure it so I will be written a 115. It does not say my whole cellfront will be painted in an attempt to humiliate, single out and cause prison guards and Inmates to withdraw from another Inmate. Another problem is Sept. Counter State I was written up on 8:8:03 but the memo was written on 8:29:03, 21 days after the incident. So to punish me for that violates ex post facto prohibitions (before a law is penalize. In challenging the memo Inmates retain a right to personal privacy guarantee by the fourteenth amendment. (Kent v. Johnson 821, F.2d 1220, 1226 (6th cir. 1987.) Whereas I have had numerous female guard stand in front of my door and watch as I stripout to go to, Court, attorney visits Medical or when they Search the cell Block, twice a day female guard are called down to help stripout kitchen workers. Its times when I'm in my cell washing up (nude), or using the bathroom and a female guard walks by and I may get written up and have my cell front painted, whereas a male guard walks by and say's nothing. This is a male prison. I have a right to wash up or use the bathroom without being "casted" and have my cellfront painted so none of the Inmates can see me or none of the guards or maintance worker are able to see in my cell. As well as it has "no logic" female guards still have to look inside my cell when they take count, plus those two incidents occurred in cell I'm in another Block (c.2) So why is this following me from another block, I personally feel its "retaliation" by the administration, for filing grevance against the female guard who written me up on 10.24.03. So why did it take Seventeen days to paint my door front, from (10.24.03)—(11.10.03) The day the cellfront was painted. Dispite all of this the treatment is still inhumane and should end before it begins to bring humiliation to Inmates.

## INMATE APPEAL ROUTE SLIP

To: AW-SHU                                    DATE: 11/17/2003

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PBSP-C-03-03107 By Inmate HARRIS, H-63617

.ease assign this appeal to appropriate staff for FIRST level response.

Due Date: 01/02/2004              Appeal Issue: PROGRAM

'F INSTRUCTIONS: Per Director's Rule 3084.5(f)(2) first level
:al review requires a personal interview with the inmate unless
appeal is granted.  This policy is not within the institution's
.sdiction and cannot be waived.  Director's Rule 3084.5(f)(3)
·ides that a telephonic interview may be conducted if the inmate
iot available in person.
.n response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.
t complete, return appeal to the Appeals Office.  All first level
:als require signature of the Division Head.  Appeals that are
·mplete will be returned for appropriate completion.
·r to D.O.M. 54100 for instructions.


'. NIMROD, CCII
ALS COORDINATOR
CAN BAY STATE PRISON

## FIRST LEVEL SUPPLEMENTAL PAGE

<u>RE</u>:    PELICAN BAY STATE PRISON (PBSP)
      Appeal Log # PBSP-C-03-03107
      First Level Reviewer's Response

      HARRIS, H-63617

## APPEAL DECISION:

      DENIED

## APPEAL ISSUE:  (Modified)

You are appealing the fact that you were placed on permanent Yellow Lexan cell front cover.
You further allege that this is a violation of equal liberty interest, of due process of the Fifth and
Fourteenth Amendment (Kentucky Department of Corrections V. Thompson 490 U.S. 454,460
(1989) also (Meachum V. Fano, 427 U.S. 125,223-224 (1976).  (Civil Rights Act 42 U.S.C.
(1983).)  Specifically, you are requesting to be moved to another unit with out the Yellow Lexan
cell covering.

## APPEAL RESPONSE:

A review of your appeal has been completed.  Your complaint, including your requested remedial
action, has received careful consideration.  Correctional Sergeant T. Bosley interviewed you
concerning the contents of this appeal on December 22, 2003.

During the course of this interview, you stated that you had nothing further to add to the
information, which was provided in your written appeal of this issue.  It is your contention that
placing you behind a Yellow Lexan cell front is a violation of your Civil Rights.  You further
contend that the Yellow Lexan cell covering places you at risk for retaliation from other inmates
that may spit, gas or spear you, to have you removed from the pod.  You allege this is due to their
knowledge of the reason for the placement of the Yellow Lexan cell covering.  You further
contend that PBSP can not enforce any new policy with out giving all inmates 90 days advance
notice.  You further state that you have not received a copy of the memorandum regarding the
Yellow Lexan cell covering.

SECURITY PRECAUTIONS/ RESTRICTIONS:
Security precautions are measures taken specifically when supervising or working with Level IV
General Population (GP) and segregated inmates, to assist and alert correctional employees to
prevent or identify previously documented behavior that has proven to be a threat to other
inmates, staff and institutional security and safety.  Security precautions are tools consistently
used by staff for a determinate period to prevent, curtail and identify the threatening behavior.
Security Precautions for the Security Housing Unit (SHU) are found in Operational Procedure
(OP) 222.  Security Precautions are implemented by Correctional Officers/Sergeants and
approved, tracked and reviewed by Facility Captain/Lieutenant weekly.

Appeal Log # PBSP- C-03-03107
Harris, H-63617
Page 2

In the Psychiatric Services Unit (PSU), Enhanced Outpatient Program, these precautions are reviewed weekly by IDTT. Security precautions are not used as a punishment or to be confused with disciplinary dispositions. The following are some of the tools available as Security Precautions to manage Indecent Exposure behavior:

**1st Offense In cell or to Control Booth**
PSU, SHU or ASU- May Cover cell with colored Lexan cell front.

**2nd Offense In cell or to Control Booth**
PSU, SHU or ASU- Cover cell with bright colored Lexan.

The memo addressed by Sergeant Coulter in his informal response is actually a Confidential Lesson Plan. As such, you will not be allowed to receive a copy of this lesson plan.

In further pursuit of the allegations contained in this appeal, HARRIS' Central File was reviewed. The following is a chronological list of Serious Rules Violation Reports (RVR) (CDC-115'S) involving California Code of Regulations, Title 15, section **3007. Sexual Behavior,** which states in part the following:

*"Inmates may not participate in illegal sexual acts. Inmates are specifically excluded in laws, which remove legal restraints from acts between consenting adults. Inmates must avoid deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual acts."*

1) On 05/07/99, HARRIS committed an act of INDECENT EXPOSURE against Correctional Officer K. G. Northrup. This case was not referred to the Del Norte District Attorney (DA).
   RVR Log #          C99-05-0007          Guilty as charged-Div D
                                           No credit loss due to failure to meet time constraints.

2) On 12/27/99, HARRIS committed an act of INDECENT EXPOSURE against Medical Technical Assistant C. Broce.
   RVR Log #          C99-12-0013          Guilty as charged-Div D LOC 30 days

3) On 08/08/03, HARRIS committed an act of DISORDERLY CONDUCT (PC 647) against Correctional Officer J. Hernandez.
   RVR Log #          C03-10-0027          Held pending DA prosecution.
   IR Log #           PBP-C11-03-10-0634

4) On 10/24/03, HARRIS committed an act of INDECENT EXPOSURE against Correctional Officer A. Delaunay.
   RVR Log #          C03-10-0026          Held pending prosecution by DA
   IR Log #   PBP-C11-03-10-0634

Appeal Log # PBSP- C-03-03107
Harris, H-63617
Page 3

## DETERMINATION OF ISSUE:

Based on the investigation conducted, your contention that the security precautions placed on you are unjust, unsafe and causing you undue pain and suffering, is unfounded and not supported by evidence. Consequently, you have offered no demonstrative need to remove, dismiss, or reduce a validly placed security precaution. Both of these security precautions will be reviewed on a monthly basis by the SHU, Associate Warden, to determine whether to extend or cancel this security precaution. Your placement in a Yellow Lexan equipped cell is justified and warranted. Based on the above this portion of your appeal is **DENIED** at the First Level of Review.


M. CASTELLAW                  Date 1-2-04
Facility Captain
Facility C

B. J. O'NEILL                 Date 1-5-04
Associate Warden
Security Housing Unit

State of California

# Memorandum

Date  :  January 7, 2004

To    :  Facility C Staff

From  :  Department of Corrections
         Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  SECURITY PRECAUTION ON INMATE HARRIS, H-63617

On October 24, 2003, inmate HARRIS, H-63617, was charged with Indecent Exposure, Incident Report Log # PBP-C11-03-10-0634.

As a result of HARRIS'S extensive disruptive behavior and in the interest of institutional safety and security, the following Security Precaution is being implemented.

**BEHAVIORAL CONTROL SUIT:** Inmate HARRIS will wear a tamper and tear resistant jumpsuit whenever he is out of his cell.  Refusal to submit to the application of the jumpsuit prior to exiting his cell, will constitute a refusal for the intended service to be provided, i.e., exercise yard, pre-scheduled medical appointments, visiting, etc.

The above Security Precaution is being implemented and will remain in effect for an **INDEFINITE** period of time, commencing on January 7, 2004.

APPROVED/DISAPPROVED:

_M. Castellaw_
M. CASTELLAW
Facility C Captain

APPROVED/DISAPPROVED:

_B.J. O'Neill_
B.J. O'NEILL
Associate Warden
Security Housing Unit

Orig:  C-File
cc:    Disciplinary Office
       Unit
       Program
       CCI
       Inmate
       AWC

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: FEB 1 0 2004

Inmate HARRIS, H-63617
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 2, Cell 121

RE: WARDEN'S LEVEL DECISION                          APPEAL: DENIED
APPEAL LOG NO. PBSP-C-03-03107                       ISSUE: PROGRAM

This matter was reviewed by JOE MCGRATH, Warden, Pelican Bay State Prison (PBSP). Correctional Sergeant T. BOSLEY interviewed the inmate on December 22, 2003.

## ISSUES

HARRIS objects to the addition of a lexan covering to his cell door.

## FINDINGS

### I

According to the information furnished by HARRIS with his Appeal, HARRIS claims that a yellow lexan covering was added to his door on November 10, 2003. HARRIS claims that he cannot see out his door. HARRIS claims that the covering blocks the sunlight and makes him feel "closed in." HARRIS claims that this is inhumane treatment in violation of his constitutional rights. HARRIS claims that he is being singled out without due process. HARRIS claims that CDC procedures entitle him to receive written notice of any policy changes three months in advance. In response to the Appeal answers identifying him as a persistent and continuing sex offender within the institution, HARRIS claims that he is not guilty of those charges, and that these actions presume his guilt in advance of his Disciplinary Hearing. HARRIS claims he has a right to his privacy, and this policy violates his right to privacy because he is being penalized when staff members violate his privacy. HARRIS claims that standing in his cell nude does not qualify as a sexual offense, "Because I'm not doing anything and its not illegal because its not in a public place, its inside a place that I reside, for example, I may sleep nude."

## DETERMINATION OF ISSUE

The First Level Response remains an adequate, appropriate response to the claims of this inmate. This inmate has been associated with multiple indecent exposure offenses. In order to prevent any continuation of these offenses, a lexan covering has been added to his cell front that screens the inmate from the view of staff members. This lexan covering includes a window at eye level that does allow the inmate to see out of his cell. The lexan covering is designed to allow light into the cell. Whether or not the inmate feels that he has been punished by these measures, this is intended as a security precaution. It is designed to prevent future misconduct. It is designed to stop the inmate from continuing his offensive conduct toward staff members. If the inmate finds these precautions uncomfortable, this is unfortunate. However, these precautions will remain in place so long as they remain necessary to stop this inmate from continuing his offensive conduct.

Supplement Page 2
HARRIS, H-63617
Appeal # PBSP-C-03-03107

In this Appeal, HARRIS argues that he has a right to privacy and staff members have violated his privacy.

This statement represents a serious misunderstanding by this inmate. The courts, including the United States Supreme Court, have ruled on this issue any number of times. The message is always the same. No inmate has any right to privacy at any time. All actions of any inmate are public actions. This is because penological interest demands keeping the inmate under constant observation at all times. While the inmate may live in that prison cell, it is not his home, and it does not give him the privileges of his home. It is a prison cell. It is subject to constant public inspection at any and all times. It is a public space and HARRIS must behave accordingly.

HARRIS has no more right to stand naked in his prison cell than he has a right to stand naked in the middle of a supermarket. Both are public places. An inmate does not have the right to sleep in the nude. The inmate must keep himself covered at all times and under all circumstances. If the inmate does not meet this obligation, the inmate can and will be charged with the sex offense of *Indecent Exposure*. The fact that this inmate does not understand that this conduct cannot and will not be tolerated at any time is evidence in support of the continuing need for this security precaution. APPEAL DENIED.

<div align="center">MODIFICATION ORDER</div>

No modification of this decision or action taken is required.

*R. Kirkland*

JOE MCGRATH
Warden
Pelican Bay State Prison

RJC 2-4-04-#38

# EXHIBIT  C

# STAFF COMPLAINT

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.                    Category
1. ___PBSP___                        1. _____        7/1
                                                             c/o JC Cooper
2. _____               2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Earnest Harris | H-63617 | | C12.121 |

A. Describe Problem: On June 14, 2003 c/o Cooper walked up to my cell and looke in a screamed "Harris I don't want to see your fucking dick" and some other obscenities at me. I've complaint about c/o Cooper before trying to disrupt the harmony of the Pod I'm in, by making these statement The problem with the statements is, I'm on covered lexan whereas c/o Cooper is not suppose to look inside my cell. Now if c/o Cooper is going to look inside my cell then why have the cell covered lexan, take it off. You can not blame me when she's not suppose to look

If you need more space, attach one additional sheet. (This is c/o Cooper 3rd watch Mon - Tues.)

B. Action Requested: An apology, but I'm must likely want get that. But c/o Cooper needs counseling her statements can cause all types of problems and I think she know's this, and thats what she's trying to do, Incite something.

Inmate/Parolee Signature: _Earnest Harris_          Date Submitted: _June 15, 200_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

COMBINED

C04-01702

| CDC Appeal Number: |
|--------------------|
|                    |

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☒ Other  _Rejected_

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _Capt_____ Date Completed: _8-10-04_

Division Head Approved ☐

Signature: _____ Title: _____ Returned
Date to Inmate: _8-11-04_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

inside my cell. this is the second time his week that %C.oper had made these types of statements. the fir time she opened my tray slot when %cooper knows I'm on food delivery system and screamed "put your fucking pants on" or something to that affect. for one, she was not suppose to open my tray slot. %cooper could have avoided this whole incident. this time had she not looked inside my cell when I was takeing a piss. The reason I'm writing this up is because I filed a 602 to get this covered lexan removed and was denied, but I stated In the 602 why covered my cell with colored lexan when %C still are going to look in my cell. It makes no sense.

my point is the colored lexan dose not prevent the %C from looking inside my cell, so why put it up. Its better to take it off that way I will know that the %C is going to look inside my cell and we both can avoid these incidents from now on. But if you keep the colored lexan on and say their not suppose to look inside my cell, but they do it anyway, whats the purpose of having the colored lexan. Because I'm not expecing no one to look inside my cell, especially when I'm take a piss. even though it was at count time.

And After %C cooper made her statements, she left the Pod and went to the front and start laughing about it for about 20 minutes, %cooper even told 1st watch about it and start laughir with them, about what she said to me.

this is how I know it was done out of spite, to humiliate and slander me infront of other Inmates.

so %cooper thinks these statements are funny; I don't know if shes trying to get a Violent reaction out of me or what. or maybe its because her supervisers allow her to get away with anything she wants, without any repercussion.

# STAFF COMPLAINT

Assault (15 CR 283 3084.6(2))

STATE OF CALIFORNIA                                            DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.                 Category
[PBCP]

1.                          1. C04-01702        7/1

2.                          2.                  C/O J.C Cooper

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Earnest Harris | NUMBER H·63619 | ASSIGNMENT | UNIT/ROOM NUMBER C·2·121 |
|---|---|---|---|

**A. Describe Problem:** On May 31, 2004 C/O Cooper entered the Pod (C·2·F·Pod) to bring me, my paper tray. C/O Cooper walk'd pass my cell to operate the food delivery system then turn around a' walk'd up to my cell door and open the tray slot. Then looked inside my cell a' beg scream Harris "Put your fucking pants on". and began cussing and using other obscenities. In an attempt to slander, and humiliate me, in front of other Inmates. And a few day's after the incident I foundout that C/O Cooper had told Some Inmates that I was in my cell with

If you need more space, attach one additional sheet.

**B. Action Requested:** C/O Cooper (C·2· 3 watch floor officer) needs to be counsele the She can not spread lies about Inmate to other Inmate. or attem to incite me or someone else is against the law.

Inmate/Parolee Signature: _Earnest Harris_              Date Submitted: 6·14·04

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____           Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                CDC Appeal Number:

1ST
AW5 HU
6/30/04

First Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____ 6/30/04 _____    Due Date: 8/12/04

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 6/30/04    Due Date: 8/12/04

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: C&Y    Date Completed: 8-11-04
Division Head Approved:
Signature: _____    Title: AW    Returned
Date to Inmate: 8-11-04
9/17/04

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

no clothes on, which is not true, I feel as if % Cooper did this in an attempt to disrupt the harmony of the pod I'm living in or an attempt to incite a altercation. In which is against the law for someone acting under the color of the law to engage in an attempt to incite violence, as stated in penal code § 415;

any of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars or both such fine, and imprisonment, any person who uses offensive word in a public place which are inherently likely to provoke an immediate violent response or reaction.

first, you must understand that I'm on food delivery system, so % Cooper was not suppose to open my tray slot; and % Cooper has never open the tray slot except that day. But its not only the food delivery system I'm also on covered lexan, where she's not suppose to look inside my cell. (Exhibit A). So, with me on all these restrictions I don't understand why % Cooper opened my tray slot. But I had a t. shirt on, 5 X large which is real long so I was covered up. But I was about to take a bird bath before % Cooper open my tray slot and start screeming as if it was my fault, in which it was not, she was not suppose to open my tray slot, and if she just used the food delivery system like she was suppose to, this would not have occurred.

you must understand that % Cooper dose not look inside my cell when she takes count, so I did not expect her to open my tray slot, when I'm on the food delivery system.

I don't know if % Cooper is trying incite something because me and her girlfriend % Delaney got into it, a couple of months ago, And this is why I'm writing this petition against % Cooper. And when I tried explaining to her that I was abou

did not know she was going to open my tray slot to feed me, because c/o Cooper never opens my tray slot, c/o Cooper just kept cussing and screaming. In violation of COC title 15 procedure 3391: Employee Conduct. (a) Employees shall be alert, courteous, and professional in their dealings with Inmates. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Employees shall not use indecent, abusive, profane or otherwise improper languages while on duty. Irresponsible or unethical conduc or conduct reflecting discredit on themselves or the department either on or off duty, shall be avoided by all COC employees.

I'm not for sure if the correctional officer working with c/o Cooper over heard her telling other inmate these lies that I had no clothes on when she came to my door, I was covered wearing a 5 x Large t.shirt. But regardless c/o Cooper was not suppose to open my food tray - she was suppose to use the food delivery system like she always dose. Which makes me feel it was something behind c/o Cooper acting this way because I had no problem out of c/o Cooper in the seven and a half month of being in this unit (c.2.121) and I've been on food delivery the whole time I've been here, and on covered leyan for seven and a half months. So I do not know why c/o Cooper opened my tray slot to feed me when she knows not to open my tray slot or why c/o Cooper was acting the way she was, or if c/o Cooper is trying to retaliate against me for something or just had a bad day and trying to incite me to react in a violent response. And this is why I'm documenting this incident.

IA Po..._y/Procedure Attachment 3
Rev. 1/12/04

State of California

# Memorandum

Date : 6/25/04

*2 appeals*

To : Richard J Kirkland
Chief Deputy Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : STAFF COMPLAINT REVIEW

The attached appeal, from inmate ___Harris___, CDC# H63617, dated
6/14/04 (collects/a complaint against Pelican Bay State Prison staff and, pursuant to a recent
directive from CDC Central Office, is forwarded for your review and category determination prior to
acceptance into the appeal process.

The complaint is regarding IR number _____.

_____N J Nimrod CCII_____
Appeals Coordinator

☐ Appeal was received past 15 day appeal time limit.
   ☐ Reject due to untimeliness with no investigation.
   ☐ Reject due to untimeliness, assign review outside Appeal Process

☑ Staff Complaint Appeals Process.

☐ Fact-Finding Investigation ordered.   The issues contained in the appeal have been
reviewed and the case has been referred to _____ for
a fact-finding investigation.  A copy of the completed fact-finding is to be forwarded to
the Inmate Appeal Office to be filed with the appeal.

☐ Category I: The issues contained in the attached appeal have been reviewed and it is
appropriate to pursue the issues at the institutional level and assign to
institutional Internal Affairs (IA) for investigation.

☐ Category II: The issues contained in the attached appeal have been reviewed and it is
appropriate to pursue the issues at the department level and will be assigned to
institutional Internal Affairs, Headquarters.

_____      _____
Chief Deputy Warden                    Date

Attachment

# Memorandum

Date : August 28, 2002

To : Facility C Staff

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : SECURITY PRECAUTIONS ON INMATE HARRIS, H-63617, C1-118L

On August 13, 2002, inmate HARRIS, H-63617, C1-118L, was charged with Battery on a Peace Officer, IR Log #PBP-C01-02-08-0449. As a result of inmate HARRIS' continued disruptive behavior and propensity for violence, the following Security Precaution is being extended.

**FOOD DELIVERY:** All meals and supplies are issued through the Special Food Delivery System. Food Port will remain closed at all times except at the beginning and end of an escort. Due to the fact that a plastic food tray will not fit through the Food Delivery System, inmate HARRIS will be fed on a Paper Tray for the duration of the restriction.

The above Security Precaution is being extended and will remain in effect for an indefinite period of time, commencing on September 3, 2002. I will review this on a monthly basis to determine whether to cancel or extend this Security Precaution.

APPROVED/DISAPPROVED:

R. Kirkland

R. KIRKLAND
Associate Warden
Security Housing Unit

Orig: Disciplinary Office
cc: Unit
Program
CCI
Inmate
AWC

# Memorandum

Date : January 21, 2003

To : Facility C Staff

From : **Department of Corrections**
**Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000**

Subject : **SECURITY PRECAUTION ON INMATE HARRIS, H-63617, C11-104L**

To date inmate HARRIS, H-63617, C11-104L, has committed 5 batteries on staff. As a result of HARRIS' continued disruptive behavior and propensity for violence, the following security precaution will be implemented indefinitely:

**LEXAN CELL COVERING:**        INDEFINITE

The above Security Precaution will remain in effect for an indefinite period of time commencing on January 21, 2003. This precaution will be reviewed on a monthly basis to determine whether or not to cancel or extend the Lexan Cell Covering housing restriction.

APPROVED / DISAPPROVED

B. J. O'NEILL
Associate Warden
Security Housing Unit

Orig:    C-File
Cc:    Disciplinary Office
       Program Sergeant
       Program Lieutenant
       CCI
       (2) Unit
       AWC
       Inmate

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT / INFORMATION ADVISORY

## STAFF COMPLAINT / PEACE OFFICER

Please read, and sign this form in front of a staff witness.

Any inmate wishing to file a staff complaint must read and sign the following statement. As this is sworn testimony, this form must be signed in front of the staff member conducting the investigation into the complaint. Failure to sign this form in front of a staff member will be considered refusal to cooperate with the appeal process and the appeal will be cancelled.

You have the right to make a complaint against a Peace Officer for any improper conduct. California law requires and this agency has a procedure to investigate inmate's complaints. You have the right to a written description of this procedure. This agency may find after investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make a complaint and have it investigated if you believe an Peace Officer behaved improperly. This complaint and any report of findings relating to complaints must be retained by this agency for at least 5 years.

It is against the law to make a complaint that you know to be false. If you make a complaint against an officer knowing that it is false, you can be prosecuted. In addition, an inmate who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to criminal prosecution.

I certify or declare under penalty of perjury under the laws of the state of California that the information contained within the attached appeal form CDC 602, dated _MAY 31, 2004_ is true and correct, under penalty of perjury, and I swear under oath, under penalty of perjury that the aforementioned information is true and correct, executed this ___3___ day of ___AUGUST___, at Pelican Bay State Prison in Crescent City, California.

| INMATE / PAROLEE PRINTED NAME | INMATE / PAROLEE'S SIGNATURE | CDC NUMBER |
|---|---|---|
| FAILED TO ATTEND INTERVIEW | | |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| C. COULTER | | 8/3/04 |

# PERMANENT ATTACHMENT TO CDC FORM 602 / DO NOT REMOVE

( CDC Form 1858 )

( 1858-98.DOC updated October 22, 1998)

## INMATE APPEAL ROUTE SLIP

To: AW-SHU                                    Date: July 7, 2004

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  PBSP-C-04-01702  By Inmate  HARRIS, H63617

Please assign this appeal to appropriate staff for FIRST level response.

Due Date:  08/12/2004                    Appeal Issue:  STAFF COMPLAINTS
Special Needs:


STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted.  This policy is not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.



M.J. Nimrod, CCII
Appeals Coordinator
Pelican Bay State Prison

FIRST LEVEL SUPPLEMENTAL PAGE

*C-FILE*

**RE:**   PELICAN BAY STATE PRISON (PBSP)
Appeal Log # PBSP-C-04-01702
First Level Reviewer's Response

**INMATE**: HARRIS, H-63617

**APPEAL DECISION**: **DENIED**

**APPEAL ISSUE**: (Modified)

You contend that Correctional Officer U. Cooper behaved in an unprofessional manner by making offensive remarks to you.

**FINDINGS**:

A review of your appeal has been completed. Your appeal, including your requested remedial action, has received careful consideration. Correctional Sergeant C. Coulter attempted to interview you concerning the contents of this appeal on August 3, 2004.

During this attempt, you refused to exit your cell and attend the California Department of Corrections (CDC), Inmate/Parolee Appeal 602 hearing. You also failed to sign the CDC Form 1858, Rights and Responsibility Statement / Information Advisory Staff Complaint / Peace Officer.

**DETERMINATION OF ISSUE**:

Based on this review, the action requested to resolve this appeal is **DENIED** at the First Level of Review. Additionally, the following determination has been made regarding your allegations of staff misconduct: **UNFOUNDED**.

8-10-04

S. C. WHEELER          Date
Facility Captain
Facility C

8-11-04

M. D. CASTELLAW          Date
Associate Warden
Security Housing Unit

# EXHIBIT D

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No. C04-02473

Category 7/4
c/o u'cooper
false Report

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your form and state what action was taken within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Earnest Harris | NUMBER H63617 | ASSIGNMENT ——— | UNIT/ROOM NUMBER C2 121 |

**A. Describe Problem:** This complaint is being file against c/o u. Cooper an employee of Pelican Bay Prison, who works in C-unit 2# only two days a week as a floor officer. This complaint involves c/o u. Cooper Badge no. 61919 writing a false 115 on me. (I'm sending the 115 along with this complaint) The 115 states that c/o Cooper slid the legal log book under my door, I then sign for my legal mail and return the legal log book back, c/o Cooper states when I return the book it had semen or bodily flui. This is a lie, first of all, c/o Cooper watch me sign the book the entire

*If you need more space, attach one additional sheet.*
see attach p.

**B. Action Requested:** That the legal log book be tested to see what is exactly on the cover and if its semen or bodily fluid I would like to have a DNA test to prove its not my semen or bodily fluid. and I would like c/o cooper counsel about lying and to have the 115 dismiss entirely. thank you.

Inmate/Parolee Signature: Earnest Harris      Date Submitted: Sept. 15, 2004

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

~~BYPASS~~

Staff Signature: _____      Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____      Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

SEP 1 4 2004

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ 9/28/04 ___ Due Date: _11/10/04_

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _Cert___    Date Completed: _11-1-04_

Division Head Approved: _JM William_    Title: _AW (R)_    Returned
Signature: _____    Date to Inmate: _11-2-04_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of   _11/19/04_
   receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of
   response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

                                                                    Date: _____

CDC 602 (12/87)

and
% Cooper never state to have witness me putting semen or bodily fl
on the legal log book. % Cooper is lying in an attempt to get me to pa
for this book and be place on canteen restrict for destorying state propert
Now if theres semen or bodily fluid on the log book its not mine an
the only way to prove this is by taking a DNA test which I'm
willing to submit to it, and this will also prove that % Cooper is lying

Now if its a substance on the log book tha
not semen or bodily fluid, then it may have gotten on the legal log book
when % Cooper slid the log book under my cell door, which is against
the procedures of handling the legal log book, you do not slid it under th
cell door, you open the tray slot, but I'm on the food delivery system
Indefinitely so % Cooper was suppose to use the food delivery system
to hand me the legal log book, because, when I'm done eating I jus
slid the paper tray under the cell door, so often food particles falls on
the food. Now thats what may be on the legal log book, because my
floor was not wet, so it was not water.

My point is, % Cooper was not suppose
to slid the legal log book under the cell door and if food particles got
on the log book I should not have to pay for it, it was % Cooper's
decision to slid the log book on the floor, not mine. And % Cooper shoul
pay for any damage caused to the legal log book. Because the correc
procedure was to hand me the legal log book through either the food
delivery system or the food slot, not under the door sliding the log book o
the dirty floor and wondering why its a stain on the cover of the log
book, (Because the floor is often dirty)

But for % Cooper to insinuate that th
Stain is semen or bodily fluid is a lie. And how did % Cooper come
this conclusion. So I would like the log book tested to see what
exactly is on this log book, But for % Cooper to lie and say I put
semem or bodily fluid on the legal log book without seeing me persona
do this is a violation of title 15 Sec. 3391. of Employee's Conduct.

% Cooper and since I'v written those complain.) % Cooper begun writing me up on 115's It started after I wrote the first complaint against % Cooper. I've receive 3# write-up's all by % Cooper, % Cooper has Ramsack my cell, % Cooper refuse to feed me first, Knowing I on food delivery (Indefinitely) instead % Cooper would feed the diet tra and let the S#E bring me my paper tray and it take's 10-minutes before the S#E get's to the Unit my food will already be cold.

% Humphrey Badge no. 43291 work's in the Control booth and allows % cooper to feed diet tray's before paper tray's by opening the other Inmate doors to get the tray when % Humphrey Knows that paper tray's get feed first. The reason I'm including this is because, I've bee in serval arguments with % Cooper behind not feeding first as the procedure states, my food get's cold. But what do % Cooper cares, % cooper dose not have to eat it I do. one time % cooper enter the Pod smileing with % Walker, After I finish eating and they were pic ng up the tray's % cooper Walk up to my door and Stated: ergk! you ate it to", and start laughing. Now I don't Know if % Cooper done something to my food and may be still doing something to my food

% Cooper has written me up 3# time within 2# months, Ramsack my cell, got into numerous argument about not feeding me first, and makes insinuating comments as if she's spitting or doing something to my food. % Cooper works on the floor 2# day's a Week. I do not have any problems with any other % just % Cooper and it all started after I wrote the 2# complaints against % Cooper, It seems % Cooper holds some resentment behind the complaints and must be the reason behind this last 115 % Cooper wrote me up or, As some type of retaliation for filing grievance against her.

I reiterate, I don't have any of these problems with any othe % but % Cooper. When I wrote the complaint on % Cooper it was on the day of June 5, 2004, and June 15, 2004. and Aft hat day all the 115's started.

STAFF COMPLAINT

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

PBSP

| Location: Institution/Parole Region | Log No. | Category | 7/4 |
|---|---|---|---|
| 1. _____ | 1. _____ | | |
| 2. _____ | 2. _____ | c/o U Cooper | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Earnest Harris | W 63617 | | C·Z·121 C |

**A. Describe Problem:** This Complaint is being file against c/o Cooper Badge no. 61919 let me first say c/o Cooper only works in my unit (c·2) for two day's out of the week. But I've manage to receive 4 write-up's by c/o Cooper in a 2 month spand, 3 of the write up's within the month spand the 8th - 31st - 7th of Aug. and Sept. c/o Cooper is unethical dishonest and a lier. the latest 115 on Sept 7 states that c/o Cooper apporach my cell and screamed out twice the I had mail and what was my last two number of C.D.C number. I did not answer so

If you need more space, attach one additional sheet.        See attach pg

**B. Action Requested:** c/o Cooper works tonite so I might have 3 more write up by her when you receive this. I never received the mail c/o Cooper is refering to I want it, where is it. And if female c/o can look inside my cell then whats the possible of the covered loxan. Tell c/o Cooper stop looking in my cell, talking to me and searching my cell let the regular serach my cell (thank you)

Inmate/Parolee Signature: _Earnest Harris_       Date Submitted: Sept 13 20:

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____       Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____       Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

COMBINED

c/o cooper in the 115 of Sept. 7 stated that she order me to turn on my light for count so she can see me. I've been in the S.H.U. since feb. of 1994 and no c/o has ever told me to turn on my light for count, and c/o cooper say's this in the 115 of Sept. 7, 2004.

                                   Its just proof that c/o Cooper is going out of her way to "fuck with me". If I'm behind covered lexan Isn't this for female c/o's to not look inside my cell, then way is c/o cooper the only female c/o who not only looks inside my cell but comes with flashlights and order me to turn on my light so she can see me.

Where is the letter at and once again can you ask c/o cooper because I never receive it and she states in the 115 that she never gave it to me.

                                But if you can check with the mailroom you'll findout that the last letter I got was on the 31st of Aug, I did not have mail on the 7th of Sept, and c/o cooper is lying about the whole incident. Maybe its because the D.A. rejected her last 115, or because I wrote a complaint on her a couple of months ago, or because I filed a 42 U.S.C. § 1983 lawsuit on a c/o that she may know and is trying to retaliate against me.

                             c/o cooper works 2# day's on the floor I do not have any problems with no other c/o's, just c/o cooper the week gose smooth until c/o cooper shows up. the problem is how can I prove that c/o cooper is lying, just because I'm behind covered lexan you believe c/o cooper but its not true its a lie and

security check and my light was off and I was lying on my bun' stroking my penis.

I do not know for sure why % Cooper continues to write these false 115's. I know the last 115 % cooper wrote Del Norte Co. D.A. rejected it, I'm sending you all of my 15's written by % cooper in the last 2# months.

If you read the 115 of sept. 7 carefully it sound like a lie, that % cooper scream at me twice that I have mail and I do not reply. Now who is not going to reply to you got mail, this whole thing is a lie % cooper never stated I had mail, never ask me for my last two. % cooper did look inside my cell, but she just kept walk % cooper never said any thing.

first of all I did not have any mail and have not received any mail the last letter I received was on the 31st of Aug. legal mail, you can check with the mail room, I did not get any mail on the 7th of Sept. (So when you interview % cooper can you ask where is the letter at since % cooper states in the 115 that she did not give me my mail, because i have yet to receive any mail my last letter was on 31st of Aug.)

Now any other % would have simply slid the letter under the door, But no, not % cooper, she wanted to do a security check. this is obvious a lie, I did not have any mail on the 7th of Sept. and % cooper never stated that I had mail % cooper did look inside my cell, I did have my light off because % cooper have lied on me before so I turn my light off fast to avoid her, But now that dose not work.

when they put me on covered lexan they said its so female %'s will not look into my cell. % cooper is the only female % who continue's to look inside my cell (over→

STATE OF CALIFORNIA
## RULES VIOLATION REPORT

804 SENT TO RECORDS ON 08-02-04

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | | PBSP | C02-121L | C04-06-0076 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (c) | ATTEMPTED AGGRAVATED BATTERY ON A PEACE OFFICER | C2-121 | 06-31-04 | 1600 HRS |

CIRCUMSTANCES

On 06-31-04, at approximately 1600 hours, while I was assigned as C2 Floor Officer, I was issuing legal mail to inmate HARRIS, H-63617, sole occupant of cell C2-121. I slid the legal mail log book under his yellow lexan cell door for signature. HARRIS took the book, signed it and returned it under his door with slimy clear liquid on the front cover. I contacted Sergeant T. Baxley, who advised me that HARRIS will be given just a page to sign, not the entire book in the future for signature for receipt of legal mail. The slimy clear liquid mentioned above, when I received it, I perceived to be semen or some type of bodily fluid.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ U. COOPER, CORRECTIONAL OFFICER | | 7-3-04 | C2 FLOOR | SW W/T |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ U.C. | | 7/6/04 | | |
| | | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D | 7/7/04 | ▶ | ☐ HO ☒ SHO ☐ SC ☐ FC |

### COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ R.D. Mout | 7-14 | | E37, A.O.C. |

| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| PBSP-C03-04-09 | ▶ R.D. Mout | 7-16-04 | | ▶ R.D. Mout | 7-16-04 | |

HEARING    0530

| REFERRED TO ☐ CLASSIFICATION | ☐ BPT/NAEA | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| ▶ | | ▶ | | |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ | | | ▶ | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | | ▶ | | |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT FELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3005( c ) | 08-31-04 | PBSP | C04-08-0026 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☑ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ ✗ | DATE 09-10-04 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED | ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED | ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

STATE OF CALIFORNIA

## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

BDM SENT TO RECORDS ON 09-08-04

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-83617 | HARRIS | | | PBSP | C2-121L | C04-09-0007 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | | C2-121 | 09-07-04 | 1530 HRS |

**CIRCUMSTANCES**

On 09-07-04, at approximately 1530 hours, while I was assigned as C2 Floor Officer, I entered F Pod to pass out mail and approached cell C2-121, solely occupied by inmate HARRIS, H-83617. I announced, "Mail, HARRIS." HARRIS would not come to his cell front. I said, "Last two?" HARRIS did not reply. I told HARRIS, "If you want your mail, turn on your cell light and give me the last two of your CDC number." HARRIS still did not reply. I looked into his window for a security check. His television was on and I could see HARRIS sitting on the bottom bunk with his penis out stroking it while looking at me. I left his cell front without delivering his mail. It is also to be noted, last night (09-06-04), at the 2100 hour institutional Count, HARRIS would not turn on his light. I announced, "Count Time HARRIS, I need to see you, turn on your light." HARRIS did not reply, so I looked into his window and I could see him from the light from his television. HARRIS yelled out, "Don't ask me to turn on my light again!" I told HARRIS, "If I can't see you at count time, I will order you to turn on your lights."

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessment, the circumstances of this offense have been _____

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. COOPER, CORRECTIONAL OFFICER | 9-8-04 | C2 FLR FF/F | S/S/ THU |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| Sergeant N. Heggstrom | 9/12/04 | DATE N/A | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | D | | CCI J. Cox | ☐ HO  ☑ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| | | ▶ | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                        DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT**            864 SENT TO RECORDS ON 08-11-04

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | EPRD | 2-7-2025 | PBSP | C2-121 | C04-08-0012 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (a) | THREAT OF FORCE / VIOLENCE AGAINST A PUBLIC OFFICIAL | C2 F POD | 08-10-04 | 1500 HRS |

CIRCUMSTANCES

On August 10, 2004, at approximately 1500 hours, while I was assigned as C2 Floor Officer, I was sitting at the C2 Rotunda Officer Station, after completing a cell search of inmate HARRIS, H-63617, solely occupying C2-121. Inmate HARRIS asked me through the F Pod section door what I took in my cell search. I told him it is all written on his Cell Search Receipt but that I took excessive state soap (a brown bag of about 10 soaps), plastic Ziploc bags, and unmarked pills. Inmate HARRIS then became belligerent and started cursing at me, calling me "Fucking Midget Bitch, I'm gonna Fuck you up." To make sure of what I heard, I said "What was that?" He replied "You heard me Fucking Little Midget, I'm gonna Fuck you off". Due to the threatening tone in which he said these words I feel he was making a direct threat to my safety. Inmate HARRIS then aggressively threw the disposable razor under the Pod door and went back to his cell without further incident.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing Supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ U. COOPER, CORRECTIONAL OFFICER | 8/15/04 | C2 FLOOR OFFICER | SUN WED |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ | | DATE |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | (3) | 8/16/04 | ▶ | LOC. | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

| REFERRED TO | ☐ CLASSIFICATION | ☐ BPT/NAEA |
|---|---|---|

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| | | ▶ | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

CDC 115 (7/88)

STATE OF CALIFORNIA
# RULES VIOLATION REPORT

804 SENT TO RECORDS ON 06-__-04

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | CFAO | 03-27-2023 | PBSP | C02-121L | C04-06-000 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C2-121 | 06-15-04 | 2100 HRS |

CIRCUMSTANCES

On 06-15-04, at approximately 2100 hours, while assigned as C2 Floor Officer, I entered F Pod for the 2100 hour Institutional Count. As I walked toward cell C2-121, solely occupied by inmate HARRIS, H-63617, I could clearly see him, the lights on, in his cell door window masturbating. HARRIS was standing on something to intentionally expose his penis in the window area. I could not see what HARRIS was standing on, as the rest of his cell is covered in yellow lexan. I ordered HARRIS to put his penis back inside his shorts and to quit masturbating. I continued on with the Count.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ (J) COOPER, CORRECTIONAL OFFICER | 6-21-4 | C2 FLOOR | 3W  WT |

| REVIEWING SUPERVISOR'S SIGNATURE | | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ Sergeant T. Bosley | DATE 6/4/4 | DATE N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | D | 6-23-04 | ▶ CCII J. Cox | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| | ▶ | | 6:00 | | | | |
| ☑ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | 6:00 | ▶ | | | 6:00 |

HEARING

1) COPY OF REJECT NOTICE
ON 08-31-04  BY 40 D. INGRAM
AT 1050 HOURS.

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE ▶ | DATE | TIME |
| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | DATE |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

IA Poli…Procedure Attachment 3
Rev. 1/12/04

State of California

# Memorandum

Date : 9/27/04

To : Richard J Kirkland
Chief Deputy Warden

From : **Department of Corrections**
**Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000**

Subject : **STAFF COMPLAINT REVIEW**

The attached appeal from inmate ___Harris___, CDC# H83617, dated
___9/15/04___, reflects a complaint against Pelican Bay State Prison staff and, pursuant to a recent directive from CDC Central Office, is forwarded for your review and category determination prior to acceptance into the appeal process.

The complaint is regarding IR number _____.

_N J Nimrod CCII_
Appeals Coordinator

☐ Appeal was received past 15 day appeal time limit.
   ☐ Reject due to untimeliness with no investigation.
   ☐ Reject due to untimeliness, assign review outside Appeal Process

☒ Staff Complaint Appeals Process.

☐ Fact-Finding Investigation ordered. The issues contained in the appeal have been reviewed and the case has been referred to _____ for a fact-finding investigation. A copy of the completed fact-finding is to be forwarded to the Inmate Appeal Office to be filed with the appeal.

☐ Category I: The issues contained in the attached appeal have been reviewed and it is appropriate to pursue the issues at the institutional level and assign to institutional Internal Affairs (IA) for investigation.

☐ Category II: The issues contained in the attached appeal have been reviewed and it is appropriate to pursue the issues at the department level and will be assigned to institutional Internal Affairs, Headquarters.

_D. Polk_      9-22-04
_____     _____
Chief Deputy Warden           Date

Attachment

PBSP APPEAL LOG # _C04-0 473_

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT / INFORMATION ADVISORY

## STAFF COMPLAINT /-PEACE OFFICER

Please read, and sign this form in front of a staff witness.

Any inmate wishing to file a staff complaint must read and sign the following statement. As this is sworn testimony, this form must be signed in front of the staff member conducting the investigation into the complaint. Failure to sign this form in front of a staff member will be considered refusal to cooperate with the appeal process and the appeal will be cancelled.

You have the right to make a complaint against a Peace Officer for any improper conduct. California law requires and this agency has a procedure to investigate inmate's complaints. You have the right to a written description of this procedure. This agency may find after investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make a complaint and have it investigated if you believe an Peace Officer behaved improperly. This complaint and any report of findings relating to complaints must be retained by this agency for at least 5 years.

It is against the law to make a complaint that you know to be false. If you make a complaint against an officer knowing that it is false, you can be prosecuted. In addition, an inmate who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to criminal prosecution.

I certify or declare under penalty of perjury under the laws of the state of California that the information contained within the attached appeal form CDC 602, dated __9/15/04__ is true and correct, under penalty of perjury, and I swear under oath, under penalty of perjury that the aforementioned information is true and correct, executed this __28__ day of __OCTOBER__ , at Pelican Bay State Prison in Crescent City, California.

| INMATE / PAROLEE PRINTED NAME | INMATE / PAROLEE'S SIGNATURE | CDC NUMBER | |
|---|---|---|---|
| _Refused to sign_ | | | |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| _T Bosley SGT_ | _J Bosley Sgt_ | _10/28/04_ | |

## PERMANENT ATTACHMENT TO CDC FORM 602 / DO NOT REMOVE

( CDC Form 1858 )

( 1858-98.DOC  updated  October 22, 1998)

## INMATE APPEAL ROUTE SLIP

To: AW-SHU                                          Date: September 28, 2004

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PBSP-C-04-02473 By Inmate HARRIS, H63617

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: STAFF COMPLAINTS
Due Date: 11/10/2004
Special Needs:

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

M.J. Nimrod, CCII
Appeals Coordinator
Pelican Bay State Prison

# FIRST LEVEL SUPPLEMENTAL PAGE

**RE:**    PELICAN BAY STATE PRISON (PBSP)
Appeal Log # PBSP C04-02473
First Level Reviewer's Response

**INMATE:** HARRIS, C-39412  *H63617*

**APPEAL DECISION:** PARTIALLY GRANTED

**APPEAL ISSUE:** (Modified)

This appeal is a combination of two separate appeals that you have filed against Correctional Officer U. Cooper.  You claim that Officer Cooper has filed a total of four false California Department of Corrections (CDC) Form 115s, Rules Violation Report, against you.

The CDC 115s in question are as follows:

Log Number C04-08-0026  Charge: Attempted Aggravated Battery on a Peace Officer
Log Number C04-09-0007  Charge: Indecent Exposure
Log Number C04-08-0007  Charge: Threat of Force or Violence against a Public Official
Log Number C04-06-0006  Charge: Indecent Exposure

You are requesting that the Charge of Attempted Aggravated Battery on a Peace Officer be dropped entirely, that the cover of the Legal Log book be tested, and that Officer Cooper receive counseling about lying.

**FINDINGS:**

A thorough investigation of this appeal has been conducted to resolve the issue.  The following witnesses were questioned and documentation you provided was reviewed as a result of your allegations of staff misconduct.

Staff witnesses:  Correctional Officer U. Cooper

On October 28, 2004, Correctional Sergeant T. Bosley attempted to interview you concerning these allegations.  You refused to come out of your cell to be interviewed when Correctional Officer Contreras informed you of the interview.  When Officer Contreras contacted Sergeant Bosley, regarding your decision not to attend the interview, Sergeant Bosley had Officer Contreras go to your cell a second time to ensure you were aware this interview was for your staff complaint.  Officer Contreras informed Sergeant Bosley that you were aware of the reason for the interview but declined to attend.

Your written appeal provided the following information.  You allege that Officer Cooper has continually filled false CDC 115s against you.  In the first report, C04-06-0006, you allege you are placed behind a yellow lexan covered cell front so female staff can not see into your cell, yet Officer Cooper insists on looking into your cell.

In the second CDC 115 report, C04-08-0007, you allege it is false by stating that Officer Cooper is picking on you.

First Level Reviewer's Response
Appeal Log PBSP C-04-02473
Inmate Harris, C-39412
Page 2

The third CDC 115 report, C04-09-0007, you allege is false because you are placed behind a yellow lexan covered cell front so female staff can not see into your cell, yet Officer Cooper insists on looking into your cell. You further allege that you did not receive any letters that night and that the mail, that Officer Cooper alleged you had, is missing.

The fourth CDC 115 report, C04-08-0026, you allege is false because you contend that Officer Cooper violated procedures by passing the log book under the cell door instead of opening the cuff port or using the food delivery system to give you access to the log book. You further contend that the substance was food stuck on the bottom of your door from you sliding your meal trays out of your cell after you had completed the meal. You state in your appeal that you want the log book tested for bodily fluids to prove that it was not semen.

Per Department Operations Manual (DOM), Section 54100.7, Appeal Procedure Abuse, "...If an inmate filing an appeal refuses to be interviewed or comply with the instructions, the appeals coordinator shall reject the appeal noting the behavior on the appeal form and returning it to the sender."

In the event staff misconduct is sustained, the institution's Administration will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or the inmate population and will not be released to the inmate. Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

The missing mail in question was issued the next day. It consisted of copies of a CDC Form 128.

## DETERMINATION OF ISSUE:

A through investigation of the allegations presented in this complaint has been completed. Based on this investigation, the action requested to resolve this appeal is **PARTIALLY GRANTED** in that an investigation was conducted into your allegations of staff misconduct. Additionally, the following determination has been made that your allegations of staff misconduct are as follows: **NOT SUSTAINED**

S. C WHEELER          Date
Facility Captain
Facility C

M/D. CASTELLAW          Date
Associate Warden
Security Housing Unit

# EXHIBIT  E

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. PBSP    C05-00614    9/6

2. _____    2. _____    WEARING IEC jumpsu
TO AND FROM SHOWERS

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Earnest Harris | H-63614 | | C-5-121 |

A. Describe Problem: On Feb. 25, 2005 two incidents occurred involving me and 3rd Watch floor officer (non-regular) I'm on food delivery system and suppose to be feed first (procedure) But the floor officer feed the otherside then feed the whole 5 Block and came in and feed me last. now its obvious the control booth officer (whom is a regular two day's out of the week fri-sat.) did not tell the floor officer that I'm to be feed first, and he dose this every time the regular floor officer is not here. So I kept the paper tray inside the food delivery system to prevent him from closing it, because I wanted him to call

If you need more space, attach one additional sheet.

B. Action Requested: To call E.5 control booth officer and tell him I do not have to wear the suit to the shower because it's a waste of time and makes no sense for me to wear the suit for three or four steps and take off just to go to the shower.

Inmate/Parolee Signature: _Earnest Harris_    Date Submitted: Mar. 4, 2005

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level   ☑ Granted   ☐ P Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __3|8|05__   Due Date: __4/20/05__

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____   Title: __Cept__   Date Completed: __4-2-05__

Division Head Approved: _____   Title: __CDP__   Returned Date to Inmate: __4-11-05__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

------------------------------------------------------------------------

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
                                                         Date: _____

CDC 602 (12/87)

control booth officer not to open the other doors to feed deit tray's until papertray's are feed first. But the control booth officer told the floor officer not to call the Segt.

That night when he came for count I covered my window with a towel (I'm on covered lexan) so he could not look inside to take count, that way he'll have to call the Segt., so he stood in front of my cell for 5 min. baming on my cell door telling me to uncover my window, in which I didn't. So he left came back in 10 min. and start baming on my cell door again to uncover and I didn't, so he left an never came back. obviously he did not report it because the control booth officer told him not to call the Segt.

Now, my problem is not with the floor officer but the control booth officer because the floor officer is not the regular and the control booth officer works two day's out of the week friday - Saturday. and we've been having problems ever since I moved to c-5 (5 mo. ago)

Now today is Mar. 4, 2005 and the same control booth officer tells the regular floor officer (% Morrison) that I have to wear the behavior suit to the shower (obviously he's still mad from last friday and this is his way to get back at me.) I've been in this unit 5 mo. and he nor no other officer ever told me that I had to wear the suit to the shower, and I've been on this suit since Jan. 7, 2004.

I have two chrono's on the behavior suit, one that say's I don't wear the suit to the shower and one that dose not include the shower but don't exclude the shower either. So, I need someone tell me in writing do I have to wear the suit to the shower or not. The thing about me wearing the suit to the shower is, I'm in cell 121 which the first cell to the shower. So I have to wait until another officer to come and help with the escort, then put the suit on and take two - three steps to my right enter the shower take the suit off give it back to the floor officer and when I finish showering wait until the floor officers came back in put the suit back

Now the control booth officer and the regular floor officer % Morrison had a little argument about 2# weeks ago so I think he's just trying to get her to do extra work. I'm now on escort status, I don't run around the tier. So for me to wear the suit to the shower makes no-sense and a waste of time because I would only wear the suit for three-four steps I'm the first cell to the shower. (5.C.121) like I said the control booth officer has never told me to wear the suit to the shower he would just open my door. Now he wants me to wear the suit and it just dose not make sense. I had % Morrison call the Sgt. and she said some say I don't have to wear the suit to the shower and some say I do.

And the control booth officer knows that paper tray's are to be feed first but he waits until the regular floor officer is not here and he opens the suit tray's door and feeds me last. And he has been play these type of game since I've been here to try and provoke me. beside me getting my food first non-cold I have not said anything to him.

# Memorandum

Date : April 5, 2005

To : Facility C Staff

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : SECURITY PRECAUTION ON INMATE HARRIS, H-63617

On October 24, 2003, inmate HARRIS, H-63617, was charged with Indecent Exposure, Incident Report Log # PBP-C11-03-10-0634.

As a result of inmate HARRIS'S extensive disruptive behavior, and in the interest of institutional safety and security, the following Security Precaution is being continued. This restriction was originally implemented on January 7, 2004.

**BEHAVIORAL CONTROL SUIT:** Inmate HARRIS will wear a tamper and tear resistant jumpsuit whenever he is out of his cell, to the exercise yard, to pre-scheduled medical appointments, visiting, in holding cells, etc. Refusal to submit to the application of the jumpsuit prior to exiting his cell will constitute a refusal for the intended service to be provided.

Inmates will not be required to wear a tamper and tear resistant jumpsuit when leaving their cell to shower, or when the inmate is under constant escort i.e. Disciplinary Hearings, Appeal Interviews, etc.

The above Security Precaution is being implemented and will remain in effect for an INDEFINITE period of time, commencing on April 5, 2005.

APPROVED/DISAPPROVED:                    APPROVED/DISAPPROVED:

S. C. WHEELER                            L. M. WILLIAMS
Facility Captain                         Facility Captain
Facility C                               Facility D

## FIRST LEVEL SUPPLEMENTAL PAGE

<u>RE</u>:    PELICAN BAY STATE PRISON (PBSP)
Appeal Log # PBSP-C-05-00614
First Level Reviewer's Response

<u>INMATE</u>: HARRIS, H-63617, C5-121L

<u>APPEAL DECISION</u>: GRANTED

<u>APPEAL ISSUE</u>: (Modified)

The modifications and/or accommodations being requested are as follows: You want written clarification that defines whether you have to wear the Behavior Control Suit (BCS) to the shower. You want the staff in Unit C5 to be informed, so there is no misunderstanding concerning when the Behavior Control Suit should be worn.

<u>FINDINGS</u>:

A review of your appeal has been completed. Your requested modifications and accommodations have received careful consideration. This First Level Appeal response was assigned to Correctional Sergeant R. M. King. Sergeant King interviewed you concerning the contents of this appeal on Wednesday, March 24, 2005. You stated to Sergeant King, "Everything was alright now. The Control Booth officer I had problems [*sic*] but now they are letting me go to the shower without wearing my behavior suit." Sergeant King reviewed the security precaution memo dated April 5, 2005, which states in part; "Inmates will not be required to wear a tamper and tear resistant jumpsuit when leaving their cell to shower, or when the inmate is under constant escort i.e. Disciplinary Hearings, Appeal Interviews, etc." Copies of this memorandum were issued to staff in Unit C5 and to inmate HARRIS.

<u>DETERMINATION OF ISSUE</u>:

A thorough review of the allegation presented in this appeal has been completed. Based on this review, the appeal is **GRANTED** at the First Level of Review.


S. C. WHEELER                     4-7-05
Facility Captain                  Date
Facility C

L. M. WILLAMS                     4-11-05
Associate Warden (A)              Date
Security Housing Unit

## INMATE APPEAL ROUTE SLIP

To: AW-SHU                                                Date: March 17, 2005

From: INMATE APPEALS OFFICE

Re: Appeal Log Number  PBSP-C-05-00614  By Inmate  HARRIS, H63617

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: LIVING CONDITIONS
Due Date: 04/20/2005
Special Needs:


STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted.  This policy is not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


D. W. Bradbury CCII
Appeals Coordinator
Pelican Bay State Prison

# EXHIBIT  F

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    **PBSP**    Lo(    )    Category    1/5

1. _____    1. C05-01900

2. _____    2. _____    CANTEEN RESTRICTIO

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Earnest Harris | NUMBER H(3)7 | ASSIGNMENT | UNIT/ROOM NUMBER C-5/12/ |
|---|---|---|---|

A. Describe Problem: ON 4/3/05 I was written-up for Indecent Exposure. I postpone the hearing pending D.A. referral May 19, 2005 Del Norte County superior court dismiss the allegations, I did not attend the hearing. I received a copy of the findings around July 11-12 of 2005 But it was not until July 15, 2005 when I found out that I was on canteen restriction stemming from this incident. When I read the disposition it stated a loss of 90 days and when they said I was on canteen restriction because of this incident I found the 115

next page

If you need more space, attach one additional sheet.

B. Action Requested: I need Hygiene products and I would like my canteen privileges reinstated, hopefully you do this before Aug. 1st 2005 1 canteen draw or at least call/them if you feel you may reinstate my canteen privileges so I can go this month because they refused my canteen slip last month. Thank you.

Inmate/Parolee Signature: Earnest Harris    Date Submitted: July 22, 2005

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

**BYPASS**

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

2ND/ APPEALS

JUL 26 2005

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

# BYPASS

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

# BYPASS

_____

Signature: _____    Date Submitted: _____

Second Level    ☑ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7/26/05    Due Date: 8/7/05

☑ See Attached Letter

Signature: *P. Smith*    Date Completed: 9/1/05

Warden/Superintendent Signature: *M Castellaw*    Date Returned to Inmate: 9-15-05

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

which I did not d before. The SHO states Per. CCR. 3040(d) canteen privilege may be restricted for an offense including intentional or negligent misuse, destruction, or damage of State property. It further states; this offense involves the intentional or negligent misuse, damage or destruction of state property as follows utilization of state supplied electrical appliances, and power to illuminate his genitalia to the view of Correctional officer A. J. Harlou while engaged in the act of Masturbation,

first of all, I was not written up for destroying, damaging or misuse of state property, So It Violates Due process as require within the 115 it states: (Due process: The disciplinary was served in the Inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time restraints have been meet. There are no due process issues,

Yes, There are Due process issues, Because I was not notified or Served a 115 for damaging or destroying, misuse of state property within 15 or 30 days before a hearing. So, how can you give me any restrictions for something I was never written up for. I was written up for Indecent exposure, I did not attend the hearing and did not receive any notice of the charges of misuse or damaging state property.

Secondly, regulation 3011 of the title 115 was not written to include the fact that I had my bright light on its for destroying or damage to state property and the SHO is stretching the phrase misuse of State property (being that I had my bright light on.) The bright light isn't damaged or destroyed, So I did not think just having the bright light on" can be considered a misuse of state property Besides I was not found guilty of destroying, damaging, or misuse of state property by this SHO,

(1)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**                804 SENT TO RECORDS ON 04-05-04                DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-63617 | HARRIS | EPRD | 07-27-20 | PBSP | C02-121L | C04-04-0002 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C2-121 | 04-03-05-04 | 2300 HRS |

CIRCUMSTANCES

On Saturday, April 3, 2004, at approximately 2300 hours, I was assigned as C2 Control Booth Officer. During the 2300 hour, Institutional Count, I observed inmate HARRIS, H-63617, sole occupant of cell C2-121, at his cell front facing me, naked with his bright light on. HARRIS was staring at me, while standing on his sink masturbating. HARRIS complied with my direct order to stop masturbating and get down off his sink. Let it be known that HARRIS was behind Yellow Lexan; which was removed on April 2, 2004.


This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D.J. HARLOW, CORRECTIONAL OFFICER | 4-7-04 | C2 CONTROL | 1W  TW |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶  Sergeant A. Navarro | 4/7/04 | DATE    N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | B | 4-8-04 | ▶ CCII A. Cox | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | c/o R | 4-9-04 | 1030 | 837 ABC's |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| P— 2-04-04-0254 | ▶ | 4-9-04 | 1030 | ▶ c/o R | 4-9-04 | 1030 |

HEARING

(SEE ATTACHED 115-C FOR HEARING SUMMARY)


| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| Lieutenant J.A. Guinn, SHO | | | 084D |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ Captain S. Wheeler | 7-5-05 | L.M. Williams, (A) A.W. | 7-6-05 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE)  to R. Buck | | DATE 7-7-05  TIME 1205 |

CDC 115 (7/88)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C04-04-0002 | PBSP | 6/27/05 |

☐SUPPLEMENTAL  ☒CONTINUATION OF:  ☐CDC 115 CIRCUMSTANCES  ☒HEARING  ☐I.E .REPORT  ☐OTHER

**Hearing:** On June 27, 2005 at approximately 0840, HARRIS was given the opportunity to attend this disciplinary hearing and HARRIS declined. HARRIS has signed a CDC 128-B confirming his refusal and this will be placed in his Central file. Per CCR 3320 (g) (3), the hearing was held in his absence.

**District Attorney:** On April 9, 2004, HARRIS requested postponement of his hearing pending resolution of possible criminal prosecution. On June 7, 2005, notice was received that this had been resolved with a finding of GUILTY BY NEGOTIATED PLEA on the charge of BATTERY UPON A PERSON NOT A PRISONER; all other charges were dismissed as a part of the plea bargain. Per CCR 3316 (c) (3), a court finding of guilty or not guilty, resulting from a trial, shall be accepted as a finding of fact on the same charges in a disciplinary hearing.

**Due Process:** The disciplinary was served on the inmate within 15 days of discovery and the hearing has been held within 30 days of notice of resolution of pending criminal charges. Time constraints have been met. There are no due process issues.

The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

**Staff Assistant:** There is no reason to believe that HARRIS is illiterate or does not speak English. The issues are not complex and the defendant has no apparent interest in presenting his defense at this hearing. Staff Assistant will not be assigned.

**Investigative Employee:** HARRIS has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses:** No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence:** Videotape evidence was not an issue for this hearing.

As HARRIS did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of April 3, 2004 and the Incident Report

**Finding:** Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. <u>Given that inmates are obligated to protect the privacy of himself and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront.</u> This finding is based upon the following preponderance of evidence:

A. The testimony of CORRECTIONAL OFFICER D.J. HARLOW via the disciplinary report wherein HARLOW relates that while performing her duties as the C2 Control Booth Officer, during the 2300 hour institutional count, she observed HARRIS to be standing on his sink. HARRIS had his bright light on and was staring directly at HARLOW while engaged in the act of masturbation. HARLOW directed HARRIS to stop masturbating and to get down off of his sink. HARRIS complied with HARLOW'S direction. HARLOW also notes that HARRIS had been removed from Yellow Lexan status on April 2, 2004.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| J.A. GUINN | | Correctional Lieutenant | 6/27/05 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|  |  | 7-7-05 | 1205 |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

| CDC NUMBER H-63617 | INMATE'S NAME HARRIS | LOG NUMBER C04-04-0002 | INSTITUTION PBSP | TODAY'S DATE 6/27/05 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☒CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☒HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Disposition:**    Assessed **90** day credit forfeiture for this Div. D offense.  With this notice, HARRIS is informed that his credit restoration period began April 4, 2004 and this restoration period is a minimum of six months (if within 90 days of scheduled release, the minimum is reduced to 60 days).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.  With this notice, HARRIS is referred to CCR §3084.1 for information on appeal procedures.

**Additional penalties:**    Per CCR 3177 (b) (1) (A), this inmate has been found guilty of an offense listed in CCR 3177(b) (1).  This inmate should be reviewed for prohibition against all future family visits.

Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or damage of state property.  Restriction of canteen privileges means canteen draw slips will not be accepted during this period of restriction.  Any canteen draw slips submitted by this inmate during this period will be returned without action.  The inmate will be allowed to keep any canteen received or ordered prior to this restriction.  This offense involved the intentional or negligent misuse, damage or destruction of state property as follows: Utilization of state supplied electrical appliances, and power to illuminate his genitalia to the view of Correctional Officer D.J. Harlow while engaged in the act of masturbation.  Effective the date of this hearing through September 25, 2005, canteen privileges are restricted for HARRIS for a total of **90** days.

**Copies:**  Inmate trust office; Canteen, Program Lieutenant

| SIGNATURE OF WRITER J.A. GUINN | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 6/27/05 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 7-7-05 | TIME SIGNED: 1205 |

STATE OF CALIFORNIA
## SERIOUS RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| | | | | | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution.    INMATE'S SIGNATURE ► N/P    DATE

☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution.    INMATE'S SIGNATURE X _____    DATE

DATE NOTICE OF OUTCOME RECEIVED  06-07-05    DISPOSITION  Judgement & Sentence

☐ I REVOKE my request for postponement.    INMATE'S SIGNATURE ► N/P    DATE

### STAFF ASSISTANT
☒ REQUESTED  ☒ WAIVED BY INMATE    INMATE'S SIGNATURE ►X    DATE 06-21-05
☐ ASSIGNED  ☒ NOT ASSIGNED    NAME OF STAFF — N/A —    REASON: per CCR 3315 (d)(2)

### INVESTIGATIVE EMPLOYEE
☒ REQUESTED  ☒ WAIVED BY INMATE    INMATE'S SIGNATURE ►X    DATE 06-21-05
☐ ASSIGNED  ☒ NOT ASSIGNED    NAME OF STAFF — None —    REASON: per CCR 3315 (d)(1)
EVIDENCE/INFORMATION REQUESTED BY INMATE: None

### WITNESSES
WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☒ NONE

INVESTIGATIVE REPORT: ...

1) Copy of Judgment & Sentence issued on 06-21-05 @ 1730 hours by S/o D. _____

| INVESTIGATOR'S SIGNATURE ► | DATE |
|---|---|

COPY OF CDC 115-A GIVEN INMATE ► | BY: (STAFF'S SIGNATURE) ► | TIME | DATE

115-A (7/88)

State of California

# Memorandum

*SHO*

Date : June 7, 2005

# JUDGMENT & SENTENCE

To : Paul J. Dillard
Central Services
Associate Warden

From : Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000.

Subject : PBSP INCIDENT NUMBERS PBP-C11-03-08-0493, PBP-C11-03-10-0634, PBP-C02-04-04-0254, PBP-C02-04-08-0500, PBP-C02-04-08-0530, AND PBP-C02-04-09-0538

On June 7, 2005, the Del Norte County District Attorney's Office notified Pelican Bay State Prison of the Judgment and Sentence of inmate HARRIS, H-63617.

On May 19, 2005, the Del Norte County Court found the above named inmate GUILTY BY NEGOTIATED PLEA. On Count VIII (PBP-C02-04-08-0530), for the offense of Penal Code (PC) 4501.5, Battery Upon a Person not a Prisoner, the court sentenced the above named inmate to one (1) year consecutive.   Count I (PBP-C11-03-10-0634), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, and COUNT IV (PBP-C11-03-10-0634), for the offense of PC 314, Indecent Exposure, were dismissed as part of the Negotiated Plea. Count II (PBP-C02-04-08-0500), for the offense of PC 422, Threats to Commit Crime Resulting in Death or Great Bodily Injury, was dismissed as part of the Negotiated Plea. Count III (PBP-C02-04-08-0530), for the offense of PC 664/4501.5, Attempted Battery Upon a Person not a Prisoner, was dismissed as part of the Negotiated Plea. Count V (PBP-C11-03-08-0493), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VI (PBP-C02-04-04-0254), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea. Count VII (PBP-C02-04-09-0538), for the offense of PC 314, Indecent Exposure, was dismissed as part of the Negotiated Plea, resulting in a total term of one (1) year consecutive.

Please release the detainer placed by the Court Liaison's Office.  Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in this case.  If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

[ | ] COPY TO INMATE ON _06-21-05_

AT _1230_ HOURS BY

C/O _D. House_

cc:   Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

State of California

# Memorandum

Date    : November 4, 2004

<div align="center">

## DA ACCEPTED

</div>

To      : Paul J. Dillard
          Central Services
          Associate Warden

From    : Department of Corrections
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : PBSP INCIDENT #PBP-C02-04-04-0254

On April 3, 2004, inmate **HARRIS, H-63617**, committed the following violation(s) of the California Penal Code Section(s):

      314          Indecent Exposure

On April 21, 2004, the case was presented to the Del Norte County District Attorney's for possible prosecution.

On November 4, 2004, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that their office issued a complaint charging the above named inmate(s) with the following violation(s) of the Penal Code Section(s):

      **COUNT VI 314.1  Indecent Exposure**

You will be apprised of the outcome of this case.

K. R. THOMAS
Correctional Sergeant
Court Liaison Office

    cc:  Facility Captain
        Facility S&E
        Records
        Inmate
        CLO File

State of California

# Memorandum

Date  : April 21, 2004

## DA REFERRAL
### (DETAINER)

To      : Central Services
          Associate Warden

From   : Department of Corrections
          Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : PBSP INCIDENT #PBP-C02-04-04-0254

On April 3, 2004, inmate(s) HARRIS, H-63617, committed the following violation(s) of the California Penal Code Section(s):

314          Indecent Exposure

As of April 21, 2004, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate(s) pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


K. R. THOMAS
Correctional Sergeant
Court Liaison Office


cc:   Facility Captain
       Facility S&E
       Records
       Inmate
       CLO File

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

NAME: _Harris_    NUMBER: _H63617_    CELL: _C5-121L_

On _06/27/05_ at approximately _0840_ hrs. inmate _Harris_, # _H63617_ was asked to attend ICC____, UCC____, CDC 115 hearing for disciplinary log # _C04-04-0002_. He refused. This verification will be returned to the Classification Committee or Senior Hearing Officer.

_____
Inmate signature

_% J Cooper_ _____
Staff witness (print and sign name)

_____Check line if inmate refuses to sign.

_% T Reagen_ _R. Reagen_
Staff witness (print and sign name)

ORIG    :    C-File
cc    :    Inmate

DATE                                    PBSP            GENERAL CHRONO

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

**NAME and NUMBER**    HARRIS                            H-63617        **CELL:**    C5-121

Per CCR 3090(d), canteen privileges may be restricted for an offense including intentional or negligent misuse, destruction or damage of state property. Restriction of canteen privileges means canteen draw slips submitted by this inmate will be returned without action. The inmate will be allowed to keep any canteen received or ordered prior to this restriction. On June 27, 2005 this inmate was found guilty of a disciplinary offense (log number C04-04-0002) involving the intentional or negligent misuse, damage or destruction of state property. Effective the date of this hearing, canteen privileges are restricted for 90 days through September 25, 2005.

ORIG    :    C-File
cc      :    INMATE TRUST, CANTEEN, PROGRAM LIEUTENANT

J.A. GUINN
CORRECTIONAL LIEUTENANT

**DATE**    6-27-05

PBSP                        **GENERAL CHRONO**

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:  SEP 1 4 2005

Inmate HARRIS, H-63617                                      **MODIFCATION ORDER**
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 5, Cell 121

RE: WARDEN'S LEVEL DECISION                      APPEAL: GRANTED
    APPEAL LOG NO. PBSP-C-05-01900               ISSUE: DISCIPLINARY
                                                 LOG #C04-04-0002

This matter was reviewed by RICHARD J. KIRKLAND, Warden, at Pelican Bay State Prison (PBSP). Correctional Counselor II P. Somera conducted the interview at the Second Level of Appeal Review on August 29, 2005.

## ISSUES

Inmate Harris is requesting that his canteen privileges be reinstated.

## FINDINGS

### I

On April 3, 2004, the inmate was issued a Disciplinary Report, Log #C04-04-0002 for Indecent Exposure and was subsequently found guilty. The inmate states that the incident occurred in 2004 and he postponed his hearing pending the outcome of the District Attorney (DA) referral. The inmate states the DA dismissed the allegations. The inmate contends that the canteen restriction is not warranted as there was no intent, negligent, misuse, damage, or destruction of State Property. The inmate disagreed with the assessment that his light being on was a misuse of state property.

### II

The Second Level Reviewer interviewed the inmate relative to his Appeal issue. The inmate had no additional information to add. The inmate was informed at the interview that there is a Pilot Program that became effective on March 1, 2005, where his canteen could be restricted based on a guilty finding for Indecent Exposure.

## DETERMINATION OF ISSUE

It should be noted that the Indecent Exposure charge was dismissed as part of a Negotiated Plea and the inmate was found guilty of a negotiated plea of Battery on a Person not a Prisoner. The inmate has received four additional Disciplinary Reports for Indecent Exposure since his April 3, 2004, incident.

CCR, Title 15, Section 3090(d), states in part that canteen can be restricted by formal disciplinary action for a violation involving intentional or negligent destruction, damage, or misuse of state property. The Hearing Officer restricted the inmate's canteen stating that utilization of state supplied electrical appliances and power to illuminate his genitalia while masturbating was the intentional and/or negligent misuse of state property.

Supplement Page 2
HARRIS, H-63617
Appeal # PBSP-C-05-01900

Per the disciplinary report the Reporting Officer states that while conducting count the inmate was masturbating with his bright light on. While correctional experience tells us that it was likely the inmate's intent was to illuminate the area so the Officer would observe him masturbating, there is not sufficient evidence contained within the RVR, to delineate that this was the reason the light was on, as opposed to the myriad of other reasons that the light could have been on for. The CCR's do not specifically define what constitutes misuse of state property and this restriction appears to exceed the threshold of what would be considered misuse.

Based on the above review, the inmate's request for his canteen privileges be reinstated is GRANTED, noting that the granting of this appeal does not allow the inmate to receive his past disallowed canteen, as the CCR's are specific regarding monthly limits on canteen purchases.

<div align="center">MODIFICATION ORDER</div>

Facility "C" is to notify the canteen that the inmate's canteen privileges have been restored.

RICHARD J. KIRKLAND
Warden
Pelican Bay State Prison

PLS #16 09/01/05

Pelican Bay State Prison
Inmate Appeals Office



## MODIFICATION ORDER

September 14, 2005

AW-SHU

RE: HARRIS, H63617
   CF05L 000000121L
   PBSP-C-05-01900
   DISCIPLINARY

Please be informed that as a result of a Level II Decision, the above referenced appeal has been GRANTED. Please complete this modification order to comply with the decision.

DUE DATE:  10/13/2005

OTHER

Modification Order #05-51

The Associate Warden of the Security Housing Unit shall ensure that inmate Harris' canteen priviledge are restored.

D. W. BRADBURY
Appeals Coordinator

The modification was completed in the following manner:

| Priviledge   Restored |
|---|
| |
| |
| |

(You must attach a copy of any documents proving compliance, such as CDC Form 128-G, Classification Chrono; CDC Form 128-C, Medical Chrono; CDC Form 115, Rules Violation Report, etc.)

Certified as completed by:

| _____ | CCII | 9-19-05 |
|---|---|---|
| Signature of staff completing action | Title | Date |

| _____ | | 9-20-05 |
|---|---|---|
| Signature of Associate Warden | | Date |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                        PAGE   1   OF   1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C04-04-0002 | PBSP | 09-19-2005 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ CDC 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☒ OTHER

**CDO MODIFICATION** Per CCR 3312(b)(1), the Chief Disciplinary Officer (CDO) may order a different disciplinary action, order a different method of discipline; dismiss a charge, order a rehearing of the charge, or combine any of these disciplinary actions. As the Chief Disciplinary Officer, I am ordering the following:

☐ If CDO modification was ordered by Appeals modification, enter number of modification order here _____
☐ The finding is reduced to the DIV _____ offense for _____ with the corresponding reduction of the credit forfeiture to _____ because:
    ☐ The original finding is not fully supported by the evidence and this lesser offense is supported by the evidence.
    ☐ The finding is reduced in the interest of justice.
☐ The credit forfeiture is reduced to _____
    ☐ The original assessment exceeds the amount authorized by CCR 3323.
    ☐ The forfeiture has been reduced in the interest of justice.
☐ Credit forfeiture is disallowed because:
    ☐ The disciplinary was not served on the defendant within 15 days of discovery.
    ☐ The disciplinary was not heard within 30 days of service or, if postponed, within 30 days of DA response.
☒ Modification of other penalties assessed in the hearing:
    ☒ Privilege restriction is disallowed.
    ☐ Privilege restriction is reduced to: _____
☐ This disciplinary will be reissued and reheard, with new time constraints beginning the date of this order, because:
    ☐ Witness denial is not justified or addressed by the hearing summary.
    ☐ Staff Assistant should have been assigned to the defendant.
    ☐ Investigative Employee (IE) should have been assigned or the completed IE report is insufficient.
    ☐ Defendant was not given a minimum of 24 hours to prepare for hearing and did not waive this period.
    ☐ Defendant was not allowed to review the video of this offense and did not waive review of video.
    ☐ The Senior Hearing Officer does not qualify as a disinterested party because of prior involvement in the offense, investigation, or had classified disciplinary.
    ☐ CDC 1030 confidential information disclosure is not sufficient.
    ☐ Confidential information was used and the disciplinary findings did not address the reliability of the source(s), as well as show that either the information was corroborated or the combination of overall circumstances and reliability were convincing.
☐ This disciplinary is dismissed as the finding is not supported by the evidence and it is not reasonable to believe that a new hearing would discover new evidence supporting the finding. Original copy of disciplinary will be given to the inmate. Credit forfeiture and other penalties are disallowed and Records will be notified of needed changes.
    ☐ Circumstances of this offense should be documented as a CDC 128-B because of program/enemy concerns.
    ☐ Per CCR 3314, this has been reduced to an administrative offense and should be documented as a CDC 128-A in the interest of justice.

Comments: _____

_____

Route through Disciplinary Officer. After giving copy to inmate, Disciplinary Officer should send copy to Register of Institution Violations. If credit forfeiture has been changed, copy should also be routed to the C&PR in the Records Office. Original should be filed with the CDC 115.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| S.C. WHEELER _(signature)_ | Chief Disciplinary Officer | 9-19-05 |

| COPY OF CDC-115-C GIVEN TO INMATE ✓ | GIVEN BY: (STAFF'S SIGNATURE) W. Coleman | DATE SIGNED: 9-19-05 | TIME SIGNED: 1212 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC 128-B (8-87)

NAME and NUMBER     HARRIS     H-63617     CELL:     C05-121L

As a result of a Level III Appeal Decision, Inmate Harris' canteen privileges are restored. Log number G04-04-0002

W. Coleman
W. COLEMAN
SHU DISCIPLINARY OFFICER

ORIG:     C-File

DATE  9/9/05     PBSP     GENERAL CHRONO

# EXHIBIT  G

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

1. PBSP     1. CDC-00060

2.                 2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Earnest Harris | NUMBER H-63617 | ASSIGNMENT | UNIT/ROOM NUMBER C-5-121 |

**A. Describe Problem:** On Nov. 16, 2005 a 115 hearing was conducted in regards to a 115 I received on April 30, 2005. my "first issue" is that the hearing was held on Nov. 2005 but the disposition of the 115 was not issued to me until Dec. 14, 2005 30th days CCR 3320 States that have 5th day after the hearing to issue me the disposition so my Due process rights have been Violated My "Second Issue" is my T.V. was unplugged on Nov. 16, 2005 the day of the hearing but no restric chrono from the Chief Disciplinary officer, was not issued until Dec. 14, 2005 30th days a month after the hearing. My T.V. Should not have been unplugged un    see next

If you need more space, attach one additional sheet.

**B. Action Requested:** My privileges be restore as soon as possible

Inmate/Parolee Signature: Earnest Harris     Thank you Date Submitted: Dec. 18, 2005

RECEIVED FEB 21 2006 INMATE APPEALS BRANCH

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

DENIED

_____

Staff Signature: _____     Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

DENIED

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim     CDC Appeal Number:

DEC 19 2005     JAN 09 2006

First Level  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

BYPASS

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                              Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

_____

_____

Signature: _____ Date Submitted: _____

Second Level  ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _1·9·06_  Due Date: _2·23·06_
☐ See Attached Letter

Signature: _____ Date Completed: _1/27/06_

Warden/Superintendent Signature: _____ Date Returned to Inmate: 2/10/06

H. If dissatisfied, add date or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
                                                                    Date: _____
CDC 602 (12/87)

Chief Disciplinary Officer Coleman issued the Chrono to the Unit, so for 9 days my T.V. has been *legally* unpluged. My "*third* issue" is my canteen was ordered on Dec.1,2005 it arrived in the unit on Dec.7,2005 but the captain (Wheeler) ordered the floor officer not to issue me the canteen. Although no restriction papers had been issued to the canteen office, so the canteen officer Rupert could not accept the return of the canteen because their was r restriction paper issued to canteen until Dec.14,2005, so my canteen sat in the unit for 8th days the floor officer would not issue it to me because the captain (Wheeler) ordered him not to. The Rule they cited to restrict my canteen Per CCR 3090 (d) States: the Inmate is allowed to keep any canteen received or ordered prior to the restriction. The floor officer Stated they would return my canteen tomorrow, so they held my canteen in the unit until the restriction papers were done (which was on Dec.14, 2005 a month later) so by C.D.C rules I was suppose to be issued my canteen. My "*fourth*" issue is the dates the Chrono's are supposely done, "chrono is dated on Dec.5, 2005 sign by Lt. James the hearing officer. The hearing was done on Nov. 16, 2005 th chrono and disposition was done 3rd weeks (21st days) later on Dec.5, 2005 so t' explains why it took 30th days to give me the disposition and the chrono's because Lt. James with the help of Chief Disciplanary officer Coleman and captain Wheeler illegal added restriction to the disposition that was not Stated o Nov 16, 2005 the date of the original hearing. Thats why the chrono stating an extended SHU term is dated Nov. 16, 2005. the canteen, T.V. restriction is N part of the original 115 hearing on Nov. 16, 2005 its the product of a illegal hearing to add additional restrictions 3rd weeks after the original hearing and that explains the 3rd different dates on each chrono. The **Chrono** issued by captain Wheeler is dated 12/13/05 yesterday stating I'm not going to receive my cante My canteen arrived in the unit Dec.7, 2005 before the Chrono was issued an before the restriction papers was sent to the canteen office And by captain Wheeler personally telling my ~~floor~~ officer not is issue my canteen and writing this Chrono he has made himself a "conflect of interest" and should not have an thing to do with this appeal process because he is part of the problem, By ille ordering the floor officer to ~~unplug~~ my T.V. on the 16th of Nov. when the disposition and **chrono** ordering my T.V be unplugged was not ordered until 3rd weeks later Dec.5, 2005 as well as the canteen restriction. The "*fifth*" issue - was illegally placed on this restriction for 180th days, when I'm told that the restriction only allows for a restriction of 90th days, so the ~~time~~ restraints of 180th is illegal as well as Lt. James waiting 3rd weeks (Dec.5, 2005) to add additional restricti. the disposition that was not originally ordered on the date of the hearing 11/16

My "Sixth" issue is Chief Disciplinary officer Coleman did not issue me this disposition as her signature states "so that's a lie" the floor officer issue me the disposition today. I wrote to chief Disciplinary officer twi n regards to why it was taking so long to issue me the disposition an were any restriction chrono's issued to the Unit or Centeen, and she nev answered my inmate request My "Seventh issue" is I should have been al ed to attend the hearing done on the 5th of Dec. 2005 which add the addi restriction Lt. James con not add additional restrictions after the hearing w conducted the only restriction which should apply is the restriction ordered the day of the hearing nov. 16 2005 any additional restriction ordered after the 16th of nov. is illegally imposed. which are the restrictions ordered on the 5th of Dec. 2005 and 13th of Dec. 2005 by Lt. James and captain Wheel although this "8th issue" is irrelevent Lt. James states the restriction is fo 180th days it began on the day of the hearing and ends May 15, 2006, among other things Lt. James done wrong his math is also wrong from nov. 16, 2005  180th days of restriction would end on May 9, 2006 not May 15 2006. So for these reasons my privileges should be restore 1st CCR33 states they're to issue the disposition within 5th days after the hearing they took 30th days (a month) which is a violation of my Due process 2nd the chron ordering my restriction and disposition was conducted and ordered 3rd wee after the hearing, and was not ordered in the original hearing which w illegal and a violation of Due process of law "third # the 180th days exceeds the maximum time required which is 90th days and the date of May 15, 2006 exceeds the Maximum time ordered by Lt. James from Nov. 11, 2005 — May 15, 2006 is 186th days not a 180th days, which violates ex post facto of law and Due process, 4# I was not given an opportunity to attend the hearing for the additional restriction on Dec 5, 2005 a violation of Due process whereas, if I've been prejudice by the delay in issuing the disposition the disposition was issued within 5th days of the hearing (nov. 16, 2005) the canteen and t.v. restriction would not have been imposed Because the additi restrictions were add 3 weeks after the original hearing and was not or ed at the time of the original hearing and it also delayed my appeal proce x out ta so when the ar u go through I would have done at least 90th days of and the other Lt. James ers to occurred before the 1 program was effective,

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE:     FEB 0 1 2008

Inmate HARRIS, H-63617
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 5, Cell 121

RE:  WARDEN'S LEVEL DECISION
     APPEAL LOG NO. PBSP-C-06-00060

APPEAL: DENIED
ISSUE: DISCIPLINARY
RVR LOG #: C05-04-0024

This matter was reviewed by RICHARD J. KIRKLAND, Warden, at Pelican Bay State Prison (PBSP). On January 26, 2006, Correctional Counselor II P. Somera conducted the interview at the Second Level of Review.

## ISSUES

Inmate Harris is requesting that his privileges be restored.

## FINDINGS

### I

The inmate alleges in his Appeal:  1)  that his hearing was held on November 16, 2005, and he was not issued the final disposition until 30 days later; 2)  that his television was unplugged the day of the hearing and should not have been unplugged until he was issued a chrono; 3)  his canteen arrived in the unit on December 7, 2005, and he should have been allowed to have it; 4)  the inmate states the additional restrictions were added to his disposition and he should have been allowed to attend any additional hearings; and 5)  the restriction of 180 days is incorrect and calculated wrong.

### II

The Second Level Reviewer interviewed the inmate relative to his Appeal issue. The inmate states his only issue was the date his canteen restriction expired. The inmate had no other comments.

## DETERMINATION OF ISSUE

The California Code of Regulations (CCR), Title 15, Section 3320 (l) in part states, "Within five working days following review of the CDC Form 115 and CDC Form 115-A by the Chief Disciplinary Officer, the inmates shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusion." While the institution makes every effort to follow the time limitations established in the Title 15, the high volume of disciplinaries to be processed requires staff to prioritize the issuance of the Rules Violation Reports (RVRs). The inmate did not suffer any adverse action and the Title 15 does not identify any penalty for violating this time limit.

There was no additional hearing as the inmate contends in his Appeal. The hearing was November 16, 2005, and the inmate refused to attend his hearing. The Senior Hearing Officer completed the RVR – Part C on December 5, 2005. Had the inmate attended his hearing he would have been immediately aware of the restrictions placed on him.

Supplement Page 2
HARRIS, H-63617
Appeal # PBSP-C-06-00060

On March 1, 2005, a Pilot Program for management of indecent exposure incidents at PBSP was implemented. It states a finding of guilt for a second offense may result in a loss of privileges up to 180 days. The inmate has received six prior RVR's for Indecent Exposure; therefore, his restriction of 180 days is appropriate in compliance with the Pilot Program.

The CCR, Title 15, Section 3320(l), requires that any finding of guilt be based upon a determination by the official conducting the hearing that a preponderance of evidence submitted at the hearing substantiates the charge. It was determined by the hearing officer that there was preponderance of evidence to support the charge and finding of guilt. The inmate has provided no additional information or evidence that his procedural or due process requirements were violated.

The inmate's request that his privileges be restored is DENIED.

<div align="center">MODIFICATION ORDER</div>

No modification of this decision or action taken is required.

RICHARD J. KIRKLAND
Warden
Pelican Bay State Prison

PLS #20  01/27/06

# EXHIBIT H



# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _____    1. CDC-00739

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Carmen Harris   NUMBER: H-63617   ASSIGNMENT: C.S.U.U   UNIT/ROOM NUMBER: 7-121L

**A. Describe Problem:** On Jan-14 2006 my cell was Search by 5/6 page and a Unit for cell Search, on my t.v. was confiscured by 5/6 Page whom stated that my t.v. did not work and no power cord was visited After a 602 the situation at for sept. Powers claiming on my t.v. which was held in the property room from 1/14/06 till 3/8/06 on 3/28/06 Sgt. Power told me that my t.v. works and I will get it relec. I got no t.v. restriction I told Sgt. Power I ordered a new t.v. because the store told me my old t.v. was broke Sgt. Power Said that they will just connect the t.v. and if I did not want the new t.v. on 3/29/06 C/o free office gave me a that my t.v. was in the property room and I had to exchange my old t.v. for my self my new t.v.

**B. Action Requested:** I do not want the new t.v. the reason I ordered the t.v. was because they said my old t.v. did not work which it does my cell should not have to pay to send it back, nor do I want it because I want the order concealed and the money either sent back to my family or put on my account.

Inmate/Parolee Signature: _____   Date Submitted: 3/28/06

**C. INFORMAL LEVEL** (Date Received: 4-3-06)

Staff Response: APPEAL DENIED — YOUR TV ARRIVED IN THE S&R PROPERTY ROOM 3-28-06 ALL PAPERWORK WAS CHECKED FOR ACCURACY AND PROPER SIGNATURES. THE TV WAS THEN ENGRAVED WITH YOUR NAME AND CDC NUMBER IN PREPARATION FOR ISSUANCE TO YOU. IF YOU DID NOT WANT SAID TV IT IS YOUR RESPONSIBILITY TO CONTACT THE COMPANY AND CANCEL THE ORDER.

Staff Signature: _____   Date Returned to Inmate: 4-5-06

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I did not tell the property office to engrave my name on the t.v. I ordered the t.v. because the 5/6 page confiscated my old t.v. and said it was broke. My t.v. was return to me on 3/8/06 I then wrote my father and told him to cancel the t.v. order. The 5/6 page just lied and said my t.v. was broke when in fact it was not I would not

Signature: _____   Date Submitted: 4/5/06

(next page)

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 4-7-06    Due Date: 5-19-06

Interviewed by: _Sergeant Knickran_ on 5.14.06

Staff Signature: _____    Title: _C-C (A)_    Date Completed: _____

Division Head Approved:

Signature: _____    Title: _A.W.(A)_    Returned Date to Inmate: _5/1/06_

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: 5/23/06

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6/13/06    Due Date: 7/11/06

☒ See Attached Letter

Signature: _____    Date Completed: 6-29-06

Warden/Superintendent Signature: _____    Date Returned to Inmate: 7/18/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

CDC 602 (12/87)    Date: _____

were violated by the Second level review
al, this can ccur, by not allowing me a right to be heard. Whereas, "No interview
was conducted." And my Appeal was denied "without a hearing/interview
at the Second level. Theres statements from the first level Dept. Mr. Kern but
none from the Second level. My Appeal was due on 7/11 ̶t̶ I did not
recive the Appeal back until 7/20/06 and it was "denied" without granting
me a interview." So the Second level also fell to meet the time restraints

The Informal level, the first level, and the
second level, all denies my appeal and stating the same reason for denying
my appeal, which is, Since I sign the order form to purchase a T.V.
I can not cancel the order once it arrives at the institution.

the Second level also cites (OP) no. 806,
Dept. operations Manual chapter 5th custody Security Operation sec. 54039.5
and (OP) no. 806 Inmate Property plan, All these regulations dose requir
the property officer to engrave the name and C.D.C number on any electri
appliance.

I never disputed this issue, the property officer is required to engrave
my name and C.D.C. number in the T.V before it is issued to me
"But the property officer must first get my consent"
I have to sign a "Electrical Appliance
Modification form" which states: "I have a right to refuse to
sign and must have the appliance mailed home or returned to sender
at my expense."

I never sign this Electrical Modification form; I never sign the
reciept for the T.V. I have not seen this new T.V.
the property officer had No right to engrave on the T.V until
I sign the Electrical Modification form.

The Special purchase form state the institution will not been held
liable for any damage that may occur to the Appliance, upon its arri
But that dose not give the property officer the right to damage
a Inmates personal property.

As in Title 15 3193(b): the Dept accepts liability for Inmate person
property damaged from Employee's negligence.
The property officer was negligent, when "He was to lazy" to come to
my unit and have me sign the modification form, its basic procedure.
I would have told the property officer I did not want the T.V

To continue over →

pay for this and to be sent back to the sender (warehouse)
I had the money on my account to do so.

The property officer did not understand the reason I ordered
the T.V., which was, I was told my old T.V. did not work
but it did and when I got my T.V. back I did not need
a new T.V.

The second level also states I have 15 days and they will
destroy the T.V.

I'm not get P.B.S.P. official my consent to destroy the T.V. nor
am I sending it home, I did not give P.B.S.P. officials my
consent to engrave my name and C.D.C. number on the T.V. nor
have I sign any receipts for the T.V., so if P.B.S.P. officials
feels it ordional to destroy a brand new, unused T.V. they
will do it on their own accord I have not consented to anything
                                    All I wanted is to send the T.V.
back to the sender (warehouse) and have been trying to do this
since 3/24/06 when first found out the T.V. was in the property
room as no T.V. no where in C.D.C. procedures say the property
officer can engrave my name and C.D.C. number on the T.V.
[illegible] have to sign the Electrical Appliance
modification form first" (I'm sending a Modification form with this
appeal And you can read for yourself what it says)
                    The informal level, first level, and second
level states to sign the form to order the T.V. but have not produce
any document front with my signature, including the Modification
form, because I have not sign it.

The property officer is negligent for my T.V. and I want the
$45.95 the cost of the T.V. 1998 534.

If A Aplin had not falsified State documents this could have
been averted, If the property officer done his job this could
have been averted.

No where in C.D.C. procedures does it say a Inmate cannot
returns a Replacemen once it arrives at his facility and because
I ordered the T.V. and reasons to denied my appeal. I still
[illegible]

Continued from D. formal level:

have written my father and ask him to buy me a new t.v., I did not order the t.v. from my account, and Walkenhorst never wrote me to advise my the t.v. was sent to me by the company, nor did the property room advise me that the t.v. was in the property room before they ingrave my name on the t.v. "without my consent". I did write my father and told him to conceal the order. I told Sgt. Powers whom told me that my old t.v. did work and was not broken, and Sgt. Powers told me if I ordered a new t.v. I can just conceal the order.

The real issue/problem is the property officer illegal ingraved my name on the t.v. without my consent. I do not want the t.v. nor do I need the t.v. once again I ordered the t.v. because c/o pope no.5 confiscated my t.v. on 1/14/06 stating that my t.v. did not work. So I had to try and buy a new t.v. So I write my father and ask him to buy me a new t.v. because the ther officer said my t.v. did not work. I 602 the situation case number # FRSP.C-06-00238 and my t.v. was given back to me on 3/8/06 and it does work.

I'm not responsible for the property officer ingraving my name in the t.v. I did not give the property officer premission to ingrave my name in the t.v. the property officer should have called the unit and ask if I wanted the new t.v. being that I already had a t.v. The t.v. was never in my posession the property officer is liable for any damage to that t.v. as stated in the title 15 3193.4 pg. 15

If the property officer had not ingraved my name in the t.v. with out my consent, I would be able to return the t.v. to walkhorst

I want the t.v. sent back to walkenhorst I want the $145.00 sent back to my father or to my account, I have not sign for this t.v. and this t.v. has not been in my posession the property officer should not have ingraved my name on the t.v. without my consent and can not force me to take the new t.v. when my old t.v. works.

Interviewed Sgt. McKann had interviewed me on past views and a believe, they came back a second time for another interview. "Appeals do not contradict each other" Sgt. Keans is attempting to manipulate words upon the interview. Sgt. McKann Stated "do you want to add anything to what is inside your 602 (Appeal) already"

As soon as I tried to explain the situation entirely Sgt. McKann would interrupt the middle of my sentence and said "you already wrote that in the 602"

An statement I made came after Sgt. McKann asked me a question: Why didn't you just cancel the order" and I said "I did not know if they (my father) had agreed the T.V. or not"

My father never wrote me, not told me, he ordered the T.V., nor did Walkenhorst file me to say the order had been placed.

Because I ordered the T.V. in the first place", was because, on 1/14/06 1st watch conducted a "bad search" and during the search C/O Pope confiscated my T.V. by illegitimate false documents, stating that my old T.V. "did not work".

Yea, Yeah I sent my father a order form for a new T.V. Solely because of Pope confiscating my old T.V. and saying that it did not work.

I wouldn't have ordered a new T.V. if C/O Pope had not falsified state documents as he illegally confiscated my old T.V."

Later I appeal this decision that my old T.V. did not work (PBSP-C06-00239) at the informal level C/O Pope denied my Appeal (602) stating again that my old T.V. did not work. And I appeal to the second level. On around 3/28/06 Sgt. Powers interviewed me and stated he personally went to property room and turn my old T.V. on and that my old T.V. works. And then Sgt. Powers old T.V. back when I was at T.V. restriction.

restriction, but I did not get my old T.V. until 5/8/06 and "it works"

That is when I wrote my father and told him to cancel the order for a new T.V. and I did not know if the new T.V. was ordered or not" I did not want a new T.V. if my old T.V. works.

As Sgt. Walkenhorst's received a money order from my father for a new T.V., was it too late to cancel the order through the company"

As later a non-regular 3rd watch floor officer came to my cell door and stated that the company officer called and said that a new T.V. was in the property room and if I wanted it I had to give him my old T.V. or have the new T.V. sent back to the company.

After explaining to the floor officer the situation that "my old T.V. was confiscated as said to me that it did not work. But it does work. So I do not need a new T.V. and I want the new T.V. sent back to Walkenhorst.

As the officer left, then came back and said, "the property officer said you either send the new T.V. back to Walkenhorst's, I had to either keep the new T.V. or send it home."

As later I appeal the decision that I could not send the new one back to Walkenhorst. On 4/5/06. My 602 was denied by the property officer claiming in part 15A: All paperwork was checked for "accuracy" and "proper Signature" and the T.V. was engraved with my name and numbers and it was my confusion.

[illegible]

RE: PELICAN BAY STATE PRISON (PBSP)
Appeal Log # PBSP-SBA-06-00539
First Level Reviewer's Response

INMATE: HARRIS, H-63617

APPEAL DECISION: DENIED

APPEAL ISSUE:

You allege that on January 14, 2006, your television (TV) was confiscated during a cell search because it was not working. You sent your father the necessary paperwork to order a new TV for you, to replace the old one. Previously, you filed an appeal, Log Number PBSP-C06-00238, and, as a result, you were interviewed by Correctional Sergeant M. Powers at the First Level of Response. You allege Sergeant Powers informed you that your old TV does work and you will receive it after you are removed from appliance restriction. You further allege Sergeant Powers told you that if the new TV arrives, you could cancel the order. During this time period, your new TV did arrive, and was engraved by the Property Officer to prepare for issuance. You claim this was done without your consent and you believe PBSP should be responsible for the cost of the new TV. Your requested action is for the TV order to be cancelled, without any cost from you, and the money for the new TV to be sent to your family or placed in your trust account.

FINDINGS:

A thorough review of your appeal has been completed and your requested action has received careful consideration. Correctional Sergeant R. McKean has been assigned to investigate your appeal at the First Level. On May 14, 2006, you were interviewed by Sergeant McKean and you reiterated essentially the written contents of your appeal. You stated, "I was never awarded the opportunity to send home the new TV." During the interview, you were asked why you did not request to have the order cancelled. You stated, "I didn't know if my family was really going to order the TV." This statement conflicts with page two, line five of your appeal. You initially wrote, "I did write my father and told him to conceal *(sic)* the order."

In order for your father to purchase a new TV for you, it was necessary for you to provide him with the necessary documents with your signature. Your written statement and your verbal statement in the appeal interview are inconsistent. Once your new TV arrived, Correctional Officer Buckley sealed the TV and engraved your name on it as described in the California Code of Regulations (CCR), Title 15, Section 3190 General Policy, (j). Per CCR, Title 15, Section 3193 Liability, (a), "...the department does not accept liability for the theft, loss, damage or destruction of such property resulting from the intentional or careless act or activities of any inmate." You requested the new TV. Therefore, if you are no longer interested, you may ship the TV home at your own expense. Because the TV has been engraved, the vendor will not accept the TV as a returned item. You will not be reimbursed for the purchase and you also have the option to donate the item.

DETERMINATION OF ISSUE:

Based on this review, the action requested to resolve this appeal is DENIED at the First Level of Review.

U. SILVA     Date     6-1-06
Facility Captain (A)
Facility C

C. M. SCAVETTA     Date     6/1/06
Associate Warden
Security Housing Unit

FIRST LEVEL SUPPLEMENTAL PAGE

| PELICAN BAY STATE PRISON |
| --- |
| SECOND LEVEL REVIEW |

DATE: JUL 0 7 2008

Inmate HARRIS, H63617
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 5, Cell 121

RE: WARDEN'S LEVEL DECISION                    APPEAL: DENIED
     APPEAL LOG NO. PBSP-C-06-00739              ISSUE: PROPERTY

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). On May 14, 2006, Correctional Sergeant R. McKean conducted the interview at the First Level of Review.

## ISSUES

Inmate Harris states he does not want the new television (TV). The inmate does not want to pay to send it back or have it destroyed. The inmate requests the order be cancelled and the money order either sent back to his family or placed on his trust account.

## FINDINGS

I

The inmate alleges in his appeal that on January 14, 2006, his television was confiscated during a cell search because it was not working. The inmate sent the necessary paperwork to his father to order a new TV to replace the old one. The inmate filed a CDC-602 Appeal Log No. PBSP-C-06-00238 and alleges that, on February 28, 2006, Correctional Sergeant M. Powers informed him that his TV worked and that he could cancel the order on the new TV. During this time period, the new TV arrived and was engraved by the Property Officer to prepare for issuance. The inmate alleges that this was done without his consent and that PBSP should be held responsible for the cost of the new TV.

II

The inmate was dissatisfied with the First Level Response, stating that Correctional Sergeant R. McKean manipulated his words during the second interview. The inmate alleges that he had contacted his father to cancel the TV order. However, the inmate alleges that the company had received the money order from his father and it was too late to cancel the order.

## DETERMINATION OF ISSUE

The California Code of Regulations, Title 15, Section 3193, states in part, *"In permitting inmates to possess items while they are incarcerated, the department does not accept liability for the theft, loss, damage or destruction of such property resulting from the intentional or careless act or activities of any inmate...The department shall accept liability for the loss or destruction of inmate personal property when it is established that such loss or destruction results from employee action."*

Supplement Page 2
HARRIS, H63617
Appeal # PBSP-C-06-00739

The inmate states in this appeal that he did not sign a modification form authorizing the property officer to engrave his name and identification number on the appliance. The modification form is used for television and radios coming from another institution. OP No. 806, states in part, *"All television and radios coming from other institutions shall have their speakers removed prior to issuance. The appliance must have an earphone jack provided by the manufacturer. The inmate shall sign a modification form authorizing the removal of the speakers. The Electrical Appliance Modification Form (Attachment L) absolves this institution and staff from all liabilities surrounding the alteration of the appliance (speaker removal) and the disposal of excess parts."*

The Department Operations Manual, Chapter 5, Custody Security Operations, Section 54030.5.1, states in part, *"Receiving and Release staff, or designated staff, shall seal the back of the electric appliance, engrave the inmate's name and number, serial number of the item on the back of the appliance and make necessary entries on the inmate's property card before releasing the property to the inmate."*

Operational Procedure (OP) No. 806, Inmate Property Plan, states in part, *"The R&R, SHU, PSU, or ASU staff are responsible for sealing the back of the appliance. They are also responsible for engraving on the appliance the inmate's name, CDC identification number, appliance serial number, and making the necessary entries on the inmate's property card."*

The inmate completed and signed the necessary forms for the purchase of a new television. Per procedure, the television was engraved. The vendor will not accept the TV as a returned item. The inmate has the option of shipping the TV home at his own expense or donating the item. The inmate will not be reimbursed for the purchase. Therefore, this appeal is DENIED.

As this appeal has been denied at the Second Level of Review, the inmate has fifteen days from this response to inform the Property Room staff concerning his decision for the disposition of the television. If he wishes to send the item outside of the institution, he must provide a signed trust withdrawal sufficient to cover the cost of postage.

MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT #03      Date: 06/29/06

# PELICAN BAY STATE PRISON

## ELECTRICAL APPLIANCE MODIFICATION FORM

I understand that my personal radio and/or television may require modification prior to receiving this item. I hereby consent to ANY MODIFICATION necessary to make my property comply with the institution directives. The procedures for this operation and its directives are as follows:

1. The appliance will be tested to ensure that it is operational.
2. If the appliance is received from another institution, it will be opened so the speaker can be removed. The appliance will then be closed. The appliance must have an existing earphone jack, none will be installed at PBSP.
3. All appliances will have the speaker removed.
4. All external antennas, carrying handles, loose plastic or metal, plastic doors that open and close, or any other items that could be used as weapon stock will be removed. These items are contraband and will be disposed of as such.
5. An external cable transformer will be installed if needed at the inmates expense.
6. All screws and extraneous holes may be sealed with wax.
7. The inmates name and CDC number will be inscribed on the appliance.
8. The appliance will be re-tested to ensure that it is operational.

It should be noted that the warranty on the appliance becomes void when the appliance is altered.

I understand that by signing this form, I absolve PBSP staff from liability surrounding the alteration of the appliance and the disposition of excess parts. As new security concerns arise concerning this appliance, this appliance may be confiscated until additional modifications are made. To have the speaker replaced when I leave PBSP, it must be at my own expense, PER DOM 54030.5.1.1. I also understand that if I disagree with the conditions set forth in this document, I have the right to refuse to sign and must have the appliance mailed home or returned to sender at my own expense.

MODEL: _____    SERIAL #: _____

I AGREE TO THE CONDITIONS SET FORTH IN THIS DOCUMENT. DATE: _____

INMATES SIGNATURE _____    CDC #: _____

OFFICERS SIGNATURE _____    DATE: _____

ANY UNAUTHORIZED ALTERATION OF THIS APPLIANCE BY THE INMATE WILL RESULT IN DISCIPLINARY ACTION. THIS APPLIANCE WILL THEN BE CONSIDERED CONTRABAND AND WILL BE DISPOSED OF OR MAILED HOME AT THE INMATES EXPENSE.

"I have not sign this form"

# EXHIBIT  I

Staff Complaint pursuant to CCR 3084

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location Institution PBSP    Log No. CDC-00729    Category

**STAFF COMPLAINT**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are dissatisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Ernest Harris | NUMBER H-83077 | ASSIGNMENT C-Sally | UNIT/ROOM NUMBER C5-112 |

A. Describe Problem: _____

_____

_____

_____

_____

See attached

Penal Code Section 115 any of the following persons shall be punished

If you need more space, attach one additional sheet.

B. Action Requested: I would like the c/o W. Cooper badge # 61919 to be taken to a committee to prove once again that she is lying on me or I would like to sue. Went through all the emotional distress that she has caused me and I would like to be compensated 50,000 dollars to be paid by either Wo Cooper or CDC. I would like for her to be fired since she was already counseled in the year 2004

Inmate/Parolee Signature: Ernest St. Claire    Date Submitted: 3/27/06

C. INFORMAL LEVEL (Date Received) _____

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

This does not contain false information I would like for you to explain how you came to that decision if you did not do a inquiry maybe you need to be removed from your position because your incompetents is delaying my constitutional right to file a staff complaint I just put the wrong date down on the 602 and I corrected the date.

Signature: Ernest Harris    Date Submitted: 7/3/06

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number: _____
Board of Control form BC-1E, Inmate Claim

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

BYPASS

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:    Returned: _____
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☒ Other    Unfounded
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-11-06    Due Date: 5-30-06
☒ See Attached Letter

Signature: _____    Date Completed: _____
Warden/ Superintendent Signature: _____    Date Returned to Inmate: 8-1-06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

or imprisonment in the county jail for a period of not more than 90 days, a fine of not more than four hundred dollars or both such fine and imprisonment, any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent response or reaction (In re Bushman (1970) 1 Cal. 3d. 767, 773.); Goldberg v. Regents of the University of California 248 Cal. App. 2d. 867, 880 (57 Cal. Rptr. 463); State v. Chaplinsky, 91 N.H. 310 (18 A.2d. 754);

for the last two years c/o L. Cooper Badge # 61919 have harassed me, degraded me, humiliated me, slander me to other Inmates, made obscene gestures to me (giving me the middle finger) Made derogatory remarks about my race), Making gestures with her nose in a attempt to call me a buger, trying to get me to react or Incite me to respond in a Violent manner.

this is not the first staff complaint I filed against c/o cooper Log no. C04-01702 and Log no. C04-02473 which was partially granted regarding c/o Cooper lying and profanity She used to degraded me. for example She falsely stated that I put semen or urine on the legal log book, I was prosecuted in Del Norte County Superior Case no. CRPB04-5230 the legal log book was tested and "NO" semen or urine was on the legal log book but I was prosecuted, put on restriction, because of c/o Cooper lies and I stated in my staff complaint c04-02473. In my request of action I merely asked for c/o cooper to be counseled on her lying and making false statements and using profanity. But the counseling has not done any good c/o cooper remains defiant, rebellious, angery, agitated and unwilling to follow the rules and regulation set by C.D.C. and the State laws of California c/o Cooper has once again resumed her unprofessional, unethical behavior she has not wear her C.D.C. Badge with any integrity, her behavior only brings shame on the Dept. of correction and will lead to future lawsuits against the prison P.B.S.P and C.D.C.

On 2/17/06 after passing out the foodtrays c/o cooper was standing near the stairs awaiting c/o Humphrey to come down the stairs when she begun screaming real loud "Harris you fucking black pervent, I don't want to see your little black dick" and left out of the Pod. (noted; I'm on covered exam and I was fully clothe (shirt, boxers, shoes, socks even the control booth officer could see me at the door when c/o Cooper was making these statements I was not masturbating)

At tray pick up c/o Cooper came back into the Pod making the same racist,

remarks trying to humiliate, and slander me in front of the other inmates saying thats why your on covered lexan for playing with your fucking dick, thats why your on behavior suit, thats why your on t.v. restriction, thats why your on canteen restriction you black pervert then C/o cooper start saying you jack off everytime I come by your cell, I've written you up numerous times. C/o cooper did this intentional to cause a violent reaction or incite a violent response from. This is the same behavior I wrote her up for when I was in C.2, and thats why they moved me to C.5 but they allowed her to still come over and feed for the first year she would simply make obscene gestures (the middle finger) but the last week she start back being verbally abusive. But unlike in C.2 I have witness to her given me the middle finger on several occasions and her racist profane comments towards me and they are willing to make sworn testimony under the law and prejury before a judge and jury. C/o walker, C/o grant and C/o Morrison have all seen C/o cooper give me the middle finger, they must of told her to stop because she start hiding it from them and doing it when they were not looking.

on 8/24/06 C/o cooper entered F pod. to pass out trays I knew she was going to start her lying and screaming so I turned off my light to avoid her. (she did not say anything) but at tray pick up I was on the "vent" talking to my neighbor when she start screaming Harris, you black pervert I don't want to see you little black dick".

The thing about it is C/o Humphrey was standing right behind her and he saw that I was fully clothe (t-shirt, boxers, socks, shoes) I was not masturbating so, his statement is critical and what makes it worse is that me and C/o Humphrey got into a week ago (argument) me and the control booth officer, Kolly don't get along either. I notice when C/o kolly and C/o Humphrey works together fri-sat. that when C/o cooper act unprofessional and unethically the only other reason I can have for her lying on me again is that I was suppose to get off my restrictions covered lexan, behavior suit, t.v, canteen and with one lie all my restriction will be retained, I went almost 1st year without a indecent exposusre write-up, and C/o cooper did not want to see me get off my restricton. She was making comments about me not having any t.v a couple of days ago and now she finds out I get off my restriction next week, now here we are again just like when I was in C.2 I told them then, I am not live around C/o cooper because she will keep lying and writing me

(Exhibit A# pursuant to Evidence code section 45:

I, inmate, ONeal-HO2120-CS-221, while standing at my cell door on numberless occasions. I've seen and heard 4o U. Cooper Verbally and Mentally Harrasing Mr. Harris (CS-121) She have come by his cell yelling out during chow Time, (Harris put that Black Penis up No-one want to see that) or (Harris what's on T.V tonight?) She knows He don't Have His T.V. as of now. But she continue to Harris Him. I always talk to "Harris" in the air-vent, I aske him? What is it that, that Co Has it out for you? (He stated it goes back a few years ago when He wrote up a complainant on H.c) well today Co U. Cooper, came to my cell to pick-up the food Tray 2/24/06 and, Stated (were you just Talking to Harris in the Vent, He was standing there Jacken off while talking to you, did you know that?)(I didnt answer). I dont know whats the problem is with Co U. Cooper, but she needs counselling or Reprimand or Removed from this Unit. and on other occasions I seen Co U. Cooper give inmate Harris the middle finger and smile about it.

*[signature]*

2/24/06

PBSP APPEAL LOG # _____

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT / INFORMATION ADVISORY
## STAFF COMPLAINT / PEACE OFFICER
### Please read, and sign this form in front of a staff witness.

Any inmate wishing to file a staff complaint must read and sign the following statement. As this is sworn testimony, this form must be signed in front of the staff member conducting the investigation into the complaint. Failure to sign this form in front of a staff member will be considered refusal to cooperate with the appeal process and the appeal will be cancelled.

You have the right to make a complaint against a Peace Officer for any improper conduct. California law requires and this agency has a procedure to investigate inmate's complaints. You have the right to a written description of this procedure. This agency may find after investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make a complaint and have it investigated if you believe an Peace Officer behaved improperly. This complaint and any report of findings relating to complaints must be retained by this agency for at least 5 years.

It is against the law to make a complaint that you know to be false. If you make a complaint against an officer knowing that it is false, you can be prosecuted. In addition, an inmate who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to criminal prosecution.

I certify or declare under penalty of perjury under the laws of the state of California that the information contained within the attached appeal form CDC 602, dated __2/26/06__ is true and correct, under penalty of perjury, and I swear under oath under penalty of perjury that the aforementioned information is true and correct, executed this _____ day of _____, at Pelican Bay State Prison in Crescent City, California.

| INMATE / PAROLEE PRINTED NAME | INMATE / PAROLEE'S SIGNATURE | CDC NUMBER | |
|---|---|---|---|
| Earnest Harris | _Earnest Harris_ | H03617 | 2/26/06 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| | | | |

## PERMANENT ATTACHMENT TO CDC FORM 602 / DO NOT REMOVE

( CDC Form 1858 )                                          ( 1858-98.DOC  updated  October 22, 1998)

State of California

Department of Corrections and Rehabilitation
CDC Form 695

### INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name: _Harris_                         PBSP Log #: _____

Number: _#63617_                       Housing: _C5-121_

YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:
[ ] 1.  The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.  The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
    [ ] (a) Your appeal has been screened out on _____ for _____.
    [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____
    [ ] (c) Your appeal has been completed at the _____ Level, Log # _____

[ ] 3.  The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.  The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8.  Abuse of the Appeal Process/Right to Appeal.
    [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
    [X] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
    [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
        [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
        [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
    [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
        [ ] (1) Your appeal was screened out and returned to you with instructions:
            [ ]            [ ]            [ ]
    [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
    [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.  Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: _You Appear to have a personal problem with C/O Cooper as you have filed staff complaints (similar to this one) against her in the past which have proven to be unfounded or she has been exonerated. Now you are bringing allegations against her for unethical behavior in March of 2006 when it_ ~~did~~ _was still_

D. W. BRADBURY                      Date  _3-21-06_
Appeals/Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

PBSP    (Rev.  02/06)    CCR 3084.3(d)    PESP

### PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

C-FILE

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: 5|31|06

Inmate HARRIS, H63617
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 5, Cell 121

RE: WARDEN'S LEVEL DECISION                      APPEAL: DENIED
    APPEAL LOG NO. PBSP-C-06-00729                ISSUE: STAFF COMPLAINT

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Lieutenant J. F. Pedroso conducted the investigation and interview of this appeal issue.

### ISSUES

Inmate Harris requests that Correctional Officer (C/O) U. Cooper take a polygraph to prove that she is lying. The inmate requests financial compensation to be paid by C/O U. Cooper or the California Department of Corrections and Rehabilitation (CDCR) in the amount of $50,000 for the emotional distress. Additionally, the inmate requests that C/O U. Cooper be fired.

### FINDINGS

I

The inmate alleges in his appeal that C/O U. Cooper has harassed, humiliated, and made obscene gestures, racist comments, and continuously lies to retain him on his restrictions. The inmate alleges that C/O U. Cooper is defiant and unwilling to follow the rules and regulations of CDCR and that staff have made comments inciting him to do something violent.

### DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP institutional procedures and departmental policies.

All staff involved were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters is not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff misconduct, the institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

The thorough review of the allegations presented in the complaint was completed. The investigation concluded that no evidence was found to indicate that C/O U. Cooper or any staff has been discourteous, unprofessional, or violated due process rights. The accusations against C/O U. Cooper have been deemed UNFOUNDED. Inmate request for financial compensation due to emotional distress is DENIED.

This APPEAL IS DENIED

Supplement Page 2
HARRIS, H63617
Appeal # PBSP-C-06-00729

## MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

NAT # 04   05/22/06

# EXHIBIT  J

# INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region 1. **IPBSP** 2. ___

Log No. **C06-00846**

Category **1/5**

C06-02-0011
INDECENT EXPOSURE

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Earnest Harris | V-13617 | C.S.H.U | C.5.121 |

**A.** Describe Problem: On 4/5/06 my Due process rights under California and United States Constitution was violated Wolff v. McDonnell 418 U.S. 539 556 (1974), Dzana v. foti, 829 F.2d 558 560-561 (5th cir 1987), Coffman v. Trickey 884 F.2d 1057, 1058-60 & n.1 (8th cir. 1989) fifth and fourteenth amendment when the rule violations in the Title 15 State all Division "D" offenses is subject to only a 61-90 day credit forfeiture (3323 (g)) and Title 15 3320 (2)(2)(c)(9)(f)(3)(5) State the hearing must be held in 30 days. I receive a 115 on 3/3/06 "I did not waive the hearing" yet the hearing was held on 4/5/06. "No explanation was given to me for the delay" Nor was I allow to (Continued on next page)

If you need more space, attach one additional sheet.

**B.** Action Requested: April 2005 was my last indecent exposure write-up (1 year ago) c/o cooper #1419 has lied on me before and continue to lie on me. several female c/o's have worked in my unit and I have not been written up. c/o cooper is lying she dose not work in my unit (C.5.) I would like for her to go to a different unit to pick up and passout dinner trays and not to come to C.5. and I would like for the 180 day restriction to be reverse for violating my due process (30 day to hold a hearing) and not allowing me to call my

Inmate/Parolee Signature: *Earnest Harris* Date Submitted: 4/18/06 Witness ___

**C. INFORMAL LEVEL** (Date Received: ___ )

Staff Response:

*Bypass*

Staff Signature: ___ Date Returned to Inmate: ___

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*Bypass*

Signature: ___ Date Submitted: ___

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: ___

2ND/APPEALS
APR 1 9 2006

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

*Bypass*

| | | |
|---|---|---|
| Staff Signature | Title | Date Completed |
| Division Head Approved: | | Returned |
| Signature | Title | Date to Inmate |

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*Bypass*

Signature _____ Date Submitted _____

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4-19-06    Due Date 6-1-06

☒ See Attached Letter

Signature _____ Date Completed: 5-3-06

Warden/Superintendent Signature _____ Date Returned to Inmate 6/8/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature _____ Date Submitted _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

Continued from    Describe problem: page

call my witness Inmate o'neal H02120 to the hearing. after I requested him to be there (Title 15 3320), Inmate o'neal was a important witness, because I was talking to him on the vent the entire time % cooper falsify alleged this accusations against me. I ask for % cooper to be present I never seen her because Lt. James told me I could not turn around to face her in my attempt to see if % cooper was present, nor would Lt. James allow me to make any direct question to % cooper and when I try to ask a direct question to % cooper Lt. James told me to direct the questions for % cooper to him, and when I did he, Lt. James answered the question and he only allow me to ask one question which he answered then Lt. James found me guilty. there were may questions I wanted to ask % cooper at as to why % cooper changed her statement, in the IE report she states: That I did not have my boxer shorts pulled down, just the front of my boxers and exposed myself real quick and jump down of the desk. whereas: in the original 115 % cooper states: I pulled my boxer short down and was exposing, fondling and masturbating. Both statements contradicts % Humphrey statement that he was only "2# seconds" behind % cooper and when he looked into my cell I had my boxer shorts on and was still standing on the desk. the contradicts are % cooper first said I had my shorts pulled down, then changed her story saying I only pulled down the front of my shorts. Then, she states I exposed myself real quick and jump down off the desk. But her original statement was I exposed fondled and was masturbating. In her IE report she do not as anything about seeing me fondling and masturbating. % cooper also stated that % Humphrey was eight#- ten# feet behind her, whereas % Humphrey states he was on "2# seconds" behind her.
"Other reasons the restriction should be held invalid or reduced" are Lt. James took into consideration all of my 115 from 5/7/99 - 4/30/05 in making his judgment to restrict all my privileges and only one

The time limitations for the hearing had expired and exceeded 30# days. If a Prison official can still impose restriction after the limitation had expire then Due process no longer governs the 115 hearing process.

The title 15 states that the maximum time a Inmate can be placed on restriction is 90# days. After that the Inmate is entitle to a hearing review, where he/she can produc evidence and ask question to why the restriction should exceed 90# days, and this hearing is to be held monthly. Wolff v. McDonnell 418 U.S. 539, 556 (1974) that was determined by the "United States Supreme Court" so any restriction that exceeds 90# days is illegal and violates my Due process.

(APA) penal code Section 5058, government code Section 6254 State all rules and regulations pursuant to the department of Corrections policy's are to be defined inside the title 15 and issued to all Inmates and this has not happened and P.B.S.P. officials has not given any justifiable reason to my these rules which contradict the language in the title 15 in regards to extinct of the punishment for specific offenses. The title 15 dose not state that all my privilleges can be restriction for 180# days for an divison "D". It only state 60-90 credit loss, which violates Due process of the fifth and fourteenth amendment. I have not receive a title 15 that states that my privilege can be restricted or anything that gives Inmates a fair warning to the punishment, whereas "sec. 3 of stats. 1975, c. 1160, p. 2896 of penal code § 5058 states that the department of correctans has to give notice 20# day before the adopt, an of a pilot program or 30# days after it has bee submitted to office of administrative Hearings.

P.B.S.P. officials have failure to give simple warning to any Inmate and has not issued any memorandums of title 15 to any rule changes, and have not explained why. And for these reasons my 180# day restriction should be held invalid or reduced to

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS
                                                                                              CDC-128 B (8-87)

NAME and NUMBER        HARRIS              H-63617              CELL:   C5-121L

On 04/05/2006 this inmate was found guilty of indecent exposure, CDC 115 Log # C06-02-0011. Because of HARRIS' extensive history of indecent exposure, (seven (7) incidents between 05/07/99 and 04/30/05) this SHO elects to invoke all provisions of the pilot program now in effect at Pelican Bay State Prison for management of such incidents. Those provisions are loss of the following privileges for a period of 180 days; Loss of canteen, Loss of appliances, (i.e.; TV, radio, etc.) No annual package, Loss of all personal property. All such property to be collected, inventoried by unit staff and stored within the SHU property room for 180 day's, from April 5, 2006 through October 2, 2006.

D. JAMES
Correctional Lieutenant

ORIG    C-File, SHU Property Officer
        Inmate
        Canteen Manager
        I/M Trust Office
DATE    4/5/2006

                                              PBSP              GENERAL CHRONO

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

804 SENT TO RECORDS ON 02-28-06

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | *EPRD* - 3-28-2024 | PBSP | C05-121L | C06-02-0011 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 | INDECENT EXPOSURE | C05-121L | 02-24-06 | 1815 HRS |

CIRCUMSTANCES

On Friday, February 24, 2006, at approximately 1815 hours, while I was assigned as C2 Floor Officer, I was assisting Correctional Officer G. Humphrey with picking up trash and trays in C5 following the evening meal. As I walked into F Pod and toward the lower cells, I saw a sudden movement that caused me to glance at cell C05-121, solely occupied by Inmate HARRIS, H-63617. Inmate HARRIS had his bright light on and was standing on top of his desk to elevate his body to a level where it would be seen through the clear opening in the yellow lexan cell covering. HARRIS had his shorts pulled down exposing and fondling his penis.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ U. COOPER, CORRECTIONAL OFFICER | 3-1-06 | C2 FLOOR | 3/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ | 3-1-06 | DATE _____ LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | D | 3-2-06 | ▶ | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☒ CDC 115 | ▶ T.D. Mount | 03-?-06 | 1140 | 837 AEE |

| INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| ☒ PBP-C05-06- | ▶ T. Mount | 03-?-06 | 1140 | ▶ E. Garcia | 03-03-06 | 110 |

HEARING  CC74

(SEE ATTACHED 115-C FOR HEARING SUMMARY)

REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| Correctional Officer/Lieutenant D. James | ▶ | 4/5/06 | 1830 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ Captain U. Silva | 4/10/06 | C.M Scavetta A/W | 4/11/06 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ W. Coleman | 4-16-06 | 1039 |

CDC 115 (7/88)

STE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
                                                                      CDC-128 B (8-87)

AME and NUMBER      HARRIS                H-63617           **CELL:**   C5-121L

n 04/05/2006 this inmate was found guilty of indecent exposure, CDC 115 Log # C06-02-0011. Because of HARRIS' extensive
story of indecent exposure, (seven (7) incidents between 05/07/99 and 04/30/05) this SHO elects to invoke all provisions of the
ot program now in effect at Pelican Bay State Prison for management of such incidents. Those provisions are loss of the
lowing privileges for a period of 180 days; Loss of canteen, Loss of appliances, (i.e.; TV, radio, etc.) No annual package, Loss
all personal property. All such property to be collected, inventoried by unit staff and stored within the SHU property room for
0 day's, from April 5, 2006 through October 2, 2006.

*[signature]*

D. JAMES
Correctional Lieutenant

:IG    C-File, SHU Property Officer
       Inmate
       Canteen Manager
       I/M Trust Office
\TE    4/5/2006

                                            **PBSP**           **GENERAL CHRONO**

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

PAGE __1__ OF __2__

| CDC NUMBER<br>H-63617 | INMATE'S NAME<br>HARRIS | LOG NUMBER<br>C06-02-0011 | INSTITUTION<br>PBSP | TODAY'S DATE<br>4/5/06 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E. REPORT | ☐ OTHER |
|---|---|---|---|---|---|

**Hearing:** The hearing was convened on Wednesday, April 05, 2006, at approximately 1830 hours, when I introduced myself to HARRIS as the Senior Hearing Officer for this disciplinary. HARRIS stated he was in good health with normal hearing and vision. HARRIS acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and Incident report with supplemental reports. These reports as well as the disciplinary charge of INDECENT EXPOSURE were reviewed with HARRIS in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** HARRIS did not sign a written request for postponement pending resolution of possible criminal prosecution. Prior to this hearing, notice was received that this will not be prosecuted as a criminal offense. For this reason, possible self-incrimination was not an issue for this hearing.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery. However, the hearing has not been held within 30 days of service on the inmate. Per CCR 3320 (f)(1), time constraints have been exceeded and credit forfeiture cannot be assessed.

**Staff Assistant:** A Staff Assistant was not assigned as HARRIS agrees that he speaks English, is literate (that is, reads at 4.0 or above), the issues are not complex and a confidential relationship is not required. In the hearing, HARRIS confirmed that assignment of a Staff Assistant was not necessary.

**Investigative Employee:** Investigative Employee was assigned. IE was reviewed in hearing. HARRIS acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, HARRIS stated that he is satisfied with the completed report.

**Request for Witnesses:** HARRIS requested the Reporting Employee as a witnesses. Request granted. HARRIS requested Correctional Officer G. Humphrey and inmate O'NEAL as witnesses. Per CCR 3315 (e)(1)(B), a witness request will be denied if the SHO determines the anticipated testimony from the requested witness is either not relevant or adds no additional information. Witness request denied as their testimony would provide no additional information.

**Video and photo evidence:** Photo and/or videotape evidence was not an issue for this hearing.

**Plea:** Not Guilty.

**Hearing testimony:** HARRIS gave the following testimony as his defense: You can't see into my cell by glancing because it has a real small window. It's covered with yellow lexan. There is no reason for her to look into or even stop at my cell because of the food delivery system. I've had problems with her in the past. She don't even work in 5 block. I haven't had one of these write-ups in 10 months. It would have been a year if she had not lied on this report. I was not fondling myself or masturbating. I was wearing a tee-shirt that came to mid-thigh. It's my word against hers. There is no evidence that can be gathered.

The defendant had no relevant questions for the witness.

**Finding:** Guilty of the Div. D (5) offense INDECENT EXPOSURE. This charge requires evidence of the deliberate exposure of the genitals or other private parts of the body under circumstances likely to cause affront or alarm. Given that

| SIGNATURE OF WRITER<br>D. JAMES | | TITLE<br>Correctional Lieutenant | DATE NOTICE SIGNED<br>4/5/06 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED:<br>4-16-06 | TIME SIGNED:<br>1039 | |

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE ___2___ OF ___2___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C06-02-0011 | PBSP | 4/5/06 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ CDC 115 CIRCUMSTANCES    ☒ HEARING    ☐ I.E. REPORT    ☐ OTHER

inmates are obligated to protect the privacy of themselves and others within the living areas, any exposure of private parts to staff can be regarded as a deliberate affront. This finding is based upon the following preponderance of evidence:

A.  The testimony of Correctional Officer U. Cooper in the disciplinary report of 02/24/2006, wherein Officer Cooper testifies that upon entering F Pod for trash and tray pick-up, she saw a sudden movement that caused her to glance at cell C5-121, solely occupied by HARRIS. Inmate HARRIS had his bright light on and was standing on top of his desk to elevate his body to a level where it would be seen through the clear opening in the yellow lexan cell covering. HARRIS had the front of his shorts pulled down exposing and fondling his penis.
B.  Per the I.E., Officer Humphrey did not witness the indecent exposure however, he did see HARRIS jump down from the desk with his boxers on.
C.  Per the I.E., inmate O'NEAL stated that he could not see what happened from inside his cell, making his testimony moot.
D.  It is the opinion of this SHO that HARRIS failed to provide any testimony not in evidence in this document and that the testimony provided by the reporting employee is convincing in it's accuracy and truthfulness.

**Disposition:** No credit forfeiture was assessed as time constraints were exceeded.

**Additional penalties:** Because of HARRIS' extensive history of indecent exposure, (seven (7) incidents between 05/07/99 and 04/30/05) this SHO elects to invoke all provisions of the pilot program now in effect at Pelican Bay State Prison for management of such incidents. Those provisions are loss of the following privileges for a period of 180 days; Loss of canteen, Loss of appliances, (i.e.; TV, radio, etc.) No annual package, Loss of all personal property. HARRIS will be left his legal material, address book, pen filler and writing paper and envelopes for correspondence. All other such property to be collected, inventoried by unit staff and stored within the SHU property room for 180 day's, from April 5, 2006 through October 2, 2006. Appeal rights were explained. HARRIS was referred to CCR §3084.1 for additional information on appeal procedures. Referred to classification for SHU evaluation and consideration of R suffix.

| SIGNATURE OF WRITER | | TITLE | DATE NOTICE SIGNED |
|---|---|---|---|
| D. JAMES | | Correctional Lieutenant | 4/5/06 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|
| | W. Coleman | 4-16-06 | 1039 |

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT — PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-63617 | HARRIS | 3007 | 02-24-06 | PBSP | C06-02-0011 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   X   ☐ YES   ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | 03-03-06 |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

DATE NOTICE OF OUTCOME RECEIVED        DISPOSITION

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

### STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☒ WAIVED BY INMATE | ▶ | 03-03-06 |
| ☐ ASSIGNED   DATE   NAME OF STAFF  N/A | | |
| ☒ NOT ASSIGNED   REASON  DNMC PER CCR # 3315 (d) (2) | | |

### INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ REQUESTED   ☐ WAIVED BY INMATE | ▶ | 03-03-06 |
| ☒ ASSIGNED   DATE 3-4-05   NAME OF STAFF  C/o J. Stout | | |
| ☐ NOT ASSIGNED   REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER_____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| C/o Cooper / C/o G. Humphrey | ☐ | ☐ | | ☐ | ☐ |
| Yen Dental Chief | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/o D. Russell | TIME 1110 | DATE 03-03-06 |
|---|---|---|---|

CDC 115-A (7/88)                                                                      OSP 93 74945

*If additional space is required use supplemental pages*

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT -- PART C                            PAGE ___1___ OF ___1___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-63617 | HARRIS | C06-02-0011 | PBSP | 03-12-06 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☑ IE REPORT ☐ OTHER

This investigation was initially assigned to Correctional Officer J. Stout, RDO's S/M, on 03-04-06.

As the initial investigator, I advised inmate HARRIS, that he would have an opportunity to present his case before a Senior Hearing Officer, and that the role of the Investigative Employee was to gather facts and clarify issues of the alleged violation for the Senior Hearing Officer.   HARRIS was further advised that pursuant to CCR 3315 (d) (1); he had the right to object to the assignment of the initial Investigative Employee.

Inmate HARRIS stated that he did not have an objection.

On 03-05-06, I questioned HARRIS regarding this misconduct; he stated: "I was standing on the lower desk. I was talking to O'Neal (Inmate O'Neal, H-02120) in the vent. Correctional Humphrey saw me talking to O'Neal. I talk to O'Neal all day in the vent. When I talk on the vent, it is impossible for me to see a C/O's face so I actually could not se her face. I didn't see her come in. I'm on covered lexan. All I got is a little window. I cannot see anyone walk by unless they stop at the door or I'm standing at the window. If you walk by, I can see an image, but I can't make out who that person is. I can only see you for a fraction of a second. I mainly heard her but I could not make out what she was saying. All I heard was, "Harris," so I told O'Neal to hold on and I asked C/O Humphrey what is she saying? He told me what she was saying. I talked to C/O Humphrey for about three minutes explaining to him that he looked right into my cell. H was right behind her because I heard her. But I saw C/O Humphrey because he stopped at my door to get my paper tray. I told him, "Don't lie for her," and I asked him was they in cahoots because me and C/O Humphrey had a little verbal exchange a few days ago. When I read his statement, I knew he did not lie for her. I have not had a write up for this for ten months."

On 03-05-06, I questioned Correctional Officer U. Cooper, the Reporting Employee. I had several items I wanted to have clarified for the Senior Hearing Officer. They are as follows:

Q1) How far behind you would you say Correctional Officer G. Humphrey was?
A1) I would say approximately eight to ten feet. It is hard to estimate because I was not looking behind me. I was walking to cell 124, the cell farthest away from HARRIS' cell.

Q2) Can you explain how inmate HARRIS exposed himself to you?
A2) He lowered the front of his boxers exposing his genitals. They were not pulled completely down; just the front was pulled down to expose himself.

Q3) Given the distance between yourself and Correctional Officer G. Humphrey, would you say that inmate HARRIS had ample time to cover himself and get down from the desk so that Officer Humphrey was not able to witness the exposure?
A3) Yes. It was quick. He just pulled up his boxers and jumped down.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. STOUT, CORRECTIONAL OFFICER | 3-12-06 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| W. Coleman | 3-15-06 | 1205 |

☑ COPY OF CDC-115-C GIVEN TO INMATE

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT -- PART C                          PAGE   2   OF   1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| H-63617 | HARRIS | C06-02-0011 | PBSP | 03-12-06 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES ☐ HEARING ☑ IE REPORT   ☐ OTHER

On 03-05-06, I questioned Correctional Officer G. Humphrey, regarding his knowledge of the charged rule violation and he stated: "Correctional Officer U. Cooper and I were picking up after chow and when Cooper went into F Pod in front of me, I heard her say, "I'm writing this one up, Harris". When I go to the cell front, HARRIS was jumping down off of his desk and his boxers were on. When I asked Cooper what happened she said that HARRIS was masturbating at her."

On 03-05-06, I questioned inmate O'Neal, CDC#H-02120, regarding his knowledge of the charged rule violation and he stated that he was in fact talking to HARRIS in the vent at the time of the rule violation but he could not actually see what happened from inside of his own cell which is C05-221L.

CDC – 115 ENDING SUMMARY

Upon investigating this Rule Violation, I questioned the involved parties, inspected the area of the violation, and reviewed inmate HARRIS' AWC file. Based on findings in all of these areas, I found it to be possible for the said Rule Violation to be committed. The finding of six Rule Violations for Indecent Exposure since 06-15-04 contained in inmate HARRIS' AWC file shows a pattern of behavior. All of the reports I reviewed were similar in nature.

| SIGNATURE OF WRITER /o/o | DATE SIGNED |
|---------------------------|-------------|
| J. STOUT, CORRECTIONAL OFFICER | 3-12-06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|-------------------------------|-------------|-------------|
| ☑ COPY OF CDC-115-C GIVEN TO INMATE | U. Colima | 3-15-06 | 1205 |

State of California

# Memorandum

Date : March 14, 2006

# DA REFERRAL
## (DETAINER)

To : S. L. Kays
Associate Warden (A)
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject : **PBSP INCIDENT #PBP-C05-06-02-0074**

On February 24, 2006, inmate **HARRIS, H-63617,** committed the following violation of the California Penal Code Section:

314        Indecent Exposure

As of March 14, 2006, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Inmate
CLO File

State of California

# Memorandum

Date  :  March 22, 2006

# DA REJECT
## (DETAINER REMOVAL)

To  :  S. L. Kays
Associate Warden (A)
Central Services

From  :  Department of Corrections and Rehabilitation.
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject :  **PBSP INCIDENT #PBP-C05-06-02-0074**

On February 24, 2006, inmate **HARRIS, H-63617,** committed the following violation of the California Penal Code Section:

**314       Indecent Exposure**

On March 14, 2006, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

On March 22, 2006, the Del Norte County District Attorney's Office notified Pelican Bay State Prison that they declined to prosecute and referred the case back to the institution for administrative disposition.

The Court Liaison Office is no longer investigating the above named inmate. Please release the detainer placed by this office. Any pending disciplinary action should be completed and a closure report prepared.

This closes our interest in the case. If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:   Facility Captain
Facility S&E
Records
Evidence Officer
Inmate
CLO File

with Warden/Somera

I would like to add that §5058 Rules and Regulations states:

"Copies of the rule or regulation shall be posted in cospicious places throughout each institution and shall be mailed to all persons or organizations who request them "no less than 20# days prior to its effective date."

and the pilot program is not listed as exemption as outlined in government code.

"No Inmate housed inside P.B.S.P - S.H. is aware of this pilot program" P.B.S.P. officials failure to conform with the criteria language of penal code §5058 regarding Prisons implementation of new rules and regulations and the notification before a pilot program can be implemented, the Inmates that it may effect shall be appraise to the new rules and its consequences and penalties.

P.B.S.P. officials regularly place new rules and menorandums inside each Pod of each unit inside the S.H.U. which is a conspicious place or P.B.S.P. official put the new rule inside the title 15.

P.B.S.P. official "deliberatly failed to advise Inmates inregards to this pilot program. All I do know is the pilot program contradicts already establish regulations outline i the title 15. and the operative procedure 222 regarding property and restriction for divison "D" offense, or administrative offense, title 15. (3314(e)-(2) and (7); 3315(9)(2) and 5)(A)(B); (o.p. 222 - A-1 Attachments pg.9# and Pg. 6# property) which state a Lieutenant can only put a Inmate on property restriction for 1# day. Thirty days restriction has to be ordered by the Associate Warden. It also state that a Inmate has constitutional rights to allowed/non-contraband property. As the U.S. District court ruled in Parratt v. Taylor (1981) 451 U.S. 527 (101 S.Ct. 1920, 68 L. Ed. 2d, 420.) the title 15 also state that a Inmate can only be placed on property restriction for 30# days but no longer than 90# days and it requires any restriction that exceeds 30#days to be review every 30# days by the Associate Warden. I've been on property, canteen, annual package and Appliance restriction over 30#days and I have yet to be granted any form of a review as outlined in the title 15 and (0.p. 222#) and Wolff v. McDonnell (1974) 418 u.S. 539. (Due prces 5#, 14# amendment) the title 15. also States, when dealing with Multiple offenses for a administrativ "D" offense, it shall be assessed as follows; 30#days first offense, 60#days second offense, 90#days third offense.

Since the pilot program I have two "I E" write-up's 1# in April 2005 and 1# April

related to property and must be listed as a serious offense to warrant 180th day restriction.

The 180th day restriction is illegal on many accounts. Due process, for not notifying inmates 20th day prior to its effective date or putting it in a conspicious place, Not granting 30th day review, and it "contradict's" already established rules and regulat governing the Dept. of Corrections by the U.S. District and U.S. Supreme court. Under Due process guarantees my rights to certain personal property aren violated, The Dept. of Correction governs the type of property that I will be allowed. T.v., books, Envelopes, Magazines, headphones, are all allowable property govern by the Dept. of Corrections, These are non-contraband Items, that was of my personal property that was confiscated and it violates "Due process and the takings Clause of the fifth and fourteenth Amendment of the constitution" and any allowable Items by the Dept. of Corrections I have a legitimate possessory interest "(or right) in the material within the fourth Amendment proscription on "unreasonable seizures."

The first clause of the "fourth Amendment" against illegal searches and seizure provides: The right of the people to be secure in their persons, houses, papers and effects, against unreasonable Searches and seizures. and these rights shall not be violated.

none of my personal property confiscated on 4/5/06 posed a threat to the safety and security of the institution, nor did my personal property pose a threat to any Inmate or staff, nor was the property restriction related to any damage of state property or personal property.

If my property could have been retained inside my cell I could have been placed on canteen, annual package, and Appliance restriction, and P.B.S.P. offic could have just unplugged my T.V. until the restriction was over. (Bonner v. cough 517 F.2d at 1314, n.6) This confiscation of my personal property viola penal Code § 5058, the Dept. of Corrections title 15, Due process at 5, 14 amendment fourth amendment of illegal seizure of personal property.

And for these reasons this 180th day restriction is illegal and should be held as invalid and my personal property should be return to me immediately, or th 180th days Should at least be reduce to 90th days.

Thank you.

Earnest S Harris

Earnest Harris

State of California

# Memorandum

Date    :  October 5, 2004

To     :  All Inmates

From    :  Department of Corrections
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  MANAGEMENT OF INDECENT EXPOSURE INCIDENTS AT PELICAN BAY STATE PRISON

Pelican Bay State Prison has established a program to manage and reduce indecent exposure incidents. Indecent exposure is the deliberate and lewd exposure of genitals or masturbation under circumstances likely to offend or annoy another person.

Under the current program, all Indecent Exposure/Disorderly Conduct incidents are reported and tracked. This program also includes the application of security precautions for inmates who commit an indecent exposure offense, segregated placement, and disciplinary consequences for inmates found guilty of rules violations for such offenses, including possible referral to the district attorney for formal criminal prosecution. This program also provides for mental health screening of inmates who engage in indecent exposure and, in appropriate cases, the offering of mental health treatment.

The following security precautions are currently being used and may be assessed to inmates committing these violations:

SECURITY PRECAUTIONS (Instituted immediately after any act of indecent exposure and reviewed periodically to determine continued necessity.)
- Bright yellow placard/Lexan cell front and cell front window covering
- Indecent Exposure Control Jumpsuit
- Yard Restriction

It is anticipated that Pelican Bay State Prison will receive authorization in the near future to implement a pilot project to address the management of indecent exposure incidents. Some of the projected components of this plan include adverse classification action, as well as increased privilege loss through the disciplinary process.

For example, under the pilot project, inmates found guilty of committing indecent exposure offenses may be subject to the following:

CLASSIFICATION
First offense violation may result in the following adverse classification actions:
- Retention in segregation
- Assessment of an "R" Suffix

PRIVILEGE LOSS
First offense violation may result in loss of any or all of the following for up to 90 days each.
Second offense violations may result in loss of any or all of the following for up to 180 days each:
- Loss of canteen
- Loss of appliances (i.e., televisions, cassette players, CD players and radios)
- Loss of annual/quarterly packages
- Loss of telephone privileges
- Loss of personal property

*R. Kirkland*

RICHARD J. KIRKLAND
Warden (A)

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE:   JUN 0 6 2006

Inmate HARRIS, H63617
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 5, Bed 121

RE: WARDEN'S LEVEL DECISION                         APPEAL: DENIED
    APPEAL LOG NO. PBSP-C-06-00846                  ISSUE: DISCIPLINARY
                                                    RVR LOG #: C06-02-0011

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).  On
May 23, 2006, N. Threm, Correctional Counselor II, conducted the interview at the Second Level of Review.

## ISSUES

Inmate Harris requests the guilty finding on the disciplinary be reversed because of due process violations,
denial of witnesses, and 180 days loss of privileges. Additionally, the inmate requests that Correctional
Officer (C/O) U. Cooper not pick-up or pass-out dinner trays in Facility C, Unit 5.

## FINDINGS

### I

On February 24, 2006, the inmate was issued a disciplinary for Indecent Exposure and was subsequently
found guilty of the charge. The inmate disputes the finding alleging that C/O U. Cooper lied. He states that
the Rules Violation Report (RVR) was not heard within 30 days and that the Senior Hearing Officer (SHO)
did not allow him witnesses. The inmate alleges that the 180 day privilege restriction is a violation of due
process as it is not an appropriate time period for restriction of privileges for a Division D offense.
Additionally, the inmate states that he was not adequately noticed of the Pilot Program, regarding plans for
Management of Indecent Exposure Incidents at PBSP.

### II

The Second Level Reviewer interviewed the inmate relative to his Appeal issue. At that time, the inmate
submitted an additional two page written document for his appeal. The written statement reiterates that he
was not apprised of the new rules and consequences of the Pilot Program and that the 180 day restriction of
privileges is illegal.

## DETERMINATION OF ISSUE

The PBSP Pilot Program regarding plans for Management of Indecent Exposure Incidents is certified by the
Director of California Department of Corrections and Rehabilitation and authorized pursuant to the Penal
Code, Section 5058.1. This Pilot Program is specifically for PBSP and is designed to discourage inmates
from engaging in indecent exposure and disorderly conduct. This Pilot Program is in effect for a 24 month
period beginning March 1, 2005 through March 1, 2007.

Supplement Page 2
HARRIS, H63617
Appeal # PBSP-C-06-00846

The inmate's allegation that PBSP failed to notify inmates of the activation of the Pilot Program for Management of Indecent Exposure Incidents at PBSP is false. Attached to this appeal is Memorandum dated October 5, 2004, addressed to "All Inmates" authored by Richard J. Kirkland, Warden (A), describing the implementation of security precautions, classification, and privilege loss procedures.

Records reflect that the inmate has had two Indecent Exposure RVR's since the implementation of the Pilot Program. Review of the Automated Disciplinary Management System, identifies that the inmate was previously found guilty of RVR dated April 30, 2005, for Indecent Exposure. Per the Pilot Program, second offense violations may result in loss of canteen, appliances, annual packages, telephone privileges, and personal property. A loss of any or all of the privileges may be up to 180 days. Therefore, application of additional penalties of 180 days of loss of privileges was appropriately applied by the SHO. Failure of staff to meet time constraints will usually act as a bar against denial or forfeiture of time credits, but will not bar against other authorized disciplinary actions. No credit loss was assessed on the RVR as time constraints were exceeded. The SHO addressed the fact that witness were requested by the inmate and were denied per the California Code of Regulations (CCR), Title 15, Section 3315(e)(1)(B) in that their testimony would provide no additional information.

The CCR, Title 15, Section 3320(l) requires that any finding of guilt be based upon a determination by the official conducting the hearing that a preponderance of evidence submitted at the hearing substantiates the charge. It was determined by the hearing officer that there was preponderance of evidence to support the charge and finding of guilt.

The inmate has provided no additional information or evidence that his procedural or due process requirements were violated.

As a result of this review, a determination has been made that the finding was reasonable and the inmate has failed to present sufficient evidence to warrant a reduction in the finding; therefore, the inmate's request that the disciplinary action be dismissed is DENIED. The inmate provided no evidence of his allegation regarding C/O U. Cooper, in his RVR testimony or in this appeal review; therefore, in order to fulfill her duties and responsibilities as a C/O at PBSP, C/O U. Cooper will not be denied access to Facility C, Unit 5. Furthermore, the inmate request that C/O U. Cooper not pick-up or pass out dinner trays in Facility C, Unit 5 is DENIED.

This APPEAL IS DENIED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT # 04    05/23/06

# EXHIBIT  K

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2.

Log No:
1. C06-01497
2.

Category
7/4
c/o U. Cooper

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Earnest Harris | H-63617 | C.S.H.U. | C.S.121 |

**A. Describe Problem:** This complaint involves the Dept. of corrections, It's empolyees at Pelican Bay Prison mainly c/o U.J. Cooper #61919 and c/o Cooper Supervisors, whom repeatly and continuiously violate the Petitioners civil rights under section 1983 (whereas, a person may seek redress when a person as under of the color of state law deprives the prisoner of rights guaranteed by the constitution or federal law) and Due process of the fifth and fourteenth Amendment of the constitution State and federal (by making/writing and falsifying state documents with false statement and allegations) also violating Cali. code and regulations (Title 15 of the Dept. of corrections. section, 3021; 3321 (a)(1) and (4) (confidential material); 3402 (a) (central file).
(continued on next page)

If you need more space, attach one additional sheet.

**B. Action Requested:** — I want any information pertaining to me that has placed inside Inmate owe H.02120 central file to be taken out and the 128 chrono that U. cooper placed in my central file which makes these false statements to be taken out, and I want c/o cooper to be fired and for her to personal compensate me for the damages done $10,000

Inmate/Parolee Signature: Earnest Harris    Date Submitted: 4/30/06

**C. INFORMAL LEVEL (Date Received: 6/16/06 )**

**Staff Response:** The 128's stand. I will Not Remove them. They are informational Chrono's Pertaining to your Indecent Exposure and Staff Complaint Log# 06-00729 of which, Based on the fact Finding Investigation, Been Fully Exonerated you state I made False Statements, however, this aforementioned Investigation revealed the only Person who made False Statements/Allegation were By you.

Staff Signature: c/o U. Cooper    Date Returned to Inmate: 6/16/06

Furthermore, I am not in any capacity to Fire myself, Nor is there any reason to do so. or contemplate termination of my employment. Also your request For $10,000 - DENIED!

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

c/o U. cooper Statement that I spear c/o McManus After She wrote me up for Indecent Exposure, is a lie and falsifing state documents (People v. Husted) as well as defamation as in (U.S. v. garcia 114 Fed Appx 292 (9th cir. 2004) and by c/o cooper placing inside Inmate o'wed H02120 central file that I was written up for Masturbating, is prohibited (Title 15, 3021, 3321, 3402) this was done by c/o cooper as retaliation for filing a Staff complaint

Signature: Earnest Harris    Date Submitted: 6/25/06

CDC Appeal Number: c/o Inmate 4

**Note:** Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

MAY 0 1 2008    18    18    26 JUN 0 1 2008    1st/PUSHM    JUN 2 7
MAY 1 9 2008

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _6/27/06_   Due Date: _8/9/06_

Interviewed by: _Review to be interviewed_

_SEE SPAN_

_SEE ATTACH_

Staff Signature: _U. Oliva_   Title: _FC (A)_   Date Completed: _7-27-06_

Division Head Approved:   Returned

Signature: _____   Title: _AW (A)_   Date to Inmate: _7/28/2006_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____

☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

had a 128-chrono placed inside my central file and he (inmate O'neal) had received a copy of the 128-chrono. And that the 128-chrono stated in part % u. cooper had written me up for "Masturbating" The title 15 3402 states that anything inside my central file is private and confidential and employees shall not decuss with other "Employees" or "Inmates" about another inmate or whats in their central file. This is also outlined in Title 15 3321(a)-(1).

The problem is with % u. cooper placing my personal, private and confidential incidents in another inmates central file, especially the material of this nature. What I have been written up for in the past or present is not inmate O'neal business.

~~(struck lines)~~ putting this information inside another inmates central file this was intentionally done by % u. cooper #61919 to slander ~~me~~ me to other inmates in a attempt to incite some form of violence, which is again the Dept. of corrections rules and a violation of penal code section 415, who acting under the color of the law.

% u. cooper #61919 also continue to falsify state documents, whereas % cooper sent me a chrono 128 that contains false information alleged by % cooper, stating: Harris is demonstrating a pattern in behavior, as though if a female officer is working a unit that (Harris is housed, Harris will repeatedly be written for Indecent exposure and then makes threats to harm the female officer, Example: officer I. McManus (now Parker) and officer Delaunay, It is noted that Harris went as far as to spearing officer I. McManus. (end of quote) these false statements was placed inside my central file on 3/3/06 by % u. J. cooper #61919 ~~these~~ these are false statements placed inside my central file, first of all, % I. McManus has "Never"-"ever" written me up a 115 or 128 for Indecent Exposure or disorderly conduct or anything closely related to that. The incident between me and I. McManus is catergoried as "unprovoked". No where in my central file is there any evidence that what % cooper is stating is true, when in fact these statements are false and % cooper #61919 knowingly put these false statements inside my central file, who is against state-federal law and the Dept. of corrections rules and regulations % u. J. cooper #61919 needs to stop decussing me with other inmate's and employ, the incident with % McManus occurred on 2/2c/01 I do not know how % cooper even knows about the spearing incident % cooper dont not work inside my unit(C) She should not have access to any file. Its obvious % cooper do not like me and willing to lie on me like % cooper has done in the past. (People v. Hustead (1999), 74 Cal.A 4th 410), (Pierrce c. v. superior court (1984) 159, cal.3d.1120) (continued on other-side sworn statement —over (by) Inmate O'neal H0212D

[Several lines of heavily crossed-out/redacted handwritten text]

Then I received a Chrono 128 in the Institutional mail written by C/o U. Cooper which states that she have written Inmate Harris a 115 for masterbating and had the chrono placed in my central file, C/o Cooper's write'up's on Inmate Harris if their true or not has nothing to do with me and I do not know why C/o Cooper would put something like that in my C file about another Inmate ither than to slander Inmate Harris and I would like for cooper to stop decussing Incidents with Inmate Harris with me and stop put another Inmates 115 Information in my Cfile

Thank you

[Signature]

H.12122

Inmate O'neal # H.02120
Inform me that the Chrono 128B
was placed inside his central file
by C/o Cooper # 61919 on 3/3/06
he dose not recall when he actually
received the chrono 128B in the Mail
(E. Harris H.63617 c.5./21)

PBS APPEAL LOG # _____

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT / INFORMATION ADVISORY
## STAFF COMPLAINT / PEACE OFFICER

### Please read, and sign this form in front of a staff witness.

Any inmate wishing to file a staff complaint must read and sign the following statement. As this is sworn testimony, this form must be signed in front of the staff member conducting the investigation into the complaint. Failure to sign this form in front of a staff member will be considered refusal to cooperate with the appeal process and the appeal will be cancelled.

You have the right to make a complaint against a Peace Officer for any improper conduct. California law requires and this agency has a procedure to investigate inmate's complaints. You have the right to a written description of this procedure. This agency may find after investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make a complaint and have it investigated if you believe an Peace Officer behaved improperly. This complaint and any report of findings relating to complaints must be retained by this agency for at least 5 years.

It is against the law to make a complaint that you know to be false. If you make a complaint against an officer knowing that it is false, you can be prosecuted. In addition, an inmate who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to criminal prosecution.

I certify or declare under penalty of perjury under the laws of the state of California that the information contained within the attached appeal form CDC 602, dated ___4/30/06___ is true and correct, under penalty of perjury, and I swear under oath under penalty of perjury that the aforementioned information is true and correct, executed this ___30___ day of ___April___, at Pelican Bay State Prison in Crescent City, California.

| INMATE / PAROLEE PRINTED NAME | INMATE / PAROLEE'S SIGNATURE | CDC NUMBER | |
|---|---|---|---|
| Earnest Harris | Earnest Harris | H-63617 | 4/30/06 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| C. | | | |

## PERMANENT ATTACHMENT TO CDC FORM 602 / DO NOT REMOVE

{ CDC Form 1858 }                                           · ( 1858-98.DOC  updated  October 22, 1998)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B (Rev. 4/74)

Number: H-63617      Name: HARRIS      Housing: C05-121L

On 03-03-06, at approximately 1540 hours, while I was assigned as C2 Floor Officer, I was reviewing a 602 from Inmate HARRIS, H-63617, C05-121L. I found his 602 full of false allegations in an attempt to get me fired, award him $50,000.00, as well as call me a liar for writing him up for Indecent Exposure. HARRIS also filed a Staff Complaint alleging the same. I feel this is pure harassment directed at me as HARRIS has filed Staff Complaints against me for nearly every time I've written him up. It is my opinion that HARRIS does this as a form of harassment and retaliation as well as to discredit me and threaten my integrity as a Correctional Officer. Recently, he is attempting to make his harassment personal in nature by addressing me by my first name (what he thinks is my first name) as, "Usleen Cooper". Which it is not. He has also addressed me in his institutional outgoing mail in a personal nature by specifically mentioning my name and stating, "A camera should be in female C/O's homes, especially C/O U. Cooper," to catch me masturbating and that I should be on covered lexan and behavior suit. I feel based on his past threats and his personal vendetta against me, my safety is threatened. I have specifically asked for HARRIS to be moved. My request has been denied. It is my opinion HARRIS is demonstrating a pattern in behavior, as though, if a female officer is working a unit that HARRIS is housed, HARRIS will repeatedly be written for indecent exposure and then makes threats to harm the female officer. Example: Officer I. McManus (now Parker) and Officer A. Delauney. It is noted that HARRIS went as far as spearing Officer I. McManus. HARRIS was removed from the units of those two female officers. It is also to be noted, HARRIS is furthering his vendetta towards me by recruiting another inmate in his pod to write false testimony against me to back HARRIS' false allegations towards me in his 602. The other inmate is O'Neal, H-02120, C05-221L, who lives in a cell above HARRIS. On 03-03-06, I was provided a memo stating, "Paper will be covering HARRIS' cell front window on 3rd Watch anytime a female enters the pod. I advised Sergeant D. Strain that it is my opinion this is only a temporary fix or a solution to witnessing any indecent exposures. It still poses a threat to my safety as HARRIS could also stand at the corner of his door, where he has access to a large gap approximately ½ inch through which he could easily spear me or gas me and I fear HARRIS will carry out his past threat to, "Fuck me up". I want to this exposure and suggestions to move HARRIS noted as I feel he is specifically focused on me and that my safety is threatened.

C/o U. Cooper

U. COOPER
CORRECTIONAL OFFICER

ORIG: C-FILE
cc: AWC
    INMATE
    PROGRAM
    CCI
    UNIT (2)

DATE: 03-03-06            INFORMATIONAL CHRONO            Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B (Rev. 4/74)

Number: H-02120    Name: ONEAL

Housing: C05-221L

On 03-03-06, at approximately 1540 hours, while I was assigned as C2 Floor Officer, I was reviewing a 602 from another inmate (Harris, H-63617, C05-121L) and found, attached to the 602, a written statement from Inmate ONEAL, H-02120, C05-221L.  Upon reading ONEAL'S written statement, I immediately determined he is bearing false testimony against me for the purpose of aiding Inmate Harris.  He is doing this in an attempt to discredit me and jeopardize my integrity as a Correctional Officer.  This 602/Staff Complaint is in retaliation by inmate Harris for writing him up for <u>Indecent Exposure on 02-24-06</u> for the purpose of alleging that I've lied, and that he wants me fired as well as he wants to be awarded $50,000.00 for emotional distress.

ORIG:  C-FILE
   cc:  AWC
        INMATE
        PROGRAM
        CCI
        UNIT (2)

U. COOPER
CORRECTIONAL OFFICER

DATE: 03-03-06                    INFORMATIONAL CHRONO                    Inst: PBSP

And Heard ⁹⁄₀ U. Copper Verbally & Mentally Harrassing mr.
E. Harris. C5-12L. She Has, came by His cell yelling
out dureing Chow Time, (Harris put that Black Dick
up, No-one wants to see that.) or (Harris what's on
T.V Tonight) she Knows He don't Have His T.V as of
Now But she Continue to Harrais Him. I always
Talk to "Harris" in the airvent, I asked Him?(what is it
that, that ⁹⁄₀ Has it out for you. He stated it goes back
a few years ago when He wrote up a Complainant on Her
well to day ⁹⁄₀ U. Copper, came to my cell to pick up the
funtray 2/24/06. and (stated were you just talking to Harris
in the Vent? He was standing there Jacken off while
talking to you. did you Know that?)(I didN't Answer)) I
dont Know what the problem is with ⁹⁄₀ U. Copper, but she
Needs. Counselling or Repsimand. or Removed from this
Unit And on other occasions. I seen ⁹⁄₀ U. Cooper give inmate
Harris the middle finger And Smile about it.

D___/ ___ H2120

2/24/06

State of California

Department Corrections and Rehabilitation
CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

NAME: Harris

PBSP LOG NO: _____

CDC #: H63617    HOUSING: A5-121    OTHER LOG #: _____

## YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[ ] 4. In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted to get an Informal resolution, prior to the appeal being assigned to the Formal Level(s) of appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff member's supervisor, or unit/area supervisors.

[ ] Counselor       [ ] PBSP R&R        [ ] Med Clinic      [ ] Records
[ ] Unit Officer    [ ] PSU Property    [ ] Dental Clinic   [ ] Inmate Assignments
[ ] Mail Room       [ ] PBSP SHU Prop.  [ ] Psych Office    [ ] PBSP Trust Office
[ ] Law Library     [ ] Food Services   [ ] Med Records     [ ] Plant Ops
[ ] Work Supervisor                     [ ] Other _____

[ ] 5. You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions and attach the items noted below, send what documents you have, or explain why they are not available per the CCR, Title 15, Section 3084.3(c)(5):

[ ] Supporting Documents & Receipts      [ ] CDC 1845 Disability Verification
[ ] GA 22 Request For Interview          [ ] CDC 1824 Reasonable/Accommodation
[ ] CDC 115 Results With final dispo     [ ] CDC 7362 Health Care Required Co-Pay
[ ] CDC 115 IE/DA information/Report      [ ] CDC 128-C Medical Chrono
[ ] CDC 115 Supplemental Reports         [ ] Cell Search Slip
[ ] CDC 114-D Lockup Order               [ ] Property Inventory Receipt
[ ] CDC 1030 Confidential Disclosure     [ ] CDC 143 Property Transfer Receipt
[ ] Lab Results Sheet                    [ ] Package Inventory Slip
[ ] CDC 7219 Medical Report              [ ] Proof of Ownership/Value
[ ] CDC 128-A _____           [✗] More Specific Information
[ ] CDC 128-B _____           [ ] Trust Statement
[ ] CDC 128-G _____           [ ] CDC 193 Trust Acct Withdrawal Order
[ ] CDC 629A/629B Assess SHU Term        [ ] Legal Status Summary
[ ] CDC 812/A/B Critical/Enemy           [ ] Abstract of Judgment (AOJ)
[ ] CDC 839/840 Class/Reclass Score      [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
[ ] CDC 958 Restoration Request          [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
[ ] CDC 1819 Correspondence Denial       [ ] Failed to Complete Section _____
[ ] Other _____               [ ] Sign & Date Section _____
                                         [ ] CDC Form 602 _____

[ ] 7. The issue has been resolved, PBSP Appeal Log No: _____. A copy of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15, Section 3084.2(g)(1)(2(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: Harris in addition to your request regarding your information within I/M ONEAL's file, you make some general allegations. Some of which appear to duplicate previous staff complaints you've made. You must provide specific date, time, action, information if you want this processed as a staff complaint to allow the specific allegation to be investigated. Or if you are

D. W. BRADBURY                    Date    5/12/06
Appeals Coordinator

just wishing to appeal the placement of information about you in I/M ONEAL's file you need to provide the document, date, and

This screening action may not be appealed unless the above reasons are inaccurate and the inmate can provide supporting arguments against the screening decision.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

PBSP    (Rev. 02/06)    CCR 3084.3(d)    PBSP

MAY 0 1 2008   Get an informal response from C/O Cooper.

State of California                                    Department of Corrections and Rehabilitation
                                                                          CDC Form 695

INMATE/PAROLEE APPEALS SCREENING FORM

NAME: Harris                              PBSP LOG NO: _____

CDC #: H63617  HOUSING: C5-121    OTHER LOG #: _____

YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[ ]  4. In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1),
        you failed and must attach evidence that shows you attempted to get an Informal
        resolution, prior to the appeal being assigned to the Formal Level(s) of appeal
        review. If a staff member fails to respond after 10 working days, use the Chain of
        Command and submit the Appeal to that staff member's supervisor, or unit/area
        supervisors.

        [ ] Counselor       [ ] PBSP R&R        [ ] Med Clinic     [ ] Records
        [ ] Unit Officer    [ ] PSU Property    [ ] Dental Clinic  [ ] Inmate Assignments
        [ ] Mail Room       [ ] PBSP SHU Prop.  [ ] Psych Office   [ ] PBSP Trust Office
        [ ] Law Library     [ ] Food Services   [ ] Med Records    [ ] Plant Ops
        [ ] Work Supervisor                     [ ] Other _____

[X] 5. You have not adequately completed the CDC Form 602, or have not attached the proper
        documents. Follow instructions and attach the items noted below, send what
        documents you have, or explain why they are not available per the CCR, Title 15,
        Section 3084.3(c)(5):

        [ ] Supporting Documents & Receipts     [ ] CDC 1845 Disability Verification
        [ ] GA 22 Request For Interview         [ ] CDC 1824 Reasonable/Accommodation
        [ ] CDC 115 Results With final dispo     [ ] CDC 7362 Health Care Required Co-Pay
        [ ] CDC 115 IE/DA information/Report     [ ] CDC 128-C Medical Chrono
        [ ] CDC 115 Supplemental Reports        [ ] Cell Search Slip
        [ ] CDC 114-D Lockup Order              [ ] Property Inventory Receipt
        [ ] CDC 1030 Confidential Disclosure    [ ] CDC 143 Property Transfer Receipt
        [ ] Lab Results Sheet                   [ ] Package Inventory Slip
        [ ] CDC 7219 Medical Report             [ ] Proof of Ownership/Value
        [ ] CDC 128-A _____          [ ] More Specific Information
        [X] CDC 128-B _____          [ ] Trust Statement
        [ ] CDC 128-G _____          [ ] CDC 193 Trust Acct Withdrawal Order
        [ ] CDC 629A/629B Assess SHU Term       [ ] Legal Status Summary
        [ ] CDC 812/A/B Critical/Enemy          [ ] Abstract of Judgment (AOJ)
        [ ] CDC 839/840 Class/Reclass Score     [ ] CDC 1858(PC 148.6/CCR 3391(d)) Info.Advis.
        [ ] CDC 958 Restoration Request         [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
        [ ] CDC 1819 Correspondence Denial      [ ] Failed to Complete Section _____
        [ ] Other _____              [ ] Sign & Date Section
                                                [ ] CDC Form 602 _____

[ ] 7. The issue has been resolved, PBSP Appeal Log No. _____. A copy
        of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15,
        Section 3084.2(g)(1)(2)(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: _____


_____                          MAY 26 2008
W. BRADBURY                               Date
Appeals Coordinator

        This screening action may not be appealed unless the above reasons are inaccurate and
        the inmate can provide supporting arguments against the screening decision.
        PERMANENT APPEAL ATTACHMENT   -   DO NOT REMOVE

of California

C7-121

Department of Corrections and Rehabilitation
CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

HARRIS _____ C7    PBSP LOG NO: _____

#: H63617 ____ HOUSING: A5-121 ____    OTHER LOG #: _____

R APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

4. In violation of the CCR, Title 15, Sections 3084.2(b), 3084.3(c)(4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted to get an Informal resolution, prior to the appeal being assigned to the Formal Level(s) of appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff member's supervisor, or unit/area supervisors.

[ ] Counselor      [ ] PBSP R&R        [ ] Med Clinic      [ ] Records
[ ] Unit Officer   [ ] PSU Property    [ ] Dental Clinic   [ ] Inmate Assignments
[ ] Mail Room      [ ] PBSP SHU Prop.  [ ] Psych Office    [ ] PBSP Trust Office
[ ] Law Library    [ ] Food Services   [ ] Med Records  C/O [ ] Plant Ops
[ ] Work Supervisor                    [X] Other C/O Cooper

5. You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions and attach the items noted below, send what documents you have, or explain why they are not available per the CCR, Title 15, Section 3084.3(c)(5):

[ ] Supporting Documents & Receipts      [ ] CDC 1845 Disability Verification
[ ] GA 22 Request For Interview          [ ] CDC 1824 Reasonable/Accommodation
[ ] CDC 115 Results With final dispo     [ ] CDC 7362 Health Care Required Co-Pay
[ ] CDC 115 IE/DA information/Report     [ ] CDC 128-C Medical Chrono
[ ] CDC 115 Supplemental Reports         [ ] Cell Search Slip
[ ] CDC 114-D Lockup Order               [ ] Property Inventory Receipt
[ ] CDC 1030 Confidential Disclosure     [ ] CDC 143 Property Transfer Receipt
[ ] Lab Results Sheet                    [ ] Package Inventory Slip
[ ] CDC 7219 Medical Report              [ ] Proof of Ownership/Value
[ ] CDC 128-A _____            [ ] More Specific Information
[ ] CDC 128-B _____            [ ] Trust Statement
[ ] CDC 128-G _____            [ ] CDC 193 Trust Acct Withdrawal Order
[ ] CDC 629A/629B Assess SHU Term        [ ] Legal Status Summary
[ ] CDC 812/A/B Critical/Enemy           [ ] Abstract of Judgment (AOJ)
[ ] CDC 839/840 Class/Reclass Score      [ ] CDC 1858[PC 148.6/CCR 3391(d)] Info.Advis.
[ ] CDC 958 Restoration Request          [ ] Emerg. Unwarranted CCR 3084.7(a)(2)(A)
[ ] CDC 1819 Correspondence Denial       [ ] Failed to Complete Section _____
[ ] Other _____                [ ] Sign & Date Section _____
                                         [ ] CDC Form 602 _____

7. The issue has been resolved, PBSP Appeal Log No. _____ A copy of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15, Section 3084.2(g)(1)(2)(3).

8. Abuse of the appeal procedure: _____

ents: THIS IS NOT BEING PROCESSED AS A Staff Complaint. yet AN informal Response from C/O Cooper Relative to the Contents of the 128B

Bradbury _____ Date 10/8/06

BRADBURY
A Coordinator

PERMANENT APPEAL ATTACHMENT    -    DO NOT REMOVE

C-FILE

## FIRST LEVEL SUPPLEMENTAL PAGE

RE:  PELICAN BAY STATE PRISON
     Appeal Log # PBSP-C-06-01497
     First Level Reviewer's Response

INMATE: HARRIS·H-63617

APPEAL DECISION: CANCELED

APPEAL ISSUE:

You claim Correctional Officer U. Cooper, her supervisors, and the Department of Corrections and Rehabilitation have violated your civil rights, specifically the Fifth and Fourteenth Amendments. You are also alleging Officer Cooper has made false allegations, falsified reports, and has violated confidential information policy set forth by the California Code of Regulations, Title 15 Sections 3402 Central File, (a), 3021 Falsification of Records or Documents, 3321 Confidential Material, (a), (1), and (4).

You are requesting Officer Cooper be fired and for her to compensate you $10,000. in damages. You are requesting all related reports to be removed from inmate O'Neal's, H-02120, Central File which are making false allegations.

FINDINGS:

A thorough review of the allegations presented in this complaint has been completed. Your complaint, including your requested remedial actions, has received careful consideration. Correctional Lieutenant D. Strain was assigned to investigate your allegations by the First Level Reviewer.

Correctional Sergeant D. Strain attempted to interview you regarding your appeal on July 13, 2006. You refused to be interviewed and signed a California Department of Corrections Form 128-B in the presence of Correctional Officer J. Herdina indicating your refusal. On July 13, 2006, Sergeant Strain attempted to interview inmate O'Neal, H-02120, Unit C-5 221L. Inmate O'Neal refused to be interviewed with out explanation.

In the event that staff misconduct is sustained, the institution's Administration will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of staff, the general public, or the inmate population and will not be released to the inmate. Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

DETERMINATION OF ISSUE:

The review conclusively proved the alleged acts did not occur. Inmate Harris refused to be interviewed and had no supporting evidence to substantiate his claims. The finding is **UNFOUNDED**. Based on this review, the action requested to resolve this appeal is CANCELED at the First Level of Review.

G. A. KELLEY              Date                    M. A. SMELOSKY              Date     8/8/06
Facility Captain (A)                              Associate Warden (A)
Facility C                                        Security Housing Unit

# EXHIBIT  L

**C-FILE**

## INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region     Log No. C06-01295    Category 11-2

yellow Lexan

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

C-7-121

NAME: Earnest Harris    NUMBER: H36611    ASSIGNMENT: C-S.H.U.    UNIT/ROOM NUMBER: C-5.121

A. Describe Problem: This complaint involves the Dept. of Corrections and officials at Pelican Bay Prison condoning and partaking in an unauthorized and illegal policy or practice which violations the petitioners civil rights under section 1983 - 42 U.S.C. 1983 violation of the eighth amendment prohibiting any form of cruel and unusual punishment as well as a violation of Due process of the fifth and fourteenth amendment and violation of rules and procedures outlined in (P.P.A.) penal code § 5058 and the rules and procedures outlined in the Title 15. 3320 (a)(1), 3326 (a) - (B); Authorized Security precautions and Regulations/Operative procedure 222, Seq. 303 (1) - (7)
(continued next page)

If you need more space, attach one additional sheet.

B. Action Requested: To be financially compensated or to have any officer whom permitted, or authorized or partaken in this illegal/unauthorized practiced to be removed from his/her authority position to pervent them from authorizing any other illegal methods and I want all practices of this illegal restriction to be terminated immediately.

Inmate/Parolee Signature: Earnest Harris    Date Submitted: 5/7/06

C. INFORMAL LEVEL (Date Received: 5-10-06 CV
5-11-06 )

Staff Response: REQUEST DENIED PER MADRID FILE/ASU-05-07-0337
WE MAY COVER THE CELL FRONT OR COUNT WINDOW FOR INMATES WITH MULTIPLE ACTS OF INDECENT EXPOSURE TO REDUCE MULTIPLE INDECENT EXPOSURE INCIDENTS.

Staff Signature: C/O C. Humphrey    Date Returned to Inmate: 5/13/06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

C/o Humphrey response is inadequate and fails to address corr. illegal practice and policies stated in this Appeal. (per Madrid file/ASU-05-07-0337) I have never heard of and it dose not comply with penal code § 5058 20 days notice prior to effective date. C/o Humphrey did not address Due process violations outlined in wolff v. McDonnell I've been on this illegal
(continue next page)

Signature: Earnest Harris    Date Submitted: 5/15/06

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

MAY 1 6 2006    MAY 2 4 2006    JUNE 8 2006    not able to have the continuation to the
4 formal level for some reason

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☒ Other _Withdrawn_

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _6/8/06_    Due Date: _7/21/06_

Interviewed by: _Sgt. L. Thompson on 6/22/06_

_I/m Harris had nothing Further to add - Withdraw    Harris H. 63617  8/22/06_

_- and wish to withdraw this appeal.    Sgsmt Martin_

Staff Signature: _L. Silva_    Title: _Sergeant_ _F.A. (A)_    Date Completed: _6-23-06_

Division Head Approved:
Signature: _____    Title: _Acw (A)_    Returned
Date to Inmate: _6/28/2006_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

HARRIS 121

continued from: A. Describe problem:    first it must be noted that I'm on

covered lexan, which is like yellow wallpaper and it covers my whole
cellfront including the celldoor. It leaves a small window in the door
but the cell's in the S.H.U are windowless cells covering my cell-
front except for a little window in the door still eliminate nearly
all natural light. I've been on covered lexan over 2 years, since
1/4/04. "I have 1 Indecent Exposure write up in the last 13 months" So
the Security threat or justification for extending this Security precaution
as not been justified, (In my opinion)

But the covered lexan is not what the 602 (appeal) is based. It is based
on the illegal and unauthorized practice of putting blue paper over the
covered lexan window.

                              on or around 2/24/06 C.5 floor
officers start taping a blue paper to the window of my door, which mak
it total impossible for me to look outside my cell or for anyone to look
inside my cell. The cell becomes pitchblack and "no natural light enters
the cell".

This procedure is illegal and unauthorized for several reasons: I could fall
and have a seizure and unable to call for help, attempted suicide, I coul
be dying and in need of some medical assistance or just security
reasons. Thats why a correctional officer must have a clear view inside
the cells at "all times."

For example, If an Inmate is not on covered lexan and he/she attempts to
cover their whole cellfront with a sheet or something. That Inmate would be
cell extracted and placed on numerous restrictions. And to justify the use
of force to Correctional officials will claim that they must be able to see
inside each cell at all times. So for P.B.S.P. officials to cover my cell
front with covered lexan, and cover the window with blue paper, is not
only illegal and unauthorized but it contradicts its own procedures an
policies.

Putting blue paper over my window is illegal and unauthorized for several
reasons: Its not a procedure listed in the Authorized security precauti
and Restrictions manual (OP 222) which states:
each precaution has a maximum time limit that may be imposed at
each rank, any precaution may be extended with justification for an addition

all precautions that are imposed for an indefinite period of time will be reviewed every 30# days to determine whether the precautions is still appropriate.

I've been on this precautional restriction for almost 3# months and "no Associate Warden" has given me a review, I have not had a 115 hearing disposition or finding that placed me on this restriction, I have not received any 128 chrono or memorandum stating that I'm on this restriction, I have not received any written or verbal reason for why their covering my window with this blue paper, The floor officer just came up to my cell and just covered the window. And they have been doing this for almost 3# months.

I know the floor officers put it up at chow-time and take off after tray pickup and since I'm on food delivery system I get feed first. So its tape on my cell door window around a hour or hour and a half almost every day. They leave it on my window even when its no one inside the Pod, when the floor officers are feeding the other Unit and other Pods, their even let other Inmates out of their cell while its still tape to my window.

This illegal practice/procedure is also prohibited by the United State Supreme Court as outlined in the Inmate Orientation package (page 10# C, and D.

C). No Magazines cut-outs, posters, or pictures are permitted on the cell walls, ceilings, "doors", or light fixtures.

D). Doors are not permitted to have covering" of any kind" on them, it includes, but is not limited to, paper, cardboard, clothing, towels, etc.

This procedure of putting blue paper over my window is also illegal because it has not been submitted to the proper authorities for approval before it can be implemented as defined in penal code section 5058, nor has this procedure been put in a "conspicuous place" to notify Inmates of this rule or regulational procedure.

The United States Supreme Court has ruled in Wolf v. McDonell (1974) 418 u.s. 539, 566 that Inmates housed in prison retain rights under Due Process of law". I have not been provided with a hearing, a 30# day review, or notice of charge into why this restriction is being imposed.

The United States Supreme Court also ruled against this form of punishment in Madrid v. gomez (N.D. Cal. No. c-90-3094 (Eh), referring to Eight Amendment cruel and unusual punishment under deliberate indifference. In depriving a person of the minimal civilized measure of life's necessities. "In a case that would be degrade, of vital ....

State of California                                                                                    Department of Corrections and Rehabilitation
                                                                                                         CDC Form 695

INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name: ___Damis___                                    PBSP Log #: _____

Number: ___176B617___                                Housing: ___CS/2-1___

YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.   The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.   The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
         [ ] (a) Your appeal has been screened out on _____ for _____
         [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____
         [ ] (c) Your appeal has been completed at the _____ Level, Log # _____

[ ] 3.   The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he
         could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[ ] 8.   Abuse of the Appeal Process/Right to Appeal.
         [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is
                 excessive. See CCR, Title 15, Section 3084.4(a).
         [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is
                 rejected. See CCR, Title 15, Section 3084.4(b).
         [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated
                 documentation. See CCR, Title 15, Section 3084.4(c).
                 [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B,
                         per CCR, Title 15, Section 3084.2(a)(1).
                 [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15,
                         Section 3084.2(a)(2).
         [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in
                 cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
                 [ ] (1) Your appeal was screened out and returned to you with instructions:
                         [ ]                          [ ]                          [ ]
         [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the
                 inmate's welfare, per CCR, Title 15, Section 3084.1(a).
         [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362,
                 Medical Request form).

[ ] 9.   Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.  Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: __You've added an additional page to section___
__D which is not permitted. You also did not___
__sign and date Section D.___

_____

                                        MAY 2 2 2006

W. BRADBURY                              Date
ppeals Coordinator

         This screening decision may not be appealed unless you can support an argument that the above is inaccurate.
           In such a case, please return this form to the Appeals Office with the necessary supporting information.

         PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE
         PBSP      (Rev. 02/06)      CCR 3084.3(d)      PBSP

MAY 1 5 2006

State of California

Department of Corrections and Rehabilitation
CDC Form 695

INMATE/PAROLEE DISCIPLINARY APPEALS SCREENING FORM

Name: _Harris_____    PBSP Log #: _____

Number: _H63617_____    Housing: _C5121_____

YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.  The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.  The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
    [ ] (a)  Your appeal has been screened out on _____ for _____
    [ ] (b)  Your appeal is being reviewed at the _____ Level, Log # _____
    [ ] (c)  Your appeal has been completed at the _____ Level, Log # _____

[ ] 3.  The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.  The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[✓] 8.  Abuse of the Appeal Process/Right to Appeal.
    [ ] (a)  Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
    [ ] (b)  Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
    [✓] (c)  Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
        [✓] (1)  Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
        [ ] (2)  Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
    [ ] (d)  Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
        [ ] (1)  Your appeal was screened out and returned to you with instructions:
            [ ]                    [ ]                    [ ]
    [ ] (e)  Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
    [ ] (f)  This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.  Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.  Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: _The 2nd page is not allowed as previously instructed._

_____            _6/1/06_
J. W. BRADBURY                                      Date
Appeals Coordinator

This screening decision may not be appealed unless you can support an argument that the above is inaccurate.
In such a case, please return this form to the Appeals Office with the necessary supporting information.

PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE
PBSP    (Rev. 02/06)    CCR 3084.3†d.    PBSP

MAY 24 2006

# EXHIBIT M

*To Counselor D. Marvin CC-1*

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region **PBSP**   Log No. *CDC-01971*   Category *2-4*

*SHU term assessment*

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Earnest Harris | 163071 | C.S.H.U. | 6T/121 |

A. Describe Problem: I am Appealing the decision upon camp to impose a 1 year 6 mo. S.H.U. term consecutively to a S.H.U. term I was already serving. First of all this so-called S.H.U. term Indecent exposure dose not warrant a S.H.U. term was only around time laws and within the means of the Pilot program implemented 3/1/05 warrants only a 6th mo. S.H.U. term. And your prohibited from including Indecent Exposure on write ups that occurred before the pilot program because only write ups that occurred after 3/1/05. And the Pilot program also states that my first S.H.U. term shall be "suspended" making my S.H.U. term to be over **Dec. 24, 2006** on Dec. 24 2006 depending on when the S.H.U. term started

If you need more space, attach one additional sheet.

B. Action Requested: I would like my S.H.U. term reassessed to comply with the criteria of the pilot program implemented on 3/1/05 which states the S.H.U. term that the inmate is currently serving shall be suspended. And my S.H.U. term should end on or around 12/27/06 as define by the pilot program.

Inmate/Parolee Signature: *Earnest Harris*   Date Submitted: 7/25/06

C. INFORMAL LEVEL (Date Received: 8-7-06)

Staff Response: YOUR APPEAL IS BEING DENIED AT THIS LEVEL. THE PILOT PROGRAM AT PBSP, SECTION 3099.1, (D)(C)(9)(H), AUTHORIZES THE ASSESSMENT OF A SHU TERM FOR (2) CDC RULES FOR INDECENT EXPOSURE (TITLE 15, DIV-3, SECTION 3007) IN A (4) YEAR PERIOD. ICC ELECTED TO ASSESS AND IMPOSE AN 18 MONTH, CONSECUTIVE, AGGRAVATE SHU TERM PER 128G DATED 6-8-06, WHICH WAS ENDORSED BY THE CSR PER 128G DATED 8-9-06. SEE ATTACH.

Staff Signature: *G. Redden*  CC-I   Date Returned to Inmate: 8-14-06

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

PBSP sec. 3099.1, 10 (c)(9)(H) dose authorize imposing a S.H.U. term, but only a six month S.H.U. term and if that six mo. S.H.U. term is imposed my original S.H.U. is to be suspended, which has not been done. And it dose not allow for I.C.C. to consider incidents that occurred before the pilot program was implemented and impose consecutive S.H.U. terms. (the 18 mo. SHU term is illegally imposed)

Signature: *Earnest Harris*   Date Submitted: 8/14/06   CDC Appeal Number: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

AUG 15 2006

34   appeals

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

BYPASS

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved ☐ Returned: _____
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____ Date Submitted: _____

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 8/15/06    Due Date: 9/27/06
☒ See Attached Letter:
Signature: _____ Date Completed: 9/2/06
Warden/Superintendent Signature: _____ Date Returned to Inmate: 9/15/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail for the third level within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION ☐ Granted ☐ P. Granted ☐ Denied ☐ Other
☐ See Attached Letter:
CDC 602 (12/87) Date _____

COPY

*I/M* *CY4219*

§ 3341.5    Department of Corrections    TITLE 15

State of California

## ASSESSMENT OF SUBSEQUENT OR REIMPOSED SHU TERM WORKSHEET

CDC 629-B (9/90)

| CDC Number | Name (Last, First, MI) | Institution | Unit |
|---|---|---|---|
| H-63617 | HARRIS, Ernest | PBPS | C-SHU |

1. **VIOLATION COMMITTED WHILE SECURITY HOUSING UNIT (SHU) TERM ACTIVE**

   a. Rule No. __AB 93/29__  Date Issued __02/24/2006__  Title __3315__

   b. Specific Act __HARASSMENT__
      (Must be an offense on SHU Term Assessment Chart.)

2. **CONSECUTIVE SHU TERM CALCULATIONS**

| | YR | MO | DAY |
|---|---|---|---|
| a. Prior Maximum Shu Expiration Date . . . . . . . . . . . . . (SHU Term Assessment Worksheet, item 5) | 2012 | 8 | 3 |
| b. Enter total additional confinement time assessed . . . . . . . . . . . . (Expected plus or minus Aggravation/Mitigation in years, months and days) | 1 | 6 | 0 |
| c. New Maximum Expiration of Term Date (Add additional time to expiration date, item 2a + 2b) | 2014 | 2 | 3 |
| d. New Minimum Eligible Release Date . . . . . . . . . . . . . . . (Add 75% of additional time to prior maximum expiration date using the SHU Time Computation Table, item 2a + 2b) | 2013 | 9 | 18 |

*RVR's 10/24/03 and 2/22/05, 9/7/04, 6/15/04, and 4/3/04*

3. **CONCURRENT SHU TERM CALCULATIONS**

| | YR | MO | DAY |
|---|---|---|---|
| a. Date of new violation . . . . . . . . . . . . . . . | | | |
| b. Enter total confinement time assessed . . . . . . . . . . . . . . . (Expected plus or minus Aggravation/Mitigation in years, months and days) | | | |
| c. Expiration date of new violation . . . . . . . . . . . . . (Add total assessed to violation date, item 3a + 3b) | | | |
| d. Controlling Maximum SHU Expiration Date . . . . . . . . . . . . (Enter prior or new expiration date whichever is later) | | | |
| e. Controlling Minimum Eligible Release Date . . . . . . . . . . . (Enter prior date or add 75% of assessed time to violation date if the new maximum is later, 75% of item 3b + 3b) | | | |

4. **REIMPOSITION OF SHU TERM FROM PAROLED DISCHARGE**

| | YR | MO | DAY |
|---|---|---|---|
| a. Maximum SHU expiration date when paroled / discharged . . . . . . . . . . . . . . . . | | | |
| b. Date paroled/discharged from SHU . . . . . . . . . . . . . . . | | | |
| c. Maximum confinement time remaining when paroled/discharged . . . . . . . . . . (Subtract date paroled from expiration date, item 4b from 4a) | | | |
| d. Date of reconfinement in Administrative Segregation . . . . . . . . . . . | | | |
| e. New Maximum Expiration Date . . . . . . . . . . . . . . . . (Add time remaining to reconfinement date, item 4c + 4d) | | | |
| f. Minimum release time remaining when paroled/discharged . . . . . . . . . . . (Subtract date paroled, item 4b, from Prior Minimum Eligible Release Date) | | | |
| g. New Minimum Eligible Release Date . . . . . . . . . . . . . . . (Add minimum time remaining to date of reconfinement, item 4f + 4d) | | | |

| Name and Title of Staff Computing Term | Date | Date ICC Established Term |
|---|---|---|
| S. Trevino, CCI (A) | 6/21/2006 | |

Distribution: Original - Central File; Yellow - Inmate; Pink - Auditor

(N)    C 7-12

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | | | |
|---|---|---|---|
| WHITE | CENTRAL FILE | CANARY | WARDEN |
| BLUE | INMATE (2ND COPY) | PINK HEALTH | CARE MGR |
| GREEN | ASU | GOLDENROD | INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| HARRIS, Ernest | H-63617 |

## REASON(S) FOR PLACEMENT (PART A)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
☒ ENDANGERS INSTITUTION SECURITY    ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT
You are currently housed in SHU for multiple SHU terms, with the last SHU term for Attempted Battery on a Peace Officer, RVR dated 10/28/02, with a MERD of 5/26/09. You have been found guilty of additional SHU'able offenses for Battery on a Peace Officer dated 8/08/03, Threat of Force/Violence Against a Public Official dated 10/24/03 and 8/10/04, and Indecent Exposure 4/30/05 and 2/24/06, with a proposed MERD OF 9/18/13. As a result of this behavior you are considered to be a threat to the safety of others and to the security of the institution. You are scheduled to appear before committee for your Annual/CDC 114-D review to determine your continued placement in SHU. You will be afforded the opportunity to present any relevant information to this committee regarding your current housing and or program.

| ☐ CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | | ☐ IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | / / |
|---|---|---|---|
| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME  J. MCKINNEY | SIGNATURE | TITLE  LT |
| DATE NOTICE SERVED  6-22-06 | TIME SERVED  1415 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE  S. TREVINO  D. Marvin | SIGNATURE  D. Mar  CCI | STAFF'S TITLE  CCI (A) |
| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE  Ernest Harris | | CDC NUMBER  H63617 |

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the initial administrative review by Captain or higher by the first working day following placement.

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEES NAME | TITLE |

IS THIS INMATE:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LITERATE? | ☒ YES | ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☒ YES | ☐ NO | | |
| FLUENT IN ENGLISH? | ☒ YES | ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | ☐ YES | ☐ NO | | |
| ABLE TO COMPREHEND ISSUES? | ☒ YES | ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☐ YES | ☐ NO | | |
| /FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | ☒ YES | ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES | ☐ NO | | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | ☒ YES | ☐ NO | | | | | |

Any "NO" requires SA assignment    Any "NO" may require IE assignment

☒ NOT ASSIGNED    ☒ NOT ASSIGNED

## INMATE WAIVERS

| ☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER | ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME | |
|---|---|---|
| ☒ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE  Ernest Harris | DATE  6-22-06 |

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC UMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION:    ☐ RELEASE TO UNIT/FACILITY    ☐ RETAIN PENDING ICC REVIEW    ☐ /DOUBLE CELL    ☐ SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC 128G (Rev. 12/91)

NO:  H-63617          NAME:  HARRIS, Ernest          HSG:  C7-121
Custody:  MAX RS      CS:  640 (IV)   D2/D EFF 3/6/02   Assignment:  SHU (MERD 9/18/13)
RelDate:  EPRD 3/28/24    Reclass:  5/2007             Action:  ASSESS/IMPOSE TWO 18-MO & 9-MO AGG CS SHU
                                                       TERMS W/CONTROLLING MERD 9/18/13; REFER
                                                       CSR FOR AUDIT/REVIEW & RETAIN PBSP SHU;
                                                       CONTINUE YELLOW LEXAN CELL-FRONT & 
                                                       EXPOSURE CONTROL JUMPSUIT

Inmate Harris refused to appear before PBSP FAC-C SHU ICC on this date for Annual/114D Review. No staff assistant was assigned as S is not illiterate, peaks English, can comprehend the issues, and is free of mental health services needs. An investigative employee was not required. Prior to Committee, S was issued an updated copy of his CDC 114D dated 6/22/06. Committee notes S is currently serving multiple SHU terms, with the latest SHU term for attempted BATT on a Peace Officer, RVR dated 10/28/02, with a MERD of 5/26/09. C-file reflects S was found guilty of the following:

.  RVR dated 8/8/03, log# C03-08-0005, CCR# 3005(c), a DIV-B offense, resulting in 150 days loss of credit. This offense warrants a SHU term; therefore, Committee acts to assess and impose an 18-month, consecutive, aggravated SHU term for ASLT on Non-I/M – Insufficient Force to Cause Serious Injury, and refer to CSR for audit and review. The SHU term is aggravated due to similar prior behavior as reflected on CDC 115(s) of 10/28/02, 8/13/02, 7/20/02, 3/6/02, and 2/22/01, log#'s C02-10-0021, C02-08-0011, C02-07-0013, C02-03-0010, and C01-02-0020, respectively. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 8/8/03, for period of credit forfeiture per CCR# 3045.1, then WG/PG D1/D will be applied. MERD for this offense is 9/18/10.

.  RVR dated 10/24/03, log# C03-10-0027, CCR# 3005(c), a DIV-B offense, resulting in 150 days loss of credit. This offense warrants a SHU term; therefore, Committee acts to assess and impose a 9-month, consecutive, aggravated SHU term for Threat to Kill/ASLT a Non-I/M, and refer to CSR for audit and review. The SHU term is aggravated due to similar prior behavior as reflected on CDC 115(s) of 10/27/02, log# C02-10-0020. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 10/24/03, for period of credit forfeiture per CCR# 3045.1, then WG/PG D1/D will be applied. MERD for this offense is 8/26/11.

.  RVR dated 8/10/04, log# C04-08-0007, CCR# 3005(c), a DIV-B offense, resulting in 150 days loss of credit. This offense warrants a SHU term; therefore, Committee acts to assess and impose a 9-month, consecutive, aggravated SHU term for Threat to Kill/ASLT a Non-I/M. Committee believes the RVR rises to a SHUable offense based on S making clear, direct, and repeated threats that he intends to inflict physical harm to the officer. S made these threats in such a threatening tone that the officer fears for her safety. S also has an extensive assaultive history that includes spearing a correctional officer in the face from his cell. S received an additional 11 years to his prison sentence for the offense. Committee also acts to refer to CSR for audit and review. The SHU term is aggravated due to similar prior behavior as reflected on CDC 115(s) of 10/24/03 and 10/27/02, log#s C03-10-0027 and C02-10-0020, respectively. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 8/10/04, for period of credit forfeiture per CCR# 3045.1, then WG/PG D1/D will be applied. MERD for this offense is 5/26/12.

RVR dated 2/24/06, log# C06-02-0011, CCR# 3007, a DIV-D offense, resulting in zero (0) days loss of credit as time constraints were exceeded. This offense warrants a SHU term; therefore, Committee acts to assess and impose an 18-month, consecutive, aggravated SHU term for Harassment (Indecent Exposure). S was found guilty of a second RVR for Indecent Exposure dated 4/30/05, in a 1-year period. The pilot program at PBSP, Section 399.1.10(c)(9)(H), authorizes the assessment of a SHU term for 2 CDC RVR's for Indecent Exposure (Title 15, DIV-3, Section 3007) in a 1-year period. Committee also acts to refer to CSR for audit and review. The SHU term is aggravated due to similar prior behavior as reflected on CDC 115(s) of 2/22/05, 9/7/04, 6/15/04, 4/3/04, and 10/24/03, log#'s C05-02-0021, C04-09-0007, C04-06-0006, C04-04-0002, and C03-10-0026, respectively. The SHU term was not mitigated due to prior disciplinary history. S's WG/PG will be D2/D effective 2/24/06, for period of credit forfeiture per CCR# 3045.1, then WG/PG D1/D will be applied. Controlling MERD is 9/18/13.

Based on the behavior which resulted in S receiving these SHU terms, he is determined to pose a threat to the safety of others and institution security, therefore, requiring segregation from the GP. Accordingly, the decision was made to retain him in SHU until expiration of his MERD. Committee reviewed S's current and past security precautions of yellow Lexan cell-front covering, exposure control jumpsuit, and his disciplinary history. Committee notes CDC RVR's Indecent Exposure 2/24/06, 4/30/05, 9/7/04, 6/15/04, 4/3/04, 10/24/03, 12/27/99, and 5/7/99. S's extensive disciplinary history, as outlined above, failure to meet program expectations regardless of the added security precautions, substantiates Committee's decision to retain the yellow Lexan cell-front cover and exposure control jumpsuit security precautions. S is advised, via this chrono, that the security precautions would be reviewed again at the Annual review in 5/2007. S is also advised that the exposure control jumpsuit would be worn anytime his handcuffs were removed for a specific activity, or while in a holding cell. Committee notes a pending CDC 115 dated 6/5/06, for Refusal to Obey Orders. S's assigned counselor contacted the FAC-C Disciplinary Officer the status of the 115, stating it is pending the completion of the disciplinary process. Committee acts to retain SHU on active MERD. DDP Review: CDC 8C-2 is in C-file. S has no cellmate, and Committee notes the "S" custody suffix has previously been applied. Committee acts to retain the "S" suffix, because S has not successfully completed the compatibility review for double celling in PBSP SHU. S is advised, via this chrono, of Committee's decision and his right to appeal. Next scheduled Committee will be in 5/2007, for Annual Review.

CHAIRPERSON: C. SCAVETTA/AW          U. SILVA/FC(A)          E. DOUGLASS/LCSW          RECORDER: K. NEALY/CCII(A)

☐OBIS  ☒CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER _____          ☐128-C2 in C-file
Committee Date:  6/28/06     (TREVINO/jw)          Classification     FAC-C  ICC/REVIEW          Inst: PBSP

NOTE! YOU FILED YOUR APPEAL AFTER THE TIME LIMITS.

State of California

Department of Corrections
CDC 128-G

No. H-63617                    NAME: HARRIS


Comment:    PBSP-SHU retention endorsed. CS: 640

CDC 812 noted for enemies at PBSP-SHU; staff to house appropriately. Conf file clear.

- 18 month aggravated consecutive SHU term for RVR of 2/24/06 for Harassment approved as assessed by ICC action of 6/28/06 with MERD of 9/18/2013.
- 9 month aggravated consecutive SHU term for RVR of 8/10/04 for Threat to a Non-Inmate approved as assessed by ICC action of 6/28/06 with MERD of 5/26/2012.
- 9 month aggravated consecutive SHU term for RVR of 10/24/03 for Threat to a Non-Inmate approved as assessed by ICC action of 6/28/06 with MERD of 8/26/2011.
- 18 month aggravated SHU term for RVR of 8/8/03 for Battery on Staff approved as assessed by ICC action of 6/28/06 with MERD of 9/18/2010.


J Isola, CSR

Date: 8/9/2006              Classification – CSR ACTION              PBSP

C-FILE

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: SEP 1 4 2006

Inmate HARRIS, H63617
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 7, Cell 121

RE:  WARDEN'S LEVEL DECISION                    APPEAL: DENIED
     APPEAL LOG NO. PBSP-C-06-01971             ISSUE: SEGREGATION HEARINGS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).  On September 1, 2006, Correctional Counselor II N. Threm conducted the interview at the Second Level of Review.

## ISSUES

Inmate Harris requests that the imposed 18 month Security housing Unit (SHU) term be reassessed and suspended.

## FINDINGS

### I

The inmate alleges in his Appeal that on June 28, 2006, Institutional Classification Committee (ICC) illegally imposed a consecutive SHU term for Rules Violation Report (RVR) dated February 24, 2006, for Indecent Exposure.  The inmate contends that Indecent Exposure does not warrant a SHU term, but only credit loss.  The inmate alleges that the Pilot Program Regarding Plan for Management of Indecent Exposure Incidents at PBSP prohibits including Indecent Exposure write-ups that occurred before the Pilot Program began, but only those that occurred after March 1, 2005.  Additionally, the inmate contends that, per the Pilot Program, the SHU term should only be six months and the SHU term should be suspended.

### II

The Second Level Reviewer interviewed the inmate relative to his Appeal issue.  The inmate stated that he had no additional information to add to his written Appeal.

## DETERMINATION OF ISSUE

The PBSP Pilot Program Regarding Plan for Management of Indecent Exposure Incidents is certified by the Director of California Department of Corrections and Rehabilitation and authorized pursuant to Penal Code Section 5058.1.  This Pilot Program is specifically for PBSP and is designed to discourage inmates from engaging in Indecent Exposure and Disorderly Conduct.  This Pilot Program is in effect for a 24 month period beginning March 1, 2005 through March 1, 2007.

Records reflect that the inmate has two Indecent Exposure RVR's since the implementation of the Pilot Program.  Review of the Automated Disciplinary Management System, identifies that the inmate was previously found guilty of RVR dated April 30, 2005, for Indecent Exposure.

Supplement Page 2
HARRIS, H63617
Appeal # PBSP-C-06-01971

The Pilot Program Regarding Plan for Management of Indecent Exposure Incidents at PBSP states in part, *"A determinate period of confinement in the SHU may be established for an inmate when found guilty of two or more Indecent Exposure offenses in a one-year period... The term shall be established by the ICC, utilizing the standards in the the SHU term Assessment Chart... Therefore, when ICCs are reviewing and assessing a SHU term for this offense, committee members are to consider and encourage to suspend the first SHU term with the remaining disciplinary and/or security precautions in place for a six-month period. The totality of the inmate's case factors, including length of time incarcerated, disciplinary, work, education, laudatory, and programming history, as well as circumstances of the incident, are to be evaluated when imposing a SHU term."* The Pilot Program does not preclude using prior acts of misconduct of the same or similar nature as aggravating factors in the calculation of the SHU term nor is suspension of the SHU term required.

The ICC appropriately imposed an 18 month aggravated consecutive SHU term for Harassment for RVR dated February 24, 2006, for Indecent Exposure. Committee's action was in compliance with the Program Regarding Plan for Management of Indecent Exposure Incidents at PBSP and the California Code of Regulations, Title 15, Section 3341.5. Additionally, ICC's action was reviewed and approved by the Classification Staff Representative on August 9, 2006. Therefore, this Appeal is DENIED.

<div align="center">MODIFICATION ORDER</div>

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT # 03     Date 09/01/06