EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
EMILY L. BRINKMAN, State Bar No. 219400
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5742
  Fax: (415) 703-5843
  Email: Emily.Brinkman@doj.ca.gov
Attorneys for Cooper and Horel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST S. HARRIS,<br><br>                     Plaintiff,<br><br>v.<br><br>ROBERT A. HOREL, et al.,<br><br>                     Defendants. | C 06-7761 MJJ (PR)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

Earnest S. Harris (Plaintiff) is an inmate housed at Pelican Bay State Prison (Pelican Bay). On December 16, 2006, Plaintiff filed this action alleging that his right to be free from cruel and unusual punishment under the Eighth Amendment had been violated by Defendant Horel's imposition of the Indecent Exposure Pilot Program (IEPP) at Pelican Bay. Plaintiff also claims that Defendant Cooper retaliated against him for filing inmate grievances when she issued disciplinary reports against him for indecent exposure.

Defendants filed a Motion to Dismiss for Plaintiff's failure to exhaust administrative remedies on October 25, 2007. (Court Docket No. 13.) Plaintiff filed an Opposition to

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Dismiss                               *Harris v. Horel et al*<br>                                                                                                                C 06-7761 MJJ (PR)

1

Defendants' Motion to Dismiss on November 5, 2007. (Court Docket No. 18.)

Plaintiff failed to exhaust his administrative remedies relating to his claims of retaliation and Eighth Amendment violations as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*See Infra*, Argument.) Therefore this Court must dismiss this action.

## ARGUMENT

### THE COURT SHOULD DISMISS THIS ACTION BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER THE PLRA.

The PLRA requires that inmates exhaust their "available" administrative remedies before filing civil rights actions in federal courts. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Moreover, the Supreme Court has held that exhaustion of available remedies requires that a prisoner "properly exhaust," which means that "prisoners must complete the administrative review process in accordance with the applicable procedural rules, . . . rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (internal citations and quotation marks omitted) (quoting *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006)). Therefore, "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Id.*

Plaintiff's Opposition to Defendants' Motion to Dismiss fails to set forth any facts proving that he has exhausted his administrative remedies. The first seven pages of Plaintiff's Opposition restates his problems with the Pelican Bay IEPP and what Plaintiff claims was improper notice surrounding the implementation of the IEPP. (Pl.'s Opp'n Defs.' Mot. Dismiss 1-7.) Plaintiff addresses the exhaustion issue on page 8, and makes the conclusory statement that he has exhausted his administrative remedies.

### A. Plaintiff Failed to Provide Evidence That he Exhausted His Administrative Remedies Relating to The Alleged Claim of Retaliation by Defendant Cooper.

Plaintiff asserts in his Opposition that he exhausted all appeals relating to his claim of retaliation by Defendant Cooper. (Pl.'s Opp'n Defs.' Mot. Dismiss 8:18-26.) Plaintiff addresses two inmate grievances, appeal numbers PBSP-06-00729 and PBSP-06-00846, that Plaintiff

claims deal with his retaliation claim. (*Id.*) Inmate grievances numbers PBSP-04-01702, PBSP-04-02473, PBSP-06-01497 also relate to Plaintiff's retaliation claim. (Defs.' Mot. Dismiss 14:16-23.)

Plaintiff claims that one of his appeals was granted[1] and PBSP-06-00729 was denied in relation to the claim of retaliation by Defendant Cooper. (Pl.'s Opp'n Defs.' Mot. Dismiss 8:18-21.) However, of the four appeals that directly relate to a claim of retaliation by Defendant Cooper, Plaintiff failed to submit any of those appeals to the Director's Level of Review as required. (Decl. Grannis ¶¶ 11(a), (b), (e), and (f) Supp. Defs.' Mot. Dismiss.)

More specifically, appeal number PBSP-06-00729 was denied at the Second Level of Review and Plaintiff failed to submit an appeal to the Director's Level of Review. (Decl. Wilber ¶ 12, Ex. I Supp. Defs.' Mot. Dismiss; Decl. Grannis ¶ 11(e) Supp. Defs.' Mot. Dismiss.)

Appeal number PBSP-04-01702 was denied at the First Level of Review and Plaintiff failed to continue with the appeals process as required by California Code of Regulations title 15, sections 3084.5. Cal. Code Regs. tit. 15, § 3084.5; Decl. Wilber ¶ 6, Ex. C Supp. Defs.' Mot. Dismiss.

Appeal number PBSP-04-02473 was granted in part at the First Level of Review in that Pelican Bay would conduct an investigation into Plaintiff's claims, but it was denied in that there was no finding of staff misconduct on the part of Defendant Cooper. (Decl. Wilber ¶ 7, Ex. D Supp. Defs.' Mot. Dismiss.) Plaintiff failed to appeal the denial of that issue to the Second and Director's Level as required. (*Id.*; Decl. Grannis ¶ 11(b) Supp. Defs.' Mot. Dismiss.)

Appeal number PBSP-06-01497 was canceled on August 8, 2006 because Plaintiff refused to be interviewed in connection with the appeal. (Decl. Wilber ¶ 14, Ex. K Supp. Defs.' Mot. Dismiss.) Furthermore, Pelican Bay administration conducted an investigation based upon Plaintiff's allegations against Defendant Cooper and determined that the allegations were

---

1. Plaintiff fails to identify which appeal he is referring to, but rather states "The Petitioner has also exhausted his administrative remedies in regards to C/O U. Cooper, Badge #61919 as outlined in Respondent: Declaration of Chris E. Wilber Exhibit D#-I# case no. PBSP "which was partly granted." [sic] and institutional case no. PBSP C06-00729 which was denied." (Pl.'s Opp'n Defs.' Mot. Dismiss 8:18-21.)

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Dismiss                    *Harris v. Horel et al*
                                                                     C 06-7761 MJJ (PR)

1 unfounded. (*Id.*) Plaintiff failed to submit the inmate grievance to the Director's Level for
2 Review. (Decl. Grannis ¶ 11(f) Supp. Defs.' Mot. Dismiss.)

3       Plaintiff suggests in his Opposition that appeal number PBSP-06-00846 relates to his claim
4 of retaliation against Defendant Cooper. (Pl.'s Opp'n Defs.' Mot. Dismiss 8:22-26.) However,
5 when reading the appeal it is clear that Plaintiff is alleging problems with the sentence imposed
6 following the hearing related to rule violation report number C-06-02-0011 for indecent
7 exposure. (Decl. Wilber ¶ 13, Ex. J Supp. Defs.' Mot. Dismiss.) While Plaintiff requests that
8 Defendant Cooper not be allowed to pass out and pick up dinner trays from his housing unit, he
9 alleges due process problems with the underlying hearing and sentence imposed, not problems
10 with Defendant Cooper. (*Id.*) This appeal is not related to the retaliation claim against
11 Defendant Cooper because there is nothing in this appeal which would provide sufficient notice
12 to the prison that action needed to be taken to prevent future harm to the inmate. *Woodford*, 126
13 S. Ct. at 2385. An "agency must have an opportunity to correct its own mistakes with respect to
14 the programs it administers before it is haled into federal court, and it discourages disregard of
15 the agency's procedures." *Id.* Nothing in appeal number PBSP-06-00846 would provide notice
16 to Pelican Bay administration that Plaintiff was alleging that Defendant Cooper was retaliating
17 against him.

18     **B.**    **Plaintiff Has Failed to Provide Evidence That he Exhausted His Administrative Remedies Relating to The Alleged Eighth Amendment Violations Under The IEPP.**
19

20       Plaintiff asserts in his Opposition that he only needed to assert in his administrative appeals
21 that the pilot program is "inhumane" in order to provide sufficient notice that he was
22 complaining about the IEPP. (Pl.'s Opp'n Defs.' Mot. Dismiss 8:5-17.) Plaintiff states that
23 appeal number PBSP-03-03107 was sufficient to provide such notice to Defendant Horel that he
24 was complaining about the IEPP. (*Id.*) Plaintiff does not deny that he failed to exhaust any other
25 appeals relating to his Eighth Amendment claim.

26       In appeal number PBSP-03-03107, Plaintiff complains about the yellow cell covering
27 placed over his door in response to what Plaintiff claims was a false rule violation report of
28 indecent exposure. (Decl. Wilber ¶ 5, Ex. B Supp. Defs.' Mot. Dismiss.) Plaintiff states in his

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Dismiss                       *Harris v. Horel et al*
C 06-7761 MJJ (PR)

4

1  inmate appeal that he cannot see out of his cell, that he's being singled out and being disciplined
2  for "something." (*Id.*) Again, while Plaintiff argues that this cell covering is inhumane, he
3  phrases his appeal in such a manner that appears as if he is complaining about due process and
4  equal protection violations. (*Id.*) Also, the appeal does not mention the IEPP, but rather one of
5  the security precautions implemented as a result of its use. While it is not expected that a pro se
6  prison inmate will use the correct legal terminology in his inmate grievances or even his federal
7  court pleadings it is expected that he states with sufficient clarity what his complaint relates to in
8  order to place Defendants on notice. That was not done in appeal number PBSP-03-03107.

## CONCLUSION

Plaintiff has failed to establish that he has exhausted his administrative remedies for either his claim of retaliation against Defendant Cooper and his Eighth Amendment claims against Defendant Horel. As such, Defendants request that this Court grant their Motion to Dismiss.

Dated: November 16, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

EMILY L. BRINKMAN
Deputy Attorney General
Attorneys for Cooper and Horel

20112937.wpd
SF2007200479

Defs.' Reply to Pl.'s Opp. to Defs.' Mot. Dismiss

*Harris v. Horel et al*
C 06-7761 MJJ (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Harris v. Horel et al**

Case No.:    **C 06-7761 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>November 15, 2007</u>, I served the attached

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Earnest S. Harris
H-63617
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 15, 2007**, at San Francisco, California.

|  M. Xiang  |  _/s/ M. Xiang_  |
|------------|------------------|
| Declarant  | Signature        |

40187206.wpd