EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
EMILY L. BRINKMAN, State Bar No. 219400
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5742
  Fax: (415) 703-5843
  Email: Emily.Brinkman@doj.ca.gov
Attorneys for Cooper and Horel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST S. HARRIS,<br><br>                         Plaintiff,<br><br>v.<br><br>ROBERT A. HOREL, et al.,<br><br>                         Defendants. | C 06-7761 SBA (PR)<br><br>**DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Earnest S. Harris (Plaintiff) is an inmate incarcerated by the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison (Pelican Bay). Plaintiff alleges that Defendant Horel violated his right to be free from cruel and unusual punishment by imposing the Indecent Exposure Pilot Program (IEPP). The IEPP is a Court-ordered remedial plan and injunction. (Defs.' Mot. Dismiss Statement of Facts ¶¶ 4-9.) Plaintiff also alleges that Defendant Cooper retaliated against him for filing inmate grievances when she issued disciplinary reports against him for indecent exposure.

On December 19, 2006, Plaintiff, a California state prisoner, filed his Complaint pro se

Defs.' Opp'n to Pl.'s Mot. Summ. J.                    Harris v. Horel et al<br>
                                                     C 06-7761 SBA (PR)

1

under 42 U.S.C. § 1983 against two prison officials at Pelican Bay in Crescent City, California. (Court Docket No. 1.)

As required by 42 U.S.C. § 1997e(1), the Court screened the Complaint and ordered service on Defendants Horel and Cooper. (Order of Service of May 15, 2007.) The Court determined that Plaintiff's Complaint stated two cognizable claims: (1) the policies dealing with indecent exposure violate the Eighth Amendment; and 2) retaliation by Defendant Cooper for Plaintiff's filing of administrative grievances. (*Id.* at 1:28; 2:1-4.) The Court ordered service upon Defendants Horel and Cooper.

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b) for Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1983, on October 25, 2007. (Court Docket No. 13.) Plaintiff then filed his opposition to the motion to dismiss on November 5, 2007. (Court Docket No. 18.) Defendants submitted a reply to Plaintiff's opposition to the motion to dismiss on November 15, 2007. (Court Docket No. 19.) Plaintiff then proceeded to file a motion for summary judgment on December 12, 2007. (Court Docket No. 20.) Defendants requested an extension of time to file a response to Plaintiff's motion for summary judgment pending a ruling on their motion to dismiss. (Court Docket No. 21.) This Court partially granted and partially denied Defendant's motion for extension of time, granting them until June 30, 2008 to file a response. (Order May 30, 2008; Court Docket No. 28.)

## ARGUMENT

### I. PLAINTIFF HAS NOT SHOWN THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACT ALLOWING THIS COURT TO GRANT HIS MOTION FOR SUMMARY JUDGMENT.

Summary judgment is appropriate "where there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). There is no triable issue of material fact unless the moving party submits sufficient evidence for a jury to return a verdict in the nonmoving party's favor. *Anderson,* 477 U.S. at 249 (internal citations omitted; citing *Dombrowski v. Eastland,* 387 U.S. 82 (1967) (per

curiam), and *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968).

In order to establish that there are no genuine issues of material fact, Plaintiff would need to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party fails to provide sufficient evidence to carry its burden, the non-moving party is under no obligation to provide anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Furthermore, a bald assertion that there is no genuine issue of material fact is not sufficient for a court to grant a motion for summary judgment. *Schneider v. TRW, Inc.*, 938 F.2d 986, 990-91 (9th Cir. 1991).

In Plaintiff's motion for summary judgment, he simply asserts that because Defendants did not challenge the factual basis of his claim, then there are no genuine issues of material fact. (Pl.'s Mot. Summ. J. at 1:7-9.) Plaintiff is mistaken. Furthermore, Plaintiff has failed to set forth any evidence by way of affidavits, pleadings, or other documentation that there are no genuine issues of material fact allowing a court to grant summary judgment in his favor, nor has he included which facts are not disputed. Plaintiff's failure to even set forth which facts are unchallenged is sufficient enough by itself for this Court to deny his motion for summary judgment. *Orr v. Bank of Am.*, 285 F.3d 764, 775 (9th Cir. 2002).

A Defendant may file a motion to dismiss an action for failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(b). In fact, a motion to dismiss for failure to exhaust administrative remedies is a motion in abatement, which does not go to the merits, and should be decided first. *Ritza v. Int'l Longshoreman's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *see also Stauffer Chem. Co. v. Food & Drug Admin.*, 670 F.2d 106, 108 (9th Cir. 1982); *Studio Elec. Technicians Local 728 v. Int'l Photographers of the Motion Picture Indus., Local 659*, 598 F.2d 551, 552, fn. 2 (9th Cir. 1979). In fact, a motion under Rule 12(b) must be filed before any other pleadings. Fed. R. Civ. P. 12(b).

Defendants in this case, have at the outset chosen to file a motion to dismiss for Plaintiff's failure to exhaust administrative remedies rather than to challenge the merits. Filing a motion to

1  dismiss for failure to exhaust does not supplant Defendants ability to later file a motion for
2  summary judgment should the court rule against them on the motion to dismiss.

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS A SECOND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, NOT A MOTION FOR SUMMARY JUDGMENT.

Plaintiff's motion for summary judgment appears to be an additional opposition to Defendants' motion to dismiss. The only evidence attached to Plaintiff's motion for summary judgment is a copy of inmate appeal log number PBSP-C-03-03107. Plaintiff again asserts, as he did in his opposition to Defendants' motion to dismiss, that he has exhausted his administrative remedies. Plaintiff has failed to set forth any facts establishing that he has proven that Defendants violated his Eighth and First Amendment rights.

Moreover, Plaintiff argues that he exhausted his administrative remedies as to Defendant Cooper because he was filing a citizens complaint and not an inmate grievance, therefore, he should not have to exhaust his administrative remedies. (Pl.'s Mot. Summ. J. at 1:23-28.) Plaintiff argues that he was filing a staff complaint following California Code of Regulations title 15, section 3391, and that those complaints cannot be appealed. (*Id.* at 1:26.) The relevant part of section 3391 states:

> (b) An allegation by a *non-inmate* of misconduct by a departmental peace officer as defined in section 3291(b), is a citizen's complaint pursuant to Penal Code section 832.5. Citizen's complains alleging misconduct of a departmental peace officer shall be filed within twelve months of the alleged misconduct.
> (c) Persons *other than an inmate*, parolee, or staff who allege misconduct of a departmental peace officer shall submit a written complaint to the institution head or parole administrator of the area in which the peace officer is employed.

Cal. Code Regs. tit. 15, § 3391 (b) & (c) (emphasis added).

In reading this section of the Code of Regulations it is clear that this section applies to non-inmates. Inmates complaining of any "decision, action, condition, or policy" must comply with the inmate appeals process outlined in the California Code of Regulations title 15, sections 3084, et seq. Cal. Code Regs. tit. 15, § 3084.1(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 126 S. Ct. 2378 (2006). Additionally, inmates complaining of staff misconduct must also complete a Rights and

Defs.' Opp'n to Pl.'s Mot. Summ. J.                                    Harris v. Horel et al
                                                                       C 06-7761 SBA (PR)

Responsibility statement, which is set forth in section 3391(d). Cal. Code Regs. tit. 15, § 3084.1(e). Requiring the inmates to complete the Rights and Responsibility statement from section 3391 does not mean the inmate is not required to comply with the appeals process, otherwise, the requirements for complaining of staff misconduct would not have been included in the appeals requirement.

Plaintiff has failed to state sufficient facts which would entitle to him to summary judgment.

### III. DEFENDANTS REQUEST THAT THE COURT STAY RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PENDING A RULING ON THE DEFENDANTS' MOTION TO DISMISS.

On July 30, 2007, the Court extended the deadline for Defendants to file a dispositive motion until October 26, 2007. (Order Granting Defs.' Ext. of Time; Court Docket No. 12.) On October 25, 2007, Defendants filed a motion to dismiss under Rule 12(b) based upon Plaintiff's failure to exhaust administrative remedies. (Court Docket No. 13.)

In the event that the Court does not deny Plaintiff's motion for summary judgment, Defendants request that the Court stay summary judgment proceedings pending a ruling on Defendants' motion to dismiss. Because a prisoner must exhaust administrative remedies before filing suit, judicial economy suggests that the Court should rule on the issue of whether Plaintiff exhausted his administrative remedies before considering the merits of the case raised by any party through summary judgment. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). When there is no pre-suit exhaustion, the district court is required to dismiss the complaint without prejudice. *Id.* at 1200-01; *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Since Defendants filed a timely motion to dismiss, Defendants request that the Court stay any consideration of Plaintiff's motion for summary judgment, and rule on their motion to dismiss. Should the Court deny Defendants' motion to dismiss, they intend to file a motion for summary judgment.

\\\
\\\
\\\
\\\

Defs.' Opp'n to Pl.'s Mot. Summ. J.

Harris v. Horel et al
C 06-7761 SBA (PR)

5

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's motion for summary judgment because Plaintiff has not set forth any facts showing that he is entitled to judgment as a matter of law. Alternatively, Defendants request that the Court stay the summary judgment proceedings until it rules on Defendants' motion to dismiss.

Dated: June 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

/s/ Emily L. Brinkman

EMILY L. BRINKMAN
Deputy Attorney General
Attorneys for Horel and Cooper

20115512.wpd
SF2007200479

Defs.' Opp'n to Pl.'s Mot. Summ. J.

Harris v. Horel et al
C 06-7761 SBA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Harris v. Horel et al**

Case No.:    **C 06-7761 SBA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 30, 2008, I served the attached

**DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Earnest S. Harris
H-63617
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 30, 2008**, at San Francisco, California.

| M. Xiang | _[signature]_ |
|---|---|
| Declarant | Signature |