In The United States District Court
Case 4:06-cv-07761-SBA    Document 30    Filed 07/11/2008    Page 1 of 3
for the Northern District of California

FILED
JUL 1 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1. Earnest S. Harris,
                        Plaintiff,
2.        ✓

3. Robert A. Horel
4.                 Defendants,
5.
6.

Case No. C-06-7761-SBA (PR)

Motion: Reply to Defendants motion in opposition to plaintiff's motion for summary judgment.

7. I would first like to state, I am not a lawyer, nor have I been afforded a
8. lawyer. Defendant continue to try and turn the legal system into some sort of
9. circus. with all the missed deadlines and motions that causes the Plaintiff to
10. reiterate what has already been stated by the Plaintiff. Defendant has
11. stated if petitioners summary judgment motion is granted, then Defendant
12. would like to file another motion, the petitioner would request that the Court Make
13. a decision on what's file on record. As I stated, I am not a lawyer, So, Its
14. unfair/not even to have a lawyer go up against a non-lawyer motion for motion
15. in legal technicalities.
16. In regards to defendant assertion regarding material facts. The petitioner is
17. pro per, with the power of a attorney, investigating attorney, or the power of
18. the subpoena, in a open court where Prison officials and officers would be summon
19. to testify under oath and under the threat of prejury, I can prove that P.B.S.P
20. officials violated federal and state law and penal code§ 5058 which requires
21. P.B.S.P. officials to give a 60# day notice to all inmates before they implement
22. any new rule or regulation changes, which is fair notice as outlined in Due
23. process of law. By filing Subpoena's on former Pelican Bay Prison warden R. Kirkland
24. and CII counselor Somera, whom personally told me that notice was not issued
25. to all inmate in fear that it would bring harm to a inmate placed on those
26. restrictions. Prison official are prohibited from implementing any policy or
27. procedures that may pose a threat to, or cause harm to any inmate, which is
28. outlined in the gomez v. Mardid, case. The gomez v. Mardid, case also state that

1. P.B.S.P officials should not place anything on the cellfront of the cells in the
2. S.H.U. because the cells do not have windows and retain every little **natural**
3. sunlight. And Petitioner can show by retaining the psychologies that worked
4. on the gomez v. Mardid case or retaining a independant psychologies to explain
5. why suppressing a individual in this type of climate for a long duration of
6. time amounts to cruel and unusual punishment and violates the gomez v.
7. Mardid, rulew.
8. I would also prove by subpoenaing and interviewing Inmates whom **were** housed
9. in the Unit the petitioner was housed in when those verbal assaults,
10. dehumanizing, racist, and Harassing comments by %o cooper were made, abusing
11. her authority while acting under the color of the law. And I would also
12. subpoena %o cooper and request her to take a "lie detector test" which will
13. expose the truth, and the fact that C/o cooper repeatedly falsify state
14. documents in retaliation for petitioner filing a staff complaint against her.
15. I would also subpoena the hearing officer whom conducted the staff complaint
16. hearing. whom will prove that "I can not appeal a staff complaint "decision"
17. and that I can also "file a staff complaint."
18. I do not understand why Attorney general Brinkman continue to "deceive" the
19. Court by falsily stateing that petitioner can not file a staff complaint
20. and petitioner can appeal a staff complaint decision.
21. A staff complaint can be filed by anyone, it equivalent to any America citizen
22. walking into a police station and filing a complaint against someone, but
23. if the prosecutor decide that its not enough evidence to **prosecute** the case
24. the person filing the complaint can not appeal that decision.
25. Petitioner has exhausted all Administrative and state remedies and is requesting
26. the court to rule on petitioners "summary judgment motion" and set a trial date
27. in federal court for P.B.S.P, warden R. H. Horel and %o cooper to stand against
28. the claim filed in petitioners 28 U.S.C.§ 1983 § lawsuit.

(2.)

Thank you.

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, _Earnest S. Harris_, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the _July_ day of _8th_, in the year of 20_08_, I served the following documents: (set forth the exact title of documents served)

_Reply to Defendants opposition to Plaintiffs motion of Summary Judgement_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_Judge Sandra B. Armstrong_        _Attorney general Emily Brinkman_
_northern District of California_    _455 golden gate Avenue, Suite 11000_
_1301 Clay St., Suite 400S_          _San francisco, Ca. 94102-3564_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _July_ day of _8th_, 20_08_.

Signed: _____
                (Declarant Signature)

Rev. 12/06

Earnest S. Harris H63817
Pelican Bay Prison
P.O. Box 7500 C-7-121
Crescent City, Ca. 95531

"Confidential legal Mail"

PELICAN BAY STATE PRISON
5805 Lake Earl Dr.
Crescent City CA 95532



Office of the Clerk, U.S. District Court
Northern District of California
1301 Cley St., Suite 400S
Oakland, Ca. 94612-5212

94612852I2 0037

THIS ENVELOPE IS RECYCLABLE AND MADE
WITH 30% POST CONSUMER CONTENT.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-7

7-8-8