IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST S. HARRIS, | No. C 06-7761 SBA (PR) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; SETTING BRIEFING SCHEDULE; AND ADDRESSING PENDING MOTIONS** |
| v. | |
| ROBERT A. HOREL, et al., | |
| Defendants. | (Docket nos. 13, 20) |

Plaintiff Ernest S. Harris, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP) in Crescent City, California, filed this pro se civil rights action against two PBSP prison officials under 42 U.S.C. § 1983. On May 11, 2007, the Honorable Martin J. Jenkins granted Plaintiff's motion to proceed in forma pauperis[1] and issued an order serving Plaintiff's two cognizable claims: (1) the policies implemented by Defendant Warden Robert Horel in response to incidents of indecent exposure by inmates violate Plaintiff's Eighth Amendment rights; and (2) Defendant Correctional Officer U. J. Cooper retaliated against Plaintiff for filing administrative grievances, in violation of Plaintiff's First Amendment rights.

Before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has filed an opposition,[2] and Defendants have filed a reply. For the reasons discussed below, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

---

[1] Pursuant to a Reassignment Order dated April 7, 2008, the instant case was reassigned from Judge Jenkins to the undersigned judge.

[2] Plaintiff filed a motion for summary judgment on December 12, 2007. However, upon reviewing it, the Court notes Plaintiff makes arguments opposing Defendants' motion to dismiss instead of arguments showing that Plaintiff is entitled to summary judgment as a matter of law. Consequently, Plaintiff's motion for summary judgment is construed as a supplemental opposition and is TERMINATED, and Defendants' motion to stay the Court's ruling on Plaintiff's motion for summary judgment is DENIED as moot.

# BACKGROUND

Plaintiff alleges the Indecent Exposure Pilot Program (IEPP) implemented at PBSP by the California Department of Corrections and Rehabilitation (CDCR) violates his Eighth Amendment right to be free from cruel and unusual punishment. (Compl. at 1.) The IEPP institutes disciplinary actions in response to an incident of indecent exposure by an inmate. (Defs.' Mot. to Dismiss at 5.) The disciplinary responses include a range of punishment, including: placing an inmate in the Security Housing Unit (SHU); loss of property; appliance restrictions; and visiting restrictions. (Id.) The IEPP also institutes certain security precautions to prevent incidents of indecent exposure by inmates. (Id.) One such precaution is the placement of a "bright yellow placard or Lexan cell covering" on the front of an inmate's cell in order to alert prison staff to that inmate's "propensity to commit acts of indecent exposure or sexual disorderly conduct." (Id.) Another precaution is the placement of an inmate into an "exposure control jumpsuit," preventing that inmate from indecently exposing himself to others. (Id.) This suit is not used when an inmate with a propensity to commit such acts is inside of his cell. (Id.)

The record reflects Plaintiff received eleven disciplinary reports between May 5, 1999 and February 24, 2006. (Barlow Decl., Exs. A-M.) Eight of these involved incidents of indecent exposure. (Id.) Plaintiff filed twelve inmate grievances between November, 2003 and December, 2006. (Defs.' Mot. to Dismiss at 13.) Eight of these grievances can be construed as complaints against the implementation of the IEPP's security measures. Plaintiff claims many of the punishments and restrictions imposed upon him pursuant to the IEPP are cruel and unusual and violate the Eighth Amendment. (Compl. at 3.)

The four remaining grievances set out complaints of retaliation by Defendant Cooper. Plaintiff claims she retaliated against him for his filing of administrative grievances against her by falsifying a police report alleging Plaintiff had committed a battery upon her. (Id. at 9.)

# DISCUSSION

## I.  Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

2

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. 81, 83-84, (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted); Jones v. Bock, 127 S. Ct. 910, 922-23 (2007) (compliance with prison grievance procedures is required by the PLRA to "properly exhaust"). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. Jones, 127 S. Ct. at 923.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal

form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the CDCR. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In the present case, Defendants correctly raise non-exhaustion in an unenumerated motion to dismiss. Defendants argue Plaintiff did not properly exhaust his administrative remedies prior to the filing of his complaint as mandated by § 1997e(a).

## II. Legal Claims

### A. Eighth Amendment Claim

Plaintiff claims many of the punishments and restrictions imposed upon him pursuant to the IEPP, including placing him in the exposure control suit and covering his cell with a yellow Lexan cover, violate the Eighth Amendment. (Compl. at 3.) His claims were made in a series of 602 appeals addressed below:

#### 1. Unexhausted Appeals

Plaintiff filed three unexhausted appeals challenging the punishments imposed under the IEPP. Appeal PBSP-06-01295 is the only appeal to specifically allege an Eighth Amendment violation. However, as the additional unexhausted appeals have been addressed between the parties, the Court considers those appeals below.

##### a. Appeal PBSP-06-01295

The record shows Plaintiff filed a 602 inmate appeal form (PBSP-06-01295) claiming PBSP instituted "an unauthorized and illegal policy or practice" by placing a Lexan cover on his cell door, in violation of the Eighth Amendment. (Wilber Decl., Ex. L at 1.) However, this appeal is unexhausted.

Plaintiff submitted appeal PBSP-06-01295 on May 7, 2006. (Id.) The appeal was denied. (Id.) Plaintiff then submitted the appeal to the first level of review on May 15, 2006. (Id.) The

4

appeal was returned to Plaintiff from the first level of review on May 22, 2006 due to the grievance's failure to comply with § 3084.2(a)(1) of Title 15 of the California Code of Regulations. (Id. at 5.) This section states, "A limit of one continuous page, front and back, may be attached to the appeal to describe the problem and action requested in Sections A and B of the form." Cal. Code Regs. tit. 15, § 3084.2(a)(1). The appeals coordinator explained the 602 appeal form was not submitted correctly as it contained an additional page. (Wilber Decl., Ex. L at 5.) Plaintiff again submitted the appeal with the additional page, and the appeals coordinator rejected the appeal for the same reason. (Id.)

As mentioned, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91 (footnote omitted). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Barry, 985 F. Supp. at 1237-38. Appeal PBSP-06-01295 was rejected at the first level of review for failure to follow the guidelines set forth in Title 15 of the California Code of Regulations. Because appeal PBSP-06-01295 did not reach the Director's level of review due to a failure to comply with procedural rules, the appeal is unexhausted.

### b.     Appeals PBSP-05-00614 and PBSP-05-01900

Two other appeals have not been exhausted for either a failure to submit the appeal to the Director's level or for a failure to alert the prison to the existence of an Eighth Amendment violation.

Plaintiff filed a 602 appeal form (PBSP-05-00614) dated March 4, 2005 regarding the prison's timing of food delivery as well as a complaint about wearing the exposure control jumpsuit. (Wilber Decl., Ex. E at 1.) This appeal has not been exhausted as it was granted at the first level, but Plaintiff did not submit an appeal beyond the first level. (Id.)

Plaintiff filed a 602 appeal form (PBSP-05-01900) dated July 22, 2005 regarding the length of canteen restriction implemented in response to an incident of indecent exposure. (Wilber Decl., Ex. F at 1.) This appeal has not been exhausted as it was granted at the second level but was not submitted for review above the second level. (Id. at 2.)

5

///

///

### 2. **Exhausted Appeals**

The record shows Plaintiff filed a series of appeals challenging various punishments and restrictions imposed pursuant to the IEPP. Plaintiff claims these measures violated the Eighth Amendment's prohibition on cruel and unusual punishment. Defendants argue the exhausted appeals do not "complain[ ] that the [IEPP] violated the Eighth Amendment" and, therefore, should be dismissed as unexhausted. (Defs.' Mot. to Dismiss at 14, 15.) However, Defendants construe the pleading standard for prison appeals too narrowly. While it is true administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief, the pleading standard in prisoner civil rights cases is more lenient than Defendants argue. See generally Jones, 127 S. Ct. 910 (Supreme Court did not require the naming of particular officials on grievance form where such a requirement was not mentioned in grievance procedures mandated by Michigan Department of Corrections); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) (sufficient for plaintiff to "object intelligibly" to a prison condition when filing a prison grievance); cf. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

> When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.

Strong, 297 F.3d at 650.

The record shows Plaintiff filed a 602 appeal form (PBSP-03-03107) dated November 10, 2003 relating to his cell being covered by the Lexan cell covering. (Wilber Decl., Ex. B at 2.) Plaintiff alleged the Lexan cell covering resulted in his unequal treatment and humiliation. (Id.) This appeal was exhausted on June 4, 2004. (Grannis Decl., Ex. B at 1.) Appeal PBSP-03-03107 sets out a complaint based upon due process rights from the Fifth and Fourteenth Amendments.

6

(Wilber Decl., Ex. B at 2.)  While Plaintiff does not specifically refer to the Eighth Amendment within the appeal, he does allege the IEPP's security precautions are "inhumane."  (Id.)  Under this more lenient standard, appeal PBSP-03-03107 intelligibly objects to the IEPP's measure of covering his cell with the Lexan covering and would have adequately alerted prison officials to the nature of the wrong.

Plaintiff filed another 602 appeal form (PBSP-06-01971) dated July 23, 2006 regarding the implementation of an additional SHU term pursuant to the guidelines of the IEPP.  (Wilber Decl., Ex. M at 1.)  The appeal was exhausted on December 8, 2006.  (Grannis Decl., Ex. F at 1.)  Plaintiff objects to the punishment scheme implemented under the IEPP; in particular, he challenges the imposition of an extended term in the SHU.  (Id.)  Plaintiff further objects his incident of indecent exposure does not warrant the implementation of a SHU term, only a loss of "credit/time."  (Id.)  Applying the more lenient standard, appeal PBSP-06-01971 intelligibly objects to the imposition of a SHU term and would have adequately alerted prison officials to the nature of the wrong.

Similarly, Plaintiff filed a 602 appeal form (PBSP-06-00846) dated April 18, 2006 regarding the implementation of a penalty for indecent exposure that was more severe than the violation warranted.  (Wilber Decl., Ex. J at 1).  The report from the Director's level of review identifies Plaintiff's argument that "the penalty assessment was too severe."  (Grannis Decl., Ex. D at 1.)  The appeal was exhausted on August 29, 2006.  (Id.)  Appeal PBSP-06-00846 can thus be construed as an intelligible objection to a punishment imposed pursuant to the IEPP and, under the more lenient standard, would have alerted prison officials to the nature of the wrong.

Plaintiff filed another 602 appeal form (PBSP-06-00060) dated December 15, 2005 regarding the disposition of an earlier hearing as well as the issue of his television being unplugged.  (Wilber Decl., Ex. G at 1.)  The appeal was exhausted on May 16, 2006.  (Grannis Decl, Ex. C at 1.)  Defendants correctly argue this appeal did not adequately alert the prison officials to the existence of an Eighth Amendment violation.  As opposed to the exhausted appeals above, Plaintiff does not intelligibly object to the unplugging of his television as an unfair or cruel punishment for an incident of indecent exposure.  Therefore, appeal PBSP-06-00060 did not adequately alert prison officials to an Eighth Amendment violation.

Plaintiff filed a 602 appeal form (PBSP-06-00739) regarding the return of a new television set purchased for Plaintiff by his father. (Grannis Decl., Ex. E at 1.) The appeal was exhausted on September 22, 2006. (Id.) Appeal PBSP-06-00739 does not appear related to the IEPP or its precautionary measures. This appeal cannot be construed as an intelligible objection to treatment in violation of the Eighth Amendment. As such, appeal PBSP-06-00739 did not adequately alert prison officials to an Eighth Amendment complaint by Plaintiff.

### 3. Conclusion

Because Plaintiff has exhausted his administrative remedies below for appeals PBSP-03-03107, PBSP-06-01971, and PBSP-06-00846, the motion to dismiss is DENIED as to his Eighth Amendment claim.

### B. Retaliation Claims

Plaintiff submitted four prison appeals relating to claims of retaliation by Defendant Cooper. Defendants correctly argue none of these appeals have been properly exhausted as they have not proceeded through the Director's level of review. (Defs.' Mot. to Dismiss at 14.) Plaintiff filed a 602 appeal form (PBSP-04-01702) dated June 15, 2004 regarding complaints of Defendant Cooper looking into Plaintiff's cell despite the presence of the yellow Lexan cover. (Wilber Decl., Ex. C at 1.) The appeal was canceled because Plaintiff refused to be interviewed. (Defs.' Mot. to Dismiss at 9.) Section 3084.4(d) of Title 15 of the California Code of Regulations states that "[a]n appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal." Cal. Code Regs. tit. 15, § 3084.4(d). As such, appeal PBSP-04-01702 is unexhausted.

Plaintiff filed two additional 602 forms (PBSP-04-02473 and PBSP-06-01497) alleging retaliation by Defendant Cooper. (Wilber Decl., Exs. D, K.) These appeals were also canceled because Plaintiff refused to be interviewed; therefore, appeal PBSP-04-02473 and appeal PBSP-06-01497 are unexhausted. (Defs.' Mot. to Dismiss at 9-11.)

Plaintiff filed another 602 form (PBSP-06-00729) dated February 26, 2006 alleging further retaliation by Defendant Cooper against Plaintiff. (Wilber Decl., Ex. I at 1.) Plaintiff did not submit this appeal through the Director's level, and it has therefore not been properly exhausted. (Defs.' Mot. to Dismiss at 10.)

Plaintiff argues in his supplemental opposition that he has exhausted his administrative remedies regarding his complaints against Defendant Cooper because he was filing a citizen's complaint, rather than an inmate grievance. (Pl.'s Mot. Summ. J. at 1.) Plaintiff argues that a staff complaint under § 3391 of Title 15 of the California Code of Regulations cannot be appealed. (Id.) However, § 3391 deals with the filing of a citizen's complaint and applies only to non-inmates. (Defs.' Mot. in Opp'n to Pl.'s Mot. for Summ. J. at 4.) Section 3391 states in relevant part:

> (b) An allegation by a non-inmate of misconduct by a departmental peace officer as defined in section 3291(b), is a citizen's complaint pursuant to Penal Code section 832.5. Citizen's complaints alleging misconduct of a departmental peace officer shall be filed within twelve months of the alleged misconduct.
>
> (c) Persons other than an inmate, parolee or staff who allege misconduct of a departmental peace officer shall submit a written complaint to the institution head or parole administrator of the area in which the peace officer is employed.

Cal. Code Regs. tit. 15, § 3391(b)-(c) (emphasis added). Furthermore, inmates in the State of California must comply with the appeals process described in § 3084, et seq., of Title 15 of the California Code of Regulations. See Woodford, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.").

Plaintiff's retaliation claims are unexhausted because the 602 appeal forms dealing with retaliation by Defendant Cooper were not submitted to the Director's level. Therefore, Plaintiff's second claim alleging retaliation by Defendant Cooper is DISMISSED as unexhausted, and Defendants' motion to dismiss as to that claim is GRANTED.

## CONCLUSION

For the reasons set forth above,

1. Defendants' motion to dismiss (docket no. 13) is GRANTED in part and DENIED in part.

2. Plaintiff's motion for summary judgment (docket no. 20) is terminated because it is construed by the Court as a supplemental opposition to Defendants' motion to dismiss.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this Order, Defendants shall file a motion for summary judgment. The motion shall be supported by adequate factual documentation

9

and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior

///

to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' motion for summary judgment. Such evidence may include sworn declarations from himself and other witnesses to the incident and copies

10

of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial.

///

Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.     If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

        d.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party no later than **thirty (30) days** from the date of this Order and all discovery responses must be served no later than **sixty (60) days** from the date of this Order.  In the event Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery.  The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due.  If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

5.     All communications by Plaintiff with the Court must be served on Defendants by mailing a true copy of the document to Defendants' counsel.

6.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

11

Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **seven (7) days** prior to the deadline sought to be extended.

8. This Order terminates Docket nos. 13 and 20.

IT IS SO ORDERED.

DATED: 8/7/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIS et al, | Case Number: CV06-07761 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| HOREL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest S. Harris
Pelican Bay State Prison
Prisoner Id H-63617
P.O. Box 7500
Crescent City, CA 95531

Dated: August 7, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk