In The United States District Court
For The Northern District of California

1. Earnest S. Harris,
2.              Plaintiff,
3.   v.                              Case No. C06-7761 SBA (R)
4. Robert A. Horel,
5.              Respondant,          Motion: of reconsideration Denial of
6.                                   petitioners 42 U.S.C. § 1984 claim
                                     in part.

7. The petitioner is filing this motion of reconsideration base on the fact the District
8. Court judge Armstrong committed a prejudicial error in the Courts decision
9. dismiss retaliation claims against C/O Cooper.
10. The Attorney General claim the petitioner did not exhaust his administrative remedies
11. before filing his 42 U.S.C. §1983 claims.
12. But the Courts decision seem to be based on if petitioner used the right
13. procedural form to exhaust his administrative remedies and not on the fact of
14. actually exhausting his administrative remedies as for as giving the prison
15. officials fair notice of the problems pertaining to C/O Cooper.
16. The Courts decision seems to be based solely on 3391 of title 15 of the California
17. code of Regulations. Which merely state what a non-inmate must do to file a staff
18. complaint. But it "dose not state that a inmate can not file a staff complaint."
19. But if the Court intrepet it to mean that a inmate can not file a staff complaint,
20. then, the section begins to contradicts itself and became "unreliable and moot."
21. for example I'm sending two exhibits (1) is the actual page 187# of the title 15
22. detailing in full the procedures of filing a staff complaint and (2) is a prejury
23. form you'll have to sign before you can file a staff complaint.
24. on page 187# of the title 15 on the last paragraph it clearly states:
25. "An Inmate/parolee who makes a complaint against a departmental peace officer, knowing
26. it is false may be issued a serious disciplinary rule violation in addition to being
27. prosecuted on a misdemeanor charge."
28. And on the prejury form you must sign to file a staff complaint it states:

(i.)

1. "Any inmate wishing to file a staff complaint must read and
2. sign the following statement. As this is sworn testimony, this form must be signed
3. in front of the staff member conducting the investigation into the complaint. failure
4. to sign this form in front of staff member will be considered refusal to cooperate
5. with the appeal process and the appeal will be cancelled."
6. I reiterate, section 3391. dose not state that a inmate can not file a staff complaint.
7. But it dose outline disciplinary action as well as criminal prosecution if a
8. inmate files a false staff complaint.
9. Clearly by reading the "Rights and responsibility statement form", a inmate can file
10. a staff complaint, which I signed. (all the Rights and responsibility statement forms
11. the petitioner signed was file with the court by the Attorney general along with all the
12. petitioners staff complaints and 602's on Oct. 5, 2007.)
13. Now, If a inmate can not file a staff complaint, then why conduct a hearing,
14. which must be conducted by a Senior Lieutenant, and whole interview is conducted
15. under vedio tape recorder, the "Senior Lieutenant was paid" for conducting the hearing,
16. and the Senior Lieutenant heard all the evidence and witnesses presented statements,
17. and the Senior Lieutenant made a rulen on the merit of the staff complaint.
18. obviously, the prison has two forms of reporting misconduct by its empolyee's
19. a 602 or a staff complaint. The prison has a Appeal (602) screening process under
20. the title 15 section 3084. And never screen one of my staff complaint by stating that
21. I could not file a staff complaint. Not one of my staff complaints was denied
22. for using a improper form, No one advised me that I could not file a staff
23. complaint, and mislead me to believe that I could file a staff complaint by
24. conducting these hearings under a false premise "when these hearings were actually
25. a sham and lie. If the prison officials stated I could not file a staff complaint
26. only a 602" I would have file a 602".
27. But that dose not excuse the fact that the prison officials conducted the
28. hearings and made their rulen, So under the fact that the prison was

(2.)

1. properly notified and had a chance to respond to the misconduct of C/o cooper
2. and the prison chosen not to do anything about the many staff complaint filed by
3. the petitioner against C/o cooper "I exhaust my administrative remedies." Section
4. 3391 merely states where and how a non-inmate must file "not" that its only for non-inmates.
5. Just for example: since I filed my 42 U.S.C. §1983 lawsuit against C/o cooper, she
6. has worked in my unit 6# times, C/o cooper, do not work in this unit, but prison
7. guards can swap jobs units to work in another units so, I guess C/o cooper deliberately
8. worked in my unit to try and intimidate me." even 4# days After Your Court
9. decided to dismiss the claims against C/o cooper, She came in my unit to work
10. "gloating" that you dismiss my claims against her. (I did not receive the Court's
11. order until Aug.12, 2008 C/o cooper worked inside my unit Aug.16, 2008 "gloating".)
12. It just illustrates even after all the 602's, staff complaints and lawsuits P.B.S.P.
13. officials are to "incompetent" to resolve the issues with me and C/o cooper.
14. 
15. So, I'm asking the Court to reconsider its granting of the Defendants motion
16. to dismiss base on the fact petitioner exhaust his administrative remedies.
17. It dose not matter if the staff complaints were granted, partly granted, or denied
18. the Senior Lieutenant ruled on its merit, therefore the prison was notified, and
19. I can not Appeal a Staff complaint. once the Lieutenant makes its decision, that's it.
20. The Court and the Attorney general is misintrepeting Section 3391. A non-inmate
21. must file with a parole administrator, or institution head (warden) thats not
22. who a inmate submit a staff complaint to, and again, no where dose
23. it state a inmate can not file a staff complaint, All its saying is, "if" a
24. non-inmate or a person other than a inmate wants to file a staff complaint
25. this is how they file it and where.
26.
27.
28.

Thank you.

(1) Dentist.
(2) Chief dentist.
(3) Staff psychiatrist.
(4) Senior psychiatrist.
(5) Chief psychiatrist, correctional facility.
(6) Staff psychologist (counseling or clinical).
(7) Senior psychologist.
(8) Chief psychologist.
(9) Physician and surgeon.
(10) Chief physician and surgeon.
(11) Chief medical officer, correctional institution.
(12) Assistant superintendent, psychiatric services, correctional facility.
(13) Deputy superintendent, clinical services, correctional facility.
(14) Chief, medical services, correctional program.
(15) Correctional case records (complete series).
(b) Background investigation clearances are not required prior to appointment to classifications in (a) above.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:
1. New section filed 11-30-93; operative 12-30-93 (Register 93, No. 49). For prior history, see Register 85, No. 26).

3391. Employee Conduct.
(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees.
(b) An allegation by a non-inmate of misconduct by a departmental peace officer as defined in section 3291(b), is a citizen's complaint pursuant to Penal Code section 832.5. Citizen's complaints alleging misconduct of a departmental peace officer shall be filed within twelve months of the alleged misconduct.
(c) Persons other than an inmate, parolee, or staff who allege misconduct of a departmental peace officer shall submit a written complaint to the institution head or parole administrator of the area in which the peace officer is employed.
(d) Citizens filing complaints alleging misconduct of a departmental peace officer employed by this department are required to read and sign the following statement:
YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.
IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE." [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to being prosecuted on a misdemeanor charge.]

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 148.6, 832.5, 5054 and 6250–6253, Penal Code.

HISTORY:
1. Amendment filed 2-8-88; operative 3-9-88 (Register 88, No. 7).
2. Editorial correction of History 1 (Register 96, No. 52).
3. Amendment of section heading, amendment adding new subsection (a) designator, renumbering and amendment of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), new subsection (d), and amendment of Note filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code Section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
4. Amendment of section heading, amendment adding new subsection (a) designator, renumbering and amendment of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), new subsection (d), and amendment of Note refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
5. Editorial correction of History 4 (Register 97, No. 24).
6. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (b) and (d), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

3392. Punctuality.
Employees must report for duty promptly at the time directed and not leave work assignments before completion of their scheduled workday or tour of duty, except with their supervisor's permission. If for any reason an employee is unable to report for duty, the employee must notify his or her supervisor at the earliest possible moment.
Comment: Former DR-5203, punctuality of employees.

3393. Uniforms, Badges, and Insignia.
(a) All peace officer personnel shall wear uniforms and insignia as prescribed by the director, unless specifically excepted by the warden, superintendent, or regional parole administrator. Personnel shall not wear a department uniform into any bar, tavern, gambling hall or nightclub, except in the performance of assigned duties.
(b) Uniformed peace officer personnel shall wear the official department badge as a standard item of uniform attire. Exceptions may be authorized by the warden, superintendent, regional parole administrator, or department division head to whom such employees report. All personnel appointed to positions designated as peace officers in Section 3291 are authorized to possess and carry an official Department of Corrections badge. It is unlawful for any person, including a department employee who is not a peace officer, to wear, exhibit or use the department badge or a facsimile of the badge without specific authority to do so.
(c) All uniformed peace officer personnel shall wear a clearly displayed nameplate as a standard item of uniform attire. Any employees having contact with inmates and the general public may also be required to wear a nameplate while on duty, as determined by the warden, superintendent, division head, or parole regional administrator to whom the employee reports.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 830.10, Penal Code.

HISTORY:
1. Amendment filed 7-29-76; effective thirtieth day thereafter (Register 76, No. 31).
2. Repealer of subsection (d) and new subsections (d), (e) and (f) filed 3-22-78; effective thirtieth day thereafter (Register 78, No. 12).

3. Amendment of subsection (d), repealer of subsection (e) and *amendment* and renumbering of subsection (f) to subsection (e) filed 8-22-79; effective thirtieth day thereafter (Register 79, No. 34).
4. Amendment filed 2-16-88; operative 3-17-88 (Register 88, No. 9).
5. Editorial correction of printing errors in subsections (b) and (c) (Register 92, No. 5).

### 3394. Distractions.

Employees assigned to security post positions or to direct supervision and control of inmates or parolees will not read, listen to a private radio, or engage in any distracting amusement or activity while on assignment except such authorized reading as may be required in the proper performance of their assigned duties.

Comment: Former DR-5205, reading or distraction while on duty.

### 3395. Alertness.

Employees must not sleep or be less than alert and in full possession of all faculties while on duty.

Comment: Former DR-5206, sleeping while on duty.

### 3396. Address and Telephone.

Employees must promptly report any change in their address or telephone number to their supervisor and to the personnel office. If an employee does not have a telephone, the employee must furnish his or her supervisor and the personnel office with information on how the employee can be promptly reached.

Comment: Former DR-5207, change of address or telephone.

### 3397. Emergencies.

Regardless of an employee's class of service, in an emergency any employee must perform any service, including custodial functions, if so directed by the warden, superintendent or regional administrator or his or her delegate. At any time an employee is contacted by telephone or is otherwise informed of an emergency situation at the institution or facility to which they are assigned, the employee must report without delay to the officer-in-charge.

Comment: Former DR-5208, duty in an emergency.

### 3398. Visiting.

Employees must not receive personal visits while on duty except with the permission of the employee's supervisor.

Comment: Former DR-5209, visiting of employees.

### 3399. Transactions.

Employees shall not directly or indirectly trade, barter, lend or otherwise engage in any other personal transactions with any inmate, parolee or person known by the employee to be a relative of an inmate or parolee. Employees shall not, directly or indirectly give to or receive from any inmate, parolee or person known by the employee to be a relative of an inmate or parolee, anything in the nature of a tip, gift or promise of a gift.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2541 and 5054, Penal Code.

HISTORY:
1. Amendment filed 4-10-89; operative 5-10-89 (Register 89, No. 15).
2. Editorial correction of printing errors (Register 92, No. 5).

### 3400. Familiarity.

Employees must not engage in undue familiarity with inmates, parolees, or the family and friends of inmates or parolees. Whenever there is reason for an employee to have personal contact or discussions with an inmate or parolee or the family and friends of inmates and parolees, the employee must maintain a helpful but professional attitude and demeanor. Employees must not discuss their personal affairs with any inmate or parolee.

Comment: Former DR-5211, undue familiarity.

### 3401. Employee and Inmate/Parolee Relations.

(a) Except as provided in (e) below, employees shall not take, deliver or otherwise transmit, either to or from any inmate or member of an inmate's family; any verbal or written message, document, item, article or substance.

(b) Except as provided in (e) below, employees shall not contact, correspond or otherwise communicate with any inmate, parolees or member of an inmate's or parolee's family.

(c) If an employee is contacted by any inmate, parolee or a member of an inmate's or parolee's family, other than under circumstances specified in (e) below, the employee shall immediately notify, in writing, the employee's institution head or deputy/assistant director.

(d) Any employee asked, coerced or otherwise contacted by any person to transmit, take or relay any message, item or substance, either to or from, any inmate, parolee or member of an inmate's or parolee's family, by other than approved means or circumstances, shall immediately notify, in writing, their institution head or deputy/assistant director.

(e) Exceptions to the above prohibitions are as follows:

(1) In the execution of their assigned duties, employees shall issue, or receive from inmates any mail, packages, supplies and other items due or permitted them according to department policy and local procedures.

(2) In the execution of their assigned duties, employees shall interact with any inmate, parolee or member of an inmate or parolee's family as necessary.

(3) While off-duty, and only in accordance with this regulation, departmental employees may conduct relationships with any inmate, parolee or member of an inmate's or parolee's family who is either the employee's immediate family member, as defined in section 3000, or the employee's aunt, uncle, niece, nephew, or first cousin.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendment of section heading and section, including renumbering and amendment of former section 3403 to new subsections (b) and (c), and new Note filed 9-13-96 as an emergency; operative 9-13-96. A Certificate of Compliance must be transmitted to OAL by 2-24-97 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 9-13-96 order transmitted to OAL 11-22-96 and filed 1-6-97 (Register 97, No. 2).

### 3401.5. Employee Sexual Misconduct.

(a) For the purposes of this section, sexual misconduct means any sexual behavior by a departmental employee, volunteer, agent or individual working on behalf of the Department of Corrections, which involves or is directed toward an inmate or parolee. The legal concept of "consent" does not exist between departmental staff and inmates/parolees; any sexual behavior between them constitutes sexual misconduct and shall subject the employee to disciplinary action and/or to prosecution under the law. Sexual misconduct includes, but is not limited to:

(1) Influencing or offering to influence an inmate's/parolee's safety, custody, housing, privileges, parole conditions or programming, or offering goods or services, in exchange for sexual favors; or

(2) Threatening an inmate's/parolee's safety, custody, housing, privileges, work detail, parole conditions or programming because the inmate/parolee has refused to engage in sexual behavior; or

(3) Engaging in sexual act(s) or contact, including:

(A) Sexual intercourse; or

(B) Sodomy; or

(C) Oral Copulation; or

(D) Penetration of genital or anal openings by a foreign object, substance, instrument or device for the purpose of sexual arousal, gratification, or manipulation; or

PBSP APPEAL LOG # C04-0̲̲4̲̲7̲̲3̲̲

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

# RIGHTS AND RESPONSIBILITY STATEMENT / INFORMATION ADVISORY
# STAFF COMPLAINT /-PEACE OFFICER

Please read, and sign this form in front of a staff witness.

1. "Any inmate wishing to file a staff complaint must read and sign the following statement. As this is sworn testimony, this form must be signed in front of the staff member conducting the investigation into the complaint. Failure to sign this form in front of a staff member will be considered refusal to cooperate with the appeal process and the appeal will be cancelled."

You have the right to make a complaint against a Peace Officer for any improper conduct. California law requires and this agency has a procedure to investigate inmate's complaints. You have the right to a written description of this procedure. This agency may find after investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make a complaint and have it investigated if you believe an Peace Officer behaved improperly. This complaint and any report of findings relating to complaints must be retained by this agency for at least 5 years.

It is against the law to make a complaint that you know to be false. If you make a complaint against an officer knowing that it is false, you can be prosecuted. In addition, an inmate who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to criminal prosecution.

I certify or declare under penalty of perjury under the laws of the state of California that the information contained within the attached appeal form CDC 602, dated 9/15/04 is true and correct, under penalty of perjury, and I swear under oath under penalty of perjury that the aforementioned information is true and correct, executed this 28 day of October, at Pelican Bay State Prison in Crescent City, California.

| INMATE / PAROLEE PRINTED NAME | INMATE / PAROLEE'S SIGNATURE | CDC NUMBER | |
|---|---|---|---|
| Refused to sign | | | |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| T Bosley SGT | J Bosley | 10/28/04 | |

## PERMANENT ATTACHMENT TO CDC FORM 602/DO NOT REMOVE

(CDC Form 1858)                                                      (1858-98.DOC  updated  October 22, 1998)

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, __Earnest S. Harris__, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the __Aug.__ day of __17th__, in the year of 20__08__, I served the following documents: (set forth the exact title of documents served)

__Motion for reconsideration__

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

Judge Armstrong (U.S. District)      Att. Emily L. Brinkman
Office of the Clerk U.S. District Court   Office of the Attorney General
Northern District of California      455 Golden Gate Avenue, Suite 11000
1301 Clay Street, 400 S. Tower       San Francisco, Ca. 94102-3664
Oakland, Ca. 94612-5212

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __Aug__ day of __17th__, 20__08__.

Signed: __Earnest S. Harris__
(Declarant Signature)

Rev. 12/06



PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-7

M. Hutchison
8-7-08