**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST S. HARRIS,         )<br>                          )<br>       Plaintiff,        )<br>                          )<br>   v.                     )<br>                          )<br>ROBERT A. HOREL, et al.,  )<br>                          )<br>       Defendants.        )<br>_____ ) | No. C 06-7761 SBA (PR)<br><br>**ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT**<br><br><br><br><br><br>(Docket Nos. 34, 45, 49 & 53) |

## INTRODUCTION

Plaintiff Ernest Harris is a state prisoner who is proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983, in which he alleges that officers and employees of Pelican Bay State Prison ("PBSP") violated his constitutional rights. Defendants have filed have a motion for summary judgment. For the reasons set forth below, the Court finds that Plaintiff has not shown that there are genuine issues as to any material fact as to his claims against Defendants. Accordingly, the Court GRANTS the motion for summary judgment as to all claims against all Defendants.[1]

## BACKGROUND

The following facts appear to be undisputed, unless otherwise noted. This action arises from the punishments Plaintiff received from April 2005 to December 2006 for violating the rules of the Indecent Exposure Pilot Program ("IEPP") at PBSP. According to Defendants, in 2004 PBSP gave notice to inmates that in 2005 it would implement the

---

[1] Defendants assert that they are immune from suit as to all claims under the doctrine of qualified immunity. (MSJ at 21.) Because the Court has determined that Plaintiff has not shown evidence that precludes summary judgment, the Court need not address the question of qualified immunity.

IEPP "to address the management of indecent exposure incidents at Pelican Bay." (Pls.' Mot. for Summ. J. ("MSJ") ¶ 5.) Plaintiff disputes that proper notice was given. The disciplinary sanctions that PBSP can impose under the IEPP include the deprivation of canteen and yard privileges, property, and guest visitations. (Id. ¶ 6.) IEPP's security precautions include a yellow covering attached to the front of a cell to alert staff that an inmate has a propensity to commit acts of indecent exposure or sexual disorderly conduct, and the wearing of a "behavior modification suit," or "Exposure Control Jumpsuit" ("ECJ") that prevents an inmate from exposing himself. (Id. ¶ 7.) Only inmates who have a history of exposing themselves while outside their cell are required to wear the suit, and the inmate is not required to wear it while in his cell. (Id.)

Plaintiff, who is housed in the Security Housing Unit ("SHU") at PBSP, was found to have committed two acts of indecent exposure in 1999, three in 2004, two in 2005, and one in 2006. (Id. ¶ 26.) As punishment for the 1999 violation, Plaintiff received ninety days of lost credit for the first violation. For the 2004 violations, Plaintiff was given 180 days of lost credit, was denied canteen privileges, was required to wear the ECJ, and the yellow placard was placed on the front of his cell. For the 2005 violations, Plaintiff lost a total of 180 days of credit. In 2006, Plaintiff lost canteen, mail, and personal property privileges for 180 days. (Id.)

Plaintiff alleges that his Eighth Amendment rights against cruel and unusual punishment rights were violated when Defendants (1) failed to provide adequate notice that the IEPP would be imposed; (2) suspended canteen and personal property privileges; (3) restriction of various privileges without time limits on the length of the restriction; (4) threatened his safety; and (5) required him to wear the ECJ.

# DISCUSSION

## I. Standards of Review

### A. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as

3

a matter of law." Celotex, 477 U.S. at 323.

**II.     Analysis**

    **A.     Alleged Lack of Notice**

Plaintiff claims that Defendants failed to provide adequate notice that PBSP would implement the IEPP procedures.

Due process requires fair notice of prohibited conduct before a sanction can be imposed. See Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996). This principle applies within the prison setting. See id. at 117-18 (prison regulation prohibiting possession of "anything not authorized for retention or receipt by the prisoner" did not give inmate-law librarian notice that he could not possess draft legal documents to assist other inmates pursuing litigation). Accordingly, a prisoner may not be disciplined without having committed a violation of known policy or procedure.

Based on a review of the record, the Court concludes that Plaintiff has not shown evidence that precludes summary judgment. Assuming, arguendo, that Plaintiff's factual allegations are true, Plaintiff has not shown that his due process rights were violated. Specifically, Plaintiff knew of and was subject to identical punishments before the imposition of IEPP as he was after the imposition of the program. In 2004, for example, before the implementation of the IEPP, Plaintiff, as punishment for acts of indecent exposure, lost day credits and canteen privileges, was required to wear the ECJ, and his cell was marked with the yellow covering. Because Plaintiff had notice of these punishments under the system preceding IEPP, he has not shown that the alleged lack of notice of the implementation of IEPP violated his right to due process. More specifically, if Plaintiff had no notice that a new program was being implemented, he would assume that the old program was in place, a program that prescribed the same punishments as the new system. On this record, the Court concludes that Petitioner has failed to set forth specific facts that show that there is a genuine issue for trial. Accordingly, the Court

1  GRANTS Defendants' motion for summary judgment as to this claim.

## B. Deprivation of Canteen and Personal Property Privileges

Plaintiff claims that the deprivation of his canteen and personal property privileges was cruel and unusual punishment, and therefore a violation of his Eighth Amendment rights. In particular, Plaintiff alleges that the deprivation of hygiene products (such as shampoo, lotion, deodorant), items such as a television and reading material, and paper violated the Eighth Amendment.

The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective first component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it may be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-733; see, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of

5

unconstitutional prison conditions); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

The requisite state of mind to establish an Eighth Amendment violation in prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling v. McKinney, 509 U.S. 25, 32-33 (1993) (inmate health); Wilson, 501 U.S. at 302-03 (general conditions of confinement); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).

Neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. Id. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id.

Applying the Eighth Amendment legal principles to the instant matter, the Court concludes that Petitioner has not shown evidence that precludes summary judgment. Petitioner simply has not shown that the alleged deprivations of canteen access and personal property are sufficiently serious under Farmer. Plaintiff has not alleged, nor shown, that Defendants failed to provide the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety, or that the denial of canteen access or of personal property constituted such a deprivation. Nor has Plaintiff shown that the canteen contained items he needed to enjoy life's necessities, or that a piece of personal property denied him was necessary to his health or safety. In sum, Plaintiff's being denied access to such canteen products as writing paper or hygiene items is not a deprivation that implicates his Eighth Amendment rights. See, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that there is no constitutional right to such

6

canteen items as birthday cards).

Furthermore, Plaintiff's assertion that he did not have access to paper is contradicted by the fact that he was able to file complaints against PBSP while he was in prison. Nor has Plaintiff has shown that being deprived of his personal property items of a television and reading material was a denial of life's basic necessities.

Also, Plaintiff has not met second Farmer element, viz., he has not shown that Defendants knew of and disregarded a risk to his health or safety by denying canteen access or by denying him his personal property. Again, Petitioner has not identified any item in the canteen or a piece of personal property the denial of which Defendants knew created a risk to Plaintiff's health or safety.

Accordingly, the Court GRANTS Defendants' motion for summary judgment as to this claim.

### C. Allegedly Limitless Restrictions

Plaintiff claims that the punishments imposed under IEPP -- having to wear the suit, for example -- are without limitation, and therefore constitute cruel and unusual punishment.

Based on a review of the record, the Court concludes that Plaintiff has not shown evidence that precludes summary judgment. Defendants have submitted evidence that the restrictions "have specific time limitations." (MSJ at 16.) According to Defendants, a first offense can result in a loss of privileges of up to ninety days, while a second offense can result in a 180-day loss of privileges. The suit is worn only by inmates who have a history of indecent exposure, and only when the inmate is outside of his cell. "The suit restriction remains in place for 90 days for a first offense and then six months for subsequent offenses with continued review" by prison authorities. (MSJ at 17-18.) Plaintiff has not presented countering evidence, nor does it appear that he disputes Defendants' assertions.

As for yard restrictions, Plaintiff has not shown evidence that he had less yard time

7

than before the punishments were imposed, but rather that he is required to wear the suit when he is outside of his cell.

Furthermore, Plaintiff would have received notice of any allegations made against him, as well as notice of hearing before any punishment were imposed. At these hearings, Plaintiff could challenge the charges, and, if found guilty, could appeal them.

Based on this record, the Court concludes that Plaintiff has failed to make the requisite showing to defeat a motion for summary judgment. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to this claim.

### D.  Alleged Threat to Plaintiff's Safety

Plaintiff claims that making his cell with the yellow covering alerts other prisoners as to his status, thereby making him the object of attacks by other prisoners. Plaintiff also claims that the lack of natural light, which is caused by the yellow covering, has caused him severe depression and has caused him to contemplate suicide.

As to his first claim, Plaintiff has alleged that some inmates will not speak to him, and that assaults on other prisons under similar restrictions as Plaintiff have occurred. However, Plaintiff has not alleged or presented evidence that he has been attacked by other prisoners, or even that he has been threatened by other inmates because he has been identified as having a history of committing acts of indecent exposure. Plaintiff, then, has not set forth specific facts showing that there is a genuine issue for trial. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to this claim.

As to his second claim, Plaintiff has not shown that Defendants were deliberately indifferent to Plaintiff's mental health. Rather, the record shows that Defendants were aware of mental health risks and had a program through which Plaintiff's mental health concerns could be addressed. Specifically, Defendants have presented evidence undisputed by Plaintiff that PBSP repeatedly examines inmates subject to IEPP and those who are housed in SHU to determine their mental health. Specifically, inmates under IEPP are monitored for any psychological issues which would require treatment for

exhibitionism or paraphilia. Before an inmate is placed in SHU, he is examined by a psychologist to ensure that the inmate does not have a mental health problem that would "exclude their placement in SHU." (MSJ at 20.) Also, inmates can at any time request to see a psychologist for treatment or an assessment. (Id.) On this record, Plaintiff has not shown that Defendants were deliberately indifferent to his serious psychological needs. Plaintiff, then, has not set forth specific facts that show a genuine issue for trial. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to these claims.

### E. The Behavioral Modification Suit

Plaintiff claims that having to wear the suit is a violation of his Eighth Amendment rights because the ECJ is dirty, does not get washed, stinks, and "is like a padded suit with straps in the back like a straightjacket." (Compl. at 3.)

Applying the above legal principles to the instant matter, the Court concludes that Plaintiff has not presented evidence that precludes summary judgment. Specifically, Plaintiff's allegations that he has to wear a dirty and restrictive suit for the hour or so that he is allowed out of his cell, do not, without more, rise to the level of an Eighth Amendment violation. Temporary placement in unsanitary and malodorous conditions does not rise constitute a constitutional violation. See Anderson, 45 F.3d at 1314-15 (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain). Accordingly, the Court GRANTS Defendants' motion for summary judgment as to this claim.

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Docket No. 34) is GRANTED as to all claims. Plaintiff shall take nothing by way of his complaint.

Plaintiff's motion for reconsideration of the Court's dismissal of his First Amendment claim (Docket No. 45) is DENIED.

Defendants' motion to stay discovery (Docket No. 49) is DENIED AS MOOT.

Plaintiff's motion for discovery (Docket No. 53) is DENIED AS MOOT.

This order terminates Docket Nos. 34, 45, 49 & 53.

The Clerk of the Court shall enter judgment in favor of Defendants, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: 8/31/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HARRIS et al,

        Plaintiff,

v.

HOREL et al,

        Defendant.

Case Number: CV06-07761 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 31, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest S. Harris
Pelican Bay State Prison
Prisoner Id H-63617
P.O. Box 7500
Crescent City, CA 95531

Dated: August 31, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Harris761.msj.md.wpd     11